035-9511ev

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES KRIK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:10-cv-07435 |
| | ) | |
| BP AMERICA, INC., | ) | District Judge John Z. Lee |
| CRANE CO., et al., | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT CRANE CO.'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF DR. BARRY CASTLEMAN

Defendant Crane Co. submits this motion *in limine* to preclude the testimony of Dr. Barry Castleman at trial, and in support thereof, states as follows:

## I.      FACTUAL BACKGROUND

Plaintiff offers Dr. Barry Castleman as a "state-of-the-art" witness to testify about the development of knowledge of the alleged health hazards of asbestos, both generally and with respect to individual defendants. Although in this capacity Dr. Castleman will seek to discuss medical articles, industrial hygiene articles, and epidemiological studies, Dr. Castleman is not a medical doctor, epidemiologist, or industrial hygienist.

Thus, Dr. Castleman will base his testimony not on any particular expertise or training, but rather on the fact that he has read many articles relating to asbestos health risks. His testimony is little more than a conduit for hearsay, and it flows from no particular expertise the doctor possesses. It is, accordingly, improper expert testimony, and it should be excluded.

1

## II.     ARGUMENT

### A.     Dr. Castleman is not qualified to offer opinions regarding medical articles or defendants' alleged knowledge of the dangers of asbestos, and his testimony on these subjects will not assist the trier of fact.

If this Court permits him to testify, Dr. Castleman will likely discuss the contents of a lengthy series of medical and scientific articles that pertained to the hazards of asbestos and that were published at various times. He will then opine that defendants were negligent, or otherwise failed to conform their actions to an appropriate standard of care, in allegedly failing to warn product purchasers of the dangers of asbestos.   Dr. Castleman is not qualified to provide testimony on either of these subjects, and to the extent the Court permits Dr. Castleman to do so, he will invade the exclusive province of the jury.

#### 1.     Dr. Castleman is not qualified to interpret the medical and scientific literature upon which he relies.

Should this Court permit him to testify, Dr. Castleman may be able to relate to the jury what various medical articles stated, but he will be able to do nothing further. Dr. Castleman lacks the expertise needed to comment on the sources on which he relies, as he is not a medical doctor, industrial hygienist, or epidemiologist.  According to the Federal Rules of Evidence, expert witnesses must be (1) "qualified … by knowledge, skill, experience, training, or education," and (2) the expert's training must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Dr. Castleman does not have the qualifications needed to accomplish this task, and his testimony will not assist the jury.

Multiple courts have reached precisely this conclusion upon reviewing Dr. Castleman's testimony. In *Rutkowski v. Occidental Chem. Corp*., No. 83 C 2339, 1989 WL 32030 (N.D. Ill. Feb. 16, 1989), the United States District Court for the Northern District of Illinois precluded Dr. Castleman from testifying precisely because he lacked the "knowledge, skill, experience, training

2

and education" necessary to assist the trier of fact to understand the evidence. The plaintiffs in *Rutkowski*, like the Plaintiff here, offered Dr. Castleman to testify regarding the availability and content of numerous articles discussing the hazards of exposure to asbestos, as well as the alleged knowledge defendants had or should have had regarding those hazards. In barring Dr. Castleman's testimony, the Court observed as follows:

> As a librarian of asbestos research, he may well have amassed an impressive library of medical literature on the subject (of asbestos dust and mesothelioma). However, Dr. Castleman lacks the medical background and experience to evaluate and analyze the articles in order to identify which parts of the articles best summarize the authors' conclusions. Furthermore, because he is not a medical expert, Castleman is not qualified to testify as to whether the sources which published the articles are well known or how the articles were received by members of the medical community when they were first published.

> * * *

> Castleman is not qualified to describe the contents of the articles or the conclusions reached by the authors. Rather, the introduction of what promises to be a long list of medical articles on the subject of asbestos hazards might unduly prejudice Defendants' case by creating, without supporting evidence, the impression in the jury's mind that knowledge of asbestos hazards were commonplace at the time …. If Plaintiff desires to create that impression, she should proffer a qualified expert witness who will clarify the contents of the articles for the jury, describe the sources which published the articles, and explain the reaction of the medical community to the articles when they were published.

