# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, | ) |
| Plaintiff, | ) |
| | ) Case No. 10-cv-7435 |
| v. | ) |
| BP AMOCO CHEMICAL COMPANY *et al.*, | ) District Judge John Z. Lee |
| Defendants. | ) |

## OWENS-ILLINOIS, INC.'S
## REPLY IN SUPPORT OF ITS MOTION TO BAR THE
## LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY

Owens-Illinois, Inc. ("Owens-Illinois") respectfully submits this Reply in Support of Its Motion to Bar the Longo/MAS Videotaped Experiments and Related Testimony (ECF No. 65).

## INTRODUCTION

The Longo/MAS videos are dramatized dust-generation experiments unrelated to the facts of this case created decades ago in a dark room under theatrical lighting that show clouds of non-asbestos material. What they do not show, as Plaintiff and Dr. Longo admit, is "'actual exposure'" to asbestos. Resp. 2, 4. Owens-Illinois detailed four reasons, supported by scientific testimony from a Stanford University physicist and expert in the field of optics and light scattering, that the Longo/MAS videos are inadmissible: (1) they do not fit the facts in this case; (2) they are not the product of reliable principles and methods; (3) they are not relevant to understand the evidence or determine a factual issue in this case; and (4) they will unfairly prejudice Owens-Illinois and mislead the members of the jury. Mot. 1-15. Plaintiff's six-page response ignores the science and the law in Owens-Illinois's motion, as well as the decisions from courts nationwide that have excluded the Longo/MAS videos, and leaves the record largely undisputed. The Longo/MAS videos are exactly the type of "junk science" that should be excluded under *Daubert* and Rule 702.

Plaintiff's response does not sustain his burden on admissibility. Plaintiff claims that the Longo/MAS videos should be allowed, not because they are relevant and reliable scientific experiments based on the facts of the case and will assist the jury in understanding an issue, but because they are "purely demonstrative" to show a "pathway of exposure." Resp. 1-3. Plaintiff also rejects *Daubert* and the Federal Rules of Evidence, and suggests that the test for admissibility is simply whether the evidence is subject to cross-examination. *Id.* at 4-5. He supports this response with a generic affidavit from Dr. Longo, who "himself will not testify at trial." *Id.* at 1 n.1 & Ex. 1. Demonstrative evidence is not an exception to *Daubert* and Rule 702. The videos do not demonstrate any actual exposure - - as Plaintiff and Dr. Longo concede and as Dr. Hesselink's affidavit proves. Nor does this demonstrative evidence demonstrate anything tied to the facts of this case; they are a litigation-generated generic dust show created decades before Plaintiff filed this suit. Indeed, Dr. Longo's expert report and affidavit do not reference a single fact from this case.

As explained below, Plaintiff's response fails to prove that the Longo/MAS videos satisfy the standards of *Daubert* and Rule 702, and they should be excluded from trial.

## ARGUMENT

**I.      The Longo/MAS Videos Are Not Demonstrative of Any Relevant Fact.**

The testimony of Owens-Illinois's rebuttal expert, Dr. Lambertus Hesselink, is undisputed. Lambertus Hesselink Aff. (ECF No. 65-5) ¶¶ 1-8, Mar. 7, 2012. As Dr. Hesselink explains, respirable asbestos fibers are too small to be seen on the Longo/MAS videos, and the resolution of the videotape technology is incapable of capturing light that could scatter off respirable asbestos fibers. *Id.* at ¶¶ 4-8. The videos provide no useful information—real or demonstrative—about how much asbestos the Plaintiff could be exposed to, and, in fact, their "fog" and "haze" of non-asbestos material would likely confuse and deceive the jury. *See id.* So Plaintiff and Dr. Longo concede, as they must, that the videos do not show "'actual exposure.'" Resp. 2, 4.

