**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-7435 |
| v. | ) | |
| | ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, | ) | District Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

**OWENS-ILLINOIS, INC.'S
REPLY IN SUPPORT OF ITS MOTION
TO EXCLUDE BARRY CASTLEMAN, SC.D.**

Owens-Illinois, Inc. ("Owens-Illinois") respectfully submits this Reply in Support of Its Motion to Exclude Barry Castleman, Sc.D. ("Castleman") (ECF No. 64).

**INTRODUCTION**

Plaintiff's response does not address, let alone distinguish, the three rulings from this Court excluding or crucially limiting Castleman's testimony under Rule 702 and *Daubert*. Mot. 6-7. Plaintiff also does not respond to Owens-Illinois's three arguments for excluding Castleman: (1) he is not qualified by any knowledge, skill, or experience to opine about what corporations knew, when they knew it, or the significance of any such knowledge; (2) his opinions are not the product of any reliable principles and methods; and (3) even if they were, they are not relevant to understand the evidence or to determine a factual issue. *Id.* at 4, 7-13. Instead, Plaintiff seeks to avoid his burden on admissibility and the issues presented in Owens-Illinois's motion by mischaracterizing them. *E.g.,* Resp. 8 ("defendants do not argue that Dr. Castleman is an unreliable witness or that his methodology is flawed"). While this Court could end its gatekeeping inquiry, based on the current record and exclude Castleman under Rule 702 and *Daubert*, Owens-Illinois submits this reply to correct a significant number of misstatements and to address two basic errors in Plaintiff's response.

## ARGUMENT

### I.     Plaintiff's Two Basic Errors

Plaintiff's response rests largely on two basic errors: (1) Castleman, one of eleven disclosed experts, should have a "role" in this trial because he has credentials and he has been allowed to testify in many other trials, and (2) Castleman is subject to cross-examination. Resp. 3-9. Neither of these arguments carries Plaintiff's burden under Rule 702 and *Daubert*. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

### A.     Castleman's Credentials Do Not Satisfy *Daubert*'s Requirements.

Owens-Illinois does not dispute whether Castleman has academic credentials and he has been allowed to testify other cases when left unchallenged under Rule 702 and *Daubert*. Resp. 3-5. Those contentions are quite beside the point. In fact, one of the most glaring problems presented by Castleman under Rule 702 and *Daubert* is that his "expertise" cannot be compared against any non-litigation work—nearly all of his work and income in the past 35 years is testifying in asbestos litigation for plaintiffs' lawyers—and so he does not have any recognized field of expertise and does not apply any principles or methods that professionals in recognized fields apply to their work. As here, an expert "witness who invokes 'my expertise' rather than analytic strategies widely used by specialists is not an expert as Rule 702 defines that term." *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005).

Moreover, when Castleman is challenged under Rule 702 and *Daubert*, courts have regularly excluded his testimony. *Rutkowski v. Occidental Chem. Corp.*, No. 83 C 2339, 1989 WL 32030, at *1 (N.D. Ill. Feb. 16, 1989) (ECF No. 64-3); *Flood v. Owens-Illinois, Inc.*, No. 86 C 8947, Hr'g Tr. at 13:25-14:1, 13:25-14:1 (N.D. Ill. Mar. 15, 2004) (ECF No. 64-4); *Deyerler v. Georgia-Pacific, LLC*, No. 08 C 5362, Tr. at 77:15-125:2 (N.D. Ill. Sept. 30, 2008) (ECF No. 64-5); *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1149-50 (N.D. Cal. 1982). Courts of appeal have also warned their trial courts

about improperly allowing Castleman's speculative opinions. *In re Guam Asbestos Litig.*, 61 F.3d 910, 1995 WL 411876, at *1 (9th Cir. 1995) (ECF No. 64-6) (Kozinski, J., dissenting) ("*Reductio ad absurdum*"); *McClure v. Owens Corning Fiberglas Corp.*, 298 Ill. App. 3d 591, 602 (Ill. App. Ct. 1998) ("We question whether Castleman's testimony was beyond the experience and knowledge of the jury."), *overruled on other grounds*, 188 Ill. 2d 102 (1999). One of the appellate decisions on which Plaintiff relies, Resp. 5, indeed reversed the trial court given the "rampant speculation that impermissibly formed the basis of Dr. Castleman's opinion." *In re Asbestos Litig.*, 799 A.2d 1151, 1153 (Del. 2002)).[1]

Plaintiff never answers the crucial questions: 1) what exactly is Castleman's field of expertise, and 2) what reliable principles and methods for that field has he applied to testify as an expert witness? As Plaintiff's request for an agreement shows, Castleman often reaches incredible "testimony and opinions" using unreliable principles and methods, if he uses any at all. Resp. 6-7. Plaintiff's request is based on a flawed notion of his obligations under *Daubert* and Rule 702 - - he cannot agree his way to reliable opinions. Neither Plaintiff nor Castleman has proved that any of the opinions are the product of reliable principles and methods or that he has applied these principles and methods reliably. The standards under Rule 702 and *Daubert* are not a game of darts where an expert gets to throw all day and is declared the winner if just one dart happens to hit the board. The mere fact that Plaintiff wants Castleman to have a "role" in this case and he has been allowed to testify in other cases (when left unchallenged under Rule 702 and *Daubert*) does not satisfy his burden. Nor does it discharge this Court's responsibility to ensure that his opinions rest on a reliable foundation and are relevant, especially when faced with persuasive precedent from three judges of this Court that have answered the crucial questions.

