**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-7435 |
| v. | ) | |
| | ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, | ) | District Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

**OWENS-ILLINOIS, INC. AND EXXONMOBIL OIL CORPORATION'S
JOINT MOTION TO EXCLUDE ANY EXHIBIT FROM
THE PLAINTIFF'S NONCONFORMING EXHIBIT LISTS**

Owens-Illinois, Inc. ("Owens-Illinois") and ExxonMobil Oil Corporation ("ExxonMobil") request an order excluding any exhibit from the Plaintiff's nonconforming exhibit lists. In support of this motion, Owens-Illinois and ExxonMobil state the following under Local Rule 16.1, the Order of July 24, 2013 (ECF No. 60), the Standing Order Governing Proposed Pretrial Orders, and Federal Rule of Civil Procedure 16(f):

**ARGUMENT**

This Court's Standing Order requires "[a] schedule of all exhibits a party may introduce at trial, as well as any demonstrative exhibits or evidence, identified by trial exhibit number, with a brief description of each exhibit. Any exhibit not listed in the final pretrial order will be excluded from evidence absent a showing of good cause." Standing Order Governing Proposed Pretrial Orders at 1, ¶ 6. Federal Rule of Civil Procedure 16(f) and Local Rule 16.1 empower this Court, on a motion or on its own, to sanction a party for failing to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f); N.D. Ill. Loc. R. 16.1. This Court has previously entered sanctions in two asbestos cases for nearly the identical misconduct. *Flood v. Owens-Illinois*, No. 86 C 8947, 2003 WL 21466934, at *1-3 (N.D. Ill. June 24, 2003) (**Ex. A**) (entering pretrial sanctions for failure to provide proper

exhibits and exhibit lists in a timely fashion); Tr. at 189:3-18, *Jacques v. Owens-Illinois*, 87 C 3964 (N.D. Ill. Jan. 17, 2002) (**Ex. B**) (same).

During the final pretrial process, Plaintiff's counsel served more than two dozen exhibit lists. Plaintiff initially served ten exhibit lists that included more than 1,800 exhibits on October 4, 2013. E-Mail from Brian Watson (**Ex. C**) at 1, Oct. 8, 2013. Plaintiff's counsel then expressed that "Plaintiff only sees the need for stating objections to the parties' 'expect to use' exhibits." E-Mail from Jin-Ho Chung (**Ex. D**) at 1, Oct. 8, 2013. He later added that "Plaintiff does not believe it is a good use of the parties' time (or Judge Lee's time) to raise objections in the pretrial report to exhibits the parties don't expect to use at trial." E-Mail from Jin-Ho Chung (**Ex. E**) at 1, Oct. 10, 2013. Next, Plaintiff's counsel confirmed that "CVLO sent one 'expect to offer' list which is about 150 documents. CVLO also sent a number of other lists for the thousands of documents CVLO does not expect to offer." E-Mail from Bob McCoy (**Ex. F**) at 1, Oct. 10, 2013.

Defendants repeatedly requested compliance with Local Rule 16.1, the Order of July 24, 2013 (ECF No. 60), and the Standing Order Governing Proposed Pretrial Orders. After their repeated requests went unheeded, Defendants confirmed that Plaintiff's "expect to offer" exhibit list was the only exhibit list to review. E-Mail from Brian Watson (**Ex. G**) at 1, Oct. 11, 2013; E-Mail from Brian Watson (**Ex. H**) at 1, Oct. 14, 2013. In their meet-and-confer, Defendants again confirmed they would not review the dozen-plus exhibit lists that Plaintiff had served, modified, and re-served. E-Mail from Brian Watson (**Ex. I**) at 11, Oct. 17, 2013.

Nevertheless, Plaintiff included *thirteen* exhibit lists in his proposed Final Pretrial Order, which was compiled and provided for the first time on October 24, 2013. E-mail from Sebastian Baere at (**Ex. J**) at 46-86, Oct. 24, 2013 (enclosing proposed Final Pretrial Order; pages omitted). Plaintiff included one exhibit list entitled "Plaintiff's Expect to Offer Exhibit List," which consisted

of 26 pages and 146 exhibits, along with ten other unidentified exhibits in a separate table and sixteen more pages of exhibits without any trial exhibit numbers and vague descriptions. *Id.*

Here, as this Court has held in *Flood*, "the spirit of our [pretrial] deadline order envisioned that the parties would exchange exhibits early enough to allow for a meaningful review of the materials and that the submissions would be sufficiently accurate and organized to allow for such a meaningful review. Plaintiff's counsel's actions made it impossible for the pre-trial order to be properly prepared by the deadline. We also believe that there is a clear record of delays and contumacious conduct by Plaintiff's counsel and that there is clear and convincing evidence that Plaintiff's counsel acted in bad faith." *Flood*, 2003 WL 21466934, at *1-3; *accord* Tr. at 189:3-18, *Jacques*, 87 C 3964 (entering sanctions and finding the "failure of the plaintiff's counsel to comply with the local rule requirements for filing of the final pretrial order in which the record disclosed multiple failures on the part of the plaintiff's counsel"). Plaintiff's conduct is indistinguishable from the misconduct in *Flood* and *Jacques*.

## CONCLUSION

For these reasons, Defendants ExxonMobil Oil Company and Owens-Illinois, Inc. request an order excluding any exhibit from the Plaintiff's nonconforming exhibit lists.

Dated: October 25, 2013  Respectfully submitted,

By: /s/ Brian O. Watson  
Matthew J. Fischer  
Edward Casmere  
Brian O. Watson  
Schiff Hardin LLP  
233 S. Wacker Dr. Suite 6600  
Chicago, Illinois 60606  
(312) 258-5500  
(312) 258-5600 (facsimile)  

*Attorneys for Defendant*  
*Owens-Illinois, Inc.*

By: /s/ David F. Fanning (with permission)  
H. Patrick Morris  
David F. Fanning  
Johnson & Bell, Ltd.  
33 West Monroe Street, Suite 2700  
Chicago, Illinois 60603-5404  
(312) 372-0770  
(312) 372-9818 (facsimile)  

*Attorneys for Defendant*  
*Exxon Mobil Oil Corporation*

**CERTIFICATE OF CONFERENCE**

Pursuant to the Standing Order for Preparation of Final Pretrial Order and the Case Management Procedures, the undersigned attorney certifies that Brian O. Watson, counsel for Owens-Illinois, Inc., conferred with counsel for Plaintiff, Jin-Ho Chung, on October 17, 2013, and has determined that the matter upon which a ruling is sought is actually in dispute.

/s/ Brian O. Watson
Brian O. Watson

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 25, 2013, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\13731293.1