EXHIBIT C

**Watson, Brian O.**

| | |
|---|---|
| From: | Watson, Brian O. |
| Sent: | Tuesday, October 08, 2013 1:23 PM |
| To: | Nathan Bloom; 'Jin-Ho Chung'; Bob G. McCoy (bmccoy@cvlo.com) |
| Cc: | 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com'; 'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'; Casmere, Edward M. |
| Subject: | FW: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order |
| Attachments: | Top Cases Scheduling Order 6-9-11.pdf |

Bob and Jin-Ho,

We once again request that Plaintiff provide a proper and complete draft of the pretrial order. As Mr. Morris correctly noted, it is impossible to review Plaintiff's piece-meal submissions, which do not conform with either Judge Lee's standing order or the local rules. At this point, we do not have an initial draft in order to respond.

First, Plaintiff had an obligation by Friday to provide a proper chart of witnesses whose depositions will be used, so the Defendants could review and state their objections. Owens-Illinois has a right to review all designated testimony that Plaintiff seeks to offer (not just "OI's part" as Plaintiff suggests).

Second, Plaintiff had an obligation by Friday to provide a proper schedule of exhibits, so the Defendants could review and state their objections. Owens-Illinois has a right to review all exhibits that Plaintiff seeks to offer (not just a "preliminary list" or a limited "expect to offer exhibits" as Plaintiff suggests). We have initially reviewed Plaintiff's ten exhibit lists, which include more than 1800 exhibits:

- 108 exhibits on the "Expect to Offer Exhibits" list
- 108 exhibits on the "National Safety Council Knowledge" list
- 325 exhibits on the "Industrial Hygiene Foundation" list
- 23 exhibits on the "American Industrial Hygiene Association" list
- 10 exhibits on the "American Conference of Governmental Industrial Hygienists" list
- 15 exhibits on the "American Society of Mechanical Engineers" list
- 36 exhibits on the "US Government Publications" list
- 160 exhibits on the "Weil McLain" list
- 456 exhibits on the "Crane Company" list
- 622 exhibits on the "Owens Illinois" list

Many of these exhibits include vague descriptions (e.g., "Federal Register excerpts," "Samples of asbestos-containing products at issue," "List," "Letter"), and we cannot determine what they are or whether they were ever produced. We request that Plaintiff confirm he intends to offer 1800-plus exhibits, and specifically request copies of all exhibits so we can review and state our objections.

Third, Rule 26 deadlines were firmly established in MDL 875. The attached Scheduling Order set deadlines for fact and expert witness disclosures under Rule 26. The MDL 875 court also has rejected Plaintiff's argument that there were no Rule 26 disclosure requirements, and added that "we should not have to remind Plaintiffs that the 'discovery rules' requirements are mandatory, not optional." *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875, 2012 WL 5839023,

at *3-4 (E.D. Pa. Nov. 16, 2012). Owens-Illinois complied and served its initial disclosures on July 15, 2011, and filed its expert reports on January 6, 2012.

Fourth, and finally, we disagree with Plaintiff's belief that general maritime law is controlled substantively by Illinois law and the IPIs. We will state our objections when you provide a proper draft of the pretrial order and provide alternate instructions under the controlling general maritime law.

Please provide a proper draft of the pretrial order, so we may avoid a motion and court-ordered relief. Thank you.

Brian



| | | | View Bio |
| --- | --- | --- | --- |
| | | | Download vCard |
| **Brian O'Connor Watson**<br>Attorney | 233 S Wacker Dr, Ste 6600<br>Chicago, IL 60606<br>www.schiffhardin.com | *t* 312.258.5845<br>*f* 312.258.5600<br>*e* bwatson@schiffhardin.com | |

**From:** Jin-Ho Chung [mailto:jchung@cvlo.com]
**Sent:** Tuesday, October 08, 2013 10:55 AM
**To:** Watson, Brian O.; Nathan Bloom
**Cc:** 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com'; 'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'pmoir@qslwm.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'; Casmere, Edward M.
**Subject:** RE: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Brian,

The draft pretrial report was sent to all counsel (including counsel for OI) in PDF and WordPerfect format (with the exception of the draft exhibit list, which was sent as an Excel spreadsheet and several Paradox charts). I will send you and Ed Casmere a copy.

