**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-7435 |
| v. | ) | |
| | ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, | ) | District Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SECOND JOINT MOTION
TO BAR UNDISCLOSED AND IMPROPERLY DISCLOSED WITNESSES**

Pursuant to Federal Rules of Civil Procedure 16 and 37 and the Order of October 31, 2013 (ECF No. 148), Defendants Crane Co., ExxonMobil Oil Company, Owens-Illinois, Inc., and Weil-McLain request an order barring Anthony Pantaleoni, Paul Schuelke, William McLean, Bruce Larson, Joseph Ferriter, Arthur Pabst, Richard Grimmie, Willis Hazard, and John Templin as witnesses in Plaintiff's case-in-chief. In support of this motion, Defendants state as follows:

**INTRODUCTION**

Federal procedure is clear that, when a party fails to disclose a witness or fails to obey a court order requiring witness disclosures, the party cannot use the witness at trial. That is exactly what has occurred here, and the prejudice is severe and compelling. As the record shows, despite multiple discovery requests by the Defendants, court orders by the MDL 875 Court, and Federal Rules of Civil Procedure 1, 16, 26, 33, 34, and 37, Plaintiff still failed to disclose Anthony Pantaleoni, Paul Schuelke, William McLean, Bruce Larson, Joseph Ferriter, Arthur Pabst, Richard Grimmie, Willis Hazard, and John Templin as witnesses. These nine individuals,[1] and any other undisclosed

---

[1] These individuals are identified in Plaintiff's signed Second Draft Final Pretrial Order, October 29, 2013 (ECF No. 146-1). Plaintiff identified three others during the final pretrial order process, including Mary Ellen Krik, Melvin Corbeil, and Robert Critchfield in Plaintiff's signed Final Pretrial Order (ECF No. 143-1). These proposed witnesses have been withdrawn. As discussed at

or improperly disclosed individuals, should be barred as witnesses in Plaintiff's case-in-chief.

## ARGUMENT

Federal Rules of Civil Procedure 16 and 37 give district courts broad discretion. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts also may issue any "further just orders" when "a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Further, district courts "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

The Seventh Circuit, therefore, has held that its district courts must have broad discretion to award fines, dismiss claims, enter a default judgment, or prohibit the use of evidence or witness testimony. *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984). Indeed, "culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id.* at 473. The decision to enter sanctions is reviewed for an abuse of discretion, *Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997), although any findings of fact supporting the decision are reviewed for clear error, *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).

## I.    PLAINTIFF FAILED TO SERVE DISCLOSURES IDENTIFYING THESE NINE INDIVIDUALS.

Under Federal Rule of Civil Procedure 26(a)(1), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . , identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). The rule also requires a party to supplement or amend its

---

the hearing on October 31, 2013, Defendants are moving at this time to bar the individuals identified only in the Second Draft Final Pretrial Order, and will supplement if necessary.

disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

"A major purpose" of these initial disclosures is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26 advisory comm. note. Therefore, as the MDL 875 Court held, "Witness Disclosures in MDL Litigation" are an essential part of federal procedure and "the engine that drives disposition on the merits." *Morgan v. 3M*, MDL 875, 2011 WL 7573811, at *1 n.1 (E.D. Pa. Dec. 22, 2011); *accord Maddux v. Owens-Corning*, 2012 WL 3536319, at *1 n.1 (E.D. Pa. July 26, 2012) ("Because it is undisputed that Plaintiff failed to disclose any witnesses in this case (including himself and Dr. Lloyd), his evidence is excluded and will not be considered by the Court.").

Plaintiff did not provide any Rule 26(a)(1) disclosures in this case. Instead, Plaintiff's attorneys ("CVLO") have claimed "there was no Rule 26 dislcosure [*sic*] requirement in Krik's scheduling order." E-Mail from Jin-Ho Chung (Ex. A) at 1, Oct. 8, 2013.[2] The MDL 875 Court rejected that argument, however, and admonished that "Plaintiffs have no valid underpinning to their proposition that their duty to provide initial disclosures has not yet arisen. We should not have

