# EXHIBIT A

## Watson, Brian O.

| | |
|---|---|
| **From:** | Jin-Ho Chung <jchung@cvlo.com> |
| **Sent:** | Tuesday, October 08, 2013 10:55 AM |
| **To:** | Watson, Brian O.; Nathan Bloom |
| **Cc:** | 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com'; 'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'pmoir@qslwm.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'; Casmere, Edward M. |
| **Subject:** | RE: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order |

Brian,

The draft pretrial report was sent to all counsel (including counsel for OI) in PDF and WordPerfect format (with the exception of the draft exhibit list, which was sent as an Excel spreadsheet and several Paradox charts). I will send you and Ed Casmere a copy.

Plaintiff is preparing deposition designations and will submit these for review and counter designations – OI's part should be ready by tomorrow. However, plaintiff is waiting to hear from counsel for several of the remaining defendants as to whether they will voluntarily make certain witnesses available at trial, or for a pretrial deposition, which may obviate the need for certain deposition designations.

The trial exhibit numbers will be assigned to the exhibits when the list is updated further. We have provided the preliminary list so defendants can begin making their objections. The numbers 1-600 are sufficient for the plaintiff's "expect to use" exhibits and the defense can begin numbering their exhibits after that. Plaintiff will modify the existing chart to add a space for objections and send it to you. Plaintiff only sees the need for stating objections to the parties' "expect to use" exhibits.

Plaintiff does not believe maritime law requires jury instructions other than IPI and 7th Ciruit provided in plaintiff's draft pretrial report. However, if OI believes maritime instructions are required in this case, please let us know which ones you propose be used.

Finally, please let us know which witnesses OI believes were not properly disclosed. ==It is my understanding there was no Rule 26 dislcosure requirement in Krik's scheduling order.==

---

**From:** Watson, Brian O. [mailto:BWATSON@schiffhardin.com]
**Sent:** Monday, October 07, 2013 6:08 PM
**To:** Nathan Bloom; Bob G. McCoy; Jin-Ho Chung
**Cc:** 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com'; 'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'pmoir@qslwm.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'; Casmere, Edward M.
**Subject:** RE: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Bob and Jin-Ho,

Please correct your service list to include Edward Casmere and Brian Watson for Owens-Illinois.

Plaintiff's draft pretrial order does not conform with either Judge Lee's standing order or the local rules. On just the format (and not the substantive issues), Plaintiff has not provided:

- an editable draft in Word or WordPerfect;
- a proper chart of witnesses whose depositions will be used, including their designations and places for counter-designations and objections;
- a proper schedule of exhibits, including their trial exhibit numbers and places for objections;
- jury instructions formatted to review; or
- verdict forms.

We also note that Plaintiff has not provided any jury instructions for general maritime law, and has identified witnesses who were not disclosed under Rule 26. As we know you are familiar with the requirements of Judge Lee's standing order and the local rules, we will not list every item that you are still required to provide.

We request that Plaintiff provide a proper draft of the pretrial order within 24 hours.

Brian



View Bio
Download vCard

**Brian O'Connor Watson**
Attorney

233 S Wacker Dr, Ste 6600
Chicago, IL 60606
www.schiffhardin.com

t 312.258.5845
f 312.258.5600
e bwatson@schiffhardin.com

**From:** Nathan Bloom [mailto:nbloom@cvlo.com]
**Sent:** Friday, October 04, 2013 9:17 PM
**To:** Casmere, Edward M.; Watson, Brian O.
**Subject:** FW: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Hi Ed and Brian,

I see that you weren't in our service list for the Krik case. We should add you, no?

Best,
Nathan

**From:** Nathan Bloom
**Sent:** Friday, October 04, 2013 8:19 PM
**To:** 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com';
'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com';
'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'rriley@schiffhardin.com'; 'pmoir@qslwm.com';
'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com';
'msampson@smsm.com'
**Cc:** Jin-Ho Chung
**Subject:** Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Dear Counsel:

Attached please find plaintiff's preliminary DRAFT pretrial report for your review. Please note that plaintiff reserves the right to modify the draft pretrial report. We look forward to working with you to submit a final pretrial report to the court on October 25, 2013. Thank you.

Regards,

Nathan Bloom
Legal Assistant
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
Telephone: (312) 944-0600 Ext. 129
nbloom@cvlo.com

```
-----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
-----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
-----------------------------------------------------------------
```

EXHIBIT B

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

                                                 MDL DOCKET NO. MDL 875

_____

THIS DOCUMENT RELATES TO:
All Cascino Vaughan Law Offices Cases
before Judge Strawbridge for mediation
and specifically as to:
Charles Krik
08-CV-91296

### Plaintiff's Fact Witness Disclosure 6/22/2011

Plaintiff submits the following list of fact witnesses for mediation purposes. Their testimony may be offered against any defendant at any site.

1.      Exhibit A:     Case Specific Witnesses

2.      Representative witnesses designated by each defendant, including without limitation in any Rule 30(b)(6) notice, to testify to the matters listed in the notices and to product specifications, asbestos content of products or equipment, procedures and practices of the defendant in construction and maintenance work settings (including use, removal, and cleanup of asbestos containing material), company knowledge of health hazards of asbestos, warnings and precautionary instructions

3.      Persons identified by or who should be identified by defendants in interrogatory answers filed in the Cascino Vaughan Law Offices ("CVLO") mediation cases, this specific case, Cook County, IL, Madison County, IL, Harris County, TX or Baltimore County, MD, including all current or former employees who have testified in asbestos litigation.

4.      Any defendant's current or former employees who have given testimony under oath in a prior claim for asbestos related injury, or property damage or insurance coverage related to asbestos claims.

5.      Any witness necessary to authenticate employment, medical, or other records.

6.      Any witness identified by any defendant.

7.  Any witness deposed in this case.

8.  Any witness listed in a jobsite memorandum served by CVLO concerning the sites at which plaintiff is claiming asbestos exposure.

9.  Treating physicians as disclosed on medical provider lists on deposit at IKON.

10. CVLO master siteworker list for jobsites disclosed in this case.

11. CVLO master witness list for defendants active in this case.


Dated: June 22, 2011

Attorney for plaintiff
Cascino Vaughan Law Offices Ltd.
220 S. Ashland Avenue
Chicago, Il 60607-5308
Phone: (312)-944-0600

Wednesday, June 22, 2011

Plaintiff's Fact Witness Disclosure 6/22/2011
Charles Krik
Exhibit A: Case Specific Witnesses

Page 1

| LastName | FirstName | Type1 | CVLO_client? |
|----------|-----------|-------|--------------|
| Swiecki | Leo | Siteworker | |
| Ferriter | Joseph | Siteworker | |

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

CHARLES KRIK,                          )
     Plaintiff,                    )
v.                                     )    Case No. 10-cv-7435
BP AMOCO CHEMICAL COMPANY, et al.,     )
     Defendants.                   )

## MOBIL'S MOTION TO BAR JOSEPH FERRITER[1]

Plaintiff has refused to stipulate that Mr. Joseph Ferriter will not testify regarding any Mobil-specific issue, including any fact or opinion regarding Mobil Joliet. Plaintiff has never disclosed Mr. Ferriter as a fact witness against Mobil. Plaintiff's Notice of Mr. Ferriter's fact witness deposition states explicitly that his testimony would be limited to only two Defendants: Rapid American Corporation and Westinghouse, and accordingly, Mobil did not attend the deposition. *See* October 20, 2011 Notice of Deposition set for November 1, 2011, attached as "Exhibit A." Pursuant to the MDL Protocol,[2] Plaintiff was to have given notice of any co-worker testimony regarding Mobil both before and after the deposition, and absent such notice, the witness is barred. Plaintiff failed to comply with this provisions, and in fact, Mr. Ferriter has never given deposition testimony regarding Mr. Krik's work at Mobil.

Mr. Ferriter's "expert report" issued in this case does not even mention the word Mobil, let alone set forth any cognizable opinion regarding Mobil, Mr. Krik, or any foundation for or expertise regarding any such an as-yet undisclosed opinion. Mr. Ferriter admitted in his "expert" deposition that he had no opinions regarding any work by any other tradesperson, and he otherwise provided no opinions regarding Mobil. *See* Deposition of Ferriter, January 13, 2012, relevant portions attached as "Exhibit B," pg. 132-136. WHEREFORE, Mr. Ferriter should be barred from offering any testimony regarding Mobil.

---

[1] Mobil also joins in Defendants' Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses.
[2] Amended Protocol for Plaintiff and Co-Worker depositions to be taken in Cascino Vaughan Law Offices MDL 875 cases assigned to Magistrate Judge David R. Strawbridge, September 26, 2011, 2:01-md-00875-ER Doc #8166

Respectfully submitted,

/s/ David F. Fanning
H. Patrick Morris – IL Bar #6187083
David F. Fanning – IL Bar #6274895
Attorneys for ExxonMobil Oil Corporation
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
Telephone:  312/984-0244
Fax:  312/372-9818
morrisp@jbltd.com
fanningd@jbltd.com

## CERTIFICATE OF CONFERENCE

Pursuant to the Standing Order for Preparation of Final Pretrial Order and the Case Management Procedures, the undersigned attorney certifies that he conferred with counsel for Plaintiff via written correspondences and has determined that the matter upon which a ruling is sought is actually in dispute.

/s/ David F. Fanning
David F. Fanning – IL Bar #6274895
One of Attorneys for ExxonMobil Oil Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 25, 2013, the foregoing was filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

By /s/ David F. Fanning
H. Patrick Morris – IL Bar #6187083
David F. Fanning – IL Bar #6274895
Attorneys for ExxonMobil Oil Corporation
Johnson & Bell, Ltd
33 West Monroe St., Suite 2700
Chicago IL  60603
morrisp@jbltd.com
fanningd@jbltd.com

**Amended Protocol for Plaintiff and Co-Worker depositions to be taken in Cascino Vaughan
Law Offices MDL 875 cases assigned to Magistrate Judge David R. Strawbridge
(September 26, 2011)**

1.    This protocol shall supercede any preceding agreed-upon, or ordered, protocol. It shall apply
to all cases designated as the "First Ten" or "Top Ten" as well as the cases designated as
CVLO-1, which are those subject to the court's "Amended Case Management and Scheduling
Order for CVLO-1." It is further contemplated that the protocol shall apply to all of the
CVLO cases assigned to this Magistrate Judge as they become the subject of scheduling
orders over the next 18 months or so. As to any depositions already noticed, but not yet taken,
this protocol shall apply to the extent that the parties have previously agreed upon certain
provisions contained within the protocol, or have agreed to other procedures not contained
within the protocol, and have been acting in accordance with those agreements, those
agreements willll be considered binding.[2]  Other than as provided in this protocol, the
depositions will be conducted pursuant to the Federal Rules of Civil Procedure.

2.    The parties will issue a separate notice of deposition for each deponent pursuant to Rule 30
of the Federal Rules of Civil Procedure. The notice shall contain a separate caption including
the plaintiff's name and case number for each case in which the witness is being offered. The
notice must be served upon all counsel of record in the case(s) listed in the caption at least 14
days before the proposed date. Depositions of plaintiffs and co-workers shall not be noticed
as being taken "In re: All" cases. E-mail service is sufficient. The parties will endeavor to
schedule depositions at hotel, court reporting agency or law firm conference rooms although
the parties recognize some witnesses are unable to travel due to health or age. In addition to
the information required by Rule 30, the notice of deposition will include the following:

   • the names of the plaintiff(s) and case number(s) in which the deposition is
     being taken

   • whether the testimony will be videotaped

   • the identity of the defendants about which the witness is expected to testify
     and if the witness is being offered in multiple cases, the identity of the
     defendants about which the witness is expected to testify and in which case the
     witness will offer that testimony

3.    Objections by any defendant to the notice of deposition shall first be presented to counsel for
plaintiff by e-mail to: cvlodep@gmail.com with a copy to all defense counsel of record in the
case(s) listed on the notice at least seven (7) days before the scheduled deposition. Once an
objection to the notice is raised, all defendants of record in the case(s) listed on the notice

---

[2]We consider this to include any agreements reached between Robert McCoy, esq., as plaintiffs'
counsel and Michael Drumke, esq. as defense liaison counsel in their efforts to draft a deposition
protocol pursuant to our Letter Order of June 27, 2011 and subsequent conversations with them.

**MSJ EXHIBIT**

tabbies

3

shall be deemed to have joined in the objection unless they specifically indicate otherwise. Repetitive or duplicative objections must not be made. Once an objection is raised, the parties shall attempt to resolve the objection(s) in good faith. Objections which cannot be resolved by the objecting defendant and plaintiff's counsel shall be presented to the Court for resolution at least three (3) days before the scheduled deposition.

4.   The defendants attending the deposition will determine the order of the defense cross-examination. Redirect and recross are allowed. The parties may seek to extend or shorten the time limits set forth in the Federal Rules of Civil Procedure for reasonable cause and the Court anticipates cooperation in making such agreements. Each defendant shall be afforded a fair and reasonable opportunity to ask question of every witness.[3]

5.   An objection by one party during the deposition is deemed asserted by all parties. Relevance objections are preserved and are not to be asserted. To expedite the taking of depositions, counsel must instruct witnesses on deposition procedures prior to commencement of the deposition on the record.

6.   In order that parties do not needlessly attend depositions, any defendants who have been named, served, and who have entered their appearance(s) in the case(s) listed in the caption of the deposition notice may attend the deposition. However, if any defendant, who has been named, served and appeared in the case(s) listed in the caption of the deposition notice is not listed in the deposition notice as being the subject of expected testimony, that defendant shall not be required to, but may attend the deposition. Should any defendant that is not listed in the deposition notice as being the subject of expected testimony be unexpectedly implicated in said deposition, said defendant will be given an opportunity to examine the witness prior to any use of the deposition against that defendant. The purpose of this clause is to eliminate the need for parties to cross-examine a witness about the inability to provide testimony about a particular defendant which is not identified in the notice. If any defendant not listed in the notice of deposition is implicated in a deposition and any party to the notice wishes to use the testimony against the unlisted defendant, the party seeking to use the testimony shall provide

---

[3] Although there was some discussion between the parties with respect to including some time limit on the depositions which could not be exceeded except by agreement or leave of court, we decline to include such a limit in that there will likely be considerable variation with regard to the time necessary to complete particular depositions. As the comments to Federal Rule of Civil Procedure 30(d) recognize, the degree to which the default 7-hour limitation should be extended, if at all, depends upon several factors, including whether the examination covers long periods of time or lengthy documents, whether it is a multi-party case or a multi-case deposition and whether the lawyer for the witness also asks questions of the witness. We understand that these factors may apply to particular depositions to varying degrees, and expect that the attorneys will use their time efficiently to fully question the deponent while avoiding questions that are unnecessary or duplicative of questioning already conducted by another party. Should there be an abuse of this process, we remind the parties that sanctions may be imposed, including the award of reasonable expenses and attorneys fees, for conduct that "impedes, delays or frustrates the fair examination of a deponent." Fed. R. Civ. P. 30(d)(2).

notice within 14 days of the date of deposition to the unlisted defendant and schedule a time to resume the deposition for the purposes only of the testimony relating to the unlisted defendant. Failure to provide such notice within 14 days of the conclusion of the deposition shall constitute waiver of any rights by the parties to use the testimony against the unlisted defendants in any matter and such testimony shall be barred as against the unlisted defendants.

