UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-7435 |
| v. ) | |
| ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, ) | Judge John Z. Lee |
| ) | |
| Defendants. ) | |

**OWENS-ILLINOIS, INC.'S
MOTION *IN LIMINE* NO. 1 TO PRECLUDE
PLAINTIFF'S "SYNERGISTIC" EVIDENCE AND ARGUMENTS**

Owens-Illinois, Inc. ("Owens-Illinois") requests an order *in limine* that precludes Plaintiff from arguing or otherwise claiming that Owens-Illinois owed any duty to Plaintiff (or breached any duty that actually and proximately caused his lung cancer) with regard to a "synergistic" effect between cigarette smoking and asbestos exposure. In support of this motion, Owens-Illinois states the following under Federal Rules of Evidence 402 and 403:

**INTRODUCTION**

Before 1968 medical science is devoid of any report, study, or other evidence suggesting a "synergistic" effect between cigarette smoking and asbestos exposure on the risk of lung cancer. The complete absence of evidence precludes Plaintiff from claiming at trial that Owens-Illinois in the 1940s and 1950s could have owed any duty to Plaintiff (or breached any duty that actually and proximately caused his lung cancer) with regard to a "synergistic" effect between cigarette smoking and asbestos exposure. This "synergistic" argument or evidence is not, and cannot be, relevant to Plaintiff's negligence claim against Owens-Illinois under maritime law, and its probative value, if any, is substantially outweighed by unfair prejudice that will confuse the issues and mislead the jury.

## BACKGROUND

Plaintiff smoked at least one to one-and-a-half packs of cigarettes per day for 30 years and contracted lung cancer in November 2008. Nafisa Burhani Dep. (Ex. A) 19:12-18, Aug. 29, 2013. His own treating physician, Dr. Burhani, is unaware of any objective medical evidence that Plaintiff ever had asbestos exposure. *Id.* at 31:9-13. Nevertheless, Plaintiff and his attorneys sued Owens-Illinois claiming that his lung cancer was caused not by smoking, but as a result of exposure to asbestos-containing products. To bridge this gap, Plaintiff's attorneys are expected to argue a "synergistic" effect between cigarette smoking and asbestos exposure, as they did in a recent trial in this Court:

> Westinghouse knew, from this literature, about the synergistic effects. Dr. Selikoff told everybody in the *Journal of the American Medical Association* in 1968, "All people incur a greater risk of lung cancer if they smoke cigarettes. For asbestos workers, the increase in risk is tremendous." Not a little bit, but tremendous. 1968.
>
> All right. Let's not put any warnings for people about the dangers of smoking because the tobacco industry is telling everybody about that. We will just say nothing to those people who we know, predominantly in those construction trades, back then were all smokers. That's negligence.

Trial Tr. (Ex. B) at 21-22, *Wright v. CBS Corporation*, No. 11 C 1954 (N.D. Ill. May 21, 2013).

Before 1968, however, no medical science or any other evidence suggested that Owens-Illinois, or anyone else, knew or should have known of a "synergistic" effect. Plaintiff's retained medical expert, Arthur Frank, M.D., Ph.D., admits unequivocally that April 8, 1968, was the first time that medical science ever recognized a "synergistic" effect:

> Q. You mentioned earlier the synergistic effect between the asbestos and smoking exposures. When was that first recognized in literature?
>
> A. That's the paper we talked about with Dr. Selikoff in 1968. That would be the start of what the world of science knew about the concept of synergism.
>
> We still today talk about mixtures and how mixtures of things may be more harmful than a single exposure by itself. But this basic concept

>of synergy, of two materials causing more cancer, goes back to Dr. Selikoff's paper in 1968.

Trial Tr. (Ex. C) at 32, *Wright v. CBS Corporation*, No. 11 C 1954 (N.D. Ill. May 9, 2013) (referring to Selikoff, Hammond, & Churg, Asbestos Exposure, Smoking, and Neoplasia, J. AM. MED. ASSOC. 204:106-112 (1968), *available at* http://jama.jamanetwork.com/article.aspx?articleid=338714)).

