UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-7435 |
| v. ) | |
| ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, ) | Judge John Z. Lee |
| ) | |
| Defendants. ) | |

**OWENS-ILLINOIS, INC.'S
MOTION *IN LIMINE* NO. 2 TO PRECLUDE
"SUBSTITUTION" EVIDENCE AND ARGUMENTS**

Owens-Illinois, Inc. ("Owens-Illinois") requests an order *in limine* that precludes Plaintiff from arguing that it was negligent in failing to substitute non-asbestos-containing thermal insulation for the U.S. Navy. In support of this motion, Owens-Illinois states the following under Federal Rules of Evidence 402 and 403:

**INTRODUCTION**

The U.S. Navy required asbestos in thermal insulation. Before manufacturers like Owens-Illinois even could receive authorization to manufacture and sell thermal insulation to the U.S. Navy, the U.S. Navy demanded that the thermal insulation satisfy *its* military specifications and pass *its* military qualifying tests requiring asbestos. Therefore, Plaintiff should be precluded from arguing that Owens-Illinois was negligent in failing to substitute non-asbestos-containing thermal insulation for the U.S. Navy, because that argument is both factually inaccurate and irrelevant, and its probative value, if any, is substantially outweighed by unfair prejudice that will confuse the issues and mislead the jury.

**ARGUMENT**

"Irrelevant evidence is not admissible," Fed. R. Evid. 402, and relevant evidence may be

excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. While rulings *in limine* are not expressly authorized by the Federal Rules of Evidence, they are encouraged to dispose of evidentiary issues before trial, avoiding delay during trial and allowing the parties to prepare themselves and their witnesses. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Because any argument that Owens-Illinois failed to substitute non-asbestos-containing thermal insulation for the U.S. Navy is baseless and inconsistent with the facts, it should be excluded under Federal Rules of Evidence 402 and 403.

The relevant facts about Owens-Illinois are not disputed. Owens-Illinois is, and always has been, a glass company. Owens-Illinois is named as a defendant in this case because, for a limited period of time ending on April 30, 1958, it made and sold a high temperature thermal insulation product called Kaylo, including sales to the U.S. Navy. On April 30, 1958, Owens-Illinois sold the entire Kaylo business to Owens Corning Fiberglas — a separate company that continued to make and sell insulation under the brand name Kaylo into the 1970s. Owens-Illinois did not make or sell Kaylo after April 30, 1958.

In the U.S. Navy, every material used to construct its ships required approval and qualification by the U.S. Navy. Given the critical nature of many systems aboard its ships, and the inherent danger of system failures at sea, the U.S. Navy created rigid controls over its designs and materials and ensured that only qualified thermal insulation was used. On January 12, 1944, the U.S. Navy recommended Owens-Illinois Kaylo thermal block insulation for "registration on the Acceptable List of Approved Materials for Class A and B material under Specification 32-I-3." Letter to Owens Illinois Glass Company (Ex. A) at 1, January 12, 1944. The U.S. Navy later recommended Owens-Illinois Kaylo thermal pipe insulation for "registration on the Acceptable List

of Approved Materials for Grade I, Classes a and b, Grade II and Grade II, Classes a and b [under Specification 32-P-8]." Letter to Owens Illinois Glass Company (Ex. B) at 1, May 29, 1944.

Under its 32-P-8 (later MIL-I-2781) specification and 32-I-3 (later MIL-I-2819) specification, the U.S. Navy carefully controlled every type of thermal insulation used aboard its ships. The U.S. Navy wrote these military specifications, as it had superior knowledge about the demands and the requirements for its combat ships at sea. And these U.S. Navy specifications were highly specific, detailing the temperature, material content, and hardness requirements for thermal insulation. U.S. Navy, Navy Department Specification 32-P-8, Pipe-Covering, Thermal Insulation (Ex. C) at 1-40 (pages omitted); U.S. Navy, Navy Department Specification 32-I-3, Insulation, Thermal, Block (Ex. D) at 1-5 (pages omitted). Most importantly for this motion, the U.S. Navy specified the composition of thermal insulation and verified that composition by chemical analysis. *E.g.*, *id.* at 1, 4.

As shown in the Bureau of Ships Manual for Thermal Insulation, the U.S. Navy required that Owens-Illinois Kaylo contain asbestos. *E.g.*, U.S. Navy, Bureau of Ships Manual (Ex. E) at 39-2–39-4 (pages omitted). For example, the U.S. Navy maintained three grades of thermal block insulation—Class A, B and C. Class A was thermal insulation suitable up to 500º Fahrenheit. Class B was rated for 500º to 1000º Fahrenheit. Class C was capable of withstanding temperatures from 1000º to 1500º Fahrenheit. Under Class A and B, the U.S. Navy made clear that the thermal insulation block was made of asbestos and was either an 85% magnesia percent magnesium carbonate (with about 15% asbestos) or an asbestos-containing calcium silicate insulation, such as Owens-Illinois Kaylo. *E.g.*, *id.* at 39-4. Plaintiff cannot point to one, single non-asbestos containing thermal insulation product qualified by the U.S. Navy in the 1940s and 1950s.

Indeed, the U.S. Navy required asbestos well after Owens-Illinois stopped selling Kaylo thermal insulation. Plaintiff's expert, Barry Castleman Sc.D., would opine that the U.S. Navy looked at "the availability of safer substitute materials" but only "[m]ore recently." Barry Castleman Sc.D.,

- 3 -

*Asbestos: Medical and Legal Aspects* (Ex. F) at 706 (2005); Barry Castleman Rep. (ECF No. 64-2) at 1, Oct. 19, 2011 (incorporating book in expert report). He cites the U.S. Navy's documents showing that its asbestos substitution programs began in the 1970s. *Id.* And the U.S. Navy documents unquestionably confirm that conclusion from Plaintiff's own expert. On April 22, 1970, the U.S. Navy appointed a committee to study eliminating asbestos, and they concluded that:

> A basic problem is evident in that many insulation specifications are written around the use of asbestos; cooperation from the Navy Department in changing the specification is essential if recommendations from the committee are to be carried out.

U.S. Navy, *Interim Report on Study to Eliminate Asbestos From Use in the Shipyard on Navy Contracts* (Ex. G) at 24, June 19, 1970. Because the U.S. Navy required asbestos in thermal insulation, and did not permit substitution of non-asbestos until the 1970s, the entire premise that Owens-Illinois was negligent for failing to substitute non-asbestos-containing thermal insulation for the U.S. Navy is inconsistent with the facts and law.

## CONCLUSION

For these reasons, Owens-Illinois, Inc. requests an order *in limine* that precludes Plaintiff from arguing or otherwise claiming that it was negligent for failing to substitute non-asbestos-containing thermal insulation for the U.S. Navy under Federal Rules of Evidence 402 and 403.

Dated: February 21, 2014

Respectfully submitted,

By: /s/ Brian O. Watson
Matthew J. Fischer
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant Owens-Illinois, Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to the Standing Order for Preparation of Final Pretrial Order and the Case Management Procedures, the undersigned attorney certifies that Edward Casmere, counsel for Owens-Illinois, Inc., conferred with counsel for Plaintiff, Jin-Ho Chung, on October 23, 2013, and has determined that the matter upon which a ruling is sought is actually in dispute.

/s/ Brian O. Watson
Brian O. Watson

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on February 21, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\13723835.1