**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-7435 |
| v. ) | |
| ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, ) | Judge John Z. Lee |
| ) | |
| Defendants. ) | |

**OWENS-ILLINOIS, INC.'S
MOTION *IN LIMINE* NO. 3 TO PRECLUDE
"NON-TOXIC" EVIDENCE AND ARGUMENTS**

Owens-Illinois, Inc. ("Owens-Illinois") requests an order *in limine* precluding any evidence or argument about Kaylo being advertised or referred to as non-toxic, including but not limited to Plaintiff's proposed exhibits 151, 153, 809, 821, and 824 ("Non-Toxic Evidence"). In support of this motion, Owens-Illinois states the following under Federal Rules of Evidence 402 and 403:

**INTRODUCTION**

Today, asbestos would not be considered non-toxic, but "[p]rior to 1970, asbestos was considered non-toxic and used for fire-proofing and to insulate homes, office buildings, and schools." Solid Waste Emergency Response Bulletin No. EPA 520-F-94-014, at 6 (EPA, Summer 1994) (Ex. A). Owens-Illinois is named as a defendant in this case because, for a limited period of time ending on April 30, 1958, it made and sold a high temperature thermal insulation product called Kaylo. Asbestos was, in fact, properly characterized as non-toxic during the time Owens-Illinois manufactured and distributed Kaylo.

Plaintiff has identified several exhibits wherein Owens-Illinois advertised or referred to its asbestos-containing Kaylo as non-toxic in the 1950s. This evidence should be excluded under Federal Rules of Evidence 402 and 403 for at least three reasons: (1) liability and conduct of Owens-

Illinois is measured as of April 1958 or before because that is the last possible date the Kaylo insulation product was sold by Owens-Illinois; (2) neither Plaintiff nor the U.S. Navy ever saw the advertisements; and (3) it would be unfairly prejudicial to allow argument and evidence of today's standard to measure Owens-Illinois's conduct from 54 years ago.

## ARGUMENT

The Federal Rules of Evidence provide expressly that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While rulings *in limine* are not expressly authorized by the Federal Rules of Evidence, they are encouraged to dispose of evidentiary issues before trial, avoiding delay during trial and allowing the parties to prepare themselves and their witnesses. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

**I.  Asbestos Was Generally Considered Non-Toxic the Entire Time that Owens-Illinois Sold Kaylo.**

Owens-Illinois's conduct must be measured by what was known or knowable before April 30, 1958, when it ceased the manufacture and sale of Kaylo. *See Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 611-12 (N.D. Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 488 (6th Cir. 2005). Many well-respected sources from the 1950s made clear in the 1950s that it was accurate and reasonable for Owens-Illinois to characterize Kaylo as non-toxic. For instance, the pioneering asbestos researcher E.R.A. Merewether classified asbestos in 1956 among "[n]on-toxic inorganic dusts," as opposed to "[d]usts which are systemic poisons . . . ." 3 E.R.A. Merewether, *Industrial Medicine and Hygiene* 7 (Butterworth & Co. (Publishers) Ltd. 1956) (Ex. B). Another authority that defined asbestos as non-toxic was the American Conference of Governmental Industrial Hygienists (ACGIH). In 1946, the ACGIH categorized the various substances for which it

established threshold limit values. *Proceedings of the Eighth Annual Meeting of the American Conference of Governmental Industrial Hygienists* (Apr. 7-13, 1946) (**Ex. C**). The categories were "Gases and Vapors" (*id.* at 343), "Toxic Dusts, Fumes and Mists" (*id.* at 344), "Mineral Dusts" (*id.*), and "Radiations" (*id.* at 345). Asbestos was listed as a "Mineral Dust," not a "Toxic Dust." *Id.* at 344.

Medical and scientific literature continued to classify asbestos as non-toxic into the 1970s. A 1964 publication by the American College of Chest Physicians (i.e., lung specialists) stated that asbestos was not considered to be a toxic substance: "Asbestos is not currently considered a toxic substance since it does not produce systemic poisoning." G.W.H. Schepers, *et al.*, *Asbestosis: Report of the Section on Nature and Prevalence Committee on Occupational Diseases of the Chest, American College of Chest Physicians*, 45 Diseases of the Chest 107, 108 (1964) (Ex. D). In its April 1973 Health Hazard Evaluation Report 72-91, assessing potential asbestos exposures at the Mobil Oil Corporation's refinery in Augusta, Kansas, the National Institute for Occupational Safety and Health (part of the U.S. Department of Public Health, Education and Welfare) determined that "asbestos is not toxic at the concentrations used and found in the insulators' working operation." Ex. E at 2. In 1994 the Environmental Protection Agency stated that "[u]ntil the 1970s, asbestos was considered non-toxic . . . ." Solid Waste and Emergency Response Bulletin No. EPA 520-F-94-014 at 2 (EPA, Summer 1994) (Ex. A).

