4.       **WITNESSES**

      **Plaintiff's Witness List:**

            **Witnesses expected to appear in person**

1.       Charles Krik (Plaintiff)
      405 W. Third St.
      Braidwood, IL 60408

2.       Anthony Pantaleoni (Crane Co. designated witness)
      Contact through Crane counsel

      Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151).

3.       Paul Schuelke (Weil-McLain designated witness)
      Contact through Weil-McLain counsel

      Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151).

4.       Arthur Frank, M.D.
      Drexel University
      School of Public Health
      245 N. 15th St.
      Mail Stop 1034
      Philadelphia, PA 19102-1192

      Defendants jointly refer to their objections in their pending *Daubert* motions (ECF Nos.

62, 66, 71, 76) and pending motions *in limine*.

5.       Frank Parker
      Caliche Ltd.
      200 Brantley Lane
      Magnolia, TX 77354

      Defendants jointly refer to their objections in their pending *Daubert* motions (ECF Nos.

76) and pending motions *in limine*.

6.       Arnold Brody, Ph.D.
      Department of Molecular Biomedical Sciences
      North Carolina State University

4700 Hilsborough St.
Raleigh, NC 27606

Defendants jointly refer to their objections in their pending *Daubert* motions (ECF Nos.

62, 66, 71, 76) and pending motions *in limine*.

7.    Joseph Ferriter
16354 S. Paxton Ave.
Tinley Park, IL 60477

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151) and pending motions *in limine*.

8.    Barry Castleman
P.O. Box 188
Garrett Park, MD 20896

Defendants jointly refer to their objections in their pending *Daubert* motions (ECF Nos.

63, 64) and pending motions *in limine*.

9.    John Templin
MAS, Inc.
3020 Old Ranch Parkway
Suite 300
Seal Beach, CA 90740-2750

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151), pending *Daubert* motions

(ECF No. 65), and pending motions *in limine*.

10.    R. Bruce Woodruff (rebuttal only if needed)
Richmond Consulting Group
PO Box 74607
Richmond, VA 23236

Defendants Mobil, Owens-Illinois, and Weil-McLain jointly object to R. Bruce Woodruff

because he was never disclosed against them and request that the Court restrict his testimony to

its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105. Plaintiff

obtained leave and disclosed an expert report only with respect to Crane Co. and Westinghouse.

Plaintiff's Response: On March 8, 2012 Judge Robreno issued an order allowing Plaintiff

to add Captain Woodruff as a rebuttal witness for Navy defenses in the MDL-875. Plaintiff

agrees to an FRE 105 instruction as to Mobil and Weil-McLain.

11.    Nafisa D. Burhani, M.D.
       Joliet Oncology
       2615 W. Jefferson St.
       Joliet, IL 60435

**Witnesses whose deposition(s) will be used if they are unavailable to appear
in person at trial**

12.    Bruce Larson (Mobil designated witness)
       Contact through ExxonMobil counsel

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151). Mobil further objects on

grounds that Plaintiff's tendered deposition designations were never properly disclosed in this

matter, and on grounds that the designated portions of Mr. Larson's deposition are not relevant to

this matter, and introducing them to the jury would be more unfairly prejudicial to Mobil than

probative. Defendants Crane Co., Owens-Illinois, and Weil-McLain jointly object to Mr. Larson

because he was never disclosed against them and request that the Court restrict his testimony to

its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105.

Moreover, Defendants Crane Co., Owens-Illinois, and Weil-McLain were not parties to and did

not attend the deposition from which Plaintiff has designated, and therefore jointly object on

grounds that the deposition constitutes inadmissible hearsay.

Plaintiff agrees to an FRE 105 instruction as to Crane Co., Owens-Illinois, and Weil-

McLain

**<u>Witnesses who will testify by past deposition(s)</u>**

13.    Arthur Pabst, deceased (Mobil industrial hygiene director)
       (By deposition dated November 26, 1980)

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151).  Mobil further objects on

grounds that Plaintiff's tendered deposition designations were never properly disclosed in this

matter, and on grounds that the designated portions of Mr. Pabst's deposition are not relevant to

this matter, and introducing them to the jury would be more unfairly prejudicial to Mobil than

probative.  Defendants Crane Co., Owens-Illinois, and Weil-McLain jointly object to Mr. Pabst

because he was never disclosed against them and request that the Court restrict his testimony to

its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105.

Moreover, Defendants Crane Co., Owens-Illinois, and Weil-McLain were not parties to and did

not attend the deposition from which Plaintiff has designated, and therefore jointly object on

grounds that the deposition testimony constitutes inadmissible hearsay.

Plaintiff agrees to an FRE 105 instruction as to all defendants except Mobil.

14.    Richard Grimmie (Owens-Illinois employee)
       (By deposition dated 9/20/91 and 10/28/91)

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar

Undisclosed and Improperly Disclosed Witnesses (ECF No. 151).  Owens-Illinois further objects

to Plaintiff's proposed designations of Mr. Grimmie's depositions on grounds that the deposition

testimony constitutes inadmissible hearsay.   Defendants Crane Co., Mobil, and Weil-McLain

jointly object to Mr. Grimmie because he was never disclosed against them and request that the

Court restrict his testimony to its proper scope and instruct the jury accordingly under Federal

Rule of Evidence 105.

Plaintiff agrees to an FRE 105 instruction as to all defendants except Owens-Illinois.

15.  Willis Hazard, deceased (Owens-Illinois industrial hygienist)
     (By deposition dated 2/11/81)

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151). Defendants Crane Co., Mobil, and Weil-McLain jointly object to Mr. Hazard because he was never disclosed against them and request that the Court restrict his testimony to its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105.

Plaintiff agrees to an FRE 105 instruction as to all defendants except Owens-Illinois.

16.  William McLean (Crane Co. engineering director)
     (By deposition dated 12/15/95)

Defendants jointly refer to their objections in their pending Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151). Defendants Mobil, Owens-Illinois, and Weil-McLain jointly object to Mr. McLean because he was never disclosed against them and request that the Court restrict his testimony to its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105. Moreover, Defendants Mobil, Owens-Illinois, and Weil-McLain were not parties to and did not attend the deposition from which Plaintiff has designated, and therefore jointly object on grounds that the deposition constitutes inadmissible hearsay.

Plaintiff agrees to an FRE 105 instruction as to all defendants except Crane Co.

## **Trade Organization Witnesses (for matters on which stipulations could not be reached)**

17.   Neill Weaver
      (By deposition dated January 13 and 15, 1993)

Defendants jointly object to Neill Weaver because he was never disclosed as a witness in this case.  Indeed, Mr. Weaver's name and proposed deposition designation were identified for the first time on January 31, 2014.  Defendants therefore jointly refer to their objections in their pending Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151), which apply equally to Mr. Weaver.  Mobil further objects on grounds that Plaintiff's tendered deposition designations were never properly disclosed in this matter, and on grounds that the designated portions of Mr. Weaver's deposition are not relevant to this matter, and introducing them to the jury would be more unfairly prejudicial to Mobil than probative. Defendants Crane Co., Owens-Illinois, Weil-McLain and Mobil jointly object to Mr. Weaver because he was never disclosed against them and request that the Court restrict his testimony to its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105.

Mobil further objects on grounds that even though Plaintiff stipulates that Dr. Weaver's testimony will not be used against Mobil and will agree to a limiting instruction to this effect, such limiting instruction may be insufficient to cure the potential prejudice to Mobil.  Defendants first learned of Plaintiff's designation of testimony of Dr. Weaver on January 31, 2014, and did not receive any actual transcripts until after requesting them at the status conference of February 5, 2014.  Plaintiff admitted at the status conference the Dr. Weaver was not previously disclosed in any witness disclosure, and in any discovery.  Despite Defendants' request for Dr. Weaver's deposition testimony, Plaintiff supplied only two volumes of the deposition.  Upon information and belief, Dr. Weaver gave at least 7 volumes of testimony over the course of as many days. Dr. Weaver was never an employee or agent of Mobil, and was never disclosed or presented as a

corporate representative. Upon information and belief, Dr. Weaver was an employee of a company affiliated in some way with Exxon – a different company at the time. His activities in connection with the API occurred decades before Mobil had any corporate affiliation with Exxon. Further, Plaintiff provides no information regarding the allegations in the lawsuit in which the deposition of Dr. Weaver occurred, and provides no support that any party who appeared at the deposition had any similar motivation to examine Dr. Weaver in relation to the allegations and issues in this case. To the extent any portion of Dr. Weaver's testimony is allowed, Mobil should be allowed to review all other portions of Dr. Weaver's testimony, including all volumes that Plaintiff has not provided, in order to determine whether counter designations are appropriate. Mobil should not be obligated to expend this very significant and costly effort caused by Plaintiff's last-minute effort to graft into this matter new substantive evidence.

Mobil adds further that on the morning this Final Order was due to be filed, February 21, 2014, at 10:46 a.m., Plaintiff's counsel altered the list of Defendants against whom the witnesses' testimony would be used, thereby reversing course on the stipulation set forth above. Prior to the last-minute alteration, the witnesses was explicitly not listed as a witness against Mobil, and Plaintiff's counsel explicitly agreed to a FRE 105 instruction explaining as much. Mobil's previously-drafted objections were based upon this stipulation. Mobil adds this as further support for its Motion to Strike all previously undisclosed and improperly disclosed witnesses and for costs, and reserves the right, if necessary, to supply additional objections to the testimony.

Plaintiff agrees to an FRE 105 instruction as to Owens-Illinois and Weil-McLain.

18.     Robert Maracek
        (By deposition dated August 27, 2002)

Defendants jointly object to Mr. Maracek because he was never disclosed as a witness in this case.  Indeed, Mr. Maracek's name and proposed deposition designation were identified for the first time on January 31, 2014.  Defendants therefore jointly refer to their objections in their pending Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151), which apply equally to Mr. Maracek.  Moreover, Defendants jointly object to Mr. Maracek because he was never disclosed against them and request that the Court restrict his testimony to its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105.

19.     Daniel Braun, M.D.

        (By deposition dated May 5, 1982)

Defendants jointly object to Dr. Braun because he was never disclosed as a witness in this case.  Indeed, Dr. Braun's name and proposed deposition designation were identified for the first time on January 31, 2014.  Defendants therefore jointly refer to their objections in their pending Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151), which apply equally to Dr. Braun.  Moreover, Defendants jointly object to Dr. Braun because he was never disclosed against them and request that the Court restrict his testimony to its proper scope and instruct the jury accordingly under Federal Rule of Evidence 105.

        Plaintiff agrees to an FRE 105 instruction as to Crane Co.


20.     Any records custodian or other witness in the event a defendant does not  stipulate to the authenticity of any record or lodges any objection under Federal Rule of Evidence 802.

        Defendants jointly object and lack any information to state their objections with more particularity.

**Crane Co.'s Witness List**

Crane Co. submits the following list of names and addresses of all witnesses who will be called.

### Who Will Be Called

1.      Anthony Pantaleoni
      Crane Co. headquarters
      Stamford, CT

2.      Michael Graham, M.D.
      St. Louis University
      1402 South Grand Blvd
      Doisy Hall, R 517
      St. Louis, MO  63104

3.      Peter Barrett, M.D.
      12 Mann Hill Road, Suite 100
      Scituate, Massachusetts 02066

4.      Samuel Forman, M.D.
      Oak and Ivy Health Systems, Inc.
      11 Clinton Road
      Brookline, MA  02445

5.      Robert Strode, CIH
      Chemistry & Industrial Hygiene, Inc.
      10201 West 43rd Avenue, Suite 201
      Wheat Ridge, CO  80033

6.      Charles Blake, CIH
      Bureau Veratis North America, Inc.
      Health, Safety & Environmental Services
      3380 Chastain Meadows Pkwy #300
      Kennesaw, GA  30144

7.      Donna Ringo, CIH
      DMR & ASSOCIATES
      Post Office Box 24467
      604 Pennyroyal Way
      Louisville, KY  40223

8.      Adm. David P. Sargent, Jr.
        SEI Associates
        P.O. Box 1466
        Great Falls, VA  22066-1466

Crane Co. reserves the right to call any witness from its Fed. R. 26(a)(2)(A) disclosures

as a substitute for any of these witnesses in the event of scheduling difficulties.

Plaintiff objects to the following Crane Co. witnesses who were not timely disclosed in

compliance with the MDL-875 scheduling order:

Michael Graham, M.D.

Charles Blake, CIH

Donna Ringo, CIH

**Mobil's Witness List**

Mobil submits the following list of names and addresses of all witnesses: (1) who will be called, and (2) who may be called.

### Who Will Be Called

1.  Bruce Larson, CIH
    3587 Hamburg Rd.
    Edinburg, VA 22824

2.  Larry Musson
    30906 S Cedar Rd
    Manhattan, IL 60442-9627

### Who May Be Called

3.  J. Leroy Balzer, Ph.D.
    408 Horse Trail Court
    Alamo, California 94507

4.  Dr. Bob Jones
    1430 Tulane Avenue
    Box SL-9
    New Orleans, Louisiana 70112

5.  Dr. David Weill
    300 Pastour Drive H3143
    Palo Alto, CA 94305

6.  Dr. Mark Wick
    130 Cartersville Road
    New Canton, VA 23123

7.  Dr. Malcolm Goodwin
    206 Woodland Court
    O'Fallon, Illinois

8.  Alan C. Legasto, MD
    311 East 38th Street
    NY, NY 10016

9.  Andrew J. Ghio, M.D.
    125 MacNider Building, Campus Box 7000
    Chapel Hill, North Carolina 27514

10.    Mobil reserves the right to use any Co-Defendant expert witnesses to testify in accord with their reports.

11.    Rebuttal witnesses

12.    Any records custodian or other witness in the event Plaintiff does not stipulate to the authenticity of any record or lodges any objection under Federal Rule of Evidence 802.

Plaintiff objects to the following Exxon Mobil witness, who was not timely disclosed in compliance with the MDL-875 scheduling order:


Andrew J. Ghio

Plaintiff objects to Exxon Mobil's use of any Co-Defendant opinion witness at trial, as they were not timely disclosed for Mobil.


Mobil responds to Plaintiff's objections on grounds that they are without merit in light of Mobil's timely disclosure of experts more than two years ago, including, but not limited to, by letter of January 6, 2012. Moreover, Mobil explicitly adopted all Co-Defendant expert reports, without any objection by Plaintiff. Plaintiff does not object to Dr. Ghio's report as disclosed by Co-Defendant Owens-Illinois.

<u>**Owens-Illinois's Witness List**</u>

Owens-Illinois submits the following list of names and addresses of all witnesses: (1) who will be called, (2) who may be called, and (3) whose deposition will be used.

<u>**Who Will Be Called**</u>

1.  Earl D. Gregory, Ph.D., CIH, CSP
    5718 Yamassee Drive
    Hamilton, OH 45011
    E.D. Pa. ECF No. 164

Earl D. Gregory, Ph.D., CIH, CSP is a retained expert and was disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

2.  Peter Neushul, Ph.D.
    Department of History
    University of California
    Santa Barbara, CA 93116
    E.D. Pa. ECF No. 164

Peter Neushul, Ph.D. is a retained expert and was disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

3.  Capt. William A. Lowell, USNR-Ret.
    45 Sixth Avenue
    Augusta, ME 04330
    E.D. Pa. ECF No. 164

Capt. William A. Lowell, USNR-Ret. is a retained expert and was disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

<u>**Who May Be Called**</u>

4.  Lambertus Hesselink, Ph.D.
    CIS-X Building, Rm 325
    Stanford University
    Stanford, California 94305
    N.D. Ill. ECF No. 65-5

Lambertus Hesselink, Ph.D. is a rebuttal expert and was disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (D) within 30 days after Plaintiff's tender and

deposition of John Templin.   Dr. Hesselink may be called subject to the ruling on the pending

Motion to Bar the Longo/Mas Videotaped Experiments and Related Testimony (ECF No. 65).

      5.      Andrew J. Ghio, M.D.
             125 MacNider Building, Campus Box 7000
             Chapel Hill, North Carolina  27514
             E.D. Pa. ECF No. 164

Andrew J. Ghio, M.D. is a retained expert and was disclosed pursuant to Federal Rule of

Civil Procedure 26(a)(2)(B).

      6.      Robert N. Jones, M.D.
             Tulane University Medical Center
             Pulmonary Disease, Box SL-9
             1430 Tulane Avenue
             New Orleans, LA  70112-2632
             E.D. Pa. ECF No. 164

Robert N. Jones, M.D. is a retained expert and was disclosed pursuant to Federal Rule of

Civil Procedure 26(a)(2)(B).

      7.      Joseph J. Renn, III, M.D., F.C.C.P., B.C.F.E., B.C.F.M.
             439 Buckeye Road
             Core, WV  26541
             E.D. Pa. ECF No. 164

Joseph J. Renn, III, M.D., F.C.C.P., B.C.F.E., B.C.F.M. is a retained expert and was

disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

      8.      Mark R. Wick, M.D., F.C.A.P., M.A.S.C.P.
             130 Cartersville Road
             New Canton, VA  23123
             E.D. Pa. ECF No. 164

Mark R. Wick, M.D., F.C.A.P., M.A.S.C.P. is a retained expert and was disclosed

pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

      9.      David Weill, M.D.
             Division of Pulmonary and Critical Care Medicine
             300 Pasteur Drive, H3143
             Palo Alto, CA  94305-5236

E.D. Pa. ECF No. 164

David Weill, M.D. is a retained expert and was disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

### **Whose Deposition Will Be Used**

10.    Willis G. Hazard
(Deceased)

Willis G. Hazard is a past employee of Owens-Illinois and was disclosed by Owens-Illinois under Federal Rule of Civil Procedure 26(a)(1). In its case-in-chief, Owens-Illinois will offer the former deposition testimony of Mr. Hazard, dated February 11, 1982, under Federal Rule of Evidence 804(b)(1) and 804(b)(6). Plaintiff agreed at the meet-and-confer of October 17, 2013, that he has no objections to Owens-Illinois reading Mr. Hazard's deposition testimony in its case-in-chief.

### **Owens-Illinois Deposition Designations for Its Case-in-Chief**

| From | | To | | Objections | Basis for Admissibility |
|---|---|---|---|---|---|
| 14 | 19 | 17 | 16 | | |
| 17 | 22 | 18 | 5 | | |
| 19 | 4 | 19 | 10 | | |
| 19 | 15 | 20 | 5 | | |
| 21 | 3 | 22 | 12 | | |
| 30 | 15 | 31 | 10 | | |
| 32 | 3 | 35 | 15 | | |
| 36 | 22 | 37 | 10 | | |
| 38 | 1 | 38 | 7 | | |
| 38 | 21 | 39 | 9 | | |
| 39 | 15 | 40 | 5 | | |
| 40 | 21 | 41 | 19 | | |
| 42 | 8 | 42 | 15 | | |
| 49 | 1 | 49 | 3 | | |
| 49 | 18 | 50 | 15 | | |
| 52 | 5 | 53 | 21 | | |
| 54 | 19 | 57 | 13 | | |
| 59 | 18 | 60 | 18 | | |
| 61 | 1 | 63 | 9 | | |
| 72 | 19 | 73 | 22 | | |

| 79 | 8 | 79 | 20 | | |
|---|---|---|---|---|---|
| 80 | 15 | 80 | 21 | | |
| 81 | 5 | 82 | 3 | | |
| 82 | 17 | 83 | 6 | | |
| 84 | 17 | 84 | 20 | | |
| 84 | 22 | 85 | 4 | | |
| 85 | 14 | 89 | 8 | | |
| 89 | 18 | 90 | 23 | | |
| 100 | 6 | 105 | 4 | | |
| 106 | 20 | 115 | 19 | | |
| 116 | 1 | 118 | 13 | | |
| 118 | 22 | 127 | 4 | | |
| 127 | 13 | 127 | 15 | | |
| 127 | 18 | 128 | 3 | | |
| 128 | 8 | 128 | 11 | | |
| 135 | 20 | 138 | 1 | | |
| 147 | 16 | 150 | 9 | | |

      11.    Nafisa D. Burhani, M.D.
            Joliet Oncology
            2615 W. Jefferson St.
            Joliet, IL 60435

Nafisa D. Burhani, M.D. is a non-retained treating physician and was disclosed under Federal Rule of Civil Procedure 26(a)(2)(C). Owens-Illinois reserves the right to use Dr. Burhani's deposition testimony taken August 29, 2013, if Plaintiff fails to call her live to testify as stated above in this Final Pretrial Order.

Plaintiff objects to the following Owens-Illinois witness, who was not timely disclosed in compliance with the MDL-875 scheduling order:

Lambertus Hesselink

**Weil-McLain's Witness List**

Weil-McLain submits the following list of names and addresses of all witnesses: (1) who will be called, and (2) who may be called.

**Who Will Be Called:**

1.    Paul Schuelke
      Corporate Representative of Weil-McLain

2.    Eric Rasmuson
      10201 W. 43rd Avenue
      Wheat Ridge, CO

3.  James Crapo
    4650 South Forest Street
    Englewood, Colorado 80110

A motion to include Dr. Crapo as an expert witness on behalf of Weil-McLain is currently pending before the Court.

**Who May Be Called:**

4.    Frederick Boelter
      333 W. Wacker Drive, Suite 2700
      Chicago, IL

5.    James Rasmuson
      10201 W. 43rd Avenue
      Wheat Ridge, CO

6.    Robert N. Jones
      1430 Tulane Avenue
      New Orleans, LA

7.    Mark Wick
      1215 Lee Street
      Charlottesville, VA

8.    David Weill
      300 Pasteur Drive
      Palo Alto, CA

9.    Alan Legasto
      311 E. 18th Street, Apt. 18E

New York, NY

10.     Any records custodian or other witness in the event Plaintiff does not stipulate to the authenticity of any record or lodges any objection under Federal Rule of Evidence 802.

Plaintiff objects to the following Weil-McLain witnesses, who were not timely disclosed in compliance with the MDL-875 scheduling order:

Frederick Boelter
Robert N. Jones