5.     **PRIOR TESTIMONY DESIGNATIONS**

A.     **Plaintiff's Prior Testimony Designations**

Defendants object to Plaintiff's unnecessary index and refer to their objections.

**Index to Plaintiff's Designations**

1. Richard Grimmie deposition taken September 20, 1991 and October 28, 1991
2. Willis Hazard deposition taken February 11, 1981
3. Bruce Larson testimony taken March 23, 2010
4. William McLean testimony taken December 15, 1995
5. Arthur C. Pabst testimony taken November 26, 1980
6. Neill K. Weaver deposition  taken January 13, 1993
7. Neill K. Weaver deposition  taken January 15, 1993
8. Robert Maracek deposition taken August 27, 2002
9. Daniel Braun deposition taken May 5, 1982

1.     **Richard Grimmie**

a.     **Plaintiff's Designations**

Deposition taken on September 20, 1991 and October 28, 1991, Freeman, et al., v. AC
and S, Inc., et al.
Superior Court of New Jersey, Case No. L 7759 90

Defendants refer to their objections as stated above.

Defendant Owens-Illinois further objects to Plaintiff's proposed designations of Mr.

Grimmie's depositions on grounds that the deposition testimony constitutes inadmissible hearsay

and is irrelevant as concerning a plant environment.   Mr. Grimmie was an Owens-Illinois

employee only between February 14, 1947, and April 30, 1958.  Richard Grimmie Dep. at 203-

04, Oct. 28, 1991.  On April 30, 1958, Owens-Illinois sold its Kaylo division to Owens Corning

Fiberglas Corporation ("OCF"), an entirely separate company.  Accordingly, Mr. Grimmie

became an OCF employee at that time and remained an OCF employee until his retirement on

February 29, 1984.  Richard Grimmie Dep. at 12-13, Sept. 20, 1991.

At this deposition, Mr. Grimmie was presented as a former employee of OCF and not

Owens-Illinois.  *Id.* at 9-10; Grimmie Dep. at 1998, Oct. 28, 1991.  He also was represented at

the deposition by an OCF attorney and not an Owens-Illinois attorney.  *Id.*  Therefore, Owens-

Illinois did not have any opportunity to speak with Mr. Grimmie, prepare him for his testimony,

discuss with him any of the issues that are likely to arise in this case, or any similar motive to

develop his testimony for this case or guarantee of its trustworthiness.  Fed. R. Evid. 802; *Ake v.

Gen. Motors Corp.*, 942 F. Supp. 869, 879 (W.D.N.Y. 1996) (finding deposition testimony of

since-deceased employee was hearsay and was not admissible in products liability action against

manufacturer).  Plaintiff's proposed designations of Mr. Grimmie's depositions are therefore

inadmissible hearsay.

PLAINTIFF'S RESPONSE: Extensive changes to O-I's objections to the deposition designations of Richard Grimmie were received at 11:36 pm the day before the Final Pretrial Report was due.   Accordingly, plaintiff reserves the right to raise addtitional responses to O-I's objections at the pretrial hearing.  Grimmie was employed by O-I in Kaylo (an asbestos insulation  used by Mr. Krik) production from 1947 until O-I sold the business in 1958.  He became a personnel assistant in 1951, a shift supervisor in 1952,  a personnel director in 1954, and  production supervisor in 1956.  When O-I sold its Kaylo operation to Owens Corning Fiberglass ("OCF") in 1958, Grimmie continued n Kaylo production as an OCF employee.  Starting in 1951 (when he was still an employee of O-I), Grimme was involved in the implementation or enforcement of safety programs at O-I.  Grimmie's testimony is relevant to (1) information  O-I had of the potential harmful effects of its asbestos containing products; and (2) information an O-I employee in a management position with safety responsibility had of these potential harmful effects.  What O-I knew or should have known about the dangers of asbestos is an element which plaintiff must prove in this case.  O-I could have provided warnings to customers and/or users regarding the dangers of asbestos in its products, and warned them to take safety precautions when disturbing  O-I's asbestos containing materials.

Grimmie has appeared several times as a witness for both O-I and Owens Corning in asbestos cases.  O-I was a named defendant represented by counsel at the 1991 deposition of Mr. Grimmie from which plaintiff has designated testimony.  Counsel for O-I conducted an examination at pages 342-53 of the transcript.  Further, O-I's contentions that Mr. Grimmie only appeared as a witness for Owens Corning in the 1991 testimony and was not prepared to testify as an O-I witness is not established by the record.  The examination starting at page 198 of the

transcript conducted by Owens-Corning counsel covers Grimmie's employment at both O-I and OCF. O-I counsel made no objection to the examination and had no followup questions.

Rule 804 of the Federal Rules of Evidence provides that: "The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness: (1) Former Testimony. Testimony that: (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had--or in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination." O-I had both the motive and opportunity to cross-examine him at the 1991 deposition. The Federal Rules cannot be expanded to exclude testimony based on the argument O-I makes that a witness was not properly "prepared." To do so would lead to exclusion of almost any testimony is harmful to a party. Accordingly, O-I's objection that it did not "have any opportunity to speak with Mr. Grimmie, prepare him for his testimony," is not a proper basis for excluding testimony.

O-I's "preparation" objection is also moot has made its own contingent designations of Grimme's trial examination conducted by O-I counsel on November 30, 1996, in another case (*McClure*). Plaintiff does not object to O-I using the 1996 transcript.

The case cited by O-I, Ake v. Gen. Motors Corp., 942 F.Supp. 869 (W.D.N.Y. 1996) is not relevant. In Ake, the court found that the prior deposition testimony of a witness was inadmisible because the issues in the prior deposition were different than the issues in the case at bar. Ake, 942 F.Supp. at 879. Here, the relevant issues Grimmie testified about during his 1991 deposition (i.e., notice O-I had of the potential harmful effects of its asbestos containing products; and notice an O-I employee in a management position with safety responsibility had of these potential harmful effects) are the same issues in plaintiff's case.

Plaintiff also incorporates by reference his prior response to defendants' motion to strike the testimony of Richard Grimmie.

Should this Court allow Plaintiff's late disclosure and designation of Mr. Grimmie's testimony (to which Owens-Illinois entirely objects above), Owens-Illinois provides the following specific objections:

| From | | To | | Objections | Plaintiff's Response |
|------|------|------|------|------------|----------------------|
| Page | Line | Page | Line | | |
| 9:07 | | 9:08 | | | |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 12:15 | | 13:06 | | Objection; relevance and prejudicial as concerning a plant environment; relevance and prejudicial as concerning OCF and not Owens-Illinois | The relevance of Grimmie's testimony concerning Owens-Illinois is established Plaintiff's introductory response, above setting for th his qualificatios and employment historyat page 2.  Grimmie's testimony establishes certain activities took place in the O-I Kaylo plant production. These  plant "environment "activities  are substantially similar, if not identical to activities when the finished Kaylo materials  are used in the field - e.g., cutting and sawing of  the product, sweeping debris, handling such  removing and placing into cartons.  Plaintiff personally performed or was around others who performed the same or substantially similar activities in the field.  The exposures during such plant activities and safety practices and procedures which O-I followed in the plant are comparable to and relevant to prove what exposures occurred in the field and what O-I should have done to warn and instruct end users about safety measures. Plaintiff will present industrial hygiene expert testimony on the subject of substantial similarity  if needed.   Other evidence establishes the exposures and the safety measures taken by O-I in its own  plant. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 13:11 | | 13:22 | | Objection; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections to p.12:15 to 13:06, above. |
| 14:01 | | 16:19 | | Objection; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections to p.12:15 to 13:06, above. |
| 16:24 | | 20:02 | | Objection; relevance and prejudicial as concerning a plant environment; relevance and prejudicial as concerning OCF and not Owens-Illinois; relevance and prejudicial as to "relationship" between OCF and Owens-Illinois | See Plaintiff's response to O-I's objections to p.12:15 to 13:06, above. The testimony i OCF took over the distribution, sales and marketing for Kaylo in the early or mid 1950s, is relevant because OCF is often mentioned as the seller or source fromwhich Kaylo was purchased . The distribtuiion relationship which existed between O-I and OCF explains why OI as manufacturer is responsile for Kaylo before 1958 even though OCF may have been the source from which it was purchased. |
| 20:06 | | 20:14 | | Objection; relevance and prejudicial as concerning OCF and not Owens-Illinois; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections to p.12:15 to 13:06, above. |
| 21:17 | | 22:04 | | Objection; relevance and prejudicial as concerning OCF and not Owens-Illinois; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections to p.12:15 to 13:06, above. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 22:11 ("Is it...") | | 22.17 | | Objection; relevance and prejudicial as concerning a plant environment; relevance as concerning asbestosis; foundation, overbroad, vague, speculation, and calls for expert opinion as concerning witness's belief | Grimmie testified that by in 1947 he learned of the disease asbestosis and knew Kaylo contained harmful asbestos fibers. His testimony is personal knowledge, not speculation. Grimmie's later positions at O-I included personnel assistant , personnel director, and production supervisor. Grimmie's testimony is relevant to (1) information O-I had of the potential harmful effects of its asbestos containing products; and (2) information an O-I employee in a management position with safety responsibility had of these potential harmful effects. What O-I knew or should have known about the dangers of asbestos is an element which plaintiff must prove in this case. O-I could have provided warnings to customers and/or users regarding the dangers of asbestos in its products, and warned them to take safety precautions when disturbing O-I's asbestos containing materials. For foundation, see Plaintiff's response, above, at p.2. |
| 23:16 ("You knew...") | | 23:18 | | Objection; relevance and prejudicial as concerning a plant environment; foundation, overbroad, vague, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |

| From | | To | | Objections | Plaintiff's Response |
|------|------|------|------|------------|----------------------|
| Page | Line | Page | Line | | |
| 23:22 | | 23:24 | | Objection; relevance and prejudicial as concerning a plant environment; foundation, overbroad, vague, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 27:20 ("When the Kaylo...") | | 28:01 | | Objection; relevance and prejudicial as concerning a plant environment; foundation, overbroad, vague, speculation, and calls for expert opinion | . See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. The word "toxic" does not appear on pages 27:20 to 28:01. |
| 29:03 | | 29:12 | | Objection; foundation and improper use of refreshing recollection; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Relevant because O-I had certain knowledge from the Saranac study about the health hazards of asbestos of which Grimme should have been aware as a manager with safety reponsibility. Past testimony is properly used to refresh the witness recollection. |
| 29:22 | | 30:08 | | Objection; foundation and improper use of refreshing recollection; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.29:03 to 29:12, above. |
| 30:14 | | 30:20 | | Objection; foundation and improper use of refreshing recollection; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.29:03 to 29:12, above. |
| 31:21 | | 31:25 | | Objection; foundation and improper use of refreshing recollection; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.29:03 to 29:12, above. |
| 43:22 | | 43:23 | | Objection; foundation; relevance and prejudicial as concerning a plant environment; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 44:03 | | 44:09 | | Objection; foundation; relevance and prejudicial as concerning a plant environment; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 44:12 | | 44:14 | | Objection; relevance and prejudicial as concerning a plant environment; relevance as concerning asbestosis; foundation, overbroad, vague, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 44:17 | | 44:17 | | Objection; relevance and prejudicial as concerning a plant environment; relevance as concerning asbestosis; foundation, overbroad, vague, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 47:14 | | 47:17 | | Objection; relevance and prejudicial as concerning a plant environment; foundation, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 48:01 | | 48:05 | | Objection; relevance and prejudicial as concerning a plant environment; foundation, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 48:07 | | 48:08 | | Objection; relevance and prejudicial as concerning a plant environment; foundation, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 59:10 | | 60:21 | | Objection; relevance and prejudicial as concerning a plant environment; relevance and prejudicial as concerning OCF and not Owens-Illinois | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Failure towarn or instruct users in the filed to follow the same safety measures as OI adopted in tis plants is evidence of negligence. |
| 65:08 | | 66:03 | | Objection; relevance and prejudicial as concerning plant environment; foundation, speculation, and calls for expert opinion | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Grimmie's testimony reannual x-rays for O-I employees is relevant to O-I's knowledge of the health hazards of cutting or otherwise disturbing asbestos containing materials. Further, O-I could have warned customers or users about the health hazards of cutting, or otherwise disturbing its asbestos products and recommended annual x-rays for end users. |
| 66:06 | | 66:06 | | Objection; relevance and prejudicial as concerning plant environment; foundation, speculation, and calls for expert opinion | |
| 80:07 | | 80:09 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Grimmie was not asked for an expert medical opinion. He was asked if he understands there is a latency period for asbestos disease, and he answered he does. Latency of asbestos disease |

| From | | To | | Objections | Plaintiff's Response |
|------|------|------|------|------------|----------------------|
| Page | Line | Page | Line | | |
| 80:13 | | 81:09 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency | is not an opinion. It is a scientific fact to which medical experts testify.   The testimony is relevant to show OI's knowledge of the latency period. O-I's knowledge of the long term health effects of exposure to asbestos relates to the type and content of the warnings |
| 81:11 | | 81:12 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency | O-I should have given to customers and users of its asbestos containing products. Knowledge of the latency period for asbestos disease is also relevant to O-I's failure to adequately test the long-term health effects on persons who are exposed to asbestos fibers from O-I's products. O-I may argue it did know asbestos was dangerous because no O-I  employee got sick from asbestos before O-I sold the Kaylo business. The  testimony is relevant to show that O-I knew the period for diagnosis disease was likely to be longer than the 14 year period for which O-I owned the Kaylo business. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 81:21 | | 81:22 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency; lack of foundation for what witness heard | See Plaintiff's response to O-I's objections to p.80:07 to 80:09, 80:13 to 81:09, and 81:11 to 81:12. |
| 82:7 ("Were you...") | | 82:12 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency | See Plaintiff's response to O-I's objections to p.80:07 to 80:09, 80:13 to 81:09, and 81:11 to 81:12. |
| 82:25 | | 83:03 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency | See response to O-I's objections to p.12:15 to 13:06, 22:11 to 22:17, and p.80:07 to p.80:09, above. O-I is expected tocontend the plant x-ray program which did not show any findings of injured workers meant Kaylo was safe.  Since the x-ray program only covered the |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 83:06 | | 83:06 | | Objection; relevance and prejudicial as concerning plant environment; relevance as concerning witness's health status or his knowledge of latency; calls for expert opinion and lack of foundation for witness's medical opinion as concerning latency | period of ten years when O-I was manufacturing Kaylo, the duration of the x-ray program at O-I was not long enough to assess the effects of the exposures given the latency period.  Grimmie, as a person in management and one with safety responsiblity is admitting the program was insufficient .    Selling Kaylo product without investigating the safety of the product during the appropriate  latency period and without warnings or safety instructions is evidence of negligence. |
| 129:21 | | 129:24 | | Objection; foundation; relevance and prejudicial as concerning a plant environment | Relevant to show stacking or packing of Kaylo in cartons createsin dust.  When Kaylo was  unpacked  atlocations where Mr. Krik was working, unpacking would also result in release of this dust.  Relevant to show O-I should have warned about the handling of the product users in the field and investigated the hazards of such dust. |
| 130:07 | | 131:09 | | Objection; relevance and prejudicial as concerning a plant environment; relevance, foundation, and calls for speculation as concerning what witness would expect | See Plaintiff's response to O-I's objections to p.12:15 to 13:06, 22:11 to 22:17, and p.129:21 to 129:24, above. |

| From | | To | | Objections | Plaintiff's Response |
|------|------|------|------|------------|---------------------|
| Page | Line | Page | Line | | |
| 131:11 | | 131:15 | | Objection; relevance and prejudicial as concerning a plant environment; relevance, foundation, and calls for speculation as concerning what witness would expect | See Plaintiff's response to O-I's objections to p.130:07 to 131:09, above. |
| 139:14 | | 140:06 | | Objection; foundation and speculation; relevance and prejudicial as concerning a plant environment | Grimmie testified that it would make common sense to warn workers that cutting Kaylo without wearing adequate respiratory protection presents a potential health hazard. See also Plaintiff's response to O-I's objections to p.130:07 to 131:09, above. |
| 140:09 | | 140:14 | | Objection; foundation and speculation; relevance and prejudicial as concerning a plant environment | |
| 141:09 | | 141:18 | | Objection; foundation and speculation; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Grimmie testified that O-I employees were complaining about dust in the plant in 1953. This testimony is relevant to O-I's knowledge of the health hazards of asbestos. Failure to investigate the safety of the product during the latency period without warnings or safety instructions is evidence of negligence. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 210:4 | | 210:8 | | Objection; foundation and improper use of refreshing recollection; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Grimme's answer corrects earlier testimony about his employment history based in this transcript. Use of past testimony based on actual employment records is a proper means of refreshing recollection. Upon being shown his prior deposition testimony from 1979, Grimmie stated under oath, "I stand corrected." |
| 211:10 | | 212:6 | | Objection; foundation and improper use of refreshing recollection; relevance and prejudicial as concerning a plant environment | See Plaintiff's response to O-I's objections at 210:4 to 210:8. |
| 360:04 | | 360:15 | | Objection; relevance and prejudicial as concerning a plant environment; relevance and prejudicial as concerning OCF and not Owens-Illinois | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. |
| 361:17 | | 362:09 | | Objection; relevance and prejudicial as concerning a plant environment; relevance as concerning asbestosis | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Witness testified about what he was doing while employed by O-I, including warning people that they could get diseases if they did not wear a respirator while working with Kaylo. Failure to investigate the safety of the product during the latency period without warnings or safety instructions is evidence of negligence. |

| From | | To | | Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 368:16 | | 368:20 | | Objection; relevance and prejudicial as concerning a plant environment; lack of foundation and calls for speculation | See Plaintiff's response to O-I's objections to p.12:15 to 13:06 and 22:11 to 22:17, above. Other evidence establishes O-I's industrial hygiene/medical department had information about dangers of asbestos from the Saranac animal studies and about levels of asbestos exposure which were dangerous. The testimony is relevant to establish O-I' industrial and hygiene and medical departments did not communicate the dangers of Kaylo exposures to the production department. A jury can infer this was negligence to not instruct/advise the production department to put warnings and safety instructions on Kaylo packages. |
| 369:08 | | 369:11 | | Objection; relevance and prejudicial as concerning a plant environment; lack of foundation and calls for speculation | See response to O-I objections at 368:16-20 |
| 369:15 | | 369:16 | | Objection; relevance and prejudicial as concerning a plant environment; lack of foundation and calls for speculation; relevance as concerning OCF | See response to O-I objections at 368:16-20 |
| 370:14 | | 370:22 | | Objection; relevance and prejudicial as concerning a plant environment; lack of foundation and calls for speculation; relevance as concerning OCF | See response to O-I objections at 368:16-20. Testimony is equally applicable to Grimme's period of employment with O-I |

**b.** **Owens-Illinois's Conditional Counter-Designations**

Should this Court allow Plaintiff's late disclosure and designation of Mr. Grimmie's hearsay (to which Owens-Illinois entirely objects), Owens-Illinois reserves the right to modify its counter-designations and provides the following conditional counter-designations from his properly disclosed and designated his trial (not deposition) testimony in *McClure v. Illinois Cent. R.R.*, Cir. Ct. McLean County, Ill., 94 L 107. Unlike Mr. Grimmie's deposition testimony in *Freeman*, his trial testimony in *McClure* could be admissible at trial. Mr. Grimmie was called to testify for Owens-Illinois and was examined by an Owens-Illinois lawyer in the first instance — just as he would be in this case if Mr. Grimmie was alive.

| From | | To | | Plaintiff Objections | Owens-Illinois Response |
|---|---|---|---|---|---|
| **Page** | **Line** | **Page** | **Line** | | |
| 23 | 24 | 44 | 2 | | |
| 45 | 6 | 48 | 19 | | |
| 49 | 6 | 54 | 7 | | |
| 54 | 13 | 56 | 9 | | |
| 57 | 11 | 60 | 2 | | |
| 60 | 10 | 75 | 18 | | |
| 126 | 18 | 127 | 19 | | |
| 164 | 1 | 164 | 10 | Relevance. No conspiracy claim is made | |

2. **Willis Hazard**

a. **Plaintiff Designations**

Deposition taken on 2/11/1981, In re: Massachusetts Asbestos Cases
United States District Court of Massachusetts

Defendants refer to their objections as stated above.

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| **Page** | **Line** | **Page** | **Line** | | |
| 14:17 | | 15:11 | | | |
| 16:18 | | 17:10 | | | |
| 17:22 | | 18:5 | | | |
| 19:4 | | 19:25 | | | |
| 21:3 | | 22:12 | | | |
| 22:20 | | 23:8 | | | |
| 24:13 | | 24:16 | | | |
| 29:4 | | 29:8 | | | |
| 30:15 | | 31:13 | | | |
| 32:6 | | 33:9 | | | |
| 36:1 | | 36:15 | | | |
| 36:22 | | 37:10 | | | |
| 39:3 | | 39:9 | | | |
| 41:12 | | 41:19 | | | |
| 43:18 | | 43:22 | | | |
| 45:14 | | 45:18 | | | |
| 45:22 | | 46:12 | | | |
| 49:18 | | 50:13 | | | |
| 50:16 | | 51:4 | | | |
| 51:6 | | 51:21 | | | |
| 59:11 | | 59:17 | | | |
| 65:4 | | 66:10 | | | |
| 93:1 | | 93:20 | | | |
| 138:2 | | 138:20 | | | |
| 139:16 | | 140:3 | | | |
| 143:19 | | 144:11 | | | |
| 147:16 | | 150:9 | | | |

b. **Owens-Illinois's Conditional Counter-Designations**

If this Court allows Plaintiff's late disclosure and designation of Mr. Hazard's testimony

(to which Owens-Illinois objects entirely), Owens-Illinois reserves the right to modify its

counter-designations and provides the following conditional counter-designations:

| From | | To | | Plaintiff's Objections | Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 15:12 | | 16:17 | | | |
| 17:11 | | 17:16 | | | |
| 18:17 | | 19:3 | | | |
| *29:4 | | 29:7 | | | |
| 32:3 | | 32:5 | | | |
| 33:10 | | 33:18 | | | |
| 38:21 | | 39:2 | | | |
| 42:8 | | 42:19 | | | |
| 45:19 | | 45:21 | | | |
| 59:18 | | 60:18 | | | |
| 71:8 | | 71:15 | | | |
| 73:2 | | 73:22 | | | |
| 90:13 | | 90:16 | | | |
| 100:6 | | 105:4 | | | |
| 106:15 | | 108:4 | | | |
| 110:3 | | 111:16 | | | |
| 116:11 | | 117:6 | | | |
| 118:22 | | 119:16 | | | |
| 120:15 | | 121:18 | | | |
| 124:9 | | 125:15 | | | |
| 126:4 | | 126:14 | | | |

* Owens-Illinois does not designate this testimony but notes that its objections to documents and identification of specific documents referred to in this designation are reserved.

3. **Bruce Larson**

a. **Plaintiff's Designations**

Testimony taken on March 23, 2010
Savarese v. Burnham Corp., et al., Case No. L-4527-09
Superior Court of New Jersey, Law Division, Middlesex County

Defendants refer to their objections as stated above. Mobil further reserves the right to

provide counter designations to the extent any testimony is admitted.

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 21:1 | | 21:18 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. Mobil further objects on grounds that many of Plaintiff's designations omit objections made during the course of the deposition (applicable to all designated testimony herein). | Plaintiff incorporates by reference all of his prior responses to defendants' objections regarding this witness.<br><br>Larson was produced by Mobil as "The person with the most knowledge concerning Mobil's historical knowledge of the dangers of asbestos." (p.27:20 to p.28:2) Larson said he previously gave testimony in this capacity. (p.28:3 to 28:6) Larson also said he previously has been designated by Mobil as "the person with the most knowledge of health hazards of asbestos before 1975 and threshold limit values"; "the person with most knowledge of Mobil's policies or practices regarding asbestos warnings to workers, handling of asbestos-containing products, and measures to protect workers from asbestos exposure before 1975"; and "the person with the most knowledge of |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| | | | | | industrial hygiene studies, dust counts, or studies regarding asbestos at any Mobil facility." (p.28:19 to 29:16) Larson said he has also been previously designated by Mobil as the person with the most knowledge regarding "Mobil's industrial hygiene studies, its industrial hygiene program before 1975"; "Mobil's safety department related to asbestos before 1975"; "Mobil's membership in trade or other organizations that disseminated information on asbestos"; and "the person most knowledgeable on Mobil's document retention policies." (p.29:17 to 30:5)<br><br>Based on the above, Larson's testimony goes to what Mobil knew about the health hazards of asbestos and its failure to (1) provide adequate warnings regarding the health hazards of asbestos; (2) implement adequate safety precautions for persons working at its facilities; and (3) adequately test its facilities to determine whether persons working there are exposed to asbestos. |
| 22:8 | | 22:9 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 23:17 | | 24:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 25:19 | | 26:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 26:24 | | 26:25 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 27:4 | | 27:4 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 27:20 | | 28:6 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 28:19 | | 29:4 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 29:6 | | 29:6 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 29:11 | | 29:14 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 29:18 | | 30:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 30:25 | | 30:25 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 31:20 | | 32:7 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 32:11 | | 32:12 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 34:13 | | 36:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 38:9 | | 38:15 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 39:15 | | 39:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 41:2 | | 41:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 41:19 | | 41:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 48:23 | | 49:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 49:21 | | 49:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 52:4 ("Tell me…") | | 52:10 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 52:18 | | 52:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 53:1 | | 53:1 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 53:17 | | 53:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 55:23 ("[A]re you…") | | 56:3 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 56:5 ("That would…") | | 56:11 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 58:14 | | 58:23 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 59:11 ("[S]o as…") | | 59:14 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 59:19 | | 60:7 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 66:17 | | 66:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 67:22 | | 68:6 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 85:2 | | 85:3 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 85:6 | | 85:7 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 88:13 | | 88:21 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|------|------|------|------|------|------|
| Page | Line | Page | Line | | |
| 89:13 | | 90:3 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 91:24 | | 92:18 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 96:18 | | 96:21 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 96:23 | | 96:23 ("yes…") | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 105:5 | | 105:10 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 126:3 | | 126:8 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 127:14 ("Now…") | | 127:25 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 129:1 | | 129:5 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 135:6 | | 136:21 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 137:18 | | 138:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 147:13 | | 147:15 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 147:17 | | 147:20 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 148:7 | | 148:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 148:25 | | 149:1 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 155:3 | | 155:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 159:6 | | 159:9 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 159:17 | | 159:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 175:9 | | 176:11 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 202:4 ("[Y]ou've…") | | 202:7 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 205:5 ("[A]s a…") | | 205:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 211:16 | | 216:4 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 234:12 | | 235:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 236:1 | | 236:8 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 236:19 | | 236:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 262:2 | | 262:6 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 267:9 | | 268:8 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 268:17 | | 268:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 275:19 ("Anybody…") | | 275:24 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 276:9 | | 276:13 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 276:15 | | 276:15 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 282:18 | | 282:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 283:22 | | 284:3 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 284:8 | | 284:15 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 284:17 | | 284:19 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 285:20 | | 286:4 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 288:3 | | 288:22 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 299:20 | | 300:4 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 356:1 | | 356:10 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 356:12 | | 356:12 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 421:12 | | 421:16 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |
| 421:198 | | 421:20 | | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objection to p.21:1 to 21:18. |

**b.      Defendants' Conditional Counter-Designations**

Mobil reserves the right to rely upon counter-designations to the extent any portion of the

testimony is admitted.

Plaintiff objects to Mobil making an open-ended reservation to make counter-designations. Mobil should be required to specify its counter-designations in the joint pre-trial report.

4. **William N. McLean**

a. **Plaintiff's Designations**

Testimony taken on December 15, 1995
*Norman v. A-C Prod. Liab. Trust, et al.*, Case No. 94-421061
Michigan Circuit Court, Wayne County

Defendant Crane Co. hereby submits the following objections to Plaintiffs' Page and

Line Designations from the Deposition of William McLean taken on December 15, 1995 in the

matter of *Mike Norman v. A-C Product Liability Trust* (Case No. 94-421061 in the State of

Michigan, Circuit Court for the County of Wayne). Crane Co. further submits its counter-

designations as stated below. Crane Co. requests that plaintiffs' counsel be instructed not to

introduce any deposition testimony, or comment thereon, in the jury's presence, without first

obtaining permission of the Court outside the presence of the jury for the reasons set forth below.

## SUMMARY OF KEY OBJECTIONS

A. **Products Not At Issue.** Much of the designated testimony concerns products to

which Plaintiff was not exposed (e.g., products sold through Crane Co.'s supply houses or

referenced in catalogues) and is clearly irrelevant. Furthermore, some of those products (e.g.,

thermal insulation) are radically distinguishable from the relevant products herein (i.e., gaskets

and packing), given differing fiber types, potential for asbestos release, use in the industry, dates

of sale, manner of distribution, relevant state-of-the-art, etc., such that the admission of same will

create "trials within trials" to address irrelevant collateral issues. None of that testimony

addresses the *real issue* in this litigation – were the Crane Co. products around which Plaintiff

allegedly worked substantial factors in causing his disease and is the defendant legally liable for

his injuries? In short, the designated testimony regarding products other than those identified by

plaintiffs is irrelevant, misleading, and confusing, and it is properly excluded on all of these

grounds.

Other testimony concerns whether Crane Co. sold gaskets as replacement parts, on an

occasional basis as a customer service, despite the fact that there is no evidence or allegation in

the evidence that Plaintiff's employers ever purchased or obtained replacement gaskets from

Crane Co. Thus, the fact that Crane Co. sold products to which Plaintiff was never exposed is wholly irrelevant, will also cause "trials within a trial" to address these irrelevant collateral issues. The testimony is thus properly excluded as irrelevant, misleading, confusing, and unduly prejudicial.

**B.** **Asbestos Air Monitoring After Plaintiff's Last Exposure.** A significant portion of the plaintiffs' designations concerning air monitoring conducted at a Crane Co. facility after the Plaintiff's' last alleged exposure to asbestos from Crane Co. products, and performed under the requirements imposed by OSHA. First, there is no relevance to the testimony; knowledge gained after the fact cannot possibly have caused, nor could it have prevented, the exposure alleged in this case. It cannot possibly affect any determination as to liability or damages. The testimony is also irrelevant because there is no showing that the witness had actual personal knowledge of the testing, that the valves and packing at issue, or the work practices undertaken were in any way similar to those at issue in this case. This, too will require a "trial within a trial" concerning irrelevant collateral issues. The testimony is thus properly excluded as irrelevant, misleading, confusing, and unduly prejudicial.

**II.** **GENERAL OBJECTIONS**

1. The transcript of William McLean's deposition testimony is inadmissible hearsay. From the face of the purported deposition transcript of William McLean, it is not clear whether he is a fact witness or corporate representative. Former testimony is admissible only if the former testimony is offered against the party who offered it into evidence in the former proceeding on his own behalf, or was a party to the former action and had the same interest and motive to cross-examine the witness. It is clear both that Crane Co. did not offer Mr. McLean's testimony on its own behalf in the former proceeding and that it did not have the same interest and motive in defending the witness. Plaintiffs are unable to show that the parties represented at the deposition of Mr. McLean had the same interest and motive to cross-examine Mr. McLean as Crane Co. has in the instant proceeding.

2.      A corporate representatives, if that is how Mr. McLean's role is characterized, can testify about matters only to the extent of any information known or reasonably available to the deponent at the time of the deposition.  The deposition at issue was taken many years ago, on December 15, 1995, and may be offered only regarding Crane Co.'s knowledge *at that time*. Employees and officers of Crane Co. are constantly discovering and reviewing documents. Accordingly, several passages of deposition testimony designated by plaintiffs may not accurately reflect what is now known or reasonably available to Crane Co. today.

Defendants jointly refer further to their objections as stated above.

| Start | End | Objections | Plaintiff's Asserted Basis Of Admissibility |
|---|---|---|---|
| 4:7<br>5:13<br>7:10<br>10:20 | 4:9<br>7:6<br>8:13<br>11:5 | No Objection | |
| 13:21 | 14:6 | *Vague, ambiguous, relevance, time/scope, lacks foundation, speculative, assumes facts not in evidence.*<br><br>The question is being designated in an attempt to establish that Crane Co. employed medical personnel, which is irrelevant to any issue in this case.  The questions assume that Mr. McLean was in a position to know the answer but lack foundation and his answers are therefore irrelevant. The questions are also vague and ambiguous as to time and location. | McLean's testimony relates to whether Crane Co. knew or should have known about the health hazards of asbestos. Foundation for McLean's testimony derives from: (1) his training and education (Masters of Science in Mechanical Engineering from Northwestern Univ. (see p.5 of transcript); (2) his employment with Crane Co. from 1955 to 1986 in various engineering departments, and his position as director of engineering for Crane Co. valves in 1968, a position he held until he retired in 1986 (transcript at pp. 6-8); (3) his personal knowledge and observations; (4) his designation by Crane Co. as the person most knowledgeable about Crane Co. valves (transcript at pp.10-11).<br><br>Having physicians on staff |

| <u>Start</u> | <u>End</u> | <u>Objections</u> | <u>Plaintiff's Asserted Basis Of Admissibility</u> |
|---|---|---|---|
| | | | increases the likelihood Crane Co. would know about literature in medical and scientific journals regarding the health hazards of asbestos. McLean's testimony is not vague as to location, because he specifies that he is talking about the Crane Co. factory he worked at. Crane Co. did not object to McLean, as Crane's designated witness, answering the questions at the deposition. |
| 14:13 | 15:21 | ***Irrelevant; overbroad, assumes facts not in evidence.***<br><br>What Crane Co. made at a particular facility and whether the products had asbestos components are irrelevant without evidence to establish Plaintiff was exposed to the particular products made at this facility, and is therefore overbroad, assumes that Plaintiff was exposed to such products, and is more prejudicial than probative | The plant where McLean worked is Crane's major production facility for asbestos-containing products to which plaintiff was exposed. McLean's testimony is relevant to show Crane Co. manufactured valves containing gaskets and packing that had asbestos. Testimony about Crane Co. being a predominant provider of valves in the period is relevant to show Mr. Krik was likely to have worked with the Crane brand and to show the valve product line was a major part of Crane's business for which proper safety measures should have been taken. |
| 22:10 (from "did") 24:2 | 23:9 25:7 | ***Vague, ambiguous, and overbroad, relevance, time/scope, lacks foundation, speculative, inadmissible hearsay.***<br><br>The question and answer are vague and ambiguous, in part because there is no time period or geographical limitation, and in part because the questioning attorney cut off the witness' response twice in this short designation. In addition, there is no showing that the valves referred to by Mr. McLean were the same or similar | McLean's testimony relates to plaintiff's claim that the design of Crane Co. valves was defective because of the availability of substitute materials for asbestos. The testimony also relates to when Crane Co. stopped using asbestos in its valves. McLean's testimony relates to all Crane Co. valves including the types plaintiff used and worked around. Crane Co.'s assertion |

| Start | End | Objections | Plaintiff's Asserted Basis Of Admissibility |
|-------|-----|-----------|---------------------------------------------|
|  |  | to those at issue in this action to which plaintiffs claim exposure. | that the questioning attorney cut off McLean during his testimony lacks merit. There is no indication in the designated deposition transcript that this happened. Crane Co. did not object to McLean, as Crane's designated witness, answering the questions at the deposition. |
| 34:18 | 35:9 | ***Irrelevant, improper attempt to attribute personal knowledge to the corporate defendant, vague, ambiguous, overbroad, nadmissible hearsay.*** <br><br> The designated testimony deals only with Mr. McLean's actions, not the corporate defendant's, and there has been no showing that Mr. McLean's past actions or personal knowledge can possibly be attributed to the corporation. The mere fact that he was designated to respond to a deposition notice in 1995 does not mean that his knowledge in the 1960's, 1970s or any other time would or could be attributed to the corporation. The testimony is thus vague, overbroad, confusing, a waste of time, irrelevant, and unduly prejudicial. | Designing asbestos containing valves without consulting the corporate area responsible for safety is evidence of negligence. McLean testified he has knowledge of "the individual health and safety due to the risk of harm created by asbestos and asbestos-containing products," that he started working for Crane Co. in 1955, and that in 1968 he became the director of engineering for Crane valves, and held that position until he retired in 1986. His designation as the most knowledgeable witness to speak for the company about valves is foundation for attributing his knowledge to the company. Cf. FRCP 30(b)(6). His knowledge is also attributable or relevant based on his position as manager who could recommend or implement safety practices and warnings. <br><br> McLean's testimony is not hearsay because he does not refer to the statements of any other person. As a designated witness, he is expected to receive input from others at the company to testify about what |

| Start | End | Objections | Plaintiff's Asserted Basis Of Admissibility |
|-------|-----|-----------|---------------------------------------------|
| | | | the company knows.<br><br>Crane Co. did not object to McLean, as Crane's designated witness, answering the questions at the deposition. |
| 46:13<br>47:3<br>48:12 | 46:16<br>47:22<br>48:14 | **_Irrelevant; overbroad, assumes facts not in evidence, lacks foundation and speculation._**<br><br>The customers of Crane Co. are not at issue in this action, and not relevant to anything that is at issue. Even if it were, plaintiffs have not shown that the information in this designation concerns customers similar in any way to any entity at issue in this case, or to purchases or sales of products similar to those at issue in this case. Further, no foundation was laid to establish this design engineer knew where Crane Co. sold its products. The question and answer are more prejudicial than probative, creates the danger of confusion and results in undue consumption of time. | McLean's testimony about Crane Co.'s customers is relevant because Krik worked often worked at locations that comprise Crane Co.'s customer base (oil refineries, chemical plants, power plants, naval ships, etc.). See response to objections re: p.13:21 to p.14:6 for bases of foundation. Crane Co. did not object to McLean, as Crane's designated witness, answering the questions at the deposition. |
| 49:12<br>50:17<br>52:7 | 50:8<br>52:3<br>52:8<br>("…bra ke in [.]") | **_Vague, ambiguous, unintelligible, and overbroad, relevance, time/scope, lacks foundation and speculative, assumes facts not in evidence, inadmissible hearsay_.**<br><br>The questions and answers are vague and overbroad as to type of gasket, type of valve, and time period. There is no evidence that Crane Co. directly shipped replacement gaskets of any description to Plaintiff or his worksites. Also, there was no foundation laid for this design engineer to testified regarding sales and distribution practices. The testimony is thus wholly irrelevant and not probative of any fact at issue in this case, is speculative, unduly prejudicial, and assumes | McLean's testimony is relevant to prove foreseeable exposures to asbestos during the normal use of Crane Co. valves. See response to objections re: p.13:21 to p.14:6 for bases of foundation. Crane Co. did not object to McLean, as Crane's designated witness, answering the questions at the deposition. |

| Start | End | Objections | Plaintiff's Asserted Basis Of Admissibility |
|-------|-----|-----------|---------------------------------------------|
|       |     | facts not in evidence. Further, knowledge or need for maintenance and repairs is irrelevant to alleged knowledge of asbestos hazards. Moreover, the testimony solely concerns Mr. McLean's personal knowledge and opinions rather than knowledge that can be properly attributed to the corporate defendant, rendering it vague, overbroad, irrelevant, unduly prejudicial and a waste of time |                                             |
| 55:8  | 55:24 | *Irrelevant, calls for expert opinion, lacks foundation and calls for speculation, vague, ambiguous, overbroad and calls for a legal conclusion.*<br><br>Mr. McLean admitted that he was not "privy" to the tests or studies and also testified that he was not employed at the company during the in-house testing. Further, no foundation was laid to establish that this design engineer would have knowledge about any such tests or studies performed by others or Crane Co. The questions and answers are irrelevant and unduly consume time. | McLean's testimony is relevant to show: (1) Crane Co. may still have manufactured valves with asbestos packing or gasket materials after 1986, and (2) Crane Co.'s failure to investigate dust levels encountered in the repacking of its asbestos containing valve products until after 1986. The testimony relates Crane Co failure to investigate the types of asbestos exposures commonly encountered by plaintiff during repacking of valves. Mr. Krik often worked on Crane Co valves where the old gasket materials had to be removed after being in place for years and were "baked on." This required scraping, wire brushing (often electric powered brushes), and files. The testimony shows Crane did not do an investigation to obtain any exposure data until after 1986 and only for "new" steel valves for which the gaskets or packing had not been baked on. Mclean ultimately stated the procedure performed after 1986 was "not really a test" but was only "monitoring of a work area." |

| **Start** | **End** | **Objections** | **Plaintiff's Asserted Basis Of Admissibility** |
|---|---|---|---|
| | | | (Tr at 59)<br><br>See response to objections re: p.13:21 to p.14:6 for bases of foundation. |
| 56:16 | 57:16 | ***Irrelevant, calls for expert opinion, lacks foundation and calls for speculation, vague, ambiguous, overbroad and calls for a legal conclusion.***<br><br>The questions regarding "the policy of the Crane Corporation or Crane Company with respect to the removal of the asbestos-containing gasketing and packing material" are vague, ambiguous and unintelligible. Further, there was no foundation laid to establish that this design engineer would have personal knowledge regarding whether or not the corporate defendant had such policies, whatever that term means, let alone what such policies might provide. Furthermore, the designated testimony is irrelevant, vague and overbroad as there is nothing to show that the time period, type of valves or equipment at issue, or other factors are in any way similar to Plaintiff's' situation. The testimony is thus also unduly prejudicial, confusing, and a waste of time.<br><br>Mr. McLean admitted that he was not "privy" to the tests or studies and also testified that he was not employed at the company during the in-house testing. Further, no foundation was laid to establish that this design engineer would have knowledge about any such tests or studies performed by others or Crane Co. The questions and answers are irrelevant and unduly consume time. | ***Irrelevant, calls for expert opinion, lacks foundation and calls for speculation, vague, ambiguous, overbroad and calls for a legal conclusion.***<br><br>The questions regarding "the policy of the Crane Corporation or Crane Company with respect to the removal of the asbestos-containing gasketing and packing material" are vague, ambiguous and unintelligible. Further, there was no foundation laid to establish that this design engineer would have personal knowledge regarding whether or not the corporate defendant had such policies, whatever that term means, let alone what such policies might provide. Furthermore, the designated testimony is irrelevant, vague and overbroad as there is nothing to show that the time period, type of valves or equipment at issue, or other factors are in any way similar to Plaintiff's' situation. The testimony is thus also unduly prejudicial, confusing, and a waste of time.<br><br>Mr. McLean admitted that he was not "privy" to the tests or studies and also testified that he was not employed at the company during the in-house testing. Further, no foundation |

| __Start__ | __End__ | __Objections__ | __Plaintiff's Asserted Basis Of Admissibility__ |
|---|---|---|---|
| | | | was laid to establish that this design engineer would have knowledge about any such tests or studies performed by others or Crane Co. The questions and answers are irrelevant and unduly consume time. |
| 58:6 | 59:5 | ***Irrelevant, calls for expert opinion, lacks foundation and calls for speculation, vague, ambiguous, overbroad, unduly prejudicial, and calls for a legal conclusion.***<br><br>The testimony makes clear that the valves under discussion were made to petroleum industry standards, not Naval standards or military specifications, or the specifications of Plaintiff's' jobsites. There is no testimony that the valves are similar to those with which the Plaintiff encountered. Thus, the testimony is irrelevant, unduly prejudicial, vague, overbroad and confusing. | See response to objections re: p.55:8 to 55:24. |
| 71:20<br>72:10<br>72:23<br>73:5<br>74:6<br>74:12 | 71:23<br>72:14<br>73:3<br>74:21<br>74:8<br>74:13 | ***Argumentative, vague, ambiguous, unintelligible, assumes facts, compound, irrelevant, improper attempt to attribute personal knowledge to the corporate defendant, inadmissible hearsay.***<br><br>Counsel's comment at 69:18-19 is argumentative. The question at 69:20-24 is vague, ambiguous, and unintelligible. Further, no foundation was laid to establish that Mr. McLean would have knowledge of all publications that may contain a discussion of any dangers from changing asbestos-containing packing. The question also assumes the fact that removing asbestos-containing packing is dangerous. The designated testimony deals only with Mr. McLean's personal knowledge about asbestos, not corporate | Relevant to Crane Co's failure to instruct about and implement proper safety measures during repacking of asbestos valves. See response to objections re: p.13:21 to p.14:6 for bases of foundation |

| Start | End | Objections | Plaintiff's Asserted Basis Of Admissibility |
|-------|-----|------------|----------------------------------------------|
| | | knowledge, and there has been no showing that Mr. McLean's past personal knowledge can possibly be attributed to the corporation. The mere fact that he was designated to respond to a deposition notice in 1995 does not mean that his knowledge in the 1960's, 1970s or any other time would or could be attributed to the corporation. Further, plaintiffs have not shown that the information in this designation concerns materials similar in any way to any entity at issue in this case, or to purchases or sales of products similar to those at issue in this case. The probative value of this testimony is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. | |
| 79:11 79:21 80:18 80:21 | 79:14 80:14 80:19 81:11 | ***Lacks foundation and is speculative, vague, ambiguous, overbroad, irrelevant.*** Mr. McLean admitted that he was not sure what the wording of the warnings was on Crane valves and therefore lacked foundation as to the contents of the warning. Further, the existence or content of any warnings under discussion in the testimony and the time frame is not relevant or probative of any issue in this case. The date of the use of the mylar strip notice described in the deposition is long after any exposure claimed by Plaintiff to Crane Co. valves, hence the testimony has no relevance. Moreover, there is nothing in the designated testimony to show whether the warnings under discussion were used on the same or similar valves to those at issue in this case, or to valves subject to the | McLean's testimony is relevant to plaintiff's claim that Crane Co. failed to warn persons who used Crane Co. valves (such as Charles Krik) about the asbestos in its valves until 1985 (30 years after Mr. Krik was first exposed to asbestos from repacking Crane Co. valves). This was not a warning about dangers of asbestos and only applied to the last steel valves which had asbestos. As designated witness on the subject of valves, McLean's testimony is relevant. Although McLean does not recall the specific wording of the warning, he recalled the warning "would have said something like, caution, packing or gasket may contain asbestos or contains asbestos." Whether Mr. Krik worked on these valves that had |

| Start | End | Objections | Plaintiff's Asserted Basis Of Admissibility |
|---|---|---|---|
| | | same or similar working and operating conditions.  Further, plaintiffs have not shown that the information in this designation concerns valves or materials similar in any way to any valves or materials at issue in this case.

The probative value of this testimony is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. | warning is not the reason for offering the testimony.  The testimony sows that there was no warnings for most, if not all, valves Mr. Krik worked on.

See response to objections re: p.13:21 to p.14:6 for the foundation of McLean's testimony.

McLean's testimony is not based on an "assumption."

The testimony Crane Co. objects to as speculative (p.81:15-16) were not designated by plaintiff, so Crane Co.'s objection to that page is immaterial. |

### b.    Crane Co.'s Conditional Counter-Designations

In the event the Court allows introduction of the transcript, then Crane Co. hereby

submits the following counter-designations under the additional following conditions, if any.

| From | To | Crane Co.'s Conditional Basis | Plaintiff's Objections |
|---|---|---|---|
| 8:2 | 8:7 | Only if not included in background. | |
| 34:13 | 36:2 | Only if not included by plaintiffs' and plaintiffs' designations regarding "specifications" (p.20), are admitted. | |
| 36:20 37:12 | 37:1 38:7 | Only if not included by plaintiffs' and plaintiffs' designations regarding "specifications" (p.20), are admitted. | |
| 46:13 47:3 | 46:16 47:22 | Only if not included by plaintiffs' and plaintiffs' designations regarding "specifications" (p.20), are admitted. | |
| 59:12 | 59:20 | Only if not included in plaintiffs' designations. | |

5.    **Arthur C. Pabst**

    a.    **Plaintiff's Designations**

Testimony taken on November 26, 1980
*La Pinta, et al. v. Mobil Oil Corp., et al.*, Case No. C-270345
Superior Court, Los Angeles County, California

Defendants jointly refer to their objections as stated above.  Mobil reserves the right to

provide counter designations to the extent any testimony is allowed.

| Beginning Page:Line | Ending Page:Line | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|
| 2:12 | 3:2 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. Mobil further objects to the extent that any designations omit objections made during the course of the deposition.  Mobil further objects on grounds that the designations graphically made on the image version of the deposition transcript appear to be different than those supplied in this table.  To the extent either is incomplete, the more complete version should control to the extent not otherwise objectionable, and should be considered herein a counter designation.  Mobil further objects on grounds that Plaintiff has supplied no information regarding the allegations in the case in which the deposition was taken, and therefore, does not establish that any party appearing at the deposition had any similar motivation as in this case.  To the extent this Court denies Defendants' motion to bar testimony of Mr. Pabst, Mobil | Plaintiff incorporates by reference all of his prior responses to defendants' objections regarding this witness.<br><br>The testimony of Pabst is relevant because he worked for Mobil from 1932 to 1970  (p.5:13 to 5:23).  Pabst was a chemist for Mobil from 1932 to 1952 (p.6:2 to 6:4).  In 1952, he became an industrial hygienist for Mobil.  (p.5:27 to 6:1).  As of 1952, he was in charge of all Mobil refineries.  (p.6:27 to 7:6).  As Mobil's industrial hygienist, one of his duties was to "determine potential hygiene hazards in the refining operations" at Mobil.  "One of the ways [he would] find out [the potential hygiene hazards] would be to determine what materials were being used by the workmen."  Pabst |

| | | reserves the right to designate additional deposition testimony of Mr. Pabst from this or any other transcript. | admitted that by 1952, he knew from his training at the Harvard School of Public Health that exposure to asbestos could pose a health problem. (p.6:8 to 6:10; p.10:8 to 10:23) Based on the above, Pabst's testimony goes to what Mobil knew about the health hazards of asbestos and its failure to (1) provide adequate warnings regarding the health hazards of asbestos; (2) implement adequate safety precautions for persons working at its facilities; (3) adequately test its facilities to determine whether persons working there are exposed to asbestos; and 4) failure to use substitute materials for asbestos insulation. Pabst's prior deposition testimony related to asbestos cases and as such, Mobil had motivation to examine and/or prepare Pabst during his prior testimony. Mobil does not argue that Mr. Pabst's prior deposition testimony did not raise issues similar to the case at bar. |
|---|---|---|---|
| 4:1 | 4:16 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 5:7 | 7:20 | Mobil adopts herein all | See plaintiff's response to |

| | | | |
|---|---|---|---|
| | | previous objects, and further objects on grounds of relevance. | defendants' objections to p.2:12 to 3:2. |
| 7:24 | 8:1 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 8:6 | 8:16 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 9:7 | 12:1 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 12:8 | 13:27 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 14:28 | 18:18 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 18:20 | 18:21 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 18:26 | 20:8 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 21:17 | 24:6 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 26:1 | 26:7 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 26:10 | 26:13 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 26:16 | 28:11 | Mobil adopts herein all previous objects, and further objects on grounds of | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |

| | | relevance. | |
|---|---|---|---|
| 28:19 | 28:24 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 29:20 | 30:7 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 30:20 | 30:23 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 30:26 | 31:1 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 31:20 | 31:26 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 34:17 | 34:21 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 35:12 | 35:19 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 37:5 | 37:24 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |
| 37:27 | 38:4 | Mobil adopts herein all previous objects, and further objects on grounds of relevance. | See plaintiff's response to defendants' objections to p.2:12 to 3:2. |

## b.    **Defendants' Conditional Counter-Designations**

In addition to the counter-designations set above in Mobil's objections, Mobil reserves

the right to rely upon counter-designations to the extent any portion of the testimony is admitted.

Plaintiff objects to Mobil making an open-ended reservation to make counter-designations.  Mobil should be required to specify its counter-designations in the joint pre-trial report.

6.      **Neill K. Weaver**

a.      **Plaintiff's Designations**

Deposition of Neill K. Weaver taken January 13, 1993
*Russell Allen, et al. v. American Petrofina, et al.*  Case No. B-126, 986; District Court Jefferson
County Texas, 60th Judicial District
*French Hicks, et al. v. Bethlehem Steel Corp.*, et al. Case No. A-134, 614; District Court
Jefferson County, Texas, 58th Judicial District
Vol. I

Defendants jointly refer to their objections as stated above.  Defendants further object to

the use of this deposition and plaintiff's designations as they may pertain to each Defendant.

Defendants jointly reassert and adopt all argument contained in Defendants Second Joint Motion

to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151), which apply equally to

Dr. Weaver.  Defendants reserve the right to provide counter designations to the extent any

testimony is allowed.

Mobil further objects on grounds that even though Plaintiff stipulates that Dr. Weaver's

testimony will not be used against Mobil and will agree to a limiting instruction to this effect,

such limiting instruction may be insufficient to cure the potential prejudice to Mobil.  Defendants

first learned of Plaintiff's designation of testimony of Dr. Weaver on January 31, 2014, and did

not receive any actual transcripts until after requesting them at the status conference of February

5, 2014.  Plaintiff admitted at the status conference the Dr. Weaver was not previously disclosed

in any witness disclosure, and in any discovery.  Despite Defendants' request for Dr. Weaver's

deposition testimony, Plaintiff supplied only two volumes of the deposition.  Upon information

and belief, Dr. Weaver gave at least 7 volumes of testimony over the course of as many days.

Dr. Weaver was never an employee or agent of Mobil, and was never disclosed or presented as a

corporate representative.  Upon information and belief, Dr. Weaver was an employee of a

company affiliated in some way with Exxon – a different company at the time.  His activities in

connection with the API occurred decades before Mobil had any corporate affiliation with Exxon.  Further, Plaintiff provides no information regarding the allegations in the lawsuit in which the deposition of Dr. Weaver occurred, and provides no support that any party who appeared at the deposition had any similar motivation to examine Dr. Weaver in relation to the allegations and issues in this case.  To the extent any portion of Dr. Weaver's testimony is allowed, Mobil should be allowed to review all other portions of Dr. Weaver's testimony, including all volumes that Plaintiff has not provided, in order to determine whether counter designations are appropriate.  Mobil should not be obligated to expend this very significant and costly effort caused by Plaintiff's last-minue effort to graft into this matter new substantive evidence.

Mobil adds further that on the morning this Final Order was due to be filed, February 21, 2014, at 10:46 a.m., Plaintiff's counsel altered the list of Defendants against whom the witnesses' testimony would be used, thereby reversing course on the stipulation set forth above. Prior to the last-minute alteration, the witnesses was explicitly **not** listed as a witness against Mobil, and Plaintiff's counsel explicitly agreed to a FRE 105 instruction explaining as much. Mobil's previously-drafted objections were based upon this stipulation.  Mobil adds this as further support for its Motion to Strike all previously undisclosed and improperly disclosed witnesses and for costs, and reserves the right, if necessary, to supply additional objections to the testimony.

Moreover, Plaintiff added the response below [and perhaps others – the changes were not marked] for the first time at 3:28 p.m. - two minutes before Plaintiff's self-imposed deadline of 3:30 p.m. to receive Defendants' comments and revisions - on the day this Proposed Final Order was to be filed.  For the first time, Plaintiff purports to supply substantive support for the

proposed deposition designations, and adds, incredibly, that Mobil "does not argue that Mr. Weaver's prior deposition testimony did not raise issues similar to the case at bar." First, this statement misinterprets Plaintiff's burden of establishing these facts; and, to the contrary, Mobil does make this argument. Second, as noted above, given Plaintiff's stipulation in effect up until 10:46 this morning, the argument that "Mobil does not argue" *anything* is unfounded. Mobil specifically requested information about the purpose of the proposed deposition designation at the hearing of February 5, 2014. The Court directed Plaintiff to supply this information. In response, Plaintiff provided the stipulation of non-use against Mobil, and Mobil relied upon it. Plaintiff should be barred from admitting any of the designated deposition testimony of Dr. Weaver if for no other reason than Plaintiff's failure to comply with both the letter and spirit of this Court's Order regarding the compiling of the Final Pre-Trial Order.

Plaintiff's Response:

Plaintiff does **not** stipulate that Dr. Weaver's testimony will not be used against Mobil. Dr. Weaver's designated prior deposition testimony relates to asbestos litigation and as such, Mobil (which was present at Dr. Weaver's deposition) had motivation to examine him during his prior testimony. Mobil does not argue that Mr. Weaver's prior deposition testimony did not raise issues similar to the case at bar..Dr. Weaver's testimony is often cited in asbestos litigation concerning the American Petroleum Institute (API). The API was a trade organization which compiled and provided to members health and safety information and funded research. Plaintiff intends to provide evidence from documents generated by API's Medical Advisory Committee about health hazards from and necessary controls for asbestos exposures. Exxon-Mobil, through the predecessor entity Socony-Vacuum Oil) and Crane were members of API. Exxon and Mobil were both represented (in addition to many other defendants) at the 1993 deposition from which

plaintiff has designated testimony.  Dr.Weaver is a 1944 Harvard Medical School graduate.  He

worked for Standard Oil, Esso, and Exxon's in the medical departments starting in 1951 and has

historical knowledge of the practices of the API back to the 1940s.  He was involved with

activities of the API from 1958 until 1986 and was executive director of the API from 1973 until

retirement.   Dr.  Weaver's testimony is offered to support plaintiff's proposed stipulations,

which were not agreed, to about the API.

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 9:8 | | 9:10 | | Inadmissible hearsay, foundation, relevance, assumes facts not in evidence | This objection was provided for the first time at 4:21 pm on Friday, February 21, 2014. Plaintiff is unable to respond at this time and reserves the right to respond later. |
| 14:6 | | 14:16 | | Inadmissible hearsay, foundation, relevance, assumes facts not in evidence | This objection was provided for the first time at 4:21 pm on Friday, February 21, 2014. Plaintiff is unable to respond at this time and reserves the right to respond later. |
| 26:11 | | 32:9 | | Inadmissible hearsay, foundation, relevance, assumes facts not in evidence | This objection was provided for the first time at 4:21 pm on Friday, February 21, 2014. Plaintiff is unable to respond at this time and reserves the right to respond later. |
| 33:19 | | 34:27 | | Inadmissible hearsay, foundation, relevance, assumes facts not in evidence | This objection was provided for the first time at 4:21 pm on Friday, February 21, 2014. Plaintiff is unable to respond at this time and reserves the right to respond later. |

| 37:18 | 39:7 | Inadmissible hearsay, foundation, relevance, assumes facts not in evidence | The testimony is based on personal knowledge of Dr. Weaver.  Dr. Weaver is a 1944 Harvard Medical School graduate.  He worked for Standard Oil, Esso, and Exxon's in the medical departments starting in 1951. He was involved with activities of the API from 1958 until 1986 and was executive director of the API from 1973 until retirement. He has historical knowledge of the activities of the API Medical Advisory Committee dating back to the 1940s. |
| --- | --- | --- | --- |
| 39:21 | 40:11 | Relevance | Establishes foundation for Dr. Weaver's knowledge of the activities of the API. |
| 44:15 | 44:18 | Relevance | Establishes foundation for Dr. Weaver's knowledge of the activities of the API. |
| 49:13 | 51:7 | Relevance | Establishes the function and importance of the API Medical Advisory Committee in researching for members the health hazards of refinery work that could cause cancer.  This is foundation for importance of research papers on asbestos presented through the committee.  Dr. Weaver also testifies to the membership of Socony-Vacuum, a predecessor of Mobil. |

Deposition of Neill K. Weaver taken January 15, 1993
*Russell Allen, et al. v. American Petrofina, et al.* Case No. B-126, 986; District Court Jefferson
County Texas, 60th Judicial District
*French Hicks, et al. v. Bethlehem Steel Corp.*, et al. Case No. A-134, 614; District Court
Jefferson County, Texas, 58th Judicial District
Vol. III

Defendants refer to their objections as stated above. Plaintiff failed to provide

Defendants with the deposition transcript referenced below until February 6, 2014, and therefore

Defendants reserve their objections. Defendants reserve the right to provide counter

designations to the extent any testimony is allowed.

| From | | To | | Defendants' Objections | Plaintiff's Response |
|------|------|------|------|------|------|
| Page | Line | Page | Line | | |
| 379:11 | | 379:19 | | Foundation, relevance, assumes facts not in evidence | Relevant to show practice of distribution of Medical Advisory Committee documents to medical directors of all API members. See additional designations below. |
| 449:9 | | 449:12 | | Relevance | Relevant to show practice of distribution of Medical Advisory Committee documents to medical directors of all API members. See additional designations below. |
| 450:14 | | 452:2 | | Relevance | Relevant to show practice of distribution of Medical Advisory Committee documents to medical directors of all API members |

**b.      Defendants' Conditional Counter-Designations**

Defendants reserve the right to provide counter designations to the extent any testimony

is allowed. See objections and reservations above.

7. **Robert Maracek**

a. **Plaintiff's Designations**

Deposition of Robert Maracek taken August 27, 2002
*Joan Alice Blumberg, et al. v. Able Supply Co., et al.*; Case No. 99-c-559-c; District Court, Cass County, Texas, 5th Judicial District
*Gwendolyn Gray Luce, et al. v. E.I. DuPont De Nemours & Company, et al.*; Case No. 157, 107; District Court, Jefferson County Texas, 172nd Judicial District

Defendants jointly refer to their objections as stated above. Defendants jointly refer to their objections as stated above. Defendants further object to the use of this deposition and plaintiff's designations as they may pertain to each Defendant. Defendants jointly reassert and adopt all argument contained in Defendants Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151), which apply equally to Mr. Maracek. Defendants reserve the right to provide counter designations to the extent any testimony is allowed.

Plaintiff Response to general objection: Robert Maracek's testimony is often used in asbestos litigation. Owens-Illinois and other defendants were represented for the 2002 testimony. Maracek was added as a witness after plaintiff proposed stipulations concerning the national Safety Council trade organization which were not agreed to. Plaintiffs further rely on the response to the Second Motion to Bar referenced above.

| From | | To | | Defendants' Objections | Plaintiff's Response |
|------|------|------|------|------|------|
| Page | Line | Page | Line | | |
| 9:9 | | 10:22 | | | |
| 11:24 ("Can…") | | 12:3 | | | |

| 12:12 | 15:22 | Relevance, foundation, hearsay, vague as to time, assumes facts not in evidence. | Maracek's testimony is relevant to: (1) publications of the National Safety Council ("NSC") that contained information about the health hazards of asbestos and the safety measures that should be taken for persons working with or around asbestos; (2) distribution or availability of these publications to members of the NSC; and (3) purposes or functions of the NSC to provide health and safety information relating to asbestos. Several defendants and employees of defendants were members of the NSC. Maracek's testimony is offered to support plaintiff proposed stipulations, which were not agreed, to about the NSC.

Foundation exists because Maracek is the manager of the library of the NSC. As manager, Maracek maintains and is the custodian of the records that are kept in the NSC library. There is no person at the NSC who ranks above Maracek in this role. (See p.9:9 to 10:22)

Maracek's testimony is based on his own knowledge. There is no indication it is hearsay, and Mobil does not explain the basis for its hearsay objection.

Membership of defendants in the NSC is established by other documents or testimony. |
| --- | --- | --- | --- |

| 15:25 | 16:4 | Relevance, foundation, hearsay, vague as to time, assumes facts not in evidence. | See response above to objections to p. 12:12 to 15:22. |
| 16:7 | 16:7 | Relevance, foundation, hearsay | See response above to objections to p. 12:12 to 15:22. |

**b.** **Defendants' Conditional Counter-Designations**

Defendants reserve the right to provide counter designations to the extent any testimony

is allowed.

8.     **Daniel Braun**

a.     **Plaintiff's Designations**

Deposition of Dr. Daniel Carl Braun taken May 5, 1982
*James S. Price v. Johns-Manville Sales Corp., et al.* U.S. District Court, Western District of
North Carolina Case No. CC81-0552-M, and other cases

Defendants jointly refer to their objections as stated above.  Defendants jointly refer to

their objections as stated above.  Defendants further object to the use of this deposition and

plaintiff's designations as they may pertain to each Defendant.  Defendants jointly reassert and

adopt all argument contained in Defendants Second Joint Motion to Bar Undisclosed and

Improperly Disclosed Witnesses (ECF No. 151), which apply equally to Mr. Braun. Defendants

reserve the right to provide counter designations to the extent any testimony is allowed.

Response to general objection:  Dr. Braun's testimony is often used in asbestos litigation.

Owens-Illinois and many other defendants were represented for the 1982 testimony.  Dr. Braun

was added as a witness after plaintiff proposed stipulations concerning the Industrial Hygiene

Foundation trade organization which were not agreed to.   Plaintiffs further rely on the response

to the Second Motion to Bar referenced above.

| From | | To | | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|---|---|
| Page | Line | Page | Line | | |
| 20:9 | | 22:8 | | Relevance, foundation, hearsay. | Braun's testimony relates to the  role of the Industrial Hygiene Foundation.  The IHF was a preeminent trade organization which researched,  collected, distributed, and made available  information about the health hazards of substances, including asbestos, to industry. |

| | | | |
|---|---|---|---|
| | | | Several defendants were members of the IHF. Braun's testimony is offered to support plaintiff proposed stipulations, which were not agreed, to about the IHF.<br><br>Braun's testimony is relevant to: (1) purpose and function of the IHF to fund research on industrial diseases; 2) collect and provide health and safety information relating to asbestos; 3) maintain a library of publications about industrial diseases. The testimony goes to what defendants knew or should have known about the health hazards of asbestos, safety measures to be taken, and ability to further investigation of the heath hazards of asbestos.<br><br>When he testified in 1982, Braun had been the President of the IHF since 1972, and previously worked for the IHF from 1951-57 as its medical director and from 1970-1972 as a manager of Occupational Services. (See p.21:20 to 22:8). From 1957-70 he worked at US Steel, an IHF member.<br><br>Braun's designated testimony is based on personal knowledge of the IHF, including historical records, and is not hearsay. |
| 22:23 | 22:25 | Relevance, foundation. | See response to defendants' objections to p. 20:9 to 22:8 |

| 48:5 | 50:5 | Relevance, foundation, hearsay. | See response to defendants' objections to p. 20:9 to 22:8 |
| 50:20 | 51:5 | Relevance, foundation, hearsay. | See response to defendants' objections to p. 20:9 to 22:8 |

### b. Defendants' Conditional Counter-Designations

Defendants reserve the right to provide counter designations to the extent any testimony is allowed.