*Id.* at *1. As held by the *Rutkowski* Court, Dr. Castleman is unable to supply any of this pertinent information—information needed to understand the context and import of the documents on which he relies.

Similarly, in *In re Related Asbestos Cases*, 543 F. Supp. 1142 (N.D. Cal. 1982), the Northern District of California refused to permit Dr. Castleman to testify as an expert witness, and provided the following rationale for this holding:

> [W]e are not persuaded that Mr. Castleman, as a lay person, possesses the expertise necessary to read complex, technical medical articles and discern which portions of the articles would best summarize the authors' conclusions.

Moreover, even if the articles did contain discrete summaries of their contents which could be read by Mr. Castleman, Plaintiffs concede that Mr. Castleman would be unable to describe the reaction of the medical community to the articles at the time they were first published.

*Id.* at 1149; *accord Threadgill v. Manville Corp. Asbestos Disease Compensation Fund*, No. Civ A. 88-161, 1990 WL 294271 (D. Del. July 27, 1990) (holding trial court committed no error in precluding Dr. Castleman from testifying that a corporation fraudulently concealed knowledge of asbestos hazards), *rev'd on other grounds*, 928 F.2d 1366 (3d Cir. 1991); *Burgess v. Abex Corp.*, 725 N.E.2d 792, 796 (Ill. App. Ct. 2000) (holding Dr. Castleman was improperly permitted to testify regarding defendant corporations' knowledge of the hazards of asbestos). As recognized by these courts, Dr. Castleman simply is not qualified to interpret the medical and scientific literature on which he relies. Because his testimony depends entirely on his review of such materials, it is improper and it should be excluded.

> **2.     Dr. Castleman is not qualified to comment on the conduct of defendants; to the extent he is permitted to do so, he invades the province of the jury.**

Before a witness can testify about the knowledge and actions of an entity, he or she must have some basis for doing so. For example, in *In re Diet Drugs Prods. Liab. Litig.*, No. MDL 1203, 2000 WL 876900 at *9 (E.D. Pa. June 20, 2000)—a case involving the health risks and benefits of the diet drugs Pondimin and Redux—the court precluded plaintiffs' expert witnesses from testifying regarding corporate intent because, although the witnesses were qualified in particular scientific disciplines, they did not have "knowledge or even experience in the manner in which corporations and the pharmaceutical marketplace react, behave or think regarding their non-scientific goals of maintaining a profit-making organization that is subject to rules, regulations, standards, customs and practices among competitors and influenced by shareholders or public opinions." *Id.* at *9. Precisely the same observations apply to Dr. Castleman and the

defendants here. Dr. Castleman does not have any direct or even indirect knowledge of the corporate practices and behaviors of the defendants in this action. He should not be permitted to comment on or judge those actions.

To permit Dr. Castleman to comment on the actions and knowledge of the defendants in this matter, moreover, would permit him to invade the province of the jury. Notably, "where the jury is just as competent to consider and weigh the evidence as is an expert witness and just as qualified to draw the necessary conclusions therefrom," expert opinion evidence is improper. *Evans v. Wash. Metro. Area Transit Auth.*, 674 F. Supp. 2d 175, 179-80 (D.D.C. 2009); *see also Am. Family Mut. Ins. Co. v. Kline*, 780 F. Supp. 2d 839, 842 (S.D. Iowa 2011) (explaining that "opinions which merely tell the jury what results to reach" are inadmissible as evidence). The jury in this matter is capable of hearing evidence relating to the defendants' actions, judging whether those actions caused the Plaintiff harm, and determining whether defendants failed to meet some applicable standard of care. Therefore, not only is it unnecessary for the jury to hear Dr. Castleman's opinions, the jury should not be permitted to hear them, because the jury is just as capable of reaching opinions on the key issues in this case as is Dr. Castleman.

### 3. *A mere recital of the contents of medical articles is of no assistance to the trier of fact.*

As noted above, a number of courts have correctly found that Dr. Castleman possesses no particular expertise enabling him to interpret the conclusions reached in medical articles or comment on the context in which those articles were published. Expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see also Evans*, 674 F. Supp. 2d at 178. While Dr. Castleman may be qualified to read such articles, the same is true of the jury which is just as capable as Dr. Castleman of reading and understanding admissible articles and written materials. As such, Plaintiff provides

no evidence that Dr. Castleman's testimony will "help" the jury in this case.

To the extent Dr. Castleman intends to rely on a review of corporate records, trade publications, or medical or scientific articles, his testimony should be excluded as failing to assist the trier of fact, because reading such documents does not require any particular expertise. *See Threadgill*, 1990 WL 294271 at *4 (finding no error in the trial court's conclusion that "Dr. Castleman could not give any insight into the documents he reviewed that the jury, in looking at the documents … can't give"); *see also Tassin v. Sears Roebuck & Co*., 946 F. Supp. 1241, 1252-53 (M.D. La. 1996) (holding that documents such as correspondence and minutes of meetings are not technical and do not require expert testimony to make them comprehensible to a jury). The jurors in this action are capable of reviewing every document that Dr. Castleman will attempt to discuss with them, and they must be permitted to draw their own conclusions regarding the admissible evidence.

### B.  Dr. Castleman's testimony should be excluded unless and until Plaintiffs show that it is based on reliable materials.

If expert testimony is based upon otherwise inadmissible evidence, that information must be "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. It is indisputable that Dr. Castleman does not have personal knowledge of the facts upon which he bases his opinions. Rather, his opinions are based on his review of various documents authored by others and provided to him in the course of his many years as an expert witness in asbestos litigation.  Unless and until Plaintiff demonstrates that these materials are a reliable basis for testimony, Dr. Castleman should not be permitted to provide testimony on them.

Plaintiff has made no showing (and can make no showing) that historians typically rely on articles with untested sources to support their conclusions. To the contrary, valid historical

research is based on exactly the opposite approach:

> In order for a source to be used as evidence in a historical argument, certain basic matters about its form and content must be settled. . . . [T]he source must be carefully located in place and time: when was it composed, where, in what country or city, in what social setting, by which individual? . . . The source must be checked for authenticity.

MARTHA HOWELL & WALTER PREVENIER, FROM RELIABLE SOURCES: AN INTRODUCTION TO HISTORICAL METHODS 43 (Cornell University Press 2001). Indeed, the authors of the quoted text on the historical method refer to "the 'authenticity' of the document" as the "very first question facing" the historian analyzing a source. *Id*. at 57. A source which has not passed the "necessary tests of authenticity and reliability" is not one which can be utilized in describing historical reality. *Id*. at 84. Dr. Castleman cannot verify the authenticity of the documents on which he relies, contrary to the dictates of his "profession." Unless and until Plaintiff establishes that the materials on which Dr. Castleman intends to rely are in fact reliable and accepted as such, his testimony on those materials should be excluded.

## III. <u>CONCLUSION</u>

For all the foregoing reasons, Crane Co. respectfully requests that this Court exclude the testimony of Dr. Barry Castleman from the trial of this matter.

Dated: August 23, 2013

Respectfully submitted,

    s/ James P. Kasper
James P. Kasper, One of the Attorneys
for Defendant, CRANE CO.

Susan Gunty, Esq. 3127982
James P. Kasper, Esq. 6283202
Gunty & McCarthy
150 South Wacker Drive, Suite 1025
Chicago, IL 60606-4102
(312) 541-0022
(312) 541-0033

## PROOF OF SERVICE

      The undersigned, states that he served a copy of Defendant, CRANE CO.'s Motion in Limine to Preclude the Testimony of Dr. Barry Castleman was electronically served on Plaintiffs' counsel and all counsel of record on August 23, 2013, and is available for viewing and downloading from the Court's ECF system.

    s/ James P. Kasper
Attorney for Defendant, Crane Co.

Susan Gunty 3127982
James P. Kasper 6283202
Gunty & McCarthy
150 South Wacker Drive, Suite 1025
Chicago, IL  60606-4102
(312) 541-0022
(312) 541-0033