As a fallback, Dr. Longo asserts that the videos could "demonstrate to the jury who [*sic*] most workers do not ask for a mask since they can't see the airborne dust in their working environment . . . [and] how a worker could be exposed to airborne asbestos dust concentrations over the TLV and still is invisible to the naked eye." Resp. 2 (quoting William Longo Aff. ¶ 46). But respirable asbestos fibers are invisible. Mot. 9-14. Playing a video to show invisible dust is, of course, nonsense. As a matter of fact, without the microscopic quantitative analysis, we would not know if there was any asbestos being released, and Dr. Longo admits that non-asbestos insulation would look the same on the videos if it were cut. *Id.* at 13.

Dr. Longo's fallback position also contradicts the facts of this case. Unlike the hypothetical "most workers" in Dr. Longo's affidavit, Plaintiff testified here that he saw the airborne dust and "the stuff floating" from insulation products. Charles Krik Dep. (Ex. A) 153:6-155:2, 34:6-14, July 18, 2011. So Dr. Longo not only lacks any factual understanding of this case - - including the Plaintiff's own testimony about his claimed exposure - - but also cannot tie the Longo/MAS videos to demonstrate any relevant fact of this case.

## II. The Tyndall Lighting in the Longo/MAS Videos Is Not Scientifically Reliable and Does Not Create Relevant Evidence.

In addition, Plaintiff and Dr. Longo do not confront the findings from courts nationwide that have excluded the videos, and their Tyndall lighting techniques, as scientifically unreliable and irrelevant. *In re Lamar County Asbestos Litig.*, No. 2000-3559, slip op. at 1-12, 2001 WL 35918974 (Tex. Dist. Ct. July 5, 2011) (ECF No. 65-3); *Sclafani v. Air & Liquid Sys. Corp.*, No. 12-cv-3013, 2013 WL 2477077, at *6 (C.D. Cal. May 9, 2013) (ECF No. 65-4); *Tyre v. CSX Transp., Inc.*, No. 16-2002-CA-4837, slip op. at 1-10, 2003 WL 26474173, at *1-4 (Fla. Cir. Ct. Sept. 24, 2003) (ECF No. 65-6); *see also* Mot. 11 n.4 (collecting additional cases). Nor do Plaintiff and Dr. Longo explain the scientific purpose of using high-intensity, Tyndall lighting in their videos.

As discussed above, Plaintiff testified that he could see airborne dust from insulation products. Krik Dep. (Ex. A) 153:6-155:2. And Owens-Illinois does not dispute that asbestos is released when asbestos-containing insulation, like Kaylo, is cut and sawed. Mot. 6. The record contradicts Dr. Longo's claim of showing a "pathway of exposure" and "thereby permit[ing] the observer to understand why a worker may not know that asbestos dust is released from a product." Resp. 4 (quoting William Longo Aff. at ¶ 53)). The members of the jury will understand, in this case, from the Plaintiff's own testimony that he knew dust was released from all types of asbestos-containing insulation products, and Owens-Illinois would not dispute that testimony. The actual dispute is exactly how much asbestos exposure did the Plaintiff actually sustain from these products, and Dr. Longo readily admits that the videos cannot assess actual exposure. *Id.*

The EPA procedures, which Plaintiff cites, provide further support for excluding the videos. Resp. 3 & Ex. 2. First, the EPA procedures do not allow for, or even suggest, that the Tyndall lighting technique is a method to quantify or measure an asbestos exposure. Second, the EPA procedures would require Tyndall lighting be a narrow beam with low divergence, be angled away from the videotape, and be kept away from the video camera. *Id.* at Ex. 2, at 4, 7. In the Longo/MAS videos, however, Dr. Longo uses broad beams of light with high divergence that are angled toward the video camera to maximize the light scatter and to create a "Tyndall effect" (like an oncoming car's high beams in a snow storm). The video is then de-focused because the cameras focus on the worker's activities rather than the dust. Together, the lack of focus and the Tyndall effect create "a snow storm" of non-asbestos materials and scattered light. *In re Lamar County Asbestos Litig.*, slip op. at 1-12 (ECF No. 65-3); *see also Sclafani*, 2013 WL 2477077, at *6. The Longo/MAS videos are inadmissible junk science - - not scientifically reliable and relevant evidence.

### III. The Longo/MAS Videos Do Not Fit the Facts of This Case and Do Not Depict Conditions in Any Way Similar to the Plaintiff's Alleged Exposure.

Given his generic affidavit and report, Dr. Longo has never attempted to analyze the Plaintiff's claimed work environment or claimed asbestos exposures. His one-size-fits-all videos were designed and created several decades before this Plaintiff's case was even filed and discovery was conducted. None of this expert evidence fits, nor was it designed to fit, the facts of this case. In response, Plaintiff argues that Dr. Longo's failures are "matters of weight and credibility" and "cross-examination." Resp. 5-6. That argument contravenes decades of precedent and vitiates *Daubert* and Rule 702, offering a stark invitation to reversible error.

Since *Daubert*, the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. This Court therefore has "the responsibility for keeping 'junk science' out of the courtroom." *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993), *cert. denied*, 511 U.S. 1088 (1994). The Supreme Court and Seventh Circuit make clear that a trial court "serves a 'gatekeeping' function to prevent expert testimony from carrying more weight with the jury than it deserves." *United States v. Ozuna*, 561 F.3d 728, 736 (7th Cir. 2009) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993)); *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000)). Although "shaky" expert testimony may be subject to attack on cross-examination, *see Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010), unreliable expert testimony is inadmissible, *see Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011). Indeed, unreliable expert evidence is the very evidence that a district court, acting in its gatekeeping role, is charged with excluding. *See Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 818-19 (7th Cir. 2010).

Dr. Longo's failure to apply a scientific method to the facts of *this* case, and his failure to demonstrate any reliability under those facts, renders the videos unreliable, not just "shaky" and subject to cross-examination. Resp. 6. The videos merely are his assumptions for visualizing

possible dust movements in pre-determined conditions (but not under these facts) and for demonstrating clouds of material (but not the asbestos at issue) in a dark room with bright lights. They are neither demonstrating anything done by the Plaintiff, nor were they conducted in an effort to do so. They will not help the jurors to assess any actual exposure, as Plaintiff and Dr. Longo admit, much less this Plaintiff's claimed asbestos exposure under substantially similar conditions. Therefore, the Longo/MAS videos are unreliable and irrelevant evidence, built on Dr. Longo's mere speculation, that a district court is required to exclude from the fact finder.

As *Daubert* also teaches, expert evidence "can be both powerful and quite misleading because of the difficulty in evaluating it." 509 U.S. at 595. That control is especially true for videotaped expert evidence. Mot. 14-15 (collecting cases). It has taken a highly credentialed Stanford physicist to explain the deceptive nature of the videos (testimony that Dr. Longo and Plaintiff do not contest) and Dr. Longo's own admissions that asbestos-free insulation would look the same on the video (even though they create vastly different exposures) to explain the more prejudicial than probative nature of the Longo/MAS. Any probative value, if there be any, is substantially outweighed. The record establishes the importance of this Court's role as the gatekeeper under *Daubert* and Rule 702 in excluding this inadmissible junk science.

## **CONCLUSION**

For these reasons, and those in its motion, Owens-Illinois, Inc. requests that this Court grant its Motion to Bar the Longo/MAS Videotaped Experiments and Related Testimony (ECF No. 65).

Dated: October 4, 2013						Respectfully submitted,


										By: /s/ Brian O. Watson
											Matthew J. Fischer
											Edward Casmere
											Brian O. Watson
											Schiff Hardin LLP
											233 S. Wacker Dr. Suite 6600
											Chicago, Illinois  60606
											(312) 258-5500
											(312) 258-5600 (facsimile)

											*Attorneys for Defendant Owens-Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 4, 2013, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\13596065.5