---

[1] Owens-Illinois addresses below, *infra* 5-7, the Plaintiff's statements based on *In re Asbestos Litigation* and other the case law cited in his response, which are inconsistent with the record.

**B.     Cross-Examination of Castleman Does Not Satisfy *Daubert*'s Requirements.**

Plaintiff also suggests that the test for admissibility under Rule 702 and *Daubert* is simply whether Castleman is subject to cross-examination.   Resp. 8-10.   That argument contravenes decades of precedent.  The Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. 579, 597 (1993).  The Supreme Court and Seventh Circuit, therefore, make clear that a trial court "serves a 'gatekeeping' function to prevent expert testimony from carrying more weight with the jury than it deserves." *United States v. Ozuna*, 561 F.3d 728, 736 (7th Cir. 2009) (citing *Daubert*, 509 U.S. at 595; *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000)).  "*Daubert*, moreover, parties relying on expert evidence have had notice of the *exacting* standards of reliability such evidence must meet." *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000) (emphasis added).

Every disclosed expert is subject to cross-examination, Fed. R. Civ. P. 26(b)(4)(A), but even a "supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method and are reliable and relevant under the test set forth by the Supreme Court in *Daubert*."  *Lewis*, 561 F.3d at 705 (citation omitted).  While "shaky" expert testimony may be admissible and subject to attack on cross-examination, *see Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010), unreliable expert testimony is inadmissible, *see Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011).  Indeed, unreliable expert evidence is the very evidence that a district court, acting in its gatekeeping role, is charged with excluding.  *See Am. Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 818-19 (7th Cir. 2010).

As Judge Kocoras held, Castleman's opinions are entirely subjective and cannot be tested against or cross-examined by any established standards.  *Flood*, Hr'g Tr. (ECF No. 64-4) at 13:25-14:1, 13:25-14:1.  He is not a medical doctor, not an industrial hygienist, and not a historian in those areas.  He brings no recognized field of intellectual, scientific, or experience-based discipline to the

courtroom. Instead, he is a polemicist who seeks to substitute his own subjective views for the jury's review of the actual evidence in the case. Nothing prevents Plaintiff from introducing documents and publications, with a proper foundation and authentication, into evidence for the jury to read for itself and decide "the actual knowledge of the company and actions the company." Resp. 2. Therefore, as Judge Kocoras concluded, "What [Castleman] has done, if you ask me, is purely subjective. . . . The jury is as capable of consuming and understanding those facts as he is in portraying them. . . . He is acting as a middleman, and I do not think that is sufficient expertise to do anything in this case." *Flood*, Hr'g Tr. (ECF No. 64-4) at 13:25-14:1. His opinions are unreliable speculation, which cannot be testified by principles and methods; they are not "shaky" or "factual" expert testimony best left for the jury on cross-examination.

## II. Plaintiff's Misstatements of the Record

In addition, Plaintiff's response at a number of places misstates the record. We have already endeavored to address, as summarily as possible, the two basic errors contained in Plaintiff's response, and we now correct the statements that are inconsistent with record and that require corrections.

### A. Castleman Has Been Excluded.

Plaintiff's response states falsely that "None of the aforementioned areas of Dr. Castleman's testimony were excluded by the handful of judges cited in O-I's motion." Resp. 2. The record shows precisely the opposite. Judge Grady and Judge Kocoras excluded Castleman entirely from testifying at trial. *Rutkowski*, 1989 WL 32030, at *1 (ECF No. 64-3); *Flood*, Hr'g Tr. at 13:25-14:1 (ECF No. 64-3). Judge Bucklo also excluded Castleman from testifying about any specific company or its "knowledge," and allowed him only to read documents already admitted into evidence and put them on a timeline. *Deyerler*, Tr. at 77:15-125:2 (ECF No. 64-5). Finally, Chief Judge Peckham of

the Northern District of California refused to qualify Castleman as an expert. *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1149-50 (N.D. Cal. 1982).

Plaintiff's response falsely continues, "What O-I does not mention is Judge Bucklo allowed the testimony of Dr. Castleman on the same areas for which he is being offered in *Krik*. As in the instant case, O-I made arguments to the judge about testimony for which Dr. Castleman was not being presented in that case." Resp. 2 n.3. Owens-Illinois was not a defendant in that case and did not have any opportunity to present any arguments. *Deyerler*, Tr. (ECF No. 64-5) at 77:15-125:2. As discussed above, and the transcript speaks for itself, Judge Bucklo excluded Castleman from testifying in most of the areas he is offered in this case. *Id.*

## B. The Cited Case Law Does Not Support Castleman.

Plaintiff's response says, "This court should follow the overwhelming majority of other courts which have addressed this issue and admit Dr. Castleman's testimony as to the matters described above." Resp. 6. He also cites decisions, which he claims hold, that Castleman's book is "the most authoritative treatise ever written on the subject of industry knowledge of asbestos hazards." *Id.* at 4. Although many courts have allowed Castleman to testify, as unchallenged entirely under Rule 702 and *Daubert* or subject an "agreement" (*id.* at 1 n.1), the cited cases are inconsistent with Plaintiff's statements.

*AC&S v. Godwin*, 667 A.2d 116, 130-31 (Md. 1995), did not find Castleman's book to be "part of 'a respectable body of opinion'" or "the most authoritative treatise ever written on the subject of industry knowledge of asbestos hazards." Resp. 4. Contrary to Plaintiff's assertion, the phrase "respectable body of opinion" does not refer in any way to Castleman's book, but instead to the American Conference of Governmental Industrial Hygienists. *Id.* The *Godwin* court also did not "praise" Castleman or his work at all. Resp. at 4. Next, Plaintiff claims that the Seventh Circuit referred to Castleman's book as a "learned treatise." *Id.* (citing *Peerman v. Georgia-Pacific Corp.*, 35 F.3d

284, 285 (7th Cir. 1994)). The Seventh Circuit did no such thing in *Peerman*. Similarly, Plaintiff asserts that *In re North Dakota Personal Injury Asbestos Litigation* found Castleman's book to be a "learned treatise," which it did not. *Id.* (citing 737 F. Supp. 1087, 1091 (D.N.D. 1990)). Last, *In re Asbestos Litigation* noted that Castleman was offered at trial, apparently as an expert in the "field of asbestos research," but reversed the trial court's order given the "rampant speculation that impermissibly formed the basis of Dr. Castleman's opinion." *Id.* at 5 (citing 799 A.2d at 1153). It did not hold, as Plaintiff suggests here, that Castleman was an admissible expert.

       **C.**     **Castleman's Testimony Does Not Mirror Other, Unnamed Witnesses.**

Plaintiff asserts that "O-I's and Crane's witnesses both follow the same methodology as Dr. Castleman in basing their testimony on their reading of scientific literature, company documents, and trade/professional organization materials." Resp. 3. Owens-Illinois's corporate designees are not disclosed as expert witnesses and they do not follow any methodology, much less Castleman's. As a matter of fact, when given evidence from Owens-Illinois's corporate designees and its corporate documents with a proper foundation and authentication, the jury can decide "the actual knowledge of the company and actions the company." *Id.* at 2. It does not require expert testimony, from a "librarian of asbestos research," to explain to the members of the jury what the evidence means. *Rutkowski*, 1989 WL 32030, at *1 (ECF No. 64-3). Nor do any of Owens-Illinois's expert witnesses follow Castleman's "methodology" of selecting certain documents and discarding others - - based on their preconceived, personal, advocacy-based viewpoint and not their historical method of research. Mot. 10-11.

       **D.**     **Castleman's Testimony Is Not Dispositive.**

Plaintiff claims with any legal authority that "state of the art [is] a necessary element of plaintiff's case." Resp. 3. State of the art is not an element of plaintiff's negligence claim under maritime law, *see Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012), but rather it is an

affirmative defense, *see Kropp v. Douglas Aircraft*, 329 F. Supp. 447, 457, 461 (E.D.N.Y. 1971). Plaintiff's assertions about timeliness, and dispositive motions, are incorrect.

### E.    Castleman Does Not Have Medical Qualifications.

Based on Castleman's expert report, Plaintiff asserts that Castleman has medical qualifications and has studied "environmental cancer, and occupational medicine" during his academic training at Johns Hopkins University.  Resp. 3 & Ex. 1.  That assertion is not true. Plaintiff adds that Castleman has a "Sc.D. degree in Environmental Engineering from the Johns Hopkins School of Hygiene and Public Health."  *Id.* at 3.  That, too, is false.

### CONCLUSION

For these reasons, and those set forth in its motion, Owens-Illinois, Inc. requests that this Court grant its Motion to Exclude Barry Castleman, Sc.D. (ECF No. 64).

Dated:  October 4, 2013                Respectfully submitted,

By: /s/ Brian O. Watson
    Matthew J. Fischer
    Edward Casmere
    Brian O. Watson
    Schiff Hardin LLP
    233 S. Wacker Dr. Suite 6600
    Chicago, Illinois  60606
    (312) 258-5500
    (312) 258-5600 (facsimile)

    *Attorneys for Defendant Owens-Illinois, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that on October 4, 2013, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\13629739.5