Plaintiff is preparing deposition designations and will submit these for review and counter designations – OI's part should be ready by tomorrow. However, plaintiff is waiting to hear from counsel for several of the remaining defendants as to whether they will voluntarily make certain witnesses available at trial, or for a pretrial deposition, which may obviate the need for certain deposition designations.

The trial exhibit numbers will be assigned to the exhibits when the list is updated further. We have provided the preliminary list so defendants can begin making their objections. The numbers 1-600 are sufficient for the plaintiff's "expect to use" exhibits and the defense can begin numbering their exhibits after that. Plaintiff will modify the existing chart to add a space for objections and send it to you. Plaintiff only sees the need for stating objections to the parties' "expect to use" exhibits.

Plaintiff does not believe maritime law requires jury instructions other than IPI or 7th Ciruit provided in plaintiff's draft pretrial report. However, if OI believes maritime instructions are required in this case, please let us know which ones you propose be used.

Finally, please let us know which witnesses OI believes were not properly disclosed. It is my understanding there was no Rule 26 dislcosure requirement in Krik's scheduling order.

**From:** Watson, Brian O. [mailto:BWATSON@schiffhardin.com]
**Sent:** Monday, October 07, 2013 6:08 PM
**To:** Nathan Bloom; Bob G. McCoy; Jin-Ho Chung
**Cc:** 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com'; 'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'pmoir@qslwm.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'; Casmere, Edward M.
**Subject:** RE: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Bob and Jin-Ho,

Please correct your service list to include Edward Casmere and Brian Watson for Owens-Illinois.

Plaintiff's draft pretrial order does not conform with either Judge Lee's standing order or the local rules. On just the format (and not the substantive issues), Plaintiff has not provided:

- an editable draft in Word or WordPerfect;
- a proper chart of witnesses whose depositions will be used, including their designations and places for counter-designations and objections;
- a proper schedule of exhibits, including their trial exhibit numbers and places for objections;
- jury instructions formatted to review; or
- verdict forms.

We also note that Plaintiff has not provided any jury instructions for general maritime law, and has identified witnesses who were not disclosed under Rule 26. As we know you are familiar with the requirements of Judge Lee's standing order and the local rules, we will not list every item that you are still required to provide.

We request that Plaintiff provide a proper draft of the pretrial order within 24 hours.

Brian



View Bio
Download vCard

**Brian O'Connor Watson**
Attorney

233 S Wacker Dr, Ste 6600
Chicago, IL 60606
www.schiffhardin.com

*t* 312.258.5845
*f* 312.258.5600
*e* bwatson@schiffhardin.com

---

**From:** Nathan Bloom [mailto:nbloom@cvlo.com]
**Sent:** Friday, October 04, 2013 9:17 PM
**To:** Casmere, Edward M.; Watson, Brian O.
**Subject:** FW: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Hi Ed and Brian,

I see that you weren't in our service list for the Krik case. We should add you, no?

Best,
Nathan

---

**From:** Nathan Bloom
**Sent:** Friday, October 04, 2013 8:19 PM
**To:** 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com';

3

'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'rriley@schiffhardin.com'; 'pmoir@qslwm.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'
**Cc:** Jin-Ho Chung
**Subject:** Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Dear Counsel:

Attached please find plaintiff's preliminary DRAFT pretrial report for your review. Please note that plaintiff reserves the right to modify the draft pretrial report. We look forward to working with you to submit a final pretrial report to the court on October 25, 2013. Thank you.

Regards,

Nathan Bloom
Legal Assistant
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
Telephone: (312) 944-0600 Ext. 129
nbloom@cvlo.com

----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
----------------------------------------------------------------