---

[2] During the meet-and-confer process, Plaintiff provided a "Fact Witness Disclosure 6/22/2011" that is captioned for his case from the Northern District of Indiana, not the Northern District of Illinois, but he could not provide a certificate of service. Pl.'s Fact Witness Discl. (Ex. B) at 1-3, June 22, 2011. This "disclosure" is fatally deficient in its substance and its alleged service upon any defendant. Although the "disclosure" identified Mr. Ferriter by name, it provided none of the other information required by applicable rule—not even the party against whom Mr. Ferriter would purportedly testify, or any other indication of the subject matter of his testimony. *See also* Mobil's Mot. Bar Joseph Ferrtier, Oct. 25, 2013 (ECF No. 110), which is incorporated by reference and attached as Ex. C. Plaintiff also apparently intends to use Mr. Ferriter as an "expert" witness. Under the Court's directive, Defendants will continue to meet and confer about the scope of Mr. Ferriter's expert testimony, if any, and absent any agreement, Defendants will file a motion *in limine* under the scheduling order. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635 (7th Cir. 2008) (holding that violation of Rule 26 results in the "automatic and mandatory" sanction of barring the undisclosed testimony).

to remind Plaintiffs that the 'discovery rules' requirements are mandatory, not optional.'" *In re Asbestos Prods. Liab. Litig. (No. VI)*, MDL 875, 2012 WL 5839023, at *3-4 (E.D. Pa. Nov. 16, 2012) (citations omitted).

In June 2011, the MDL 875 Court entered a detailed scheduling order that required witness disclosures under Federal Rule of Civil Procedure 26(a). Scheduling Order for Certain Cascino Vaughan Law Offices Cases (Ex. D) at 1-3, June 9, 2011. It ordered that "Plaintiffs' fact witness disclosure, including treating physicians, for witnesses expected to be relied upon by plaintiffs, shall be submitted by June 22, 2011." *Id.* at ¶ 5. It later granted leave for ExxonMobil to disclose fact witnesses "pursuant to any scheduling order and Rule 26." Stipulation and Order (Ex. E) at 1, Oct. 31, 2011. There is no question that witness disclosures were required under Federal Rule of Civil Procedure 26(a), yet Plaintiff never disclosed Anthony Pantaleoni, Paul Schuelke, William McLean, Bruce Larson, Joseph Ferriter, Arthur Pabst, Richard Grimmie, Willis Hazard, or John Templin properly as witnesses or the subjects of their testimony.

## II. PLAINTIFF ALSO FAILED TO SERVE DISCOVERY RESPONSES IDENTIFYING THESE NINE INDIVIDUALS.

The MDL 875 Court also ordered Plaintiff by November 17, 2010, to answer without objections a standard set of interrogatories proposed by CVLO. Order (Ex. F) at ¶¶ 5-6, Oct. 5, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Nov. 1, 2013). The MDL 875 Court then extended the time and ordered Plaintiff to answer without objections by February 21, 2011. Order (Ex. G) at ¶ 1, Nov. 15, 2010, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Nov. 1, 2013). In these standard interrogatories, Plaintiff was asked specifically to identify individuals who may be called by Plaintiff or statements by individuals which may be used by Plaintiff. Pl.'s Verified Resp. Standard Interrogs. (Ex. H) at Nos. 20, 21, 26, 27, 28, June 17, 2011. But Plaintiff did not identify Anthony Pantaleoni, Paul Schuelke, William McLean, Bruce Larson,

Joseph Ferriter, Arthur Pabst, Richard Grimmie, Willis Hazard, or John Templin, or provide any discoverable information about these nine individuals. *See id.*

Additionally, the MDL 875 Court allowed party-specific discovery and required written responses by June 22, 2011. Scheduling Order for Certain Cascino Vaughan Law Offices Cases (Ex. D) at ¶¶ 3-4, June 9, 2011. Defendants served their specific discovery requests to Plaintiff. *E.g.*, Pl.'s Resp. Def. Owens-Illinois, Inc. (Ex. I) at 1-14; Pl.'s Resp. Def. Exxon Mobil Oil Corp. (Ex. J) at 1-5. By way of example, Owens-Illinois asked Plaintiff to identify individuals who may be called by Plaintiff against Owens-Illinois or statements which may be used against Owens-Illinois. *E.g.*, Pl.'s Resp. Def. Owens-Illinois, Inc. (Ex. I) at Interrogs. Nos. 11, 12, 17, 18. Nowhere did Plaintiff identify Anthony Pantaleoni, Paul Schuelke, William McLean, Bruce Larson, Joseph Ferriter, Arthur Pabst, Richard Grimmie, Willis Hazard, and John Templin. *Id.* (stating "Fact witnesses and experts will be or have been identified pursuant to court scheduling order"). Indeed, the discovery record is devoid of any reference to any factual disclosure from Plaintiff about these nine individuals.

## III. THESE NINE INDIVIDUALS SHOULD BE BARRED BECAUSE PLAINTIFF'S DISCLOSURE AND DISCOVERY FAILURES WERE NEITHER JUSTIFIED NOR HARMLESS.

The Seventh Circuit has held that, under Federal Rule of Civil Procedure 37(c)(1), "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). In this case, non-disclosure was neither justified nor harmless. Well before remand and the final pretrial order process, Plaintiff was required to disclose his witnesses under several court orders, multiple discovery requests, and the clear requirements of the Federal Rules of Civil Procedure.

### A. There Is No Justification for Plaintiff's Disclosure and Discovery Failures.

Plaintiff cannot justify these failures. Indeed, the Seventh Circuit has supported sanctions for the very same misconduct in two asbestos cases. *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir.

1992); *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996). In *Shine*, the court in consolidated asbestos cases entered a scheduling order with witness disclosure deadlines. 979 F.2d at 95. When the plaintiff failed to provide timely disclosures, the court excluded her witnesses. *Id.* at 96-97. The Seventh Circuit offered a clear admonition: "We sympathize with [plaintiff], for the exclusion of the product identification witnesses had the practical effect of dismissing her case. However, it is the district court's prerogative to adhere to established schedules and to exclude evidence provided in derogation of the timelines established therein." *Id.* at 98 (citations omitted). Likewise, the Seventh Circuit in *Harris* excluded undisclosed witnesses and refused to reopen the case "simply because counsel learned a fact late in the game that helps his chances, especially in cases where the parties have agreed to litigate under a set of rules (the [scheduling] order) that provides limitations and repose for both sides." *Harris*, 102 F.3d at 1434.

Much like the plaintiffs in *Shine* and *Harris*, Plaintiff also failed to identify these nine individuals in court-ordered witness disclosures, court-ordered standard interrogatories, or the Defendants' discovery requests. Plaintiff's misunderstanding of deadlines and potential ambiguities or difficulties in meeting them are not justification. *Shine*, 979 F.2d at 95; *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Nor can Plaintiff be excused from his attorney's failures. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). "Aside from the fact that the 'district court is not required to fire a warning shot' prior to imposing sanctions," *Shine*, 979 F.2d at 96, the MDL 875 orders provided by their very language adequate—indeed, explicit—notice that witnesses not disclosed under the scheduling orders could be excluded. There simply is no justification for Plaintiff's multiple discovery and disclosure failures.

### B.   There Is Harm in Plaintiff's Disclosure and Discovery Failures.

Plaintiff also cannot show his discovery and disclosure failures were harmless. In deciding whether non-compliance could be harmless, district courts may consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble*, 670 F.3d at 760. The MDL 875 Court has already evaluated these factors, under similar circumstances, and found the prejudice to Defendants is "palpable" and they are "free to seek its preclusion." *In re Asbestos Prods. Liab. Litig. (No. VI) (Ferguson v. A.C. & S., Inc.),* MDL 875, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012). Defendants request that this Court, in its post-remand and trial court role, follow the lead of the pretrial proceedings in the MDL 875 Court, *id.*, as well as the past decisions by the Seventh Circuit in multi-defendant asbestos cases, *see Shine*, 979 F.2d at 95, and *Harris*, 102 F.3d at 1434.

### 1.   The MDL 875 Proceedings Prove the Harm.

This case was remanded from consolidated pretrial proceedings in MDL 875. Conditional Remand Order, May 14, 2013, ECF No. 50. The MDL 875 Court consolidated about 5,000 cases filed by CVLO and referred these cases for mediation and pretrial management. *In re Asbestos Prods. Liab. Litig. (No. VI)*, MDL 875, 2012 WL 8021094, at *1 (E.D. Pa. May 29, 2012). This particular case was referred for pretrial proceedings in June 2011, when the MDL 875 Court first provided explicit notice that it "MAY IMPOSE SANCTIONS AND/OR COSTS AGAINST ANY PARTY NOT IN COMPLIANCE WITH THIS NOTICE AND THE ORDERS SPECIFICALLY INCORPORATED BY REFERENCE AND ANY ORDERS ISSUED IN FURTHERANCE HEREOF." Order of Referral (Ex. K) at 1, June 9, 2012; *accord Shine*, 979 F.2d at 96.

The MDL 875 Court later warned Plaintiff and CVLO to disclose all witnesses, so the Defendants would have an adequate opportunity for discovery. It explained the consequence of any

general, non-specific disclosure:

> Well, I would agree with [Defendants] that they -- they would have to provide a specific name of who they would call at trial. They've got to learn who[se] that information is so you can have a chance to do your deposition work and do your discovery on it. . . . [I]f they can't provide any more specific information, they're stuck with the general information that they have, and, you know, so be it. <u>They pay the consequence of that when the case comes up for trial.</u>

Hr'g Tr. (Ex. L) at 44:6-16, June 23, 2011 (emphasis added).

Over Plaintiff's objection, the MDL 875 Court then affirmed its referral and scheduling order. *In re Asbestos Prods. Liab. Litig. (No. VI)*, MDL 875, 2012 WL 8021094 (E.D. Pa. May 29, 2012). In detailing the history of this case and others filed by CVLO, the MDL 875 Court explained that the "scheduling orders in the CVLO cases were necessary to ensure the 'just, speedy and inexpensive,' administration of this massive litigation," that CVLO's appearance as counsel constituted a legal and ethical representation it was "ready, willing and able" to comply with all of the Court's orders, and that "[o]nly by strict adherence" to the scheduling deadlines "can a litigation of this scope be efficiently administered." *Id.* at *1 (quoting Fed. R. Civ. P. 1).

Less than a week later, the MDL 875 Court entered a sanctions order and warned CVLO plaintiffs about their disclosure and discovery obligations. *Unzicker v. A.W. Chesterton Co.*, MDL 875, 2012 WL 1966028, at *2 (E.D. Pa. May 31, 2012). By enforcing Rule 37 and striking interrogatory answers, the MDL 875 Court held that Defendants were entitled to complete fact witness disclosures before the issuance of any deposition notice, as well as enough time to investigate and conduct discovery. *Id.* at *1-4. The Plaintiff and CVLO's discovery and disclosure violations were not, as the MDL 875 Court held, "compatible with any kind of sensible approach to dealing with discovery." *Id.* at *4.

Just days after the *Unzicker* sanctions order, the MDL 875 Court entered summary judgment against another CVLO plaintiff and struck evidence from her summary judgment opposition. *Anderson v. AW Chesterton*, MDL 875, 2012 WL 2877405, at *1 n.1 (E.D. Pa. Apr. 5, 2012). The

MDL 875 Court precluded the evidence "in light of the fact that Plaintiff had at least three (3) separate opportunities and obligations to provide the [discoverable information] and failed to do so, and that the case is now ripe for disposition such that further delay would affect the administration of justice." *Id.*

A few months later, the MDL 875 Court granted two more motions to strike for discovery violations and ordered CVLO plaintiffs to be "clear-eyed" about their disclosure and discovery obligations. *In re Asbestos Prods. Liab. Litig.*, MDL 875, slip op. (Ex. M) at 2-3 (E.D. Pa. July 17, 2012), *available at* www.paed.uscourts.gov/mdl875r (last visited Oct. 25, 2013). The MDL 875 Court demanded complete disclosure and found the CVLO plaintiffs' alleged witness lists useless because their "generality and lack of detail render it incapable of being used by any defendant in any particular case." *Id.* at 2.

After entering more sanction orders, the MDL 875 Court became blunt with CVLO plaintiffs during the pretrial hearing on August 1, 2012. The MDL 875 Court warned that if they had thought that simply presenting evidence from someone who was improperly disclosed, "as a discovery matter would appear to me to be <u>very inappropriate</u>." Hr'g Tr. (Ex. N) at 34:6-16, Aug. 1, 2012 (emphasis added). Additionally, the MDL 875 Court restated the disclosure and discovery obligations and that CVLO plaintiffs "need to do a much more substantial disclosure within the context of the time period for discovery such as to give the defendants an opportunity to challenge that evidence if they choose to do so." *Id.* at 34:6-16. The MDL 875 Court explained these stern warnings by citing *Morgan* and conveying its clear guidance on witness disclosures in MDL 875. *Id.* at 33:13-35:1 (citing *Morgan*, 2011 WL 7573811, at *1 n.1).

The MDL 875 Court then published those admonitions against CVLO and its plaintiffs. *Ferguson v. A.C. and S., Inc.*, MDL 875, 2012 WL 5839023 (E.D. Pa. Nov. 16, 2012). In a nearly thirty-page order, the MDL 875 Court derided the tactic of using undisclosed or improperly

disclosed witnesses. *Id.* at *6-7. As a result, MDL 875 Court held that the Defendants were "free to seek" preclusion if CVLO plaintiffs tried to use undisclosed or improperly disclosed witnesses. *Id.*

One month after *Ferguson*, the MDL 875 Court entered more sanctions against CVLO plaintiffs and barred the individuals on massive, generic "site worker lists." *Doyle v. A.C. & S., Inc.*, MDL 875, 2012 WL 6739912, at *1-7 (E.D. Pa. Dec. 27, 2012). As the MDL 875 Court explained, discovery was closed under the clear scheduling orders, but CVLO plaintiffs were disclosing witnesses late, which just like this case, "disregards the discovery process that has been in place and would entail the expenditure of time as well as money by Defendants for the sole purpose of giving Plaintiffs another opportunity to do what they have not done in so many of these cases from the start." *Id.* at *5.

Next, the MDL 875 Court entered Rule 37 sanctions in a published order against CVLO and its plaintiffs. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 289 F.R.D. 424 (E.D. Pa. Apr. 3, 2013). The MDL 875 Court found clear and willful disregard: "While we hesitate to assign willfulness to any counsel who appears before us representing truly injured parties, we have no difficulty making such a conclusion here where CVLO, throughout the litigation of these cases, has been repeatedly reminded of its obligations to follow the scheduling orders and to provide complete and timely discovery. It appears that this admonition has again gone unheeded." *Id.* at 427.

Years after the disclosure and discovery deadlines, and despite these admonitions and clear court orders, Plaintiff has now identified Anthony Pantaleoni, Joseph Ferriter, Paul Schuelke, William McLean, Bruce Larson, Arthur Pabst, Richard Grimmie, Willis Hazard, and John Templin as possible witnesses in this case. In doing so, Plaintiff has violated these orders, and his misconduct is what the MDL 875 Court previously called "prejudicial to defendants,"[3] "disruptive to

---

[3] *Unzicker*, 2012 WL 1966028, at *4.

the case management process,"[4] against the "administration of justice,"[5] "very inappropriate,"[6] and prejudicial to a "palpable" degree.[7]  As noted above, the MDL 875 Court already has concluded that the Defendants are "free to seek its preclusion" and Defendants request that result here.  *Ferguson*, 2012 WL 5839023, at *7.

## 2. The Post-Remand Proceedings Prove the Harm.

Plaintiff's post-remand conduct further demonstrates the harm to Defendants.  This case was remanded for trial based on Plaintiff's representation to the MDL 875 Court that "all relevant discovery has been completed or has been substantially completed" and "the Plaintiff is prepared for trial without delay once on the transferor court's normal docket." Admin. Order 18 (Ex. O) at 2-3, *available at* www.paed.uscourts.gov/mdl875d.asp (last visited Nov. 1, 2013); *see also* Suggestion of Remand Mem. at 4, ECF No. 50 (stating case was remanded under Admin. Order No. 18).  At both post-remand status conferences, Plaintiff repeated that he was ready to try the case.  Hr'g Tr. at 12:5-6, July 24, 2013, ECF No. 55 ("Plaintiff would like to proceed to trial tomorrow."); Hr'g Tr. at 12:1-2, ECF No. 52, May 30, 2013, ECF No. 55 ("Your Honor, the plaintiff's ready at any time to try these cases, all of them.").  Given those representations, this Court and the Defendants agreed on July 24, 2013, to set final pretrial deadlines and a trial date before the end of the year for December 3, 2013.  *See* Minute Entry, ECF No. 60.

On October 4, 2013, however, Plaintiff indicated for the first time in this case that a dozen undisclosed individuals would be witnesses in his case-in-chief.  E-Mail from Nathan Bloom (Ex. P) at 2, Oct. 4, 2013 (other attachments omitted).  Plaintiff did not seek leave to disclose these witnesses, or disclose their proposed testimony, but merely identified their names in a draft "Plaintiff's Witness List [Preliminary] [October 4, 2013]."  *Id.* (other attachments omitted).  Indeed,

---

[4] *Id.*
[5] *Anderson*, 2012 WL 2877405, at *1 n.1
[6] Hr'g Tr. (Ex. N) at 34:6-16.
[7] *Ferguson*, 2012 WL 5839023, at *7

Plaintiff has still not requested leave to disclose these nine individuals as witnesses.

First, the prejudice and surprise to Defendants are severe. The Defendants have invested years of time-consuming and expensive discovery. Defendants had the facts prepared for trial and had their disclosed witnesses scheduled to testify. But Plaintiff's disclosure and discovery violations eviscerated that discovery and trial preparation: Defendants could not have conducted discovery on individuals, who were never identified by Plaintiff, nor could they locate rebuttal facts or develop their own factual and expert evidence to respond to these individuals' undisclosed and undiscovered information. Indeed, Plaintiff's pretrial witness list did not even disclose the party(ies) against whom these new individuals would purportedly testify about, or any other indication of the subject matter of their testimony. Defendants, like every defendant in complex civil litigation, should not be "subject to constant re-opening, continually forcing the Defendant [to] undergo costly defense proceedings." *Harris*, 102 F.3d at 1434. Most significantly, Plaintiff's disclosure and discovery violations withdrew the dispositive process and the fundamental right to a final judgment, which was a month away for the Defendants. *See id.* at 1433 (citing *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994)).

Second, Defendants cannot cure the prejudice because discovery has closed. They already disclosed their witnesses, conducted their fact discovery, and prepared and filed dozens of expert reports based on the record. The entire pretrial process—which Plaintiff has thrown into disarray by identifying a dozen (now nine) possible new witnesses for his case-in-chief before trial—had been trial preparation. The Federal Rules of Civil Procedure and the MDL 875 Court's orders cannot be rewritten to facilitate Plaintiff's disclosure and discovery abuses, nor can Defendants' substantive and procedural rights be overridden. *E.g.*, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 8021094, at *1 (overruling objections to scheduling orders, and explaining the "scheduling orders in the CVLO cases were necessary to ensure the 'just, speedy and inexpensive,' administration of this

massive litigation"); *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees.").

The burden, expense, and prejudice caused by Plaintiff's discovery and disclosure violations surrounding these nine individuals are immense:

- conducting past fact discovery based on the witnesses timely disclosed by Plaintiff;

- preparing and filing past defense expert reports based on the witnesses timely disclosed by Plaintiff;

- preparing a draft final pretrial order and pretrial motions based on the witnesses timely disclosed (and now the new individuals identified by Plaintiff);

- re-conducting fact discovery and depositions based on the new individuals identified by Plaintiff;

- re-conducting expert discovery based on the new individuals identified by Plaintiff and their testimony;

- re-preparing and re-filing expert reports based on the new individuals identified by Plaintiff and their testimony; and

- re-preparing a final pretrial order and pretrial motions based on the new individuals identified by Plaintiff and the new fact and expert discovery.

Unless Plaintiff and CVLO is prepared to pay *all* of those costs and fees to *each* of the four Defendants and speedily proceed to trial, there is no ability to cure the prejudice for the Defendants. *See Harris*, 102 F.3d at 1434.

Third, Plaintiff's disclosure and discovery violations have disrupted the entire pretrial and trial process. This is not a case where the disclosure was late by a trivial amount of time. More than two years have passed on these deadlines. Plaintiff never identified these witnesses until he had to identify his witnesses in a final pretrial order. It derailed the entire final pretrial process—where these four Defendants each spent hundreds of hours—trying to prepare a response to a final pretrial order in the face of ever-changing disclosure and discovery violations (including new witnesses, new deposition designations, and new exhibits lists). Here, as in every other case on this Court's

crowded criminal and civil docket, "if Plaintiffs' counsel fails to comply with the Court's roadmap without justification, as in this case, not only will the Court not reach the merits in a timely fashion, but the progress of other cases waiting in the queue will also be delayed." *Morgan*, 2011 WL 7573811, at *1 n.1; *accord Shine*, 979 F.2d at 98 ("[I]t is the district court's prerogative to adhere to established schedules and to exclude evidence provided in derogation of the timelines established therein."). Plaintiff's violations here distort every basic principle of law, eviscerate fundamental procedural protections for the Defendants, and would allow Plaintiff to litigate his case entirely through fact and expert discovery without ever disclosing the information in his case-in-chief before trial.

Fourth, Plaintiff's actions lack good faith and are an attempt to expand his case, while at the same time, depriving the Defendants of their right to fundamental discovery. *See Harris*, 102 F.3d at 1434. As discussed above, the Plaintiff's and CVLO's refusal to comply with the Federal Rules of Civil Procedure and court orders shows bad faith. Indeed, their standard procedure appears to be refuse disclosure, force defendants to litigate for extended periods of time, and then (if and only if defendants incur the massive burden and expense of discovery) submit new undisclosed information. As the MDL 875 Court held, "[w]hile we hesitate to assign willfulness to any counsel who appears before us representing truly injured parties, we have no difficulty making such a conclusion here where CVLO, throughout the litigation of these cases, has been repeatedly reminded of its obligations to follow the scheduling orders and to provide complete and timely discovery." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 289 F.R.D. at 427. The same is true here. Plaintiff simply cannot show these disclosure and discovery failures were substantially justified or harmless.

## CONCLUSION

Faced with this motion, Plaintiff and CVLO will again try to avoid, not meet, their

obligations with an apparent belief that an asbestos case should be different. The myth that Plaintiff and CVLO are entitled to special, reduced burdens of production, procedural shortcuts, and relaxed evidentiary standards has no foundation in law. The substantive, procedural, and evidentiary rules are well-established, and they are the same rules that apply in every other federal case. *Shine*, 979 F.2d at 96; *Harris*, 102 F.3d at 1433. Plaintiff and CVLO must be required to, and must in fact, meet their burden and comply with the rules and court orders in the same manner, and to the same extent, as every other litigant and attorney in federal court.

For these reasons, Defendants Crane Co., ExxonMobil Oil Company, Owens-Illinois, Inc., and Weil-McLain request an order barring Anthony Pantaleoni, Paul Schuelke, William McLean, Bruce Larson, Joseph Ferriter, Arthur Pabst, Richard Grimmie, Willis Hazard, and John Templin as witnesses in Plaintiff's case-in-chief

Dated: November 8, 2013        Respectfully submitted,

By: /s/ Brian O. Watson      By: /s/ David F. Fanning (with permission)
Matthew J. Fischer                      H. Patrick Morris
Edward Casmere                       David F. Fanning
Brian O. Watson                      Johnson & Bell, Ltd.
Schiff Hardin LLP                    33 West Monroe Street, Suite 2700
233 S. Wacker Dr. Suite 6600      Chicago, Illinois 60603-5404
Chicago, Illinois 60606            (312) 372-0770
(312) 258-5500                       (312) 372-9818 (facsimile)
(312) 258-5600 (facsimile)

*Attorneys for Defendant*           *Attorneys for Defendant*
*Owens-Illinois, Inc.*               *Exxon Mobil Oil Corporation*

By: /s/ Shawn P. Babiuch (with permission)     By: /s/ James P. Kasper (with permission)
Shawn P. Babiuch                   James P. Kasper
Mark C. Sampson                  Catherine L. Carlson
Segal McCambridge Singer & Mahoney    Gunty & McCarthy
233 S. Wacker Dr. Suite 5500         150 S. Wacker Dr., Ste. 1025
Chicago, Illinois 60606            Chicago, Illinois 60606
(312) 645-7800                       (312) 541-0022
(312) 645-7711 (facsimile)          (312) 541-0033 (facsimile)

*Attorneys for Defendant*           *Attorneys for Defendant*
*Weil-McLain*                           *Crane Co.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 8, 2013, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\13721803.3