7.      A party providing notice of videotaping shall be responsible for arranging the videotaping and paying the videographer's appearance fee, if any.

8.      Parties may attend by telephone provided they make arrangements in advance through the court reporting services designated in paragraph 9 below and agree to pay their *pro rata* share of the costs for the teleconference. Parties attending by phone must keep phones muted during testimony, except for the purposes of asking questions or asserting objections, to prevent disruptive sounds. All parties appearing by phone shall be identified on the written record.

9.      Each party shall pay the cost of obtaining deposition transcripts desired by the party. The parties agree to cooperate to obtain negotiated rates from a court reporting service. Unless otherwise agreed to by all parties or unless the designated firm is unable to provide court reporting services, the court reporting firm to be used for all depositions shall be:

For all non-Wisconsin depositions:

PohlmanUSA Court Reporting
10 South Broadway, Suite 1400
St. Louis, MO 63102
Phone: (877) 421-0099
Fax: (314) 421-1115
Website: http://pohlmanusa.com

For all Wisconsin depositions:

Gramann Reporting, Ltd.
710 North Plankinton Avenue, Suite 710
Milwaukee, WI 53203
Phone: (414) 272-7878 or (800) 899-7222
Fax: (414) 272-1806
After Hours: (262) 367-8295 or (414) 380-9885
Website: www.gramannreporting.com

10.     Multiple depositions may be noticed on the same day and at up to four (4) locations per day providing that a party may seek to reschedule if experienced deposition counsel is not

available to cover the second or third depositions.[4] Without the agreement of all counsel of record in the case(s) listed in the caption of the deposition notice, no deposition shall be scheduled on a Saturday, Sunday, court holiday or on the day prior to or day of a court-mandated status conference in the matters assigned to Magistrate Judge Strawbridge at which plaintiff's counsel or defense liaison counsel are required to be present.

11.  No deposition testimony may be used against any party that did not receive notice of the deposition.  The parties further stipulate that deposition testimony against a party not represented at said deposition on account of that party's reliance upon the notice of deposition shall not be used against the unrepresented party.[5]

12.  Any party may, no later than 10 days before the date of the deposition, cross-notice the deposition against a defendant not identified at the job sites in plaintiff's pleadings or answers to discovery without court approval if the defendant is a party in a case assigned to Magistrate Judge Strawbridge.  If the defendant cross-noticed is a non-party in the case(s) listed on the notice, the cross-notice is subject to the consent of the non-party defendant.

13.  Unless otherwise agreed to by counsel, no deposition may be noticed until plaintiff has complied with all orders regarding discovery applicable to the case, including those orders previously entered by Judge Reed during the mediation phase of this litigation.  Discovery that has been timely served and is answerable prior to the date of the deposition shall be deposited with IKON by the date it is due so that it may be available for use prior to the deposition.  Additionally, plaintiff's complete verified answers to standard interrogatories and complete fact witness disclosures, as well as any Social Security statement of earnings, military records, union records or medical records in the possession of the plaintiff or the plaintiff's attorneys shall be deposited with IKON in Chicago prior to the issuance of any notice of

---

[4] This allowance is made in recognition of the expedited discovery schedule under which counsel will be working.  It is also a compromise between the positions of the parties, where plaintiffs' counsel wished to conduct up to four depositions in one day and defense counsel would agree to conduct only up to two depositions per day.

[5] The parties disputed the inclusion of this provision.  While plaintiffs' counsel felt it was sufficient to rely upon the procedures set out in Paragraph 6 of the Protocol, defense counsel felt those procedures were insufficient.  They expressed concern that any uncertainty regarding the future use of deposition testimony against a party who did not attend that deposition in reliance on its absence from the notice of deposition would encourage every defendant to have counsel present at each deposition to protect its rights should the deponent unexpectedly implicate them.  It has already been decided by the Presiding Judge that deposition testimony may not be used in the MDL against a party who was not represented at the deposition.  *Cowley v. AC&S*, Civ. No. 07-62831, Doc. No. 36 (E.D.Pa. Dec. 23, 2010).  We make that principle explicit in this paragraph.  Defense counsel also requested that the use of any deposition testimony be limited to cases in which Cascino Vaughan Law Offices represents the interests of the plaintiff, and for no other purpose.  Given our unwillingness to engage in any speculation over the prospective use of any deposition, we decline to impose such a limitation.

deposition of that plaintiff by plaintiff's counsel. If any of the aforementioned records are not in the possession of the plaintiff or plaintiff's attorneys, plaintiff shall provide signed authorizations to obtain those records to the defense at least 30 days prior to the date the deposition is to occur. Defense counsel may also request signed authorizations to obtain those records at any time, without regard to whether a notice of deposition has been issued in a particular case.[6]

14.    Plaintiffs may petition the Court to modify the provisions of this protocol for good cause such as in situations in which the plaintiff suffering from a serious medical condition such as to be deemed *in extremis*.

And it is so ordered.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

Dated: September 26, 2011

---

[6]  This paragraph represents a resolution by the Court of a disagreement between the parties as to its precise terms. While the parties agreed that plaintiffs' counsel would provide answers to standard interrogatories, and any medical, military or union records, or bankruptcy claim forms in their possession prior to the issuance of a notice of deposition, they disagreed as to when the answers to the standard interrogatories were to be verified, as well as whether plaintiffs' counsel would provide fact witness disclosures or Social Security statements of earnings. Additionally, there was disagreement as to whether any deadline should be included for the provision of authorizations allowing defense counsel to obtain such records independently.

We conclude that defense counsel is entitled to verified answers to interrogatories and fact witness disclosures prior to the issuance of a notice of deposition. We do not anticipate that this will be unduly burdensome considering that, under Judge Reed's Order of November 15, 2010, verified answers were to have been deposited in IKON no later than February 21, 2011. Similarly, fact witness disclosures are normally produced early in the discovery process under Rule of Civil Procedure 26(a) and defense counsel is entitled to use those disclosures in preparation for a deposition. Further, we see no reason, and plaintiffs' counsel has provided us with none, to distinguish Social Security records from the other records plaintiffs' counsel has agreed to provide. To the extent those records are in their possession, they must be provided to defense counsel. Otherwise, signed authorizations to obtain those records must be provided to the defense at least 30 days prior to the date the deposition is to occur.

EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (No. VI) | : | Civil Action No: |
| | : | MDL 875 |
| This Document Relates Only to the | : | |
| Cases Identified on the Attached List | : | |

### SCHEDULING ORDER FOR CERTAIN CASCINO VAUGHAN LAW OFFICES CASES

AND NOW, this 9th day of June, 2011, in anticipation of an expanded Order of Reference

from the Presiding Judge pertaining to those cases within the MDL-875 where Cascino Vaughan Law

Offices are plaintiffs' counsel, it is hereby **ORDERED** that, regarding the nine cases identified in the

list attached as Exhibit A:[1]

1.    All medical evidence in the possession of plaintiffs and plaintiffs' counsel**,** including X-rays, pathology, 524(g) bankruptcy trust submissions, and any medical evidence that will be presented to, or relied upon by, plaintiffs' experts shall be submitted to IKON by **June 17, 2011** and any necessary HIPPAA-compliant medical authorizations shall be submitted to the defense by **June 17, 2011.** For cases recently filed and in the process of being assigned to Judge Strawbridge, the medical records may be supplemented until **June 24, 2011.** The court will make a determination as to whether an exception is appropriate for medical pathology materials being reviewed by plaintiffs' experts on a case-by-case basis.

2.    Administrative Order No. 12 submissions, interrogatory answers, and job site work histories of the plaintiffs, which are already on deposit at IKON, will be supplemented, if necessary, by **June 17, 2011.** For cases recently filed and in the process of being assigned to Judge Strawbridge, these will be deposited by **June 24, 2011.**

3.    All discovery requests under Federal Rules of Civil Procedure 33, 34, and 36, as well as non-party discovery requests under Rule of Civil Procedure 45 shall be served by **June 17, 2011.**

---

[1]During the Telephone Conference on June 3, 2011, Plaintiffs' counsel was directed to identify ten cases that they believed were best suited for immediate discovery and preparation for settlement. Included within the ten cases counsel identified on June 8, 2011 was a case filed by Deon Wright (N.D.Ill. No. 11-CV-1954) which is currently subject only to a Conditional Transfer Order and has not yet been assigned an Eastern District of Pennsylvania case number. While we are presently unable to issue an Order with regard to that case, we expect that the transfer will become permanent shortly, and, at that time, a Scheduling Order with the deadlines set out herein will be issued. The parties are to proceed with that understanding, and as though the case were covered by this Order. Should any party have an objection to its transfer to the Eastern District of Pennsylvania or its inclusion within the "First Ten Cases to be Mediated," they are to notify the Court of those objections in writing immediately.

4.      Responses to all current party discovery shall be submitted by **June 22, 2011.**

5.      Plaintiffs' fact witness disclosure, including treating physicians, for witnesses expected to be relied upon by plaintiffs, shall be submitted by **June 22, 2011.**

6.      All necessary non-expert depositions shall be completed by **September 1, 2011.**

7.      Defendants' fact witness disclosure, including treating physicians, for witnesses expected to be relied upon by defendants, disclosure shall be submitted by **July 15, 2011**.

8.      Plaintiffs' Rule 26 (a)(2) expert reports shall be due **September 19, 2011.**

9.      Defendants' Rule 26 (a)(2) expert reports shall be due **October 14, 2011.**

10.     Mediations shall commence the week of **November 1, 2011.**

11.     All service should be done by email to the defense liaison committee and counsel for parties in the individual cases except for items with files sizes too large for email. Documents electronically scanned for production should be produced in OCR format in a single file containing all pages in each document.

12.     Motions relating to defenses of a previous settlement or dismissal, lack of legal successorship, or having named the wrong entities shall be filed by **June 30, 2011.**

13.     If exceptional circumstances arise which a party feels makes compliance with a deadline impracticable, that party should confer with opposing counsel in an effort to agree upon an extension of the deadline and submit a letter brief to the Court that sets out the circumstances necessitating the extension, proposes a new deadline for the Court's consideration and informs the court as to whether opposing counsel opposes the extension.

 

 

 

  /S David R. Strawbridge_____
  David R. Strawbridge
  United States Magistrate Judge

**EXHIBIT A**

| Plaintiff | Civil Action No. |
|---|---|
| Anderson, Lloyd | 11-CV-63482 |
| Bushmaker, Gerald | 10-CV-61116 |
| Dillman, Cecil | 08-CV-91767 |
| Gehrt, Paul | 08-CV-92066 |
| Goeken, Marion | 10-CV-68122 |
| Kinser, Larry | 08-CV-92034 |
| Krik, Charles | 08-CV-91296 |
| Pleaugh, Joseph | 11-CV-63519 |
| Taylor, Leslie | 10-CV-61941 |

EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES KRIK, | : | |
| | : | |
| v. | : | Civil Action No: 11-CV-63473 |
| | : | Cause No.    01-MDL-875 |
| BP AMERICA, INC, et al. | : | |

### STIPULATION AND ORDER

NOW COMES Plaintiff, Charles Krik, and Defendant, EXXONMOBIL OIL CORPORATION, by their respective counsel, and do hereby stipulate that EXXONMOBIL OIL CORPORATION shall have an Extension of Time to file their Fact and Expert Witness Disclosures, including any and all disclosures made pursuant to any scheduling order and Rule 26, up to and including October 31, 2011, and that any and all disclosures submitted up to and including October 31, 2011, shall be deemed timely disclosed.

H. Patrick Morris, IL Bar No. 6187083
David F. Fanning, IL Bar No. 6274895
Johnson & Bell, Ltd
33 West Monroe St., Suite 2700
Chicago IL   60603
(312) 372-0770                                    BY THE COURT:
(312) 372-9818 (fax)
morrisp@jbltd.com


                                                 /s/ David R. Strawbridge
                                                 DAVID R. STRAWBRIDGE
                                                 UNITED STATES MAGISTRATE JUDGE


Dated: 10/31/2011



# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Pennsylvania

Chambers of
LOWELL A. REED, JR.
Senior Judge

4001 United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1705
267-299-7590

October 5, 2010

To All Counsel:

> Re:    MDL 875 - Order of Mediator applicable to all cases assigned, adopting standard interrogatories to be deemed served by defendants upon plaintiffs' counsel and providing a protocol for management of the process for answering these interrogatories.

AND NOW, this 5th day of October, 2010, upon consideration of the parties' request for the Mediator's approval of their respective proposals for use of standard interrogatories addressed to plaintiffs for purposes of preparing for mediation of individual cases, and having found and concluded as follows:

1.    The use of standard identical interrogatories to be addressed to all plaintiffs herein, the setting of deadlines for answering and the inclusion in plaintiffs' answers to all reasonably accessible information required to fairly answer the interrogatories, is necessary to the parties' analysis of the cases to prepare for and conduct a successful mediation of the assigned cases.

2.    This Letter Order applies to all cases wherein plaintiff(s) are represented by the Cascino Vaughn Law Offices and assigned to this Mediator, at any time (as part of MDL 875) by the Honorable Eduardo C. Robreno.

3.      The Mediator has received and reviewed the stream of communications between counsel for the parties, the two proposed versions of interrogatories and has concluded that the questions in each set are essentially similar, but that the set of interrogatories finally proposed by agreement of all parties is the so-called Wisconsin set of 36 numbered questions (8 pages), a copy of which was attached to a letter addressed to this Mediator from plaintiffs' counsel dated September 20, 2010.

4.      Answering the interrogatories in all cases by **November 17, 2010** is a reasonable period of time, since the Mediator has accepted the date requested by plaintiffs' counsel.

NOW THEREFORE, it is hereby ORDERED that:

5.      The interrogatories, a copy of which is attached hereto as Exhibit "A" and described in Paragraph 3 above, are approved by the Mediator and shall be deemed served as of **October 1, 2010**.  No other interrogatories may be served without approval of the Mediator.

6.      Each plaintiff represented by the Cascino Vaughn Law Office shall answer each of the interrogatories and serve answers upon the Mediator and all defendants herein no later than **November 17, 2010**.  Objections shall not be made to any question or part thereof.

7.      A plaintiff may answer all or a portion of any interrogatory by incorporating the contents of a sworn affidavit by the plaintiff or by plaintiff adopting a sworn affidavit of a person with the requisite personal knowledge, provided a legible copy of any such affidavit(s) shall be attached to the answers.

2

8.     Any plaintiff who seeks to answer all or part of an interrogatory by incorporating the documents located in the document depository (IKON) as his or her answer thereto, shall describe such documents by subject and name of the author, whether a person, firm, trust or corporation.

Any answer which fails to comply with this requirement by answering; for example, "See IKON depository" or "see medical records" or similar superficial summary description does not comply with the terms this Letter Order.

9.     Each plaintiff shall answer each question with the specificity required by the Federal Rules of Civil Procedure 33.  To the extent a plaintiff, after reasonable efforts, asserts that he or she cannot answer or provide more detailed information, to all or any part of a question, the plaintiff shall explain the basis for failure to provide a more complete answer.

10.    In lieu of a plaintiff's signature to the answers, a signed certification to the accuracy of a plaintiff's answers to the mediation interrogatories by plaintiff's counsel of record will be adequate for purposes of mediation only.  Before counsel certifies to the accuracy of the answers, plaintiffs' counsel will contact the plaintiff or the witness and confirm the accuracy of the information forming the basis for all answers.

11.    All disputes related to this Letter Order and compliance therewith shall initially be discussed with opposing counsel and resolved without notice to, or involvement of, the Mediator.  Except that the substance of the resolution of all such disputes shall be reduced to writing and the resolution adopted by both disputants, with a copy

3

served upon the Mediator and all parties. The Mediator may approve, modify or reject all or any portion of any such written resolution. Any unresolved disputes shall be brought to the Mediator's attention in writing by the moving party no later than **December 9, 2010,** in the nature of a letter motion and agreed response schedule.

Sincerely,

/s/Lowell A. Reed, Jr.
LOWELL A. REED. JR.

LAR:sah

4

**MDL 875 - Exhibit "A" to Letter Order of October 5, 2010**

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 20 | MILWAUKEE COUNTY |
|---|---|---|

...

Plaintiffs

vs.

...

Defendants

CASE NO.

Case Classification Code: 30108

Plaintiff's Response to Standard Interrogatories

1.     State your (a) full name, (b) your present address, (c) date and place of birth, (d) Social Security number and (e) military serial number, if any.

**ANSWER:**

2.     State the (a) name and (b) date of marriage of each spouse or former spouse and (c) list names, current addresses, ages and occupations of all children whether adopted or natural, and (d) the names, current addresses and occupations of all persons dependent upon your support, or receiving monetary support from you, within the last five years.

**ANSWER:**

3.     State the specific nature of the personal injuries and/or disease which you allege to have sustained as a result of the exposure complained of.

**ANSWER:**

4.     State the date on which you first suspected that the injuries and/or disease described in interrogatory 3 was in any way related to being exposed to asbestos and state the reasons for your suspicions.

**ANSWER:**

5.     State the date on which the injuries and/or disease described in Interrogatory 3 were first diagnosed and communicated to you and state further the name and address of the physician, specialist, clinic, hospital, sanitarium or similar institution which first diagnosed said injuries and/or disease. State the manner in which the diagnosis was communicated to you, whether it was written or oral, and if written please attach a copy of that communication to your answers to

**MDL 875 - Exhibit "A" to Letter Order of October 5, 2010**

these interrogatories.

**ANSWER:**

6.  State the names and current or last known addresses of all physicians, specialists, clinics, hospitals and sanitariums which examined you or rendered service or treatment to you for the injuries and/or disease you allege to have sustained as the result of the exposure complained of, and state further the date or inclusive dates on which each of them rendered you service or treatment and the amounts of their respective bills.

**ANSWER:**

7.  After being informed that you were suffering from an injury and/or disease caused by asbestos, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos, and if so state the nature and description of such activity or occupation, and further state whether your continued participation in such activity or occupation was contrary to medical or professional advice, stating the date on which such advice was given and the identity if the person or entity giving such advice.

**ANSWER:**

8.  State the name and current or last known address of all physicians, clinics, or hospitals (not listed in interrogatory #6) which have examined you or provided care and treatment within the past ten years and the periods or dates of such.

**ANSWER:**

9.  State the name and current or last known address of any physician, hospital, clinic, sanitarium, or other medical personnel (not listed in interrogatory #6) who has ever treated you for pulmonary, cardiovascular, or gastro-intestinal complaints.

**ANSWER:**

10. From which of the above medical personnel and/or institutions do you or your attorney have written reports?

**ANSWER:**

11. Has any immediate blood relative (parents, siblings, children) been diagnosed with a malignant (cancer) condition? If so state who, the nature of the disease, and the age at which it was diagnosed.

**ANSWER:**

**MDL 875 – Exhibit "A" to Letter Order of October 5, 2010**

12.    State any and all other damages not stated in answers to the above interrogatories which you are claiming as a result of the injuries and/or diseases alleged in the complaint.

**ANSWER:**

13.    State whether you have filed any worker's compensation action and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the company insuring the respondent, the claim and policy number, the reason for filing the claim or petition, and the disposition of any such claim.

**ANSWER:**

14.    State whether you have ever filed a lawsuit for personal injury or a claim for social security disability benefits, and if so, state the title, the court or claim number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim.

**ANSWER:**

15.    State the inclusive dates, if any, during which you were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily, and whether you customarily inhaled.

**ANSWER:**

16.    Identify in chronological order every employer for whom you have ever worked in the last 40 years.  State separately for each such employer:

        (a)    the employer's name and address;

        (b)    the nature of the employer's business;

        (c)    the nature and ending dates of your employment including all periods of employment for that employer;

        (d)    your position and responsibilities;

        (e)    your rate of pay.

**ANSWER:**

17.    For each of the employers identified in Interrogatory No. 16, identify each and every job site at which you claim to have worked with or around asbestos-containing products.

**ANSWER:**

18.    For each of the job sites identified in Interrogatory No. 17, state the following:

        (a)    the location of the job;

**MDL 875 - Exhibit "A" to Letter Order of October 5, 2010**

    (b)    the length of time you worked at that job;

    (c)    your superior or foreman living on that job and his last known address;

    (d)    your co-workers on that job, including the persons who worked with you or at the same job site, and their current or last known addresses. Identify any represented by counsel in asbestos claims.

**ANSWER:**

19.    For each of the job sites identified in Interrogatory No. 17, state the following:

    (a)    the types of asbestos-containing products for which exposure is claimed;

    (b)    the brand name or trade name of the asbestos-containing products for which exposure is claimed;

    (c)    the manufacturers, suppliers and distributors of each asbestos-containing product for which exposure is claimed;

    (d)    the number of times that plaintiff claims to have been exposed to each product.

**ANSWER:**

20.    For each product identified in Interrogatory No. 19, identify the following:

    (a)    your coworkers, including persons who worked with you or at the same job site, with knowledge that the product was on the particular job site;

    (b)    your coworkers, including persons who worked with you or at the same job site, with knowledge that you actually worked with the particular product.

**ANSWER:**

21.    For each of the jobs sites identified in Interrogatory No. 17, identify the following:

    (a)    the name and address of any companies, other than your employer, working with asbestos-containing materials at that job site;

    (b)    all trades from which workers were present at that job site.

**ANSWER:**

22.    List any protective or safety devices used or worn by you in the handling of products allegedly manufactured by the defendants and state further the dates used, the job sites where used, the nature of the device, the manufacturer or supplier of the device, and how you used each device in your trade or profession.

**ANSWER:**

23. State whether you were ever a member of any union and, if so, for each union please state:

    (a) the name and local number of the union;
    (b) the union hall from which you worked;
    (c) the date you joined the union;
    (d) your sponsor in the union;
    (e) if you ever ran for or held office in the union;
    (f) if you ever filed a grievance with any union.

**ANSWER:**

24. Did your labor union or employer advise you to follow certain safety procedures designed to protect you from contracting asbestos related diseases and, if so, state which unions or employers rendered such advice, the nature of such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos related diseases which was provided you by any such union or employer.

**ANSWER:**

25. State the names and current or last known addresses of all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

**ANSWER:**

26. State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish a causal relationship between the injuries alleged and the defendants' products. State the facts and opinions to which each will testify and identify the documents on which each relies.

**ANSWER:**

27. State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish that the defendants' products were defective or unreasonably dangerous. State the facts and opinions to which each will testify and identify the documents on which each relies.

**ANSWER:**

28. With regard to individuals, if any, named in the previous three interrogatories, state whether or not said individuals have rendered a written report of any kind to the plaintiffs or their attorneys and, if so, state the subject matter contained in said report, the substance of fact and opinions to which the expert is expected to testify, if called, and state a

**MDL 875 - Exhibit "A" to Letter Order of October 5, 2010**

summary of the grounds for each opinion.

**ANSWER:**

29.  State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written, or court reported, from or by any person including any person hereto, which has or claims to have knowledge concerning the matter alleged in the complaint, or who was or claims to have been a witness to any part of the exposure alleged by you. If so, please state:

    (a)    whether the statement was written, oral, recorded, reported, reported by shorthand, or otherwise preserved;

    (b)    the full name of the current or last known address of the person or persons, or entity, which took the statements and the date such statement was made;

    (c)    the full name and current or last known address of each person, firm, or entity which has possession of the statement or copies thereof.

**ANSWER:**

30.  State the name and current or last known address of each and every person who was interviewed by or on behalf of you, your attorneys or agents with respect to the allegations contained in the complaint, stating for each person:

    (a)    the name and current or last known address of the person interviewed, the full name and address of the person's employer at the time of the interview, and the name and current or last known address of the interviewer, as well as the dates of all interviews;

    (b)    whether any notes, records, jottings, memoranda, tape recordings, or statements were ever made of any interviews with that person, and if so, the name and current or last known address of each and every person in custody or control of same.

**ANSWER:**

31.  List or describe each and every object or document, such as directories, catalogs, shipping slips, W-2 forms, tax records, diaries, calendars, invoices, packing slips, materials, publications or lists from whatever source which you used, or your attorneys or agents used, in compiling the names of the defendants in this cause.

**ANSWER:**

32.  Do you have any of the following which serve as the basis of this claim in your possession, or in the possession of your attorneys or agents?

**MDL 875 - Exhibit "A" to Letter Order of October 5, 2010**

    (a)   samples of asbestos materials;

    (b)   packaging from asbestos materials;

    (c)   photographs of your places of employment or products used at your places of employment.

    (d)   photographs of asbestos products or asbestos packaging which are the basis of this claim..

## ANSWER:

33.   If, as the result of the alleged illness or illnesses, injury or injuries you claim to have sustained a loss of wages, earnings, income, or profit, state:

    (a)   all dates on which you were unable to work due to the illness of illnesses, injury or injuries;

    (b)   the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;

    (c)   the name and address of each person who recommended that you did not work during such period;

    (d)   the name of any potential employer who refused you work because of any illness or illnesses, injury or injuries allegedly sustained as a result of the exposure;

    (e)   the date or inclusive dates on which you sought work but were unable to work for reasons not related to the illnesses or injuries allegedly sustained as a result of the exposure complained of.

## ANSWER:

34.   If loss of wages, earnings, income, or profit is claimed, state:

    (a)   the total amount of claimed loss and the manner or method of computing same;

    (b)   provide a complete, itemized computation of such claimed loss;

    (c)   the nature and potential source of the lost wages, earnings, income or profit, and the date of the claimed deprivation thereof.

## ANSWER:

35.   State and list all monetary expenses, other than the physician and hospital bills, and any and all other items of damages, which you claim to be a result of the illnesses or injuries you allegedly sustained as a result of the exposure complained of.

## ANSWER:

36.   Identify any claims submitted to bankruptcy trusts or otherwise for the person claiming

**MDL 875 - Exhibit "A" to Letter Order of October 5, 2010**

asbestos exposure in this matter. State which are submitted for a condition diagnosed before the condition which is the subject of the instant case.

**ANSWER:**

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Pennsylvania

Chambers of
LOWELL A. REED, JR.
Senior Judge

4001 United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1705
267-299-7590

November 15, 2010

To All Counsel:

Re:     MDL 875 - Order of Mediator applicable to all cases assigned regarding the interrogatory due date and third party discovery.

AND NOW, this 15th day of November, 2010, upon consideration of plaintiffs' requests: (1) for an extension of time in which to respond to interrogatories; and (2) to serve subpoenas on non-parties, and having received notice that the Defense Liaison Counsel has no objection thereto, it is hereby **ORDERED** that plaintiffs' requests are **GRANTED** and:

1.     Paragraph 6 of my October 5, 2010 letter order is amended to read:

"Each plaintiff represented by the Cascino Vaughan Law Office shall answer each of the interrogatories and serve answers upon the Mediator and all defendants herein no later than **February 21, 2011** with answers being served as completed on a rolling basis. Objections shall not be made to any question or part thereof"; and

2.     Leave is granted to the Cascino Vaughan Law Office ("CVLO") to serve up to thirty non-party discovery requests in the form of subpoenas on owners of principal sites where its clients worked. CVLO shall serve the subpoenas no later than **December 15, 2010.** Those served shall respond to the subpoenas and any necessary depositions conducted no later than **January 15, 2010.**

Sincerely,

/s/Lowell A. Reed, Jr.
LOWELL A. REED. JR.

EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| KRIK v. AC AND S INC et al | PA-ED No. 08-CV-91296 *Trans from IN-N Case No. 2:01CV 242JM* |

<u>Plaintiff's Verified Response to Standard Interrogatories 6-17 2011</u>

These answers to interrogatories are provided by plaintiff Charles Krik . These answers are provided pursuant to a confidentiality order for settlement and mediation purposes. The answers update any previous interrogatory and AO12 submissions.

1.  State your (a) full name, (b) your present address, (c) date and place of birth, (d) Social Security number and (e) military serial number, if any.

ANSWER:
    (a)    Charles Krik
    (b)    405 W. 3rd St. Braidwood, IL. 60408
    (c)    ▇/1937, Chicago, IL
    (d)    ▇
    (e)    US Navy, 470-83-18, E7, 4/20/1970

2.  State the (a) name and (b) date of marriage of each spouse or former spouse and (c) list names, current addresses, ages and occupations of all children whether adopted or natural, and (d) the names, current addresses and occupations of all persons dependent upon your support, or receiving monetary support from you, within the last five years.

ANSWER:
    (a)    Mary Ellen
    (b)    ▇/1959
    (c)    Debra - 1325 Royal St St. George, Naperville, IL - retired
           Cheryl - 140 Maple, Braidwood, IL - librarian
           Michelle - 386 Front, Braidwood, IL - Manager, Carson Piere Scott
    (d)    Mary Ellen - wife

1

3.    State the specific nature of the personal injuries and/or disease which you allege to have sustained as a result of the exposure complained of.

ANSWER:    Asbestos related disease as set forth in medical records on deposit at IKON in Chicago. The conditions include without limitation lung cancer.

4.    State the date on which you first suspected that the injuries and/or disease described in interrogatory 3 was in any way related to being exposed to asbestos and state the reasons for your suspicions.

ANSWER:    I never suspected I had such condition. I received an x-ray report letter from my attorneys in about 1999 which I understood to mean I had an asbestos related disease. In 2008 I was undergoing routine medical testing for a prior condition and was told by Dr. Burhani that I had lung cancer soon after November 21, 2008.

5.    State the date on which the injuries and/or disease described in Interrogatory 3 were first diagnosed and communicated to you and state further the name and address of the physician, specialist, clinic, hospital, sanitarium or similar institution which first diagnosed said injuries and/or disease. State the manner in which the diagnosis was communicated to you, whether it was written or oral, and if written please attach a copy of that communication to your answers to these interrogatories.

ANSWER:    See answer to interrogatory #4.

6.    State the names and current or last known addresses of all physicians, specialists, clinics, hospitals and sanitariums which examined you or rendered service or treatment to you for the injuries and/or disease you allege to have sustained as the result of the exposure complained of, and state further the date or inclusive dates on which each of them rendered you service or treatment and the amounts of their respective bills.

ANSWER:    Doctors and facilities which provided most of the medical care and treatment for the claimed condition are listed in Exhibit A (medical provider list). A list of medical records and bills in the possession of the plaintiff's counsel are attached as Exhibit B. The medical records and bills which have been obtained are on deposit with IKON. Authorizations to obtain other records have been provided to defendants.

7.      After being informed that you were suffering from an injury and/or disease caused by asbestos, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos, and if so state the nature and description of such activity or occupation, and further state whether your continued participation in such activity or occupation  was contrary to medical or professional advice, stating the date on which such advice was given and the identity if the person or entity giving such advice.

ANSWER:    No

8.      State the name and current or last known address of all physicians, clinics, or hospitals (not listed in interrogatory #6) which have examined you or provided care and treatment within the past ten years and the periods or dates of such.

ANSWER:    See medical provider list attached as exhibit A and the medical records on deposit with IKON.

9.      State the name and current or last known address of any physician, hospital, clinic, sanitarium, or other medical personnel (not listed in interrogatory #6) who has ever treated you for pulmonary, cardiovascular, or gastro-intestinal complaints.

ANSWER:    See answer to interrogatory #6.

10.     From which of the above medical personnel and/or institutions do you or your attorney have written reports?

ANSWER:    See answer to #6 above

11.     Has any immediate blood relative (parents, siblings, children) been diagnosed with a malignant (cancer) condition?  If so state who, the nature of the disease, and the age at which it was diagnosed.

ANSWER:    My sister had breast cancer 10 years ago.  She is still living.

12.     State any and all other damages not stated in answers to the above interrogatories which you are claiming as a result of the injuries and/or diseases alleged in the complaint.

ANSWER:    Mental anguish, emotional distress, pain & suffering, shortness of breath, diminished enjoyment of life, loss of society and companionship, medical bills. The extent of out of pocket losses and other damage amounts have not been

calculated at this time. Further Plaintiff seeks, whatever damages allowable by law.

13.    State whether you have filed any worker's compensation action and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the company insuring the respondent, the claim and policy number, the reason for filing the claim or petition, and the disposition of any such claim.

ANSWER:    Two workers compensation claims for elbow/rotator cuff.

14.    State whether you have ever filed a lawsuit for personal injury or a claim for social security disability benefits, and if so, state the title, the court or claim number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim.

ANSWER:    No.

15.    State the inclusive dates, if any, during which you were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily, and whether you customarily inhaled.

ANSWER:    Cigarettes, inhaled, 1 pack/day, smoked from around 1954 until 1982 except for a roughly three-year break from 1963-1966 while at welding school.

16.    Identify in chronological order every employer for whom you have ever worked in the last 40 years. State separately for each such employer:

    (a)    the employer's name and address;
    (b)    the nature of the employer's business;
    (c)    the nature and ending dates of your employment including all periods of employment for that employer;
    (d)    your position and responsibilities;
    (e)    your rate of pay.

ANSWER:
    (a-c)    See attached Exhibit "C" which identifies known work sites and periods during which the victim was present at the sites involving potential asbestos exposure, and cumulative amount of time at site if known. If known, employers, coworkers, and superiors or foremen are listed to correspond to sites.
    (d)    Positions and responsibilities are listed based upon trade or occupation. Additional information might be found in #19 below.
    (e)    Unknown at this time.

4

17.     For each of the employers identified in Interrogatory No. 16, identify each and every job site at which you claim to have worked with or around asbestos-containing products.

ANSWER:     The work history attached as Exhibit "A" includes known job sites, employers, coworkers, and foreman where asbestos exposure is being claimed.

18.     For each of the job sites identified in Interrogatory No. 17, state the following:

        (a)     the location of the job;
        (b)     the length of time you worked at that job;
        (c)     your superior or foreman living on that job and his last known address;
        (d)     your co-workers on that job, including the persons who worked with you or at the same job site, and their current or last known addresses. Identify any represented by counsel in asbestos claims.

ANSWER:     See answer to #16.

19.     For each of the job sites identified in Interrogatory No. 17, state the following:

        (a)     the types of asbestos-containing products for which exposure is claimed;
        (b)     the brand name or trade name of the asbestos-containing products for which exposure is claimed;
        (c)     the manufacturers, suppliers and distributors of each asbestos-containing product for which exposure is claimed;
        (d)     the number of times that plaintiff claims to have been exposed to each product.

ANSWER:     I worked as a pipefitter or naval repairman at the job sites listed in Exhibit A.

        Navy work: I served several years in the Navy and was stationed on a repair vessel. I worked in the engine and boiler rooms and on associated equipment and piping. I applied and removed pipecovering and block insulation and worked with gaskets and packings. I used Certainteed brand pipecovering in the Navy. The asbestos insulated equipment included without limitation Westinghouse brand generators and turbines.

        Private employer sites: At the private job sites on my list, I was usually did or was around the removal of insulation and work with gaskets and packing. I worked near the crews which were reinsulating pipes and equipment. I used insulation cements on some jobs and did limited pipecovering work. I was around pipefitter and other crews who were overhauling or repairing Westinghouse turbines. I worked on several job sites, including without limitation Zenith, where my employer had a maintenance contract, in close

5

proximity to Paul J. Krez workers who were doing maintenance insulation work. The Krez workers were removing and replacing insulation. I personally removed and installed boilers made by Kewaunee, Cleaver-Brooks, and Weil McLain, involving working with packings, gaskets and exterior insulation. I worked on valves and pumps which required gaskets and packing, including without limitation brands of Crane and Ingersoll Rand.

20. For each product identified in Interrogatory No. 19, identify the following:

     (a) your coworkers, including persons who worked with you or at the same job site, with knowledge that the product was on the particular job site;

     (b) your coworkers, including persons who worked with you or at the same job site, with knowledge that you actually worked with the particular product.

ANSWER:

- Job site coworkers include but are not limited to the persons named in attached Exhibit "D".

- My attorneys state: Additional witnesses identified by investigation of counsel are listed in the job site memoranda on deposit at IKON.

21. For each of the jobs sites identified in Interrogatory No. 17, identify the following:

     (a) the name and address of any companies, other than your employer, working with asbestos-containing materials at that job site;

     (b) all trades from which workers were present at that job site.

ANSWER: See answer to interrogatory 19 and 20. These can include insulators, steamfitters, pipefitters, plumbers, operating engineers, maintenance workers, carpenters, electricians, laborers , and millwrights.

22. List any protective or safety devices used or worn by you in the handling of products allegedly manufactured by the defendants and state further the dates used, the job sites where used, the nature of the device, the manufacturer or supplier of the device, and how you used each device in your trade or profession.

ANSWER: In the early 1990s I got training from the union about needing to wear protective equipment for asbestos. Before that time, I did not wear breathing protection except in certain facilities such as nuclear sites or for sulfur fumes. No protective equipment was worn specifically because of asbestos until the after the union training in the 1990s.

6

23.  State whether you were ever a member of any union and, if so, for each union please state:

      (a)   the name and local number of the union;
      (b)   the union hall from which you worked;
      (c)   the date you joined the union;
      (d)   your sponsor in the union;
      (e)   if you ever ran for or held office in the union;
      (f)   if you ever filed a grievance with any union.

ANSWER:   (a)   Pipe Fitters 597
             (b)   Hammond
             (c-f)  Joined 1974, sponsored by Paul Hudson, no office or grievance

24.  Did your labor union or employer advise you to follow certain safety procedures designed to protect you from contracting asbestos related diseases and, if so, state which unions or employers rendered such advice, the nature of such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos related diseases which was provided you by any such union or employer.

ANSWER:   In about 1978 I recall a job at the Lakeside VA where the tear out of insulation was stopped. At time I did not know what harm could be caused by asbestos. It was not until the early 1990s that I learned through the union that asbestos could cause cancer. See answer to # 22.

25.  State the names and current or last known addresses of all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

ANSWER:   See answer to number 22 above.

26.  State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish a causal relationship between the injuries alleged and the defendants' products. State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER:   No expert witnesses have been identified at this time.

27.  State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish that the defendants' products were defective or unreasonably dangerous. State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER:    No expert witnesses have been identified at this time.

28.    With regard to individuals, if any, named in the previous three interrogatories, state whether or not said individuals have rendered a written report of any kind to the plaintiffs or their attorneys and, if so, state the subject matter contained in said report, the substance of fact and opinions to which the expert is expected to testify, if called, and state a summary of the grounds for each opinion.

ANSWER:    No expert witnesses have been identified at this time.

29.    State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written, or court reported, from or by any person including any person hereto, which has or claims to have knowledge concerning the matter alleged in the complaint, or who was or claims to have been a witness to any part of the exposure alleged by you.  If so, please state:

     (a)    whether the statement was written, oral, recorded, reported, reported by shorthand, or otherwise preserved;

     (b)    the full name of the current or last known address of the person or persons, or entity, which took the statements and the date such statement was made;

     (c)    the full name and current or last known address of each person, firm, or entity which has possession of the statement or copies thereof.

ANSWER:    Objections as to statements of made by clients of Cascino Vaughan Law Offices to Cascino Vaughan.  See answers to 16, 17, 18, 19, 20, and 21 to these interrogatories and interrogatory answers of co-workers.  In addition, see any job site summaries that are or will be deposited with IKON.

30.    State the name and current or last known address of each and every person who was interviewed by or on behalf of you, your attorneys or agents with respect to the allegations contained in the complaint, stating for each person:

     (a)    the name and current or last known address of the person interviewed, the full name and address of the person's employer at the time of the interview, and the name and current or last known address of the interviewer, as well as the dates of all interviews;

     (b)    whether any notes, records, jottings, memoranda, tape recordings, or statements were ever made of any interviews with that person, and if so, the name and current or last known address of each and every person in custody or control of same.

ANSWER:    Objections as to statements of made by clients of Cascino Vaughan Law Offices to Cascino Vaughan. See answers to 19, 20, and 29 to these interrogatories and interrogatory answers of co-workers.  In addition, see any job site summaries that are or will be deposited at IKON.

31.    List or describe each and every object or document, such as directories, catalogs, shipping slips, W-2 forms, tax records, diaries, calendars, invoices, packing slips, materials, publications or lists from whatever source which you used, or your attorneys or agents used, in compiling the names of the defendants in this cause.

ANSWER:    See work site memoranda and testimony listed in answers 20 and 29 above for documents used by plaintiff's attorneys.

32.    Do you have any of the following which serve as the basis of this claim in your possession, or in the possession of your attorneys or agents?

    (a)    samples of asbestos materials;
    (b)    packaging from asbestos materials;
    (c)    photographs of your places of employment or products used at your places of employment.
    (d)    photographs of asbestos products or asbestos packaging which are the basis of this claim.

ANSWER:    (a)    No
    (b)    No
    (c)    None to date.
    (d)    My attorneys have photos of asbestos products which have been received in other asbestos cases. These will be made available upon request.

33.    If, as the result of the alleged illness or illnesses, injury or injuries you claim to have sustained a loss of wages, earnings, income, or profit, state:

    (a)    all dates on which you were unable to work due to the illness of illnesses, injury or injuries;
    (b)    the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;
    (c)    the name and address of each person who recommended that you did not work during such period;
    (d)    the name of any potential employer who refused you work because of any illness or illnesses, injury or injuries allegedly sustained as a result of the exposure;
    (e)    the date or inclusive dates on which you sought work but were unable to work for reasons not related to the illnesses or injuries allegedly sustained as a result of the exposure complained of.

ANSWER:    Not claimed.

34.    If loss of wages, earnings, income, or profit is claimed, state:

    (a)    the total amount of claimed loss and the manner or method of computing same;

    (b)    provide a complete, itemized computation of such claimed loss;

    (c)    the nature and potential source of the lost wages, earnings, income or profit, and the date of the claimed deprivation thereof.

ANSWER:    See response to Interrogatory 33.

35.    State and list all monetary expenses, other than the physician and hospital bills, and any and all other items of damages, which you claim to be a result of the illnesses or injuries you allegedly sustained as a result of the exposure complained of.

ANSWER:    The extent of out of pocket losses and other damage amounts have not been calculated at this time.

36.    Identify any claims submitted to bankruptcy trusts or otherwise for the person claiming asbestos exposure in this matter. State which are submitted for a condition diagnosed before the condition which is the subject of the instant case.

ANSWER:    Based upon investigation of plaintiff's attorneys: A list of claims submitted and paid by each bankruptcy trust and the total amount paid on all bankruptcy claims is provided in the folder for each client on deposit at IKON which is called "AO12, Additional Materials, and Settlement Report."


    Client verification to follow

Plaintiff's Verified Response to Standard Interrogatories

Exhibit A: Medical Providers

Friday, June 17, 2011

SSN: ████████

Last: Krik

First: Charles

| ProviderDoctor | ProviderInstitution | Address1 | City | State | Zip |
|---|---|---|---|---|---|
| Dr. Joseph Chung | Braidwood Healthcare Center Morris Hospital | 150 W. High St. | Morris | IL | 60450 |
| Dr. Luke Cho | Braidwood Healthcare Center Morris Hospital | 150 W. High St. | Morris | IL | 60450 |
| Dr. Mark Passerman | Braidwood Healthcare Center Morris Hospital | 150 W. High St. | Morris | IL | 60450 |
| Alvin J Schonfeld DO | Consultant | 438 W St James Place | Chicago | IL | 60610 |
| Henry A Anderson MD | Consultant | 200 Lakewood Blvd | Madison | WI | 53704 |
| Dr. Nafisa D. Burhani, MD | Joliet Oncology-Hematology Associates | 2614 W. Jefferson St. | Joliet | IL | 60435 |
| Dr. David Cziperle | Provena St. Joseph Medical Center | 333 N. Madison St. | Joliet | IL | 60435 |
| Dr. Raju Abraham | Pulmonary Critical Car | 19 Heritage Drive Suite 105 | Bourbonnais | IL | 60914 |
| Dr. Vijay Haryani | Riverside Medical Center | 350 North Wall Street | Kankakee | IL | 60901 |

Plaintiff's Verified Response to Standard Interrogatories
Exhibit B: List of Medical Records and Bills
SSN: █████
Last: Krik
First: Charles

Page 1
Friday, June 17, 2011

| Source of Records | Type | Description | Pages |
|---|---|---|---|
| Alvin J. Schonfeld D.O. | Record | Causation to the B-read Letter | 1 |
| Alvin J. Schonfeld D.O. | Record | B-Read | 1 |
| Alvin J. Schonfeld D.O. | Record | Causation to the B-Read Letter | 1 |
| Alvin J. Schonfeld D.O. | Record | B-read | 1 |
| Alvin J. Schonfeld D.O. | Record | Examination | 2 |
| Alvin J. Schonfeld D.O. | Record | Causation to the Pathology Report Letter | 1 |
| Peter P Tomas M.D. | Record | Pathology Report | 6 |
| Cesar V Reyes | Record | Pathology Report | 2 |
| David C Choe | Record | PET/CT Scan | 1 |
| Biren M Patel | Record | CT scan | 1 |
| Biren M Patel | Record | CT scan | 1 |
| Joliet Oncology Hematology | Record | Medical records | 64 |
| Morris Hospital | Record | Medical records | 27 |
| St Joseph Hospital | Record | Medical records | 33 |
| Provena Saint Joseph | Bills | Medical bills | 9 |

Plaintiff's Verified Response to Standard Interrogatories
Exhibit C: Work History

Page 1
Friday, June 17, 2011

SSS: ████████

Last: Krik

First: Charles

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId | Employer |
|---|---|---|---|---|---|
| American Tent | Chicago | IL | early 70s | early 70s | Hudson Heating |
| Clark Oil | Chicago | IL | 1970 | 1972 | Hudson Heating |
| Royal Crown Cola (47th Street) | | | late60s/ear70s | mid 70s | Hudson Heating |
| Stone Container (43rd Street) | Chicago | IL | late60s-ear70s | mid 70s | Hudson Heating |
| Zenith | Chicago | IL | 1970 | 1973 | Commercial Engineering |
| U.S.S. Bryce Cannon and other vessels | Longbeach | CA | 1963 | 1967 | US Navy |
| LaSalle Nuclear Power Station | Seneca | IL | 1972-3 | Late 1980s | Morrison |
| Quantum Chemical | | IL | 1989 | 1990 | BMW |
| Dresden Nuclear Power Station | Morris | IL | 1972-3 | 1975-6 | Pope |
| South Works Steel Plant | Chicago | IL | mid 1970s | mid 1970s | Morrison Const |
| U Of Illinois Medical Center Genetics & Huma | Chicago | IL | Mid 1970s | mid-1970s | Commercial Eng |
| Entemanns | Northlake | IL | mid or late 70s | mid or late 70s | Hudson Heating & Piping |
| Tinley Park State Hospital | Tinely Park | IL | mid or late 70s | mid or late 70s | Hudson Heating & Piping |
| Mobil Oil Refinery | Channahon | IL | early 70s | early 1970s | Scheck Mechanical or BMW Mechanical |
| Union Oil (a/k/a CITGO) Refinery | Lemont | IL | mid 70s | mid 80s | Scheck Mechical & another employer cannot recall |
| Amoco Chemical Refinery | Joliet | IL | 1969 | 1969 | Hudson Piping |
| Collins Power Station | Morris | IL | late 70s | mid 80s | |
| State Line Power Station | Chicago | IL | | | cannot recall |

Plaintiff's Verified Response to Standard Interrogatories
Exhibit D: Site Workers
SSN: ███████
Last: Krik
First: Charles

| SiteLocation | SiteCity | Last Name | First Name | Address | City | State | Zip | Phone |
|---|---|---|---|---|---|---|---|---|
| Partner at many sites | | Swiecki | Leo | | | | | |

EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In Re: Asbestos Product Liability Litigation (No. VI) | Civil Action No. MDL 875 |
| --- | --- |
| KRIK v. AC AND S INC., et al. | PA-ED Case No. 08-cv-91296 *Trans from IN-N Case No. 2:01CV 242JM* |

Plaintiff's Response to Defendant Owens-Illinois, Inc.'s Product Specific Interrogatories and Request for Production of Documents - 7/27/2011

Plaintiff responds to defendant Owens-Illinois, Inc.'s Product Specific Interrogatories and Request for Production of Documents as follows:

General response: Responsive answers and documents were provided in Plaintiff's Response to Standard Interrogatories and the documents attached to those responses deposited at IKON on June 24, 2011. These materials, the deposition of M r. Krik, and along with other written discovery responses made, are incorporated and adopted as part of this response. Plaintiff objects to all discovery requests that are unreasonably cumulative or duplicative of discovery already provided.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the full name, present address, date and place of birth, date of death, if applicable, and Social Security Number for the person claiming personal injury from the exposure to asbestos (You or Your decedent), and for any spouse asserting a claim in this action.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 2:** State the inclusive dates, if any, during which You or Your decedent were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 3:** State whether You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) ever worked with, or were exposed to any products You allege were manufactured, sold, supplied, packaged or distributed by OWENS-ILLINOIS. If yes, state:

    (a)    The brand or trade name and general description of each product and its packaging;

(b)      Dates on or during which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(c)      The name of Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) employers during the period of time that You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(d)      Each job site and location (including specific address) where You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(e)      Names and addresses of Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) supervisor(s) or superintendent(s) at each job site or location where You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(f)      The names and last known addresses of all individuals whom You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or near during Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) exposure to each said product;

(g)      The manner and method in which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) handled each product including tools used;

(h)      Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) job title and job duties at time of Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) exposure to each product;

(h)      The nature and detail of the work performed;

(i)      The total amount of time during which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked with or were exposed to each product;

(k)      The name and address of the company that distributed each product.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. Subject to, and without waiving the objection, plaintiff states: no additional information except for that provided in the general response.

**INTERROGATORY NO. 4:** Describe the packaging of each OWENS-ILLINOIS product You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) used or were exposed to including, but not limited to, the size of packaging, the color of the packaging, the packaging material, the writing and labeling on the package, any warnings contained on the packages, the color of the product contained within the package and any warnings, identifying labels and/or markings contained within the package or on the product itself.

**ANSWER:** Objection. This discovery request is unreasonably cumulative and duplicative.

**INTERROGATORY NO. 5:** Identify the trademarks or trade names contained on each product or the package containing each product.

**ANSWER:** See response to Interrogatory No. 3.

**INTERROGATORY NO. 6:** Describe the nature, form and consistency of each product You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) used, worked around, or were otherwise exposed to.

**ANSWER:** See response to Interrogatory No. 3.

**INTERROGATORY NO. 7:** State whether any of the products used were altered or modified in any fashion or combined with or used in conjunction with any other products and describe how each said product was altered, modified or combined.

**ANSWER:** See response to Interrogatory No. 3.

**INTERROGATORY NO. 8:** Identify all packaging materials, containers, purchase orders, invoices, packaging slips, delivery slips or any other documents pertaining to the products identified in response to Interrogatory No. 3.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. Subject to and without waiving the objection: as to the balance of the question, unknown at this time.

**INTERROGATORY NO. 9:** Identify any and all photographs, films, diagrams or other graphic representations of each product identified in answer to Interrogatory No. 3.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 10:** Identify all photographs, films, diagrams or any other graphic representations of each job site and location where You or Your decedent (or, if alleging secondary

3

exposure, the primarily exposed individual) worked with or were exposed to the products identified in answer to Interrogatory No. 3.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 11:** Identify by name, address, telephone number, employer and job title each individual who witnessed or can testify about Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) use of or exposure to the product(s) identified in answer to Interrogatory No. 3.

**ANSWER:** Fact witnesses and experts will be disclosed pursuant to court scheduling order.

**INTERROGATORY NO. 12:** Identify by name, address, telephone number, employer and job title each individual who claims to have knowledge of Your or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) use and/or exposure to the product(s) identified in answer to Interrogatory No. 3 and state as to which job sites each will claim such exposure to those products.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. Subject to, and without waiving the objection: no additional information at this time other than the general response above.

**INTERROGATORY NO. 13:** Are You alleging exposure to an OWENS-ILLINOIS product as a result of any service in, or work performed for, the U.S. Navy? If so, state:

    (a)    Each vessel on which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked, and for each:

        (i)    The dates during which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) served on each vessel;

        (ii)    The hull number and class of vessel;

        (iii)    You or Your decedent's (or, if alleging secondary exposure, the primarily exposed individual's) rate and job title;

        (iv)    Dates, if any, on or during which each ship was dry docked;

        (v)    Location of each such drydock;

        (vi)    General nature of the work performed at each drydock.

4

(b)     Each shipyard at which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked, and for each:

    (i)     The locations of each such shipyard;

    (ii)     The dates during which You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) worked at each shipyard;

    (iii)     The general nature of work You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) performed at each shipyard.

**ANSWER:** Yes. See General Response.

**INTERROGATORY NO. 14:** Have You or Your decedent ever filed a claim for and/or received any workers' compensation benefits? If so, state the name and address of the employer against whom You or Your decedent filed for and/or received benefits, the date of the alleged accident, accidents, exposure or illness, the description of the alleged accident, accidents, exposure or illness, the nature of the injuries claimed by You or Your decedent and the name of the insurance company, if any, who paid such benefits.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 15:** Have You or Your decedent received any payments and/or other consideration from any source, including but not limited to a 524(g) Trust, in compensation for the injuries alleged in Your Complaint? If your answer is in the affirmative, state:

    (a)     The amount of such payment and/or other consideration received;

    (b)     The name of the person, firm, insurance company, trust and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and,

    (c)     Whether there are any documents evidencing such payment and/or other consideration received.

**ANSWER:**     Objection.     This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 16:** Were You or Your decedent ever a participant in or monitored for an air sampling test for asbestos exposure while handling, cutting, modifying, installing, using or removing insulation of any type? If so, state the following:

(a)    When and where the tests were conducted;

(b)    The person or entity who conducted the tests;

(c)    The type of material You or Your decedent worked with or were exposed to while the tests were conducted;

(d)    The procedure being performed with the material while the tests were being conducted;

(e)    What were the results of such tests;

(f)    Whether You have copies of the reports or results from such tests;

(g)    State the name and current address of the person or entity that has copies of such test results or reports.

**ANSWER:** No.

**INTERROGATORY NO. 17:** Please state the names of each and every witness who will offer testimony regarding OWENS-ILLINOIS or products allegedly manufactured, sold, designed, packaged, supplied, or distributed by OWENS-ILLINOIS and please state the facts known and opinions held by such witnesses.

**ANSWER:** Fact witnesses and experts will be or have been identified pursuant to court scheduling order.

**INTERROGATORY NO. 18:** Please state whether such witnesses have any videotapes, products, brochures, labels or any other physical evidence related in any way to OWENS-ILLINOIS.

**ANSWER:** Fact witnesses and experts will be or have been identified pursuant to court scheduling order.

**INTERROGATORY NO. 19:** State the specific nature of all personal injuries and/or diseases which You allege You or Your decedent have sustained as a result of exposure to asbestos.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 20:** State the date on which You first suspected the that the injuries and/or disease alleged in Your Complaint were in any way related to being exposed to asbestos and state the reasons for Your suspicions.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 21:** State the date on which the injuries and/or diseases described in Interrogatory 20 were first diagnosed and communicated to You or Your decedent; state the name and address of the physician, specialist, clinic, hospital or similar institution which first diagnosed said injuries and/or diseases and state the manner in which the diagnosis was communicated to You or Your decedent (whether it was written or oral).

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 22:** With regard to the injuries You describe in Your Complaint and which You allege have been or were sustained by You or Your decedent, state:

    (a)    The name and address of each attending physician and/or health care professional;

    (b)    The name and address of each consulting physician and/or health care professional;

    (c)    The name and address of each person and/or laboratory taking any X-ray, MRI, CT scan and/or other radiological tests of You or Your decedent;

    (d)    The name and address of each person and/or laboratory taking any tissue samples and/or other pathologic tests of You or Your decedent;

    (e)    The date or inclusive dates on which each of them rendered You or Your decedent service;

    (f)    The amounts to date of their respective bills for service; and,

    (g)    From which of them You have written reports.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 23:** As a result of the injuries described in Your Complaint and which You allege have been or were sustained by You or Your decedent, were You or Your decedent a patient or outpatient in any hospital and/or clinic? If so, state the names and addresses of all hospitals and/or clinics, the amounts of their respective bills and the dates of their services.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**INTERROGATORY NO. 24:** As a result of the injuries described in Your Complaint and which You allege have been or were sustained by You or Your decedent, were You or Your decedent unable to work? If so, state:

    (a)    The name and address of Your or Your decedent's employer, if any, at the time You or Your decedent first became unable to work, Your or Your decedent's wage and/or salary, and the name Your or Your decedent's supervisor and/or foreperson;

    (b)    The date of inclusive dates on which You or Your decedent were unable to work;

    (c)    The amount of wage and/or income loss claimed by You or Your decedent; and

    (d)    The name and address of Your or Your decedent's present employer and Your or Your decedent's wage or salary.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative. Subject to and without waiving the objection, plaintiff states: plaintiff is not making a claim for lost wages.

**INTERROGATORY NO. 25:** State any and all other expenses and/or losses You claim as a result of the injuries You describe in Your Complaint and which You allege have been or were sustained by You or Your decedent. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amount(s) are owed, whether the expenses and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

Dated: July 14, 2011

As to information provided by counsel,

_____
Attorney for plaintiff

Robert G. McCoy
Mark Hitt
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607-5308

tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

-Client verification to follow-

## SPECIFIED REQUEST FOR PRODUCTION

**REQUEST NO. 1:** All purchase orders, invoices, bills of sale, bills of lading, sales receipts, contracts or other documents reflecting the sale or delivery of any products Plaintiff claims were manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS to any job site where You claim You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) was exposed to these products.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO.2:** All samples of products Plaintiff claims were manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS.

**ANSWER:** None.

**REQUEST NO. 3:** All cartons, containers, boxes, wrappers, etc. that You claim contained products which You further claim were manufactured, sold, supplied, packaged, distributed or designed by

9

OWENS-ILLINOIS.

**ANSWER:** None.

**REQUEST NO. 4:** All documents, photographs, video tapes, movies, notes, textbooks, memorandum, etc. that You or Your decedent used or reviewed for the purpose of identifying or refreshing their recollection regarding any products the Plaintiff claims were manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS.

**ANSWER:** Objection. Interrogatory requests information protected pursuant to the attorney-client privilege and is a privileged communication. Subject to this objection, my attorneys state: None.

**REQUEST NO. 5:** All photographs, movies, video tapes or other graphic representations of products Plaintiff claims were manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 6:** All photographs, movies, video tapes or other graphic representations depicting You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) performing, or in proximity to others performing, insulation work.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 7:** All photographs, movies, video tapes or other graphic representations in your possession or control depicting You or Your decedent (or, if alleging secondary exposure, the primarily exposed individual) on any jobsite or at any location where exposure to a product manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS is alleged.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 8:** All catalogs, pamphlets, brochures or product fact sheets concerning any products Plaintiff claims were manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that, inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 9:** All statements, written or recorded in some other manner, by any witness, co-worker, etc. that relates to the exposure of Plaintiff or Plaintiff's decedent (or, if alleging secondary exposure, the primarily exposed individual) to products allegedly manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS, or that relate to the use of or presence of any products allegedly manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS, or claimed to be at or in the vicinity of any site at which Plaintiff or Plaintiff's decedent (or, if alleging secondary exposure, the primarily exposed individual) worked.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that, inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 10:** Regarding all tests where Plaintiff or Plaintiff's Decedent has been monitored for asbestos exposure at any time, produce the following:

      (a)    A list of such tests including the date of such tests, the site of such tests, the operation performed by Plaintiff or Plaintiff's Decedent or others during the tests and the identity of the individual(s) who supervised, monitored or performed the test;

      (b)    All reports prepared in connection with or regarding such tests;

      (c)    The results of each such tests.

**ANSWER:** None relating specifically to plaintiff.

**REQUEST NO. 11:** All documents including, but not limited to correspondence, testing data, articles, textbooks, memoranda, catalogs, surveys, statutes or standards relied upon by Plaintiff and Plaintiff's witnesses or experts to demonstrate or to form the basis for any conclusion or opinion that insulation or any other products allegedly manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS are unreasonably dangerous or that OWENS-ILLINOIS was negligent in the manufacture, sale, packaging, design or distribution of those products.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that: plaintiff does not know at this time what documents will be relied upon.

**REQUEST NO. 12:** All reports, tests, test results or data or other documents that report on the exposure levels of asbestos fibers caused by the use, handling, installation, removal or disposal of insulation that contain asbestos.

**ANSWER:** Objection. This discovery request is overly broad, unduly burdensome, unlimited in time and scope, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant or

admissible evidence. Subject to the objection, plaintiff's counsel states that, inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 13:** All reports, tests, test results, testing data, thesis, treatises, studies or other documents regarding the aerodynamic properties of asbestos fibers released, if any, from asbestos-containing insulation.

**ANSWER:** This discovery request is overly broad, unduly burdensome, unlimited in time and scope, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to the objection, plaintiff's counsel states that, inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 14:** All bulk sampling reports, test data or other results regarding any products Plaintiff claims were manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS.

**ANSWER:** Plaintiff has none. Plaintiff's counsel states that: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

**REQUEST NO. 15:** All models, tests, demonstrations, movies, video tapes, etc. the Plaintiff may use in the trial of this case as demonstrative evidence regarding any products allegedly manufactured, sold, supplied, packaged, distributed or designed by OWENS-ILLINOIS.

**ANSWER:** Unknown at this time.

**REQUEST NO. 16:** A copy of any videotapes, products, brochures, labels or any other physical evidence related in any way to OWENS-ILLINOIS.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**REQUEST NO. 17:** Any and all medical records, medical reports, test results, medical bills or correspondence from health care providers in Your possession relating to Plaintiff or Plaintiff's Decedent.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative.

**REQUEST NO. 18:** A copy of Your or Your decedent's social security statement of earnings on form SSA-1826.

**ANSWER:** I do not have in my possession. My attorneys state: plaintiff is available to sign an

authorization form, if not already provided to Owens-Illinois.

**REQUEST NO. 19:** A copy of all of Your or Your decedent's income tax returns beginning with the year five (5) years prior to decedent's alleged injury.

**ANSWER:** Objection. This discovery request is overly broad, unduly burdensome, unlimited in time and scope, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Specifically, plaintiff is not making a claim for lost wages.

**REQUEST NO. 20:** All documents related to any claims, payments and/or other consideration from any source, including bankrupt or insolvent entities, for the injuries alleged in Your Complaint.

**ANSWER:** Objection. This discovery request is unreasonably cumulative or duplicative as to bankruptcy claims. Subject to this objection, my attorneys state that inspection and related activities will be permitted as requested as to responsive documents which are not deposited at IKON, if any.

Dated: August 3, 2011

_____
Attorney for plaintiff

Robert G. McCoy
Mark Hitt
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607-5308

tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| KRIK v. AC AND S INC, *et al.* | PA-ED No. 08-CV-91296 <br> *Trans from IN-N Case No. 2:01CV 242JM* <br> PA-ED No. 11-CV-63473 <br> *Trans from IL-N Case No. 10-7435* |

**VERIFICATION OF OWENS-ILLINOIS, INCORPORATED'S
INTERROGATORY ANSWERS**

Charles Krik states that he has reviewed the answers to Owens-Illinois, Incorporated's interrogatories dated July 27, 2011, in accordance with applicable law and verifies that the answers are true and correct to the best of his information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8-3-11

Charles Krik

EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In Re: Asbestos Product Liability Litigation (No. VI) | Civil Action No. MDL 875 |
|---|---|
| KRIK v. AC AND S INC., et al. | PA-ED Case No. 08-cv-91296 *Trans from IN-N Case No. 2:01CV 242JM* |

Plaintiff's Response to Defendant Exxon Mobil Oil Corporation's Defendant
Specific Interrogatories - 7/30/2011

Plaintiff responds to defendant Exxon Mobil Oil Corporation's Interrogatories as follows:

General response: Responsive answers and documents were provided in Plaintiff's Response to Standard Interrogatories and the documents attached to those responses deposited at IKON on June 24, 2011. These materials, the deposition of Mr. Krik, and along with other written discovery responses made, are incorporated and adopted as part of this response. Plaintiff objects to all discovery requests that are unreasonably cumulative or duplicative of discovery already provided.

## INTERROGATORIES

Interrogatory Number 1: Identify each and every facility where you allege Plaintiff was employed and/or present which was owned and/or operated by Mobil Oil including, but not limited to, identifying:

    a.       The address or location of each Mobil Oil facility;

    b.       The number of times, and corresponding specific dates between 1954 and 1996, Plaintiff was allegedly present at each Mobil Oil facility;

    c.       The locations/units/areas within each Mobil Oil facility where Plaintiff was present and/or employed including the dates when Plaintiff was allegedly present at that location;

    d.       Plaintiff's employer during each period where Plaintiff was allegedly present at a Mobil Oil facility;

    e.       The amount of time Plaintiff worked indoors versus outdoors during each employment;

    f.       The identities of any other contractors present at any Mobil Oil facility while Plaintiff was present including the years such contractors were allegedly present;

g.  The brand names of any asbestos-containing products Plaintiff allegedly worked with or around at any Mobil Oil facility including the dates Plaintiff allegedly worked with or around each product; and

h.  The tasks performed by Plaintiff at each facility including the dates for each such task.

ANSWER: Objection. This discovery request is unreasonably cumulative and duplicative. Subject to, and without waiving the objection, plaintiff states: no additional information at this time other than the general response, above.

Interrogatory Number 2: Identify each and every asbestos-containing product Plaintiff worked with and/or was exposed to which Plaintiff alleges was sold, manufactured, mined, designed, installed or otherwise placed into commerce by Mobil Oil including, but not limited to describing:

a.  The identity, including full name, address, employer and job title, of any persons with knowledge supporting that allegation;

b.  The identity, including location, of any documents supporting such allegations;

c.  The brand or trade name of each and every product including a description of the product and its packaging;

d.  The dates and locations when you alleged you were exposed to each product; and

e.  The nature of your work with each product.

ANSWER: See response to Interrogatory No. 1.

Interrogatory Number 3: Identify in detail, including the date, title, and author, of each document Plaintiff alleges supports the allegation that he was exposed to asbestos-containing products while present at a Mobil Oil facility.

ANSWER: Plaintiff has no documents. Plaintiff's counsel states: inspection and related activities will be permitted as requested at CVLO in Chicago of responsive documents, if any.

Interrogatory Number 4: Identify each and every brand of cigarette Plaintiff smoked from 1954 through 1982 including, but not limited to: the brand name, the years of use for each brand, the frequency of use for each brand, and whether or not each brand was filtered or unfiltered.

ANSWER: Objection. This discovery request is unreasonably cumulative and duplicative. Subject to, and without waiving the objection, plaintiff states: no additional information at this time other than the general response, above.

Interrogatory Number 5: Please state whether Plaintiff has ever sought medical attention, suffered adverse health effects, and/or filed a claim related to exposure to welding fumes and/or use of welding rods. If yes, for each please state the date of the alleged use and/or exposure; a description

of the claim, medical treatment, and/or health effect; the location of the alleged exposure and/or use; and the brand name of the welding materials.

ANSWER: No.

Interrogatory Number 6: With regard to each and every employer and/or union which employed Plaintiff while he was present at any Mobil Oil facility, please state:

- a.  Whether that employer and/or union required medical exams of any type and the date of any such exam conducted;
- b.  Whether that employer and/or union held any safety meetings and the dates of each meeting;
- c.  The identity of the organization listed as the payor on Plaintiff's paycheck;
- d.  Whether the employer and/or union provided any safety and/or training materials and/or equipment including, but not limited to, respiratory protection; and
- e.  Whether the employer and/or union was a general or subcontractor during each period of employment.

ANSWER:
- a.  No.
- b.  No.
- c.  I remember Hudson and Scheck.
- d.  There was initial safety training; none was about asbestos.
- e.  Hudson was a subcontractor; I'm not sure about Scheck.

Interrogatory Number 7: Please state whether Plaintiff ever wore a radiation monitor of any type and, if yes, list the brand name or type of the monitor, location of use, and dates of use.

ANSWER: Not at Mobil.

Interrogatory Number 8: Please define and identify in detail what Plaintiff lists as "turnaround and maintenance" at the Mobil Oil Refinery as identified in Exhibit A to Plaintiff's First Response to Standard Interrogatories including, but not limited to, providing:

- a.  A description of any and all materials and/or equipment Plaintiff used during this work;
- b.  A description of the specific tasks Plaintiff was required to complete;
- c.  The areas of the Mobil Oil Refinery where this work occurred; and
- d.  The specific dates in which this work occurred.

3

ANSWER: Objection. This discovery request is unreasonably cumulative and duplicative. Subject to, and without waiving the objection, plaintiff states: no additional information at this time other than the general response, above.


Dated: July 30, 2011

As to statements of counsel and objections only,

Attorney for plaintiff

Robert G. McCoy
Mark Hitt
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308

tel: 312-944-0600
fax: 312-944-1870
e-mail: bmccoy@cvlo.com

- Client Verification to Follow -

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| KRIK v. AC AND S INC, *et al.* | PA-ED No. 08-CV-91296<br>*Trans from IN-N Case No. 2:01CV 242JM*<br>PA-ED No. 11-CV-63473<br>*Trans from IL-N Case No. 10-7435* |

## VERIFICATION OF EXXON-MOBIL OIL CORPORATION'S INTERROGATORY ANSWERS

Charles Krik states that he has reviewed the answers to Exxon-Mobil Corporation's interrogatories dated July 30, 2011, in accordance with applicable law and verifies that the answers are true and correct to the best of his information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _8-3-11_

_Charles Krik_
Charles Krik

EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS    :
LIABILITY LITIGATION (No. VI)    :

---------------------------------------------------- X

VARIOUS PLAINTIFFS    :    CIVIL ACTION NO. MDL 875

   :
   :
v.    :    Cases in which Plaintiff is Represented by
   :    Cascino Vaughan Law Offices, Transferred to
VARIOUS DEFENDANTS    :    MDL 875 in 2011

--------------------------------------------------x

**FILED**

JUN – 9 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

# O R D E R   O F   R E F E R R A L   T O   M A G I S T R A T E   J U D G E   F O R
# P R E T R I A L   D I S C O V E R Y ,   S E T T L E M E N T
# C O N F E R E N C E ,   A N D   T R I A L   P R E P A R A T I O N

The Court, in accordance with the Court's policies outlined in Administrative Orders No. 3 & 12, has identified the case(s) listed in Exhibit "A", attached as being appropriate for referral to the Honorable Magistrate Judge David R. Strawbridge to conduct pretrial procedures, supervision of discovery, settlement conferences, and preparation for trial. The Magistrate Judge may enter such orders as may be necessary to facilitate these tasks.

All parties shall comply with the requirements of Section 9, Administrative Order No. 12. Plaintiff MUST have made his/her submissions in accordance with Administrative Order No. 12. A copy of each party's position paper relating to any scheduled settlement conference shall be received by the Magistrate Judge no later than three (3) days prior to the conference.

Inquiries relating to these cases and all matters scheduled hereunder may be directed to the Chambers of the Honorable Magistrate Judge David R. Strawbridge at (267)-299-7790.

**THE MAGISTRATE JUDGE MAY IMPOSE SANCTIONS AND/OR COSTS AGAINST ANY PARTY NOT IN COMPLIANCE WITH THIS NOTICE AND THE ORDERS SPECIFICALLY INCORPORATED BY REFERENCE AND ANY ORDERS ISSUED IN FURTHERANCE HEREOF.**

Accordingly, it is **ORDERED** that the Court refers the actions pending in MDL 875 identified in Exhibit "A", attached, to the Honorable Magistrate Judge David R. Strawbridge for

proceedings in accordance with this Order.

BY THE COURT:

Date: June 9,  2011

_____  J.
Eduardo C. Robreno

EXHIBIT L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                          )    01-MD-875-ER
                                )
    ASBESTOS PRODUCT LIABILITY. )
                                )    Philadelphia, PA
                                )    June 23, 2011
                                )    10:30 a.m.


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE DAVID R. STRAWBRIDGE
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:        MICHAEL P. CASCINO, ESQUIRE
                           ROBERT G. McCOY, ESQUIRE
                           MARK HITT, ESQUIRE
                           CASCINO, VAUGHAN
                           220 South Ashland Avenue
                           Chicago, Illinois 60607

For General Electric:      DAVID SETTER, ESQUIRE
                           FOREMAN, PERRY, WATKINS,
                           KRUTZ & TARDY, LLP
                           City Center
                           200 South Lamar Street - Suite 100
                           Jackson Mississippi 39201

For CBS Corporation:       RICHARD LAUTH, ESQUIRE
                           EVERETT WEATHERSBY & HOUFF
                           300 Piedmont Road
                           Atlanta, GA 30305

For Owens Illinois:        ROBERT RILEY, ESQUIRE
                           SCHIFF HARDIN, LLP
                           233 South Wacker Drive - Suite 6600
                           Chicago, IL 60606

For Georgia Pacific:       MICHAEL W. DRUMKE, ESQUIRE
                           HeplerBroom, LLC
                           150 North Wacker Drive - Suite 3100
                           Chicago, Illinois 60606

For Union Carbide:         ROBERT SPINELLI, ESQUIRE
                           KELLEY JASONS MCGOWAN SPINELLI
                             & HANNA LLP
                           Two Liberty Place - Suite 1900
                           Philadelphia, Pennsylvania 19102

2

(Appearances Continued:)

For CertainTeed              TERRENCE MCGEEVER, ESQUIRE
                             McGeever Law
                             355 Lancaster Ave., Suite 205
                             Haverford, PA 19041

For Commonwealth Edison      MARGARET BYRNE, ESQUIRE
                             Swanson Martin Bell
                             1 IBM Plaza, 330 N
                             Wabash Suite 3300
                             Chicago, IL  60601

For Crown Equipment          JOHN FRANKE, ESQUIRE
                             Cablec Corp.
                             Gass Weber Mullins
                             309 North Water St. - Suite 304
                             Milwaukee, WI  53202

For (Not Noted)              JOHN LAFFEY, ESQUIRE
                             DENTSPLY Prosthetics U.S. LLC
                             Whyte Hirschboek Dudek SC
                             555 E. Wells St., Suite 1500
                             Milwaukee, WI 53202


Audio Operator:              DENNIS TAYLOR


Transcribed by:              DIANA DOMAN TRANSCRIBING
                             P.O. Box 129
                             Gibbsboro, New Jersey  08026-0129
                             Office:  (856) 435-7172
                             Fax:     (856) 435-7124
                             Email:   dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1           Now, having said that, we can also help narrow that

2    down to the, probably four or five that we're going to rely on

3    out of that list because we don't need all 50.  Some of them

4    are -- are electricians.  This guy's a pipe fitter.

5           Some of them are -- are people that wouldn't --

6    basically wouldn't know what a pipe fitter's doing or what a

7    pipe fitter's exposures were.  Some of them might be the wrong

8    time frame.

9           What I'm saying is, is we want to provide that list

10   from our firm's files of additional people and -- but we need

11   about two weeks to put this together for -- for this large

12   number of jobsites and narrow it down sufficiently that it

13   makes sense to everybody so we don't have 50 names, and

14   instead we got four or five.

15          JUDGE STRAWBRIDGE:  All right.

16          MR. McCOY:  These are -- these are not the people

17   that he knows.  These are people --

18          JUDGE STRAWBRIDGE:  I understand.

19          MR. McCOY:  Right.

20          JUDGE STRAWBRIDGE:  I understand.  But -- but folks

21   who you believe would establish sufficient evidence of

22   causation to these particular asbestos-containing products

23   that would -- you believe would defeat a motion for summary

24   judgment.

25          MR. McCOY:  Right, applying the standards on these

1    cases about -- about summary judgment motions, what needs to

2    be proved, right.

3            JUDGE STRAWBRIDGE:  Now, let me just ask the -- I

4    got to ask the defendants -- I guess I ought to focus on the

5    liaison counsel, whoever wants to respond to this.

6            Working with this set of interrogatories, apparently

7    you've used it in Cook County with regularity, right?  You

8    guys or your firms or somebody had some input into it?  I

9    guess they're relatively standard throughout the country?

10           MR. DRUMKE:  This was the set we agreed on, Your

11   Honor, awhile back.  We went back and forth --

12           JUDGE STRAWBRIDGE:  Can you identify yourself for

13   the record.

14           MR. DRUMKE:  I'm sorry.  It's Michael Drumke, Your

15   Honor.

16           We worked with Judge Reed and with plaintiff's

17   counsel to arrive at a set that we could agree and use that

18   would be -- address certain standard issues applicable to all

19   the defendants in all the cases.

20           JUDGE STRAWBRIDGE:  All right.  So what was -- what

21   was the setup, and I'm sorry I don't know this, with Judge

22   Reed as to how the -- when these interrogatories -- answers

23   were to be provided and, you know, what --

24           MR. DRUMKE:  For all -- for all the cases, Your

25   Honor, long ago.  I can -- I can find the order, but I'd have

1   it, you know, co-worker Smith --

2           JUDGE STRAWBRIDGE:  Right.

3           MR. EVERT:  -- or you yourself are going to testify,

4   tell me the circumstances around which that exposure occurred,

5   and I think Mr. Drumke's point, which I would agree with, is

6   typically we receive the answer to those.  Then we're in a

7   position, if necessary, to determine whether or not we need to

8   depose any of these witnesses, try to understand.

9           JUDGE STRAWBRIDGE:  And we now -- and we now have

10  the situation set up whereby you've gotten the first bit of

11  information so now you can serve, or you have served already,

12  apparently, your -- your product-specific interrogatories

13  which will give you the next level of information, and then

14  you can determine from that whether or not you need a

15  deposition.

16          MR. EVERT:  Yes, sir.

17          JUDGE STRAWBRIDGE:  And isn't the current scheduling

18  order set out with respect to this limited number of cases

19  that you got to keep perfect time sequences within which to do

20  this?

21          MR. EVERT:  Yes, sir.

22          JUDGE STRAWBRIDGE:  So --

23          MR. DRUMKE:  That assumes that we get -- that

24  assumes that we get answers that say something like it's John

25  Smith at such and such address in Wauwatosa, Wisconsin, as

1    opposed to CCBL master site worker list for jobsites disclosed

2    in this case.

3              JUDGE STRAWBRIDGE:  Uh-huh.

4              MR. DRUMKE:  I mean who would they -- who would they

5    call at trial.

6              JUDGE STRAWBRIDGE:  Yeah.  Well, I would agree with

7    you that they -- they would have to provide a specific name of

8    who they would call at trial.  They've got to learn who that

9    information is so you can have a chance to do your deposition

10   work and do your discovery on it.

11             So that would strike me as something which would be

12   some kind of a motion, an adequate response to the

13   interrogatory, and if they can't provide any more specific

14   information, they're stuck with the general information that

15   they have, and, you know, so be it.  They pay the consequence

16   of that when the case comes up for trial.

17             MR. RILEY:  Your Honor, Bob Riley.

18             The place -- if this breaks down, the place where

19   it's going to break down is if the plaintiffs persist, even in

20   response to specific interrogatories, telling me the

21   frequency, regularity and proximity of exposure, how are you

22   going to link this plaintiff to the exposure that a co-worker

23   is giving in his testimony, particularly if he can't identify

24   the plaintiff?

25             You know, if -- if we don't get information that

1    duration and goes to the causation issues?

2            MR. McCOY:  They identify some, but not all those

3    people because they're based on -- again, this is about the

4    client's knowledge.

5            Our law firm has independently got lists of people

6    at jobsites or lists of people who know about defendants'

7    products from past litigation that would be used to supplement

8    what our client knows about.

9            In other words, our client will know certain

10   witnesses that he worked with, and we've listed those in these

11   interrogatory answers, but when it comes down to what our law

12   firm knows, Cascino, Vaughan, or what the defendants know

13   because they provide that in their discovery responses, that

14   isn't incorporated into these answers.

15           But those lists -- those lists, Judge, I was

16   thinking we could just prepare those from our firm's

17   information, and we could get those on file for these jobsites

18   pretty quickly, meaning like within less than two weeks, I

19   think, for all these jobsites.

20           There's a lot involved here.  I mean you've -- you

21   probably see with this case you got ten or 15 large jobsites.

22   So when you put together the list of the history of those

23   jobsites, you might come up with as many as 50 witnesses.

24           Now, having said that -- and these are people that

25   actually worked the jobsite.

EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY | : | Civil Action NO. MDL 875 |
| LITIGATION (NO. VI) | : | |
| | : | |
| | : | |
| This document relates to all cases | : | |
| listed on the attached Exhibit A | : | |

## ORDER

**AND NOW**, this 17th day of July, 2012, upon consideration of:

(1)     Certain Defendants' Motion to Strike Cascino Vaughan's Supplemental Response to Standard Interrogatories (*e.g.* 08-91888 #66)[1] and plaintiffs' response (*e.g.* 08-91888 # 80);

(2)     General Electric Company's Motion to Strike (*e.g.* 08-91884 #110)[2] and plaintiffs' response (*e.g.* 08-91884 #121);

(3)     Georgia-Pacific LLC's Motions for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (09-61717 #93, 08-90189 #110, 10-68124 #98, 10-68110 #136, 08-90201 #119 08-89865 #88, and 08-89958 #103) and plaintiffs' responses (08-90189 #117, 10-68124 #107, 10-68110 #145, 08-90201 #134, 08-89865 #101, 08-89958 #124)[3];

(4)     Ispat Inland Inc.'s Motion to Strike Plaintiff's "First Response to Standard Interrogatories," Plaintiff's "First Response to Standard Interrogatories – 5/21/12," and all Associated Exhibits, Witness and "Prior Testimony" Lists (08-90287 #149) and plaintiffs' response (08-90287 #163); and

(5)     Owens-Illinois, Inc.'s Motions to Strike (08-90268 #118 and 08-92210 #165) and plaintiffs' responses (08-90268 #128 and 08-92210 #182);

it is hereby **ORDERED** that:

(6)     Certain Defendants' Motion to Strike Cascino Vaughan's Supplemental Response

---

[1] This motion was filed in every remaining CVLO MDL-875 case.

[2] General Electric also filed this motion as these document numbers on the following dockets: 08-92207 #112, 08-92206 #130, 08-91742 #148, 08-90264 #76, 08-89945 #72, 08-90287 #151, and 08-90189 #109.

[3] Plaintiffs did not file a response to Georgia Pacific's motion filed on docket number 09-61717.

to Standard Interrogatories (*e.g.* 08-91888 #66) is **DENIED**[4] ;

_____

[4] On June 12, 2012, plaintiffs' counsel served a 719 page list on defense counsel which purported to be applicable to all CVLO MDL-875 cases and which contained, allegedly: (1) the names of every "site worker" at each relevant job site; and (2) the identity of every statement from individuals with relevant knowledge of any plaintiff. Plaintiffs' counsel contended that this list was a supplemental response to standard interrogatory questions: 16 (requesting the identity of and details concerning the plaintiff's previous employers); 17 (requesting the identity of every job site at which the plaintiff claimed to have worked around asbestos-containing products); 18 (requesting details regarding each of the plaintiff's jobs including "your co-workers on that job, including the persons who worked with you or at the same job site"); 20 (requesting the identity of any of the plaintiff's co-workers who had knowledge of whether certain asbestos-containing products were at a job site or knew that the plaintiff actually worked with the products); and 29 (seeking the identity of any statements from individuals who claimed "to have knowledge concerning the matter alleged in the complaint, or who [ ] claim[ed] to have been a witness to any part of the exposure alleged by you").

Plaintiffs' counsel claims that the 719 page list does not represent information that any one plaintiff has but instead represents what the firm knows about all of the cases. Plaintiffs' counsel contends that it provided the list to defense counsel based upon an apparently recent understanding that counsel's knowledge, as opposed to the knowledge of individual plaintiffs, should be assimilated into interrogatory answers. Plaintiffs' counsel further asserts that the sole purpose of providing this list was to protect themselves from future motions for sanctions for failing to timely supplement interrogatory answers.

The standard interrogatories were approved by the court on October 5, 2010 and were deemed to be served in each individual CVLO MDL-875 case as of October 1, 2010. Each individual plaintiff in each case was to answer the interrogatories utilizing the information unique to his or her case. This purported supplement to interrogatories 16 though 17, 20 and 29, however, is meant to have global application in every case rather than be limited to any individual plaintiff's case, and contains no specificity regarding to what any of these individuals might testify or the contents of any of the transcribed statements. Accordingly, this massive listing is not a supplement to any previous answers served in the individual cases nor does it provide responses to any of the standard interrogatory questions submitted in any individual case. It is rather an extensive catalogue of: (1) names and addresses of "site-workers" listed by job site with a notation of whether the individual is represented by counsel; and (2) depositions taken, by job site, listing the deponent, the date of the testimony, whether the deponent is represented by counsel, and in some cases, the name and case number for which the testimony was taken. The list's generality and lack of detail render it incapable of being used by any defendant in any particular case.

At the same time, the list does identify "site-workers" and associates these "site-workers" with particular job sites. That information could be useful and bear some relevance as the cases progress, even though the list fails to provide any indication of the extent of knowledge of the "site-workers"; the products about which the "site-worker" might have knowledge; or the

(continued...)

2

(7)     General Electric Company's Motion to Strike (*e.g.* 08-91884 #110) is likewise **DENIED** utilizing the same reasoning as set forth in footnote four.

(8)     Georgia-Pacific LLC's Motions for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (09-61717 #93, 08-90189 #110, 10-68124 #98, 10-68110 #136, 08-90201 #119 08-89865 #88, and 08-89958 #103) are **GRANTED** in part as follows:

> (a)     the requests to strike the supplemental interrogatory answers served by the individual plaintiffs are **GRANTED** and those supplementary answers are **STRUCK**.  These answers were not signed by the plaintiffs before the end of discovery, and therefore, under Fed. R. Civ. P. 33(b)(3), they are no answers at all. Unzicker v. A.W. Chesterston Co., 11-66288, 2012 WL 1966028, at *2 (E.D. Pa. May 21, 2012)(citing Tokarz v. TRG Columbus Development Venture, Ltd., 08–60190, 2008 WL 4533917, at *2 (S.D. Fla. Oct.6, 2008));

> (b)     the request to strike the 719 page supplemental interrogatory answers served by plaintiffs' counsel in all cases is **DENIED** for the reasons set forth in footnote four;

> (c)     the request for fees is **DENIED**;

(9)     Inland Inc.'s Motion to Strike (08-90287 #149) is **GRANTED** and the supplemental interrogatory answers are **STRUCK** in that they were also not verified before the end of discovery, see Unzicker, 2012 WL 1966028, at *2; and

(10)     Owens-Illinois, Inc.'s Motions to Strike (08-90268 #118 and 08-92210 #165) are **GRANTED** and the supplemental interrogatory answers are **STRUCK** in that they likewise remained unsigned at the termination of fact discovery.  See Unzicker, 2012 WL 1966028, at *2.

BY THE COURT:


 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
time periods during which the "site-worker" would have worked at a particular job site.  Further, while merely associating a job site with a "site-worker" is certainly not sufficient to even begin to establish the causation evidence a plaintiff would need to sustain his case, the list does provide some relevant information.  Accordingly, and while urging plaintiffs to be clear-eyed about the listing's deficiencies,  we decline to grant defendants' motion.

EXHIBIT N

```
                   UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                       )   01-MDL-875
                             )
ASBESTOS LITIGATION,         )
                             )
                             )   Philadelphia, PA
                             )   August 1, 2012
                             )   4:50 p.m.


              TRANSCRIPT OF TELEPHONE CONFERENCE
        BEFORE MAGISTRATE JUDGE DAVID R. STRAWBRIDGE
              UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


For the Plaintiffs:       MICHAEL P. CASCINO, ESQUIRE
                          ROBERT G. MCCOY, ESQUIRE
                          ALLEN D. VAUGHAN, ESQUIRE
                          CASCINO VAUGHAN LAW OFFICES, LTD.
                          220 South Ashland Avenue
                          Chicago, IL 60667

For the Defendants:       DAVID SETTER, ESQUIRE
General Electric,         FORMAN, PERRY, WATKINS, KRUTZ
et al.                    & TARDY, LLP
                          Denver Financial Center
                          1775 Sherman Street
                          Suite 1900
                          Denver, CO   80203

For the Defendants:       JENNIFER N. STUDEBAKER, ESQUIRE
Asten, Industrial         FORMAN, PERRY, WATKINS,
Holdings, Unifax,         KRUTZ & TARDY, LLP
Owens-Illinois,           City Centre
Uniroyal, etc.            Suite 100
                          South Lamar Street
                          Jackson, Mississippi 39201

For the Defendants:       CAROL PERKINS, ESQUIRE
Union Carbide Corp.       HEYL ROYSTER
and CertainTeed Corp      Suite 600
                          Chase Building
                          124 S.W. Adams Street
                          Peoria, IL   61602
```

(Appearances continued)

```
For the Defendants:      KAITLIN N. CHENEVERT, ESQUIRE
Proctor & Gamble,        SWANSON, MARTIN & BELL, LLP
Commonwealth Edison      330 North Wabash Street
                         Suite 3300
                         Chicago, IL  60611


For the Defendants:      SEAN P. FERGUS, ESQUIRE
John Crane and           O'CONNELL, TIVIN, MILLER &
Cleaver-Brooks           BURNS, LLC.
                         135 South LaSalle Street
                         Suite 2300
                         Chicago, IL  60603


For the Defendants:      WILLIAM L. SHENKENBERG, ESQUIRE
Riley Power, Inc.        MALLERY & ZIMMERMAN, S.C.
                         731 North Jackson Street
                         Suite 900
                         Milwaukee, Wisconsin 53202


For the Defendants:      MICHAEL W. DRUMKE, ESQUIRE
Georgia-Pacific          BRIAN J. HUELSMANN, ESQUIRE
                         HEPLER BROOM, LLC
                         150 North Wacker Drive
                         Suite 3100
                         Chicago, Illinois 60606




Audio Operator:          MILAHN HULL

Transcribed by:          DIANA DOMAN TRANSCRIBING
                         P.O. Box 129
                         Gibbsboro, New Jersey  08026-0129
                         Office:  (856) 435-7172
                         Fax:     (856) 435-7124
                         E-mail:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

3

1                          <u>I  N  D  E  X</u>

2                                                    <u>PAGE</u>

3       Telephone conference                          4

4

5

1    summary -- summary judgment to be supplemented to the extent

2    that in any of those cases, the defendants -- you folks are

3    relying upon Schonfeld and Dr. Anderson, and you folks -- and

4    the defendant feels that they're unreliable in connection with

5    whatever reports they did in those cases, they will be directed

6    to file motions for summary judgment with -- to supplement

7    their motions for summary judgment to reflect that position.

8    Is that clear enough?

9             MR. CASCINO:  And I don't mean to be a pest, Your

10   Honor.  So those are -- they'll file those on whatever group of

11   cases there are that those apply to on August 10th, and we'll

12   have our 21 days to respond to that as the prior scheduling

13   order permitted?

14            THE COURT:  Yeah.  Probably.  I'm not -- I'm not -- I

15   want to take a look at that.  I'm not -- I think if it was 21

16   days, that's probably what we might do.  Yeah.

17            MR. CASCINO:  That's what we had before, and we had

18   asked for more time before, but we can live with 21 days.

19            THE COURT:  Yeah.  All right.  Okay.  I don't think

20   that's unreasonable.  Okay.  Anything else on this call?

21        (No audible response)

22            THE COURT:  I did -- I want to just make a couple of

23   comments at the -- at the risk of opening up another can of

24   worms here, but it was reflected upon today in the earlier call

25   by -- I guess it was Mr. Capshandy -- the -- and I guess -- and

Colloquy                                                    33

1    I understand is the subject of -- of a motion filed or to be
2    filed, and I was trying to see if I could an accelerated
3    response so it could be -- it could be dealt with.
4             I have been back through a couple of the previous
5    opinions that Judge Robreno has written with respect to efforts
6    to utilize declarations or affidavits from certain witnesses
7    who had not been previously disclosed or not adequately
8    previously disclosed, and these were affidavits that were
9    submitted in an effort to oppose motions for summary judgment.
10   One particular case I am thinking of where he talks about some
11   of these discovery issues is -- what was the name of it?
12             THE CLERK:  Hang on a second.
13             THE COURT:  And you might want to take a count of --
14   of this and look at some of this case, which I think I would
15   consider to be persuasive with respect to these questions.  The
16   name of it is Joseph Morgan and Lisa Bowling v. 3M.  It is
17   civil action number 8 -- 10-84925, an order of December the 22,
18   2011, and in it, he reflects upon some of the difficulties with
19   -- with respect to that and ends up striking the affidavit, and
20   some of the tussling back and forth that we had with respect to
21   the question of the supplementation of the interrogatories that
22   was -- took up some time on -- on July the 13th dealt with the
23   -- dealt with that, and I think I did reflect in the order that
24   we subsequently entered I declined to quash that submission,
25   but I put in the -- in the order and the opinion in connection

1    with the order -- I forget if it was a footnote order or a

2    short memorandum opinion, but I put language in there where I

3    intended to make it clear that those submissions in and of

4    themselves were obviously -- to me obviously -- I'm sure to

5    defendants obviously a far cry from establishing adequate

6    causation, and to the extent that if the plaintiff has a

7    thought that simply presenting a declaration from somebody

8    whose name might appear on that sheet in connection with an

9    opposition to motion for summary judgment as a discovery matter

10   would appear to me to be very inappropriate, and if they expect

11   to rely upon some such affidavit or declaration, some such

12   thing or some such witness, they need to do a much more

13   substantial disclosure within the context of the time period

14   for discovery such as to give the defendants an opportunity to

15   challenge that evidence if they choose to do so by way of

16   deposition.

17           And you might well consider to the extent this comes

18   before Judge Robreno, what his determination would be with that

19   kind of information, and I think this particular opinion would

20   give you some guidance.  It is true that there were other

21   situations where Judge Robreno did allow affidavits, but my

22   recollection is they were situations that were factually quite

23   a bit different, and I think if you take a look through some of

24   the jurisprudence that he's developed in some of these areas,

25   it might help guide the parties in terms of how you're all

Case Case:2:07-485-D00-f54 Document Dot51-1 Filed 11/03/13 Page 96 of 105 Page ID #:4553

1   going to be proceeding.

2            Okay.  So if that's all we have, we will stand

3   adjourned, and I do not see -- and anybody else feel that we

4   have a need to rehash through any of this again or what -- the

5   10:00 tomorrow morning call?

6            MR. MCCOY:  Judge, Bob McCoy.  One thing I heard at

7   the beginning of this would be you said something about there

8   gave been informal briefings on the scheduling order adjustment

9   so far.

10           THE COURT:  Yes.

11           MR. MCCOY:  Have a chance to do a formal

12  presentation.  I just want to make sure that we had -- that is

13  what we have to do then is make a more formal presentation.

14           THE COURT:  I don't -- you know, this thing came up.

15  We discussed it at some length on July 13th.  We took -- took

16  its measure.  You guys had some discussion.  You folks had some

17  discussion amongst yourselves for a bit.  I took, you know,

18  submission that you provided, Mr. McCoy.  I took a submission

19  that was provided by Ms. Studebaker.  I sat down with them and

20  reflected upon them, and we've also discussed this, I think, in

21  previous calls to some extent.

22           I think I have the information that I need.  I don't

23  need to formalize this, and I'm not going to slow down the

24  process any further with respect to this.  I just don't think

25  it's -- it's appropriate given everything that you all and --

EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (No. VI) | : | |
| | : | |
| | : | Civil Action No. |
| | : | 2:01-md-875 |
| THIS DOCUMENT RELATES TO | : | |
| ALL ACTIONS | : | |

**ADMINISTRATIVE ORDER NO. 18**

Upon consideration of the motion to alter or amend Administrative Orders 3, 14, 15, and 16, filed on behalf of certain Plaintiffs by Motley Rice, LLC, the Court will institute a set procedure for Counsel seeking remand of an individual Plaintiff's case to the appropriate transferor District Court. Plaintiffs seeking to have their case remanded must file a motion for a suggestion of remand that conforms to the requirements set forth in this Administrative Order.

A motion for a suggestion of remand must contain, at a minimum, the following information with regard to each individual claim:

1.) The civil action number of the case in the district where it was originally filed.

2.) The civil action number of the case in the Eastern District of Pennsylvania, if the case has been assigned an E.D. Pa. civil action number.

3.) The name of the plaintiff in the case.

4.) The diagnosing report or opinion relied upon by plaintiff in compliance with Administrative Order no.

12.

5.) The identity of defendants that are still viable[1] in the case.

6.) A certification that the motion requesting the suggestion of remand has been served upon counsel for all other parties to the action.

7.) The specific reasons why remand is appropriate in this case.  Plaintiff should specify:

   a.) Whether Plaintiff has complied with Administrative Orders 12 and 12A.

   b.) Whether the injured Plaintiff is alive.

   c.) Whether the parties have submitted a Rule 26(f) report to the Court.

   d.) Whether all relevant discovery has been completed or has been substantially completed.  If not, identify the discovery still to be completed.

   e.) The extent to which settlement conferences have been held in the case and the status of settlement negotiations.

   f.) Whether there are any outstanding motions in the case.  Counsel seeking remand should be able to certify that there are no outstanding motions remaining in the case.

---

[1]    A viable defendant is a defendant which has not been dismissed from the case and is not in bankruptcy proceedings.

g.) <mark>Whether, if the case is remanded, the Plaintiff is prepared for trial without delay once on the transferor court's normal docket.</mark>

h.) The status of congestion in the transferor court docket.

After a motion for a suggestion of remand is filed with the Court, any Defendant opposing the suggestion of remand will be given 15 days to file a response.  If there is no response filed and the Court determines that a suggestion of remand is appropriate, the motion will be granted as uncontested, pursuant to Local Rule of Civil Procedure 7.1(c).  If there is a response, the Court will make a ruling on the parties' filings or schedule a hearing on the matter, if necessary.

Additionally, if a Plaintiff's case is prepared to proceed to trial, and all of the parties provide the necessary consent, both Article I and Article III Judges are available to hold trials in the Eastern District of Pennsylvania.  Details on the procedure for requesting trial in the Eastern District of Pennsylvania, as well other MDL 875 case information, can be found on the MDL 875 website, available at www.paed.uscourts.gov/mdl875.asp.

**AND IT IS SO ORDERED.**

_____

_____**EDUARDO C. ROBRENO, J.**

EXHIBIT P

**Watson, Brian O.**

| | |
|---|---|
| **From:** | Nathan Bloom <nbloom@cvlo.com> |
| **Sent:** | Friday, October 04, 2013 9:17 PM |
| **To:** | Casmere, Edward M.; Watson, Brian O. |
| **Subject:** | FW: Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order |
| **Attachments:** | Cover Page.pdf; Cover Page.wpd; Jurisdiction, claims, relief sought, and length of trial.pdf; Jurisdiction, claims, relief sought, and length of trial.wpd; Witness List.pdf; Witness List.wpd; Statement of Uncontested Facts.pdf; Statement of Uncontested Facts.wpd; Expect to Offer Exhibits.pdf; Expect to Offer Exhibits.xls; NSC Exhibits.pdf; IHF Exhibits.pdf; AIHA Exhibits.pdf; ASME Exhibits.pdf; ACGIH Exhibits.pdf; Government Exhibits.pdf; O-I May Offer Exhibits.pdf; Crane May Offer Exhibits.pdf; Weil-McLain May Offer Exhibits.pdf; Juror questionaire.pdf; Juror questionaire.wpd; Letter to jurors re questionnaire.pdf; Letter to jurors re questionnaire.wpd; Plaintiff's Jury Instuctions.pdf; Plaintiff's Jury Instuctions.wpd |

Hi Ed and Brian,

I see that you weren't in our service list for the Krik case. We should add you, no?

Best,
Nathan

---

**From:** Nathan Bloom
**Sent:** Friday, October 04, 2013 8:19 PM
**To:** 'HPikel@pretzel-stouffer.com'; 'wam@maronmarvel.com'; 'ccarlson@guntymccarthy.com'; 'jamie.kasper@guntymccarthy.com'; 'michael.zukowski@klgates.com'; 'steve.milott@guntymccarthy.com'; 'fanningd@jbltd.com'; 'morrisp@jbltd.com'; 'mfischer@schiffhardin.com'; 'rriley@schiffhardin.com'; 'pmoir@qslwm.com'; 'emccambridge@smsm.com'; 'vzavala@SMSM.com'; 'gmcnamee@smsm.com'; 'jcagnoli@smsm.com'; 'msampson@smsm.com'
**Cc:** Jin-Ho Chung
**Subject:** Krik v. BP et al (IL-ND #10-7435) - Plaintiff's initial draft of the final pretrial order

Dear Counsel:

Attached please find plaintiff's preliminary DRAFT pretrial report for your review.  Please note that plaintiff reserves the right to modify the draft pretrial report.  We look forward to working with you to submit a final pretrial report to the court on October 25, 2013.  Thank you.

Regards,

Nathan Bloom
Legal Assistant
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
Telephone: (312) 944-0600 Ext. 129
nbloom@cvlo.com

United States District Court
Northern District of Illinois, Eastern Division

Charles Krik,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )          Case No. 10-cv-7435
             v.                                  )
                                                 )          District Judge John Z. Lee
BP Amoco Chemical Company, *et al.*,             )
                                                 )
                    Defendants.                  )

---

Plaintiff's Witness List
[Preliminary] [October 4, 2013]

---

Pursuant to Fed. R. Civ. P. 26(a) and this court's Standing Order Governing Proposed Pretrial Orders, plaintiff discloses the following trial witnesses:

1.     Charles Krik
       405 W. Third St.
       Braidwood, IL 60408

2.     Mary Ellen Krik
       405 W. Third St.
       Braidwood, IL 60408

3.     Anthony Pantaleoni
       Contact through Crane counsel

4.     William McLean
       Contact through Crane counsel

5.     James O. Rasmuson
       Contact through Crane counsel

6.     Bruce Larson
       Contract through ExxonMobil counsel

7.     Arthur Pabst, deceased (by deposition)

8.     Robert J. Potts (by deposition)
       Contact through ExxonMobil counsel

9.      Edward R. Averill (by deposition)
        Contact through ExxonMobil counsel

10.     Melvin Corbeil, deceased (by deposition)

11.     Robert F. Critchfield, deceased (by deposition)

12.     Richard Grimmie (by deposition)
        Contact through Owens-Illinois counsel

13.     Willis Hazard, deceased (by deposition)

14.     Paul Schuelke

15.     James W. Hammond

16.     Daniel Braun

Experts

17.     Arthur Frank
        Drexel University
        School of Public Health
        245 N. 15th St.
        Mail Stop 1034
        Philadelphia, PA 19102-1192

18.     Frank Parker
        Caliche Ltd.
        200 Brantley Lane
        Magnolia, TX 77354

19.     Arnold Brody
        Department of Molecular Biomedical Sciences
        North Carolina State University
        4700 Hilsborough St.
        Raleigh, NC 27606

20.     Joseph Ferriter
        16354 S. Paxton Ave.
        Finley Park, IL 60477

21.     Barry Castleman
        P.O. Box 188
        Garrett Park, MD 20896

22.     John Templin
        MAS, Inc.
        3020 Old Ranch Parkway
        Suite 300
        Seal Beach, CA 90740-2750

23.     R. Bruce Woodruff
        Richmond Consulting Group
        2141 W. 95th St.
        Chicago, IL 60643

Treating Physicians

24.     Nafisa D. Burhani
        Joliet Oncology
        2615 W. Jefferson St.
        Joliet, IL 60435