The relevant facts about Owens-Illinois are also undisputed. Owens-Illinois is, and always has been, a glass company. Owens-Illinois is named as a defendant in this case because, for a limited period of time ending on April 30, 1958, it made and sold a high temperature thermal insulation product called Kaylo, including sales to the U.S. Navy. On April 30, 1958, Owens-Illinois sold the entire Kaylo business to Owens Corning Fiberglas — a separate company that continued to make and sell insulation under the brand name Kaylo into the 1970s. Owens-Illinois did not make or sell Kaylo after April 30, 1958. Therefore, the discovery of a possible "synergistic" effect entirely postdates Owens-Illinois's manufacture and sale of Kaylo.

## ARGUMENT

To establish a negligence claim under maritime law, a plaintiff must prove that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Duty is a threshold question of law and measured by "ordinary reasonable care under the circumstances." *Id.* For any duty to exist, however, the law demands evidence that a defendant knew or should have known of the particular risk to plaintiff. *Id.*; *In re Signal Int'l, LLC*, 579 F.3d 478, 491 (5th Cir. 2009); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 611-12 (N.D. Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 488 (6th Cir. 2005).

Because medical science did not discover any risk of a "synergistic" effect until 10 years after Owens-Illinois sold the Kaylo business on April 30, 1958, Owens-Illinois cannot, as a matter of law,

owe any duty to Plaintiff based on his risk of a "synergistic" effect between his cigarette smoking and asbestos exposure. Neither can Owens-Illinois breach a duty that it does not owe to Plaintiff. Without a legal duty running from Owens-Illinois to Plaintiff based on a "synergistic" effect, the entire structure of his negligence claim—breach of duty, causation, damages—fails as a matter of maritime law. *Futo v. Lykes Bros. S.S. Co.*, Inc., 742 F.2d 209 (5th Cir. 1984); *Gemp v. United States*, 684 F.2d 404 (6th Cir. 1982); *see generally* Robert Force & Martin J. Norris, 1 *The Law of Maritime Personal Injuries* § 8:3 (5th ed. & 2012 suppl.) ("When there is no duty, there can be no breach of duty and hence no negligence.").

As in *Bartel*, an asbestos case tried under maritime law, a manufacturer has no duty to a plaintiff where "there was no information available suggesting there was any condition requiring a warning. There is no duty to warn of unknown and unknowable hazards." 316 F. Supp. 2d at 611-12, *aff'd sub nom. Lindstrom*, 424 F.3d at 488. The same is true here. Owens-Illinois cannot, as a matter of maritime law and fundamental tort law, be negligent for breaching a nonexistent duty to Plaintiff regarding a "synergistic" risk that medical science would not discover for 10 years. To hold otherwise would transform Plaintiff's negligence claim into absolute liability and contravene maritime law by imposing a tort duty without any foundation in medical science or any meaningful principle.

"Irrelevant evidence is not admissible," Fed. R. Evid. 402, and relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. While rulings *in limine* are not expressly authorized by the Federal Rules of Evidence, they are encouraged to dispose of evidentiary issues before trial, avoiding delay during trial and allowing the parties to prepare themselves and their witnesses. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874

F.2d 412, 416 (7th Cir. 1989). Because the 1968 discovery of a possible "synergistic" effect between cigarette smoking and asbestos exposure entirely postdates Owens-Illinois's manufacture and sale of Kaylo, it should be excluded under Federal Rules of Evidence 402 and 403.

## CONCLUSION

For these reasons, Owens-Illinois, Inc. requests an order *in limine* that precludes Plaintiff from arguing or otherwise claiming that Owens-Illinois owed any duty to Plaintiff (or breached any duty that actually and proximately caused his lung cancer) with regard to a "synergistic" effect between cigarette smoking and asbestos exposure under Federal Rules of Evidence 402 and 403.

Dated: February 21, 2014    Respectfully submitted,

By: /s/ Brian O. Watson
Matthew J. Fischer
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant Owens-Illinois, Inc.*

- 6 -

**CERTIFICATE OF CONFERENCE**

Pursuant to the Standing Order for Preparation of Final Pretrial Order and the Case Management Procedures, the undersigned attorney certifies that Edward Casmere, counsel for Owens-Illinois, Inc., conferred with counsel for Plaintiff, Jin-Ho Chung, on October 23, 2013, and has determined that the matter upon which a ruling is sought is actually in dispute.

/s/ Brian O. Watson
Brian O. Watson

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on February 21, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\13701304.3