II.  **The Non-Toxic Evidence Is Irrelevant and Foundationless Because Neither Plaintiff Nor the U.S. Navy Ever Read or Relied On It.**

Advertisements and brochures never seen or relied upon by a party to a product liability action are irrelevant and should be excluded at trial. *See Vroman v. Sears, Roebuck & Co.*, 387 F.2d 732, 734 (6th Cir. 1967) ("[W]ithout any showing that plaintiff's grandfather (the purchaser of the [product] here in question) ever saw any such advertisement … the objection to their introduction was well taken."); *Strang v. R.J. Reynolds Tobacco Co.*, No. 05 C 50108, 2008 WL 4951325, at *5 (N.D. Ill. Nov. 18, 2008) (affirming summary judgment on fraudulent misrepresentation, negligence, and

failure to warn claims after finding there was no evidence that plaintiff "actually saw any advertisements referred to . . . or that he relied on any false statements"); *Appleby v. Glaxo Wellcome, Inc.*, No. CIV. 04-0062 RBK, 2005 WL 3440440, at *4 n.5 (D.N.J. Dec. 13, 2005) ("[I]t is clear that a plaintiff who has never seen any advertising cannot be harmed by flaws in that advertising."); *Am. Honda Motor Co. Inc.*, No. Civ.A. 99-3716, 2001 WL 83260, at *4 (E.D. La. Jan. 26, 2001) (excluding advertisements and company literature the plaintiff never read); *In re Norplant Contraceptive Products Liab. Litig.*, MDL 1038, 1997 WL 81092, at *1 (E.D. Tex. Feb. 21, 1997) ("Absent evidence that the physicians were exposed to the above listed materials, the court finds that the promotional and advertising materials are not relevant evidence.").

Plaintiff has never alleged that he saw, read, or relied on any Kaylo brochure. There is similarly no evidence that anyone in the U.S. Navy ever read or relied on the Non-Toxic Evidence. The U.S Navy approved Kaylo for use in 1944. Letter to Owens Illinois Glass Company, Jan. 12, 1944, at 1 (Ex. F); Letter to Owens Illinois Glass Company, May 29, 1944, at 1 (Ex. G). The Non-Toxic Evidence includes brochures from 1952 and 1956 — eight years after the U.S Navy approved Owens-Illinois Kaylo for use. The U.S. Navy could not have relied on the brochures in approving Kaylo for use, as the brochures did not yet exist. Because neither Plaintiff nor the U.S. Navy ever saw or relied on the Non-Toxic Evidence, the evidence is irrelevant and inadmissible. Fed. R. Evid. 402, 602.

### III. Admitting the Non-Toxic Evidence Would Create Unfair Prejudice, Confuse the Issues, Mislead the Jury, and Waste Valuable Trial Time.

Even if this Court were to find the Non-Toxic Evidence is somehow relevant (which it is not), its admission would invite the jury to blame Owens-Illinois for failing to predict the evolving definition of the term "toxic." *Webster's Collegiate Dictionary* shows that the term "toxic" has a much broader meaning in present parlance than it did at the time the brochures were published. In 1947 Webster's defined "toxic" as follows: "1. Of, pertaining to, or caused by, poison or a toxin. 2.

Affected by a toxin. 3. Poisonous." *Webster's Collegiate Dictionary* 1056 (5th ed. 1947) (Ex. H). "Toxin" was defined in 1947 as a "poison formed as a specific secretion product in the metabolism of a vegetable or animal organism and chemically allied to proteins." *Id.* at 1057. In 2008, however, *Webster*'s definition of "toxic" included anything that is "extremely harsh, malicious, or harmful." *Merriam-Webster's Collegiate Dictionary* 1323 (11th ed. 2008) (Ex. I). While the broader 2008 definition could arguably be said to cover asbestos (insofar as it can be considered a "harmful substance" under certain circumstances), the 1947 definition would not have encompassed asbestos (which is a mineral fiber and is not produced by any organism). Admission of the Non-Toxic Evidence would thus unfairly prejudice Owens-Illinois as it would allow Plaintiff to attack Owens-Illinois based on the evolving definition of a term that has quite clearly changed over the last 60 years.

Furthermore, admission of the Non-Toxic Evidence would waste considerable trial time by creating a mini-trial in which Owens-Illinois is forced to explain to the jury why it was justified in describing Kaylo as non-toxic in the 1950s. This sideshow would have nothing to do with the pertinent issues in this case. It would be particularly prejudicial to require Owens-Illinois to address this distraction where there is no foundation that either Plaintiff or the U.S. Navy ever relied on the Non-Toxic Evidence.

## CONCLUSION

For these reasons, Owens-Illinois, Inc. requests an order *in limine* precluding any evidence or argument relating to Kaylo being advertised or referred to as non-toxic, including but not limited to Plaintiff's proposed exhibits 151, 153, 809, 821, and 824, under Federal Rules of Evidence 402 and 403.

- 6 -

Dated: February 21, 2014          Respectfully submitted,

         By: /s/ Brian O. Watson
            Matthew J. Fischer
            Edward Casmere
            Brian O. Watson
            Schiff Hardin LLP
            233 S. Wacker Dr. Suite 6600
            Chicago, Illinois 60606
            (312) 258-5500
            (312) 258-5600 (facsimile)

            *Attorneys for Defendant Owens-Illinois, Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to the Standing Order for Preparation of Final Pretrial Order and the Case Management Procedures, the undersigned attorney certifies that Edward Casmere, counsel for Owens-Illinois, Inc., conferred with counsel for Plaintiff, Jin-Ho Chung, on October 23, 2013, and has determined that the matter upon which a ruling is sought is actually in dispute.

/s/ Brian O. Watson
Brian O. Watson

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on February 21, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\14202188.2