**10.** **PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

**A.** **Plaintiff's Proposed Jury Instructions**

Defendants jointly object to inconsistent and unnecessary tables.

| | | |
|---|---|---|
| 1. | 7th Cir. PI 1.01 | Functions of the Court and Jury |
| 2. | 7th Cir. PI 1.02 | No Inference From Judge's Questions |
| 3. | 7th Cir. PI 1.04 | Evidence |
| 4. | 7th Cir. PI 1.05 | Deposition Testimony |
| 5. | 7th Cir. PI 1.06 | What is Not Evidence |
| 6. | 7th Cir. PI 1.07 | Note Taking |
| 7. | 7th Cir. PI 1.08 | Consideration of All Evidence Regardless of Who Produced |
| 8. | 7th Cir. PI 1.09 | Limited Purpose of Evidence |
| 9. | 7th Cir. PI 1.11 | Weighing the Evidence |
| 10. | 7th Cir. PI 1.12 | Definition of "Direct" and "Circumstantial" Evidence |
| 11. | 7th Cir. PI 1.13 | Testimony of Witnesses: Deciding What to Believe |
| 12. | 7th Cir. PI 1.14 | Prior Inconsistent Statements |
| 13. | 7th Cir. PI 1.16 | Lawyer Interviewing Witness |
| 14. | 7th Cir. PI 1.17 | Number of Witnesses |
| 15. | 7th Cir. PI 1.18 | Absence of Evidence |
| 16. | 7th Cir. PI 1.21 | Expert Witnesses |
| 17. | 7th Cir. PI 1.24 | Demonstrative Evidence |
| 18. | 7th Cir. PI 1.27 | Burden of Proof |
| 19. | 7th Cir. PI 2.04 | Stipulated Testimony |
| 20. | 7th Cir. PI 2.05 | Stipulations of Fact |
| 21. | 7th Cir PI 2.08 | Depositions as Substantive Evidence |

| | | |
|---|---|---|
| 22. | IPI 3.03 | Insurance/Benefits |
| 23. | IPI 10.01 | Negligence – Adult – Definition |
| 24. | IPI 10.02 | Ordinary Care – Adult – Definition |
| 25. | IPI 10.04 | Duty to Use Ordinary Care – Adult – Defendant |
| 26. | IPI 12.04 | Concurrent Negligence Other than Defendant's |
| 27. | IPI 15.01 | Proximate Cause – Definition |
| 28. | IPI 20.01 | Issues Made by the Pleadings – Negligence |
| 29. | B21.02.01 | Burden of Proof on the Issues – Negligence |
| 30. | IPI 30.01 | Measure of Damages Personal & Property |
| 31. | IPI 30.04.02 | Loss of a Normal Life – Definition |
| 32. | IPI 34.01 | Damages Arising in the Future – Extent and Amount |
| 33. | IPI 34.02 | Damages Arising in the Future – Discount to Present Cash Value |
| 34. | IPI 34.04 | Damages Arising in the Future – Mortality |
| 35. | IPI B45.03 | Instruction on Use of Verdict Forms – Negligence |
| 36. | IPI B45.03A | Verdict Form A – Single Plaintiff and Claimed Multiple Tortfeasors – Comparative Negligence – Verdict for Plaintiff Against Some But Not All Defendants |
| 37. | IPI B45.03B | Verdict Form B – Single Plaintiff and Multiple Defendants |
| 38. | IPI 120.02 | Duty to an Adult Lawfully on the Property – Condition of Property |
| 39. | IPI 120.09 | Issue/Burden of Proof:  Premises/Deliberate Encounter |
| 40. | 7th Cir. PI 1.32 | Selection of a Presiding Juror; General Verdict |
| 41. | 7th Cir. PI 1.33 | Communication With Court |
| 42. | IPI 21.01 | Meaning of Burden of Proof |
| 43. | IPI 128.02 | Concluding Paragraph – Contributory Negligence Claimed |

| 44. | Def. Gen. #3 | Use of Electronic Technology |
| 45. | 7th Cir. PI 1.31 | No Need to Consider Damages (alternate only) |
| 46. | IPI 2.02 | Evidence Admitted for a Limited Purpose |
| 47. | IPI 12.05 (short) | Negligence – Intervention of an Outside Agency (alternate only) |
| 48. | *Lafever v. Kemlite Co.*; Restatement 2nd of Torts §343A | Open and Obvious (alternate only) |
| 49. | IPI 120.08 | Issue/Burden of Proof Premises/Condition/Distraction |
| 50. | *Butler v. O/Y Finnlines, Ltd.* | Maritime: Customary Practice (alternate only) |
| 51. | *Boyle v. United Techs. Corp.* | Government Contractor Defense (alternate only) |
| 52. | IPI 12.05 (long) | Negligence--Intervention of Outside Agency (alternate only) |
| 53. | *McDermott, Inc. v. AmClyde* | McDermott Credit (alternate only) |

## 1.      Functions of the Court And The Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice/fear/public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff Instruction No. 1
**Authority:**          7th Cir. PI 1.01
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction to
Plaintiff's Proposed Instruction No. 1**

Defendants have no objection to Plaintiff's proposed instruction.

## 2.      No Inference from Judge's Questions

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Proposed Instruction No. 2
**Authority:**            7th Cir. PI 1.02
**Offered:**              _____
**Denied:**               _____
**Reserved:**             _____
**Withdrawn:**            _____
**Agreed/Disputed:**      _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 2**

Defendants have no objection to Plaintiff's proposed instruction.

### 3. Evidence

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Instruction No. 3
**Authority:** 7th Cir. PI 1.04
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 3**

Defendants have no objection to Plaintiff's proposed instruction.

### 4.      Deposition Testimony

During the trial, certain testimony was presented to you by the reading of a deposition/depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiff's Proposed Instruction No. 4
**Authority:**              7th Cir. PI 1.05
**Offered:**              _____
**Denied:**              _____
**Reserved:**              _____
**Withdrawn:**              _____
**Agreed/Disputed:**      _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 4**

Defendants object to Plaintiff's confusing instruction with "a deposition/depositions."

Defendants' proposed modification is the following:

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Authority:**         *Federal Civil Jury Instructions of the Seventh Circuit* § 1.05 (2009 rev.)
**Offered:**           _____
**Denied:**            _____
**Reserved:**          _____
**Withdrawn:**         _____
**Agreed/Disputed:**   _____

### Plaintiff's Reasons Supporting Proposed Instruction No. 4

Plaintiff has no objection to the proposed alternate instruction.

### 5. What is Not Evidence

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Instruction No. 5
**Authority:** 7th Cir. PI 1.06
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 5**

Defendants have no objection to Plaintiff's proposed instruction.

6.      **<u>Note-Taking</u>**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Proposed Instruction No. 6
**Authority:**            7th Cir. PI 1.07
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 6**

Defendants have no objection to Plaintiff's proposed instruction.

### 7.    Consideration of All Evidence Regardless of Who Produced

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Instruction No. 7
**Authority:**            7th Cir. PI 1.08
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 7**

Defendants have no objection to Plaintiff's proposed instruction.

**8.      Limited Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Instruction No. 8
**Authority:**              7th Cir. PI 1.09
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 8**

Defendants have no objection to Plaintiff's proposed instruction.

**9.** **Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Instruction No. 9
**Authority:** 7th Cir. PI 1.11
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 9**

Defendants have no objection to Plaintiff's proposed instruction.

## **10.**     **Definition of "Direct" and "Circumstantial" Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Proposed Instruction No. 10
**Authority:**      7th Cir. PI 1.12
**Offered:**      _____
**Denied:**      _____
**Reserved:**      _____
**Withdrawn:**      _____
**Agreed/Disputed:**      _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 10**

Defendants object to Plaintiff's proposed instruction.  Mobil objects pending receipt of circumstantial evidence by the Court.

**Plaintiff's Reasons Supporting Proposed Instruction No. 10**

     Defendants offer no basis for their objections.  Defendants offer no proposed alternative instruction. As Plaintiff's Proposed Instruction No. 10 is a pattern instruction for the 7th Circuit and is appropriate in this case which involves circumstantial evidence.

### 11.  Testimony of Witnesses (Deciding What to Believe)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-    the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-    the witness's memory;

-    any interest, bias, or prejudice the witness may have;

-    the witness's intelligence;

-    the manner of the witness while testifying;

-    and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Instruction No. 11
**Authority:**            7th Cir. PI 1.13
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 11**

Defendants object because "the witness's age" should be included.  Several witnesses, including Plaintiff, are elderly and are expected to testify about events that occurred more than 60 years ago.

Defendants' proposed modification is the following:

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-    the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-    the witness's memory;

-    any interest, bias, or prejudice the witness may have;

-    the witness's intelligence;

-    the manner of the witness while testifying;

-    the witness's age;

-    and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Authority:**        *Federal Civil Jury Instructions of the Seventh Circuit* § 1.13 (2009 rev.)
**Agreed/Disputed:**    _____
**Withdrawn:**        _____
**Granted:**         _____
**Reserved:**        _____

**Plaintiff's Reasons Supporting Proposed Instruction No. 11**

Plaintiff has no objection to the proposed modification.

## 12.    Prior Inconsistent Statements [Or Acts]

You may consider statements given by any witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Instruction No. 12
**Authority:**              7th Cir. PI 1.14
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 12**

Mobil objects; misstates the intent of the instruction by deleting "party."

**Mobil Proposed Alternate Instruction:**

You may consider statements given by the Plaintiff under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Plaintiff's Reasons Supporting Proposed Instruction No. 12**

Plaintiff agrees that references to party should be included in the instruction. However, Mobil's proposed alternate instruction also misstates the law. A statement by either party may be considered as evidence of the truth of what that party said, as can a statement made by another witness under oath. *See* Fed. R. Evid. 801(d)(1)-(2). Plaintiff tenders the following as Plaintiff's Proposed Amended No. 12:

You may consider statements given by any party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed (Modified) Instruction No. 12
**Authority:** 7th Cir. PI 1.14
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

### 13.    Lawyer Interviewing Witness

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Proposed Instruction No. 13
**Authority:**           7th Cir. PI 1.16
**Offered:**           _____
**Denied:**           _____
**Reserved:**           _____
**Withdrawn:**           _____
**Agreed/Disputed:**           _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 13**

Defendants have no objection to Plaintiff's proposed instruction.

### 14. <u>Number of Witnesses</u>

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Instruction No. 14
**Authority:** 7th Cir. PI 1.17
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 14**

Defendants have no objection to Plaintiff's proposed instruction.

### 15.    <u>Absence of Evidence</u>

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Instruction No. 15
**Authority:**            7th Cir. PI 1.18
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 15**

Defendants have no objection to Plaintiff's proposed instruction.

### 16. <u>Expert Witnesses</u>

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Instruction No. 16
**Authority:**          7th Cir. PI 1.21
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 16**

Defendants have no objection to Plaintiff's proposed instruction.

### 17. Demonstrative Exhibits

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Instruction No. 17
**Authority:**          7th Cir. PI 1.24
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 17**

Defendants have no objection to Plaintiff's proposed instruction.

### 18.     Burden Of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Instruction No. 18
**Authority:**          7th Cir. PI 1.27
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 18**

Defendants have no objection to Plaintiff's proposed instruction.

**19.     <u>Stipulated Testimony</u>**

      The parties have stipulated or agreed what [name's] testimony would be if [name] were called as a witness. You should consider that testimony in the same way as if [name] had given the testimony here in court.

Plaintiff's Proposed Instruction No. 19
**Authority:**            7th Cir. PI 2.04
**Offered:**          _____
**Denied:**           _____
**Reserved:**        _____
**Withdrawn:**      _____
**Agreed/Disputed:**   _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 19**

Defendants have no objection to Plaintiff's proposed instruction if applicable at the time of trial.

## 20.    Stipulations of Facts

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

Plaintiff's Proposed Instruction No. 20
**Authority:**            7th Cir. PI 2.05
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**        _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 20**

Defendants have no objection to Plaintiff's proposed instruction.

### 21.    Deposition as Substantive Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Plaintiff's Proposed Instruction No. 21
**Authority:**          7th Cir. PI 2.08
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 21**

Defendants object to Plaintiff's proposed instruction.

**Plaintiff's Reasons Supporting Proposed Instruction No. 21**

Defendants offer no basis for their objections, nor do they offer any proposed alternate instruction. As Plaintiff's Proposed Instruction No. 10 is a pattern instruction for the 7th Circuit and is appropriate in this case, it should be given.

### 22. <u>Insurance/Benefits</u>

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

**Plaintiff's Proposed Instruction** No. 22
**Authority:**          IPI 3.03
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 22**

Defendants object. The third sentence is an incorrect and misleading statement of Illinois law, *see Taylor v County of Cook*, 957 N.E. 2d 413 (1st Dist. 2011).

**Plaintiff's Reasons Supporting Proposed Instruction No. 22**

The case cited by Mobil merely held that deleting the final sentence of IPI 3.03 was not an abuse of discretion. *Taylor v County of Cook*, 957 N.E. 2d 413, 441 (1st Dist. 2011). The court did not adopt the proposed instruction as more accurate, nor did the court suggest that the form instruction was improper. *Id.* Since Mobil has failed to state any grounds to reject the form instruction, and it applies in this case, it should be given as properly submitted as Plaintiff's proposed instruction No. 22.

### 23.    Negligence--Adult--Definition

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide

Plaintiff's Proposed Instruction No. 23
**Authority:**              IPI 10.01
**Offered:**                _____
**Denied:**                 _____
**Reserved:**               _____
**Withdrawn:**              _____
**Agreed/Disputed:**        _____

### Defendants' Objections and Proposed Modification/Alternate Instruction
### to Plaintiff's Proposed Instruction No. 23

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil objects; should be restricted to ordinary negligence counts.

**Plaintiff's Reasons Supporting Proposed Instruction No. 23**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state law instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Mobil has no basis for objection. Premise owner liability is also grounded in negligence, as Mobil's own proposed Illinois instruction states: "It was the duty of defendant, Mobil, as an owner of the property in question, *to exercise ordinary care* to see that the property was reasonably safe for the use of those lawfully on the property." Defendants Proposed Illinois Instruction No. 14; I.P.I. 120.06 (emphasis added). This is just a reiteration of the negligence standard and uses identical language. *Compare* I.P.I. 120.06 *with* I.P.I. 10.04 ("It was the duty of the defendants, before and at the time of the occurrence, to use ordinary care.") I.P.I. 10.01 and 10.02 simply offer definitions of the terms, they do not change the substance of any duty owed to Plaintiff. Further, I.P.I. 10.02 defines ordinary care in part as, "the care a reasonably careful person would use under circumstances similar to those shown by the evidence." This definition, combined with the premise instructions offered by Mobil (without objection), make clear defendants may have different obligations arising out of their duties to exercise ordinary care. Plaintiff's Proposed Instruction No. 23 should be used should be used for all defendants.

### 24.  <u>Ordinary Care–Adult–Definition</u>

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Plaintiff's Proposed Instruction No. 24
**Authority:**          IPI 10.02
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

### Defendants' Objections and Proposed Modification/Alternate Instruction
### to Plaintiff's Proposed Instruction No. 24

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil objects; should be restricted to ordinary negligence counts.

**Plaintiff's Reasons Supporting Proposed Instruction No. 24**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Mobil has no basis for objection. Premise owner liability is also grounded in negligence, as Mobil's own proposed Illinois instruction states: "It was the duty of defendant, Mobil, as an owner of the property in question, *to exercise ordinary care* to see that the property was reasonably safe for the use of those lawfully on the property." Defendants Proposed Illinois Instruction No. 14; I.P.I. 120.06 (emphasis added). This is just a reiteration of the negligence standard and uses identical language. *Compare* I.P.I. 120.06 *with* I.P.I. 10.04 ("It was the duty of the defendants, before and at the time of the occurrence, to use ordinary care.") I.P.I. 10.01 and 10.02 simply offer definitions of the terms, they do not change the substance of any duty owed to Plaintiff. Further, I.P.I. 10.02 defines ordinary care in part as, "the care a reasonably careful person would use under circumstances similar to those shown by the evidence." This definition, combined with the premise instructions offered by Mobil (without objection), make clear defendants may have different obligations arising out of their duties to exercise ordinary care. Plaintiff's Proposed Instruction No. 24 should be used for all defendants.

### 25. Duty to Use Ordinary Care--Adult--Defendant

It was the duty of the defendants, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff. That means it was the duty of the defendants to be free from negligence.

Plaintiff's Proposed Instruction No. 25
**Authority:** IPI 10.04
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 25**

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil objects; it misstates the duty of a landowner and should be restricted to the defendants in the general negligence counts.

**Plaintiff's Reasons Supporting Proposed Instruction No. 25**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Mobil has no basis for objection. Premise owner liability is also grounded in negligence, as Mobil's own proposed Illinois instruction states: "It was the duty of defendant, Mobil, as an owner of the property in question, *to exercise ordinary care* to see that the property was reasonably safe for the use of those lawfully on the property." Defendants Proposed Illinois Instruction No. 14; I.P.I. 120.06 (emphasis added). This is just a reiteration of the negligence standard and uses identical language. *Compare* I.P.I. 120.06 *with* I.P.I. 10.04 ("It was the duty of the defendants, before and at the time of the occurrence, to use ordinary care.") I.P.I. 10.01 and 10.02 simply offer definitions of the terms, they do not change the substance of any duty owed to Plaintiff. Further, I.P.I. 10.02 defines ordinary care in part as, "the care a reasonably careful person would use under circumstances similar to those shown by the evidence." This definition, combined with the premise instructions offered by Mobil (without objection), make clear defendants may have different obligations arising out of their duties to exercise ordinary care. Plaintiff's Proposed Instruction No. 25 should be used for all defendants.

### 26.     Concurrent Negligence Other Than Defendant's

More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that their negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

Plaintiff's Proposed Instruction No. 26
**Authority:**          IPI 12.04
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction**
**to Plaintiff's Proposed Instruction No. 26**

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil and Weil-McLain have an objection; the omitted bracketed material on sole proximate cause (*see* Defendant's Proposed Instruction) should be inserted consistent with Mobil's sole proximate cause defense that a non-party is the sole proximate cause of Plaintiff's injuries.  *Ready v United*, 238 Ill 2d 582, 939 N.E. 2d 417 (Ill 2010). The long form IPI 12.04 should be given. In addition, Plaintiff did not tender a 12.05. Since the condition of Plaintiff's lung cancer was caused by smoking, the long form 12.05.

### Plaintiff's Reasons Supporting Proposed Instruction No. 26

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff has no objection to using the long form of I.P.I. 12.04 as an alternate instruction.

### 27. <u>Proximate Cause–Definition</u>

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

Plaintiff's Proposed Instruction No. 27
**Authority:**           IPI 15.01
**Offered:**           _____
**Denied:**           _____
**Reserved:**           _____
**Withdrawn:**           _____
**Agreed/Disputed:**           _____

### Defendants' Objections and Proposed Modification/Alternate Instruction
### to Plaintiff's Proposed Instruction No. 27

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil and Weil-McLain have an objection, the short form proximate cause instruction should be given. As more fully developed in its *Daubert* Motions to bar Arthur Frank, M.D., and Mr. Frank Parker, Plaintiff's application of the long form proximate cause distorts Illinois substantive causation law in *Thacker* and *Nolan*. See Defendants' proposed proximate cause instruction.

### Plaintiff's Reasons Supporting Proposed Instruction No. 27

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

According to the notes on use for this instruction the entire instruction should be used when "there is evidence of a concurring or contributing cause to the injury or death." I.P.I. 15.01 *Notes on Use*. The defendants have suggested and intend to present evidence at trial that Krik and other non-parties were a contributing cause of his injuries. They have further requested jury instructions stating the same. As such, the long form instruction is appropriate and Plaintiff's Proposed Instruction No. 27 should be used.

### 28. Issues Made By the Pleadings–Negligence–One Or More Defendants

Charles Krik claims that he was injured and sustained damage, and that the defendants, Owens Illinois, Inc., Weil-McClain, and Crane Co. were negligent in the manufacture or sale of their asbestos containing products or equipment when the particular defendants knew or should have known about the health risks of asbestos during his alleged exposures to the particular defendant's products or equipment, in one or more of the following respects.

First, failing to adequately warn Charles Krik, his coworkers, or his employers of the health hazards of asbestos;

Second, failing to adequately investigate or test for the health effects of the asbestos containing products or equipment;

Third, failing to adequately instruct Charles Krik, his coworkers, or his employers, about precautionary measures necessary to prevent asbestos exposures; or

Fourth, failing to exercise reasonable care in designing, manufacturing, or supplying unsafe asbestos-containing products or asbestos-containing equipment instead of substitute materials.

Charles Krik further claims that one or more of the foregoing was a proximate cause of his injuries.

Defendants deny that they did any of the things claimed by Charles Krik, deny that they were negligent in doing any of the things claimed by Charles Krik, and deny that their alleged acts or omissions were a proximate cause of Charles Krik's claimed injuries.

Defendants further deny that Charles Krik was injured or sustained damages to the extent claimed.

The defendant also sets up the following affirmative defenses:
Defendant claims

A. Alterations, changes, and modifications to the defendant's products were the sole proximate cause of the plaintiff's injuries, and that these alterations, changes, and modifications were unforeseeable to the defendant. [inclusion contingent on defense being supported by a showing of sufficient evidence and giving of the instruction]

B. Conduct of someone other than these defendants was a superseding cause of plaintiff's injuries. [inclusion contingent on giving superseding injury instruction]

C. The government contractor defense, as defined elsewhere in the these instructions, is applicable to all the products or equipment which defendant supplied to the U.S. Navy and Mr. Krik was only exposed to asbestos from the products or equipment of defendant while working in the U.S. Navy. [inclusion contingent on defense being supported by a showing of sufficient evidence and giving of the instruction]     The plaintiff denies all affirmative defenses put

forth by defendant.

The defendant further denies that the plaintiff was injured or sustained damages to the extent claimed.

Plaintiff's Proposed Instruction No. 28

**Authority:**             IPI 20.01
**Offered:**              _____
**Denied:**               _____
**Reserved:**             _____
**Withdrawn:**           _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 28**

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil objects to Plaintiff's Proposed Instructions 28 and 29.  *See* Defendants' proposed instructions.  Plaintiff apparently now agrees IPI 120.08 should be used against Mobil in a case involving premises liability, rather than the tendered 20.01, and Plaintiff has now tendered "Plaintiff's Alternate Instruction 49."  Defendants' Instruction 16 should be given as to Mobil instead of Plaintiff's Instruction 28.

**Plaintiff's Reasons Supporting Proposed Instruction No. 28**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Mobil states no reason for its objection to this instruction. See responses to Defendants' proposed instructions below. Plaintiff's Proposed Instruction No. 28 should be used.

### 29. Burden of Proof on the Issues—Negligence–One Plaintiff and Two or More Defendants

The plaintiff has the burden of proving each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one or more of the defendants, then your verdict shall be for those defendants. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to any one or more of the defendants, then you must consider those defendants' claims that the plaintiff was contributorily negligent.

As to those claims, those defendants have the burden of proving each of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendants as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That plaintiff's negligence was a proximate cause of his injury.

If you find from your consideration of all the evidence that plaintiff has proved all the propositions required of the plaintiff and that those defendants have not proved both of the propositions required of the defendants, then your verdict shall be for the plaintiff as to those defendants and you shall not reduce plaintiff's damages.

If you find from your consideration of all the evidence that those defendants have proved both of the propositions required of those defendants, and if you find that the plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for those defendants.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that those defendants have proved both of the propositions required of those defendants, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which

recovery is sought, then your verdict shall be for the plaintiff as to those defendants and you will reduce the plaintiff's damages in the manner stated to you in these instructions.

Plaintiff's Proposed Instruction No. 29

**Authority:**   IPI B21.02.01

**Offered:**   _____

**Denied:**   _____

**Reserved:**   _____

**Withdrawn:**   _____

**Agreed/Disputed:**  _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 29**

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

Mobil has an objection, to Plaintiff's Proposed Instructions 28 and 29.  *See* Defendants' proposed instructions.

**Plaintiff's Reasons Supporting Proposed Instruction No. 29**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Mobil states no reason for its objection to this instruction. See responses to Defendants' proposed instructions below. Plaintiff's Proposed Instruction No. 29 should be used.

### 30.    Measure of Damages--Personal and Property

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendants, taking into consideration the nature, extent and duration of the injury.

Loss of a normal life experienced and reasonably certain to be experienced in the future.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The emotional distress experienced and reasonably certain to be experienced in the future.

The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

The reasonable expense of necessary help and the present cash value of such expense reasonably certain to be required in the future.

The increased risk of future lung cancer or mesothelioma resulting from the injury

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Proposed Instruction No. 30
**Authority:**           IPI 30.01, 30.04.01, 30.04.03, 30.04.05, 30.05, 30.06
**Offered:**           _____
**Denied:**           _____
**Reserved:**           _____
**Withdrawn:**           _____
**Agreed/Disputed:**           _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 30**

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.


Mobil and Weil-McLain join in these objections, and further object on grounds that evidence regarding any of these bases for damages has not been disclosed and is therefore inadmissible; moreover, certain categories of damages are not available under Illinois law given the facts of this case. There is no evidence sufficient to support an award of damages in any such category and, in some cases the claimed damages are non-compensable based on the facts or the legal theories asserted.  Mobil objects on grounds that there is no evidence sufficient to support an award of damages in any such category.  In addition, the recoverable element of damage is for "conscious" pain and suffering.  There is no evidence sufficient to support an award of damages in any such category in the nature of "emotional distress", and such an award of damages would allow for a double recovery; the claimed damages are not recoverable except in cases involving negligent or intentional infliction of emotional distress. *See Hiscott v. Peters*, 324 Ill App. 3d 114.

**Plaintiff's Reasons Supporting Proposed Instruction No. 30**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Mobil's and Weil-McLain's objection to the proposed damage instruction is an issue of fact to be resolved by the jury. That is why the instruction concludes "Whether any of these elements of damages has been proved by the evidence is for you to determine." I.P.I. 30.01. The burden of proof is whether something is more likely than not. The testimony of Mr. Krik (who was timely disclosed) alone would be enough to bring an issue of fact to the jurors as to each element of damages. Further evidence of future damages also exists in the form of medical evidence. A portion of Krik's lung has been removed, and he will need ongoing medical monitoring for his asbestos-disease. Mobil cannot say, prior to the introduction of evidence, which includes live testimony, that there is not sufficient evidence for any of the elements listed in Plaintiff's instruction. Plaintiff's Proposed Instruction No. 30 should be given.

### 31.    Loss of a Normal Life–Definition

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Plaintiff's Proposed Instruction No. 31
**Authority:**          IPI 30.04.02
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

## Defendants' Objections and Proposed Modification/Alternate Instruction
## to Plaintiff's Proposed Instruction No. 31

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions. Defendants object on grounds that there is no evidence sufficient to support an award of damages in any such category.

**Plaintiff's Reasons Supporting Proposed Instruction No. 31**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Defendant's objection to the proposed damage instruction is an issue of fact to be resolved by the jury. That is why the general damages instruction concludes "Whether any of these elements of damages has been proved by the evidence is for you to determine." I.P.I. 30.01. The burden of proof is whether something is more likely than not. The testimony of Mr. Krik (who was timely disclosed) alone would be enough to bring an issue of fact to the jurors as to this element of damages, and sufficient medical evidence has been disclosed to support this finding; a portion of Krik's lung has been removed. Defendants cannot say, prior to the introduction of evidence, which includes live testimony, that there is not sufficient evidence for this element of damages. Plaintiff's Proposed Instruction No. 31 should be given.

### 32. <u>Damages Arising in the Future–Extent and Amount</u>

      If you find that the plaintiff is entitled to damages arising in the future because of injuries or because of future medical and caretaking expenses you must determine the amount of these damages which will arise in the future.

      If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiff is likely to live.

Plaintiff's Proposed Instruction No. 32
**Authority:**        IPI 34.01
**Offered:**         _____
**Denied:**          _____
**Reserved:**       _____
**Withdrawn:**     _____
**Agreed/Disputed:**  _____

## Defendants' Objections and Proposed Modification/Alternate Instruction
## to Plaintiff's Proposed Instruction No. 32

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions. Defendants object on grounds that there is no evidence sufficient to support an award of damages in any such category.

**Plaintiff's Reasons Supporting Proposed Instruction No. 32**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Defendant's objection to the proposed damage instruction is an issue of fact to be resolved by the jury. That is why the general damage instruction concludes "Whether any of these elements of damages has been proved by the evidence is for you to determine." I.P.I. 30.01. The burden of proof is whether something is more likely than not. The testimony of Mr. Krik (who was timely disclosed) alone would be enough to bring an issue of fact to the jurors as to this element of damages, and sufficient medical evidence has been disclosed to support this finding. Defendants cannot say, prior to the introduction of evidence, which includes live testimony, that there is not sufficient evidence to support a finding of *any* future damages. Further evidence of future damages also exists in the form of medical evidence. A portion of Krik's lung has been removed, and he will need ongoing medical monitoring for his asbestos-disease. Plaintiff's Proposed Instruction No. 32 should be given.

### 33.    Damages Arising in the Future–Discount to Present Cash Value

In computing the damages arising in the future because of future medical and caretaking expenses you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the expenses at the time in the future when the expenses must be paid.

Damages for pain and suffering, and loss of a normal life are not reduced to present cash value.

Plaintiff's Proposed Instruction No. 33
**Authority:**            IPI 34.02
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

### Defendants' Objections and Proposed Modification/Alternate Instruction
### to Plaintiff's Proposed Instruction No. 33

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions. Defendants object on grounds that there is no evidence sufficient to support an award of damages in any such category.

## Plaintiff's Reasons Supporting Proposed Instruction No. 33

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Defendant's objection to the proposed damage instruction is an issue of fact to be resolved by the jury. That is why the general damage instruction concludes "Whether any of these elements of damages has been proved by the evidence is for you to determine." I.P.I. 30.01. The burden of proof is whether something is more likely than not. The testimony of Mr. Krik (who was timely disclosed) alone would be enough to bring an issue of fact to the jurors as to this element of damages, and sufficient medical evidence has been disclosed to support this finding. Defendants cannot say, prior to the introduction of evidence, which includes live testimony, that there is not sufficient evidence to support a finding of *any* future damages. Further evidence of future damages also exists in the form of medical evidence. A portion of Krik's lung has been removed, and he will need ongoing medical monitoring for his asbestos-disease. Plaintiff's Proposed Instruction No. 33 should be given.

### 34.     Damages Arising in the Future–Mortality Tables as Evidence of Damages--Injury Case

According to a table of mortality in evidence, the life expectancy of a white male aged 75 years is 10.7 years. This figure is not conclusive. It is the average life expectancy of a white male who has reached the age of 75. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff (a white male who is currently 76 years old) in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Plaintiff's Proposed Instruction No. 34
**Authority:**          IPI 34.04
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

### Defendants' Objections and Proposed Modification/Alternate Instruction
### to Plaintiff's Proposed Instruction No. 34

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions. Defendants object on grounds that there is no evidence sufficient to support an award of damages in any such category. Moreover, Plaintiff has failed to disclose evidence in support of this instruction, and such evidence should be barred.

**Plaintiff's Reasons Supporting Proposed Instruction No. 34**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Defendant's objection to the proposed damage instruction is an issue of fact to be resolved by the jury. That is why the general damage instruction concludes "Whether any of these elements of damages has been proved by the evidence is for you to determine." I.P.I. 30.01. The burden of proof is whether something is more likely than not. The testimony of Mr. Krik (who was timely disclosed) alone would be enough to bring an issue of fact to the jurors as to this element of damages, and sufficient medical evidence has been disclosed to support this finding. Defendants cannot say, prior to the introduction of evidence, which includes live testimony, that there is not sufficient evidence to support a finding of *any* future damages. Further evidence of future damages also exists in the form of medical evidence. A portion of Krik's lung has been removed, and he will need ongoing medical monitoring for his asbestos-disease.

The mortality table is self-authenticating and is not substantive evidence which would require disclosure prior to trial. This document could also be entered into evidence through judicial notice, and it is inappropriate to oppose this on disclosure grounds prior to trial. Plaintiff's Proposed Instruction No. 34 should be given, subject to admission of a mortality table into evidence prior to the conclusion of trial.

### 35. Instruction on Use of Verdict Forms—Negligence Only--Single Plaintiff and

### Multiple Defendants

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form and return it to the court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

The parties in this case are:

**Plaintiff:**         **Charles Krik**

**Defendants:**       **Owens-Illinois**
                       **Weil-McLain**
                       **Crane Co.**
                       **Exxon Mobil**
                       _____

If you find for the plaintiff and against any of the defendants and if you further find that plaintiff was not contributorily negligent, then you should use Verdict Form A, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Charles Krik and against one or more of the defendants, and if you further find that Charles Krik's injury was proximately caused by a combination of the negligence of that defendant or defendants and Charles Krik's contributory negligence, and that Charles Krik's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A, writing in the percentage of the plaintiff's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find in favor of all defendants or that Charles Krik's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

Plaintiff's Proposed Instruction No. 35

| | |
|---|---|
| **Authority:** | IPI B45.03 |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

### Defendants' Objections and Proposed Modification/Alternate Instruction
### to Plaintiff's Proposed Instruction No. 35

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their verdict form under general maritime law. Mobil and Weil-McLain object and state: see alternate forms.

**Plaintiff's Reasons Supporting Proposed Instruction No. 35**


The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000).  Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff further responds by incorporating its objections to Defendants' Verdict Forms below, and the reasons stated therein.

Mobil and Weil-McLain state no reason for their  objection to this instruction. See responses to Defendants' proposed instructions below. Plaintiff's Proposed Instruction No. 35should be given.

36.    **Verdict Form A Single Plaintiff and Claimed Multiple Tortfeasors—Comparative Negligence–Verdict for Plaintiff against Some but Not All Defendants**

We, the jury, find for Charles Krik and against the following defendant or defendants:

| | | |
|---|---|---|
| Owens-Illinois | Yes | No |
| Weil-McLain | Yes | No |
| Crane Co. | Yes | No |
| Exxon Mobil | Yes | No |

We further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence [other damage reducing defense] of Charles Krik, if any, we find that the total amount of damages suffered by Charles Krik as a proximate result of his exposure to asbestos is $_____, itemized as follows:

| | |
|---|---|
| The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment, and services reasonably certain to be received in the future by Charles Krik. | $_____ |
| Loss of a normal life experienced and reasonably certain to be experienced in the future by Charles Krik. | $_____ |
| The pain and suffering experienced and reasonably certain to be experienced in the future by Charles Krik. | $_____ |
| The emotional distress experienced and reasonably certain to be experienced in the future by Charles Krik. | $_____ |
| The reasonable expense of necessary help and the present cash value of such expense reasonably certain to be required in the future by Charles Krik. | $_____ |
| The increased risk of future lung cancer or mesothelioma resulting from the injury | $_____ |

PLAINTIFF'S TOTAL DAMAGES:                                                  $_____

      Second: Assuming that 100% represents the total combined legal responsibility of all persons or entities which proximately caused Charles Krik's injury, we find the percentage of legal responsibility attributable to each as follows:

a) Charles Krik                                                 _____%

b) Owens-Illinois                                               _____%

c) Weil-McLain                                                  _____%

d) Crane Co.                                                    _____%

e) Exxon Mobil                                                  _____%

e) Other                                                        _____%

TOTAL                                                    100%

Plaintiff's Proposed Instruction No. 36
**Authority:**          IPI B45.03A (Single plaintiff and claimed multiple tortfeasors)
**Offered:**        _____
**Denied:**         _____
**Reserved:**       _____
**Withdrawn:**      _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 36**

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their verdict form under general maritime law.

**Plaintiff's Reasons Supporting Proposed Instruction No. 36**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff further responds by incorporating its objections to Defendants' Verdict Forms below, and the reasons stated therein.

Plaintiff's Proposed Instruction No. 36should be given.

### 37. Verdict Form B–Single Plaintiff and Multiple Defendants

**VERDICT FORM B**

We, the jury, find for all of the defendants and against the plaintiff.

[Signature Lines]

Plaintiff's Proposed Instruction No. 37
**Authority:**　　　　IPI B45.03B
**Offered:**　　　　_____
**Denied:**　　　　_____
**Reserved:**　　　　_____
**Withdrawn:**　　　　_____
**Agreed/Disputed:**　　　_____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 37**

Owens-Illinois and Crane Co. object. General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co. *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012). Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). Therefore, Owens-Illinois and Crane Co. object and refer to their verdict form under general maritime law.

**Plaintiff's Reasons Supporting Proposed Instruction No. 37**

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of the proposed instructions tendered by Plaintiff cover these principles. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff further responds by incorporating its objections to Defendants' Verdict Forms below, and the reasons stated therein.

Plaintiff's Proposed Instruction No. 37should be given.

### 38. Duty to an Adult Lawfully on the Property–Condition of Property

It was the duty of Exxon Mobil, as owner of the properties in question, to exercise ordinary care to see that their property was reasonably safe for the use of those lawfully on the property.

Plaintiff's Proposed Instruction No. 38
**Authority:**          IPI 120.02
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 38**

See Defendants' proposed instructions.

**Plaintiff's Reasons Supporting Proposed Instruction No. 38**

Defendants state no reason for its objection to this instruction. See responses to Defendants' proposed instructions below. Plaintiff's Proposed Instruction No. 38should be given.

### 39.    Issue/Burden of Proof Premises/Deliberate Encounter

In Count II, Charles Krik seeks to recover damages from defendant Exxon Mobil Oil Corp.

In order to recover damages, Mr. Krik has the burden of proving:

First, there was a condition on the Exxon Mobil Oil Corp. plant where Krik worked which presented an unreasonable risk of harm to people on the property including Charles Krik.

Second, Exxon Mobil Oil Corp. knew or in the exercise of ordinary care should have known of both the condition and the risk.

Third, Exxon Mobil Oil Corp. could reasonably expect that a reasonable person in Charles Krik's position, knowing of the condition, would proceed to encounter it because the advantage of doing so outweighs the apparent risk.

Fourth, Exxon Mobil Oil Corp. were negligent in one or more of the following ways:

a) failing to adequately warn Charles Krik, his co-workers, or employers of the dangers of harm from exposure to asbestos;
b) failing to instruct Charles Krik, his co-workers, or employers adequately about safety precautions for exposure to asbestos;
c) failing to establish adequate safety measures to protect Charles Krik from exposure to asbestos;
d) failing to adequately test for asbestos where Charles Krik worked;

e) employing any contractor which failed to take reasonable precautions against the danger of asbestos;
f) allowing the use of asbestos containing products at the premises;

g) failing to assign or hire personnel qualified to recognize, evaluate, and control asbestos exposures at their premises.

Fifth, Charles Krik was injured.

Sixth, Exxon Mobil Oil Corp.'s negligence was a proximate cause of Charles Krik's injury.

Plaintiff's Proposed Instruction No. 39
**Authority:**          IPI 120.09
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 39**

Mobil objects.

The issues instruction misstates the issues.

Second, there is no evidence of a deliberate encounter here.

Third, the instruction misstates the duty of a landowner under Illinois law.

Fourth, the sequencing of Plaintiff's Comparative Fault instruction is confusing and misstates Illinois Law.

Without waiving its objections and without waiving objections to evidence and issues not received at trial, Mobil proposes Defendant Proposed Instruction, below.

Mobil objects to the allegations of specific acts of negligence contained in Plaintiff's proposed Instruction No. 45 [Issue/Burden of Proof Premises/Deliberate Encounter] on grounds that it fails to reflect Illinois law on the issue of both the duty of a landowner, and of breach of the duty. Other instructions adequately describe the applicable duty, and therefore, these specific allegations are duplicative and confusing. Mobil further objects on grounds that the specific allegations of negligent conduct are duplicative, relate to theories of liability that have been withdrawn, and are not simple, brief, impartial, and free from argument. *See Junker v. Ziegler*, 113 Ill. 2d 332 (Ill. 1986). Many of the allegations of specific conduct do not describe any act or omission which constitutes either duty or breach under Illinois, and therefore, which cannot provide any basis for liability. Mobil further objects on grounds that certain alleged specific acts of negligence pertain to theories within the scope of the Construction Statute of Repose, as is set forth in Mobil's Motion for Summary Judgment, which remains pending in this Court on this issue.

**Plaintiff's Reasons Supporting Proposed Instruction No. 39**

1) Mobil offers no explanation about how this instruction "misstates the issues."

2) Judge Robreno has found that the deliberate encounter exception applies in this case and that it supersedes the open and obvious defense. *See* Order Den. Mobil's Mot. Summ. J. in MDL-875, 11-cv-63473 at 11-12.

3) Again, Mobil offers no explanation about how this instruction "misstates the duty of a landowner under Ilinois law."

4) Again, Mobil offers no explanation about how "the sequencing of Plaintiff's Comparative Fault instruction is confusing and misstates Illinois Law"

5) The instruction is a form instruction which calls for a listing of the issues to be listed. As such, they are not "duplicative" of other instructions. Mobil does not address *which* items it claims "do not describe any act or omission which constitutes either duty or breach under Illinois [law]." Further, instructions should not be stricken because a motion for summary judgment is *pending*. Those issues (should they actually be found to be within the scope of the motion) should only be removed from the instruction subsequent to a ruling in Mobil's favor.

### 40.     Selection of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Verdict Form A and Verdict Form B

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff's Proposed Instruction No. 40
**Authority:**          7th Cir. PI 1.32
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 40**

Defendants object to the use of "Verdict Form A and Verdict Form B."

Defendants' proposed modification is the following:

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Authority:**  *Federal Civil Jury Instructions of the Seventh Circuit* § 1.32 (2009 rev.) (modified)

**Offered:**  _____
**Denied:**  _____
**Reserved:**  _____
**Withdrawn:**  _____
**Agreed/Disputed:**  _____

**Plaintiff's Reasons Supporting Proposed Instruction No. 40**

      Plaintiff's instruction is the proper form of the pattern instruction. If the titles for the forms of verdict change, the instruction can be modified as the Court sees fit to reflect this designation. However, the defendants proposed alternate is incorrect since more than one verdict form will be given. Further, the phrase "your presiding juror will fill in and date the appropriate form" does not make sense in the proposed alternate instruction since it only references one form. Plaintiff's Proposed Instruction No. 40 should be given.

### 41.    <u>Communication with Court</u>

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's Proposed Instruction No. 41
**Authority:**          7th Cir. PI 1.33
**Offered:**           _____
**Denied:**            _____
**Reserved:**          _____
**Withdrawn:**         _____
**Agreed/Disputed:**    _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 41**

Defendants have no objections to Plaintiff's proposed instruction.

### 42.     Meaning Of Burden Of Proof

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

Plaintiff's Proposed Instruction No. 42
**Authority:**        I.P.I. B21.03
**Offered:**          _____
**Denied:**           _____
**Reserved:**         _____
**Withdrawn:**        _____
**Agreed/Disputed:**  _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 42**

Owens-Illinois and Crane Co. object.  General maritime law of the federal common law, and not Illinois common law, governs Plaintiff's negligence claims against Owens-Illinois and Crane Co.  *Krik v. BP Am., Inc.*, No. 11-cv-63473, 2012 WL 2914238 (E.D. Pa. May 15, 2012).  Plaintiff's claim against Owens-Illinois and Crane Co. must be determined under principles of maritime negligence rather than Illinois common law negligence.  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (finding clear error when court instructed jury with state common law in case governed by general maritime law); *Pope & Talbot v. Hawn*, 346 U.S. 406, 409-10 (1953) (finding court properly applied general maritime law because, "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).  Therefore, Owens-Illinois and Crane Co. object and refer to their proposed instructions under general maritime law as separate instructions and not alternative instructions.

**Plaintiff's Reasons Supporting Proposed Instruction No. 42**

Plaintiff voluntarily withdraws Plaintiff's Proposed Instruction No. 42 as Plaintiff's Proposed Instruction Nos. 18 and 42 are redundant.

**43.**     **Concluding Paragraph – Contributory Negligence Claimed**

If you find from your consideration of all of the evidence that any of these propositions has not been proved, then your verdict shall be for Mobil. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved as to Mobil then you must consider the defendants' claim that the plaintiff was contributorily negligent.

In order to reduce or deny plaintiff damages, the defendant has the burden of proving each of the following:

First, that plaintiff Charles Krik failed to exercise ordinary care for his own safety in one or more of the following way:

 a) Smoking cigarettes

Second, Plaintiff's failure to exercise ordinary care was a proximate cause of Charles Krik's injuries.

If you find that Mobil has not proved both of the propositions required of the defendant, then your verdict should be for the plaintiff and you will not reduce plaintiff's damages. You should use Verdict form A, but not reduce Plaintiff's damages.

If you find that the Mobil has proved both of the propositions required of it, and if you find that the plaintiff's contributory negligence was more than 50% of the total proximate cause of the injuries for which recovery is sought, then your verdict should be for the defendant. You should use Verdict form B.

If you find that the plaintiff has proved all the propositions required of the plaintiff and that Mobil has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury for which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages in the manner stated to you in these instructions. You should use Verdict form A.

Plaintiff's Proposed Instruction No. 43
**Authority:**     IPI 128.02
**Offered:**     _____
**Denied:**     _____
**Reserved:**     _____
**Withdrawn:**     _____
**Agreed/Disputed:**     _____

**Defendants' Objections and Proposed Modification/Alternate Instruction
to Plaintiff's Proposed Instruction No. 43**

Mobil proposes IPI 128.02, Mobil's instruction #17, instead of Plaintiff's 43.

**B.**      <u>**Defendants Crane Co., Mobil, Owens-Illinois, and Weil-McLain's Proposed Jury Instructions Consolidated for General Matters**</u>

     **1.**      <u>**General Instruction: Use Of Electronic Technology**</u>

**Before Trial:**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

| | |
|---|---|
| **Authority:** | *Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case*, Judicial Conference Committee on Court Administration and Case Management, December 2009, available at www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf (last visited February 7, 2014); Amy J. St. Eve & Michael A. Zuckerman, *Ensuring an Impartial Jury in the Age of Social Media*, 11 Duke L. & Tech. Rev. 1, 28 n.135 (2012). |

**Offered:**      _____
**Denied:**      _____
**Reserved:**      _____
**Withdrawn:**      _____
**Agreed/Disputed:**      _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

## 2.   General Instruction:  Cautionary Instruction Before Recess

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Authority:**          *Federal Civil Jury Instructions of the Seventh Circuit* § 2.01 (2009 rev.)
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

### 3.     General Instruction:  Use Of Electronic Technology

**At the Close of the Case:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

| | |
|---|---|
| **Authority:** | *Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case*, Judicial Conference Committee on Court Administration and Case Management, December 2009, available at www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf (last visited July 23, 2013); Amy J. St. Eve & Michael A. Zuckerman, *Ensuring an Impartial Jury in the Age of Social Media*, 11 Duke L. & Tech. Rev. 1, 28 n.135 (2012). |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects only to the final three sentences of the instruction because they misstate the law and are inconsistent with 7th Circuit Pattern Instructions. Specifically, the pattern instructions state "use common sense in weighing the evidence and consider the evidence in light of your own observations in life." 7th Cir. PI 1.11. This is confused in the language from the above instruction "it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case." The instruction already touches substantially on the types of materials that should not influence the decision. There is no reason to include this vague and ambiguous reiteration. The instruction should read as follows:

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.

Plaintiff's Proposed (Alternate) Instruction No. 44
**Authority:**          *See* Def. Proposed General Instruction No. 3 *supra*.
**Offered:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed/Disputed:**          _____

**Defendants' Reasons Supporting Proposed Instruction**

The instruction is a complete and correct statement of the law, and the instruction will avoid prejudice to the Defendants.

**4.**     <u>**All Litigants Equal Before The Law**</u>

      In this case some of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**Authority:**         *Federal Civil Jury Instructions of the Seventh Circuit* § 1.03 (2009 rev.)
**Offered:**         _____
**Denied:**         _____
**Reserved:**         _____
**Withdrawn:**         _____
**Agreed/Disputed:**         _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

### 5.    General Instruction:  Spoliation/Destruction Of Evidence

Defendants contend that Charles Krik and his attorneys at one time possessed x-rays dated November 15, 2000, and February 16, 1996.  However, Charles Krik and his attorneys contend that [evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.].

You may assume that such evidence would have been unfavorable to Charles Krik only if you find by a preponderance of the evidence that:

(1)    Charles Krik or his attorneys intentionally caused the x-rays to be destroyed; and

(2)    Charles Krik or his attorneys caused the x-rays to be destroyed in bad faith.

**Authority:**    *Federal Civil Jury Instructions of the Seventh Circuit* § 1.20 (2009 rev.)
**Offered:**    _____
**Denied:**    _____
**Reserved:**    _____
**Withdrawn:**    _____
**Agreed/Disputed:**    _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Defendants did not file a motion to compel before the close of discovery concerning the purportedly missing x-rays. Nor has and defendant disclosed any evidence that Charles Krik or his attorneys intentionally caused the x-ray(s) to be destroyed, and did so in bad faith. The mere fact that x-rays are missing, assuming that to be true, does not support the giving of this instruction.

A party seeking an adverse inference must prove that the other party intentionally destroyed the evidence at issue in bad faith. *Miksis v. Howard*, 106 F.3d 754, 762063 (7th Cir. 1997). The Seventh Circuit "requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence" to support a missing or destroyed evidence instruction. *Spesco , Inc. v. General Elec. Co*., 719 F.2d 233, 239 (7th Cir. 1982). In the absence of such evidence being presented, this instruction should not be given, as it would only serve to confuse and potentially prejudice the jury.

Plaintiff further objects to Defendants calling any of his attorneys (or other personnel at Cascino Vaughan law offices) as witnesses at trial, including but not limited to for the purpose of supporting Defendants' contention that x-rays were intentionally lost or destroyed. None of Mr. Krik's attorneys (or other personnel from Cascino Vaughan law offices) has been disclosed by any defendant as witnesses in this case. As such, Defendants should not be allowed to call them as a witness in this case.

### Defendants' Reasons Supporting Proposed Instruction

Plaintiff filed a federal action and submitted a court-ordered medical report in MDL 875 claiming the diagnosis of bilateral pleural disease based on these x-rays. Plaintiff does not, however, have bilateral pleural disease. Plaintiff's counsel and their retained medical consultant understood the significance of the x-rays and were required to produce the x-rays in MDL 875. They failed to do so. Therefore, despite having control and knowing the significance of the x-rays, the x-rays were either lost or destroyed during litigation. Bad faith is a question of fact for the jury under these circumstances. *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998).

Alternatively, a spoliation instruction is proper without an adverse inference instruction. *See Pillay v. Millard Refrigerated Servs., Inc.*, No. 09 C 5725, 2013 WL 2251727, at *4 (N.D. Ill. May 22, 2013) (citing *Banks v. Enova Fin.*, No. 10 C 4060, 2012 WL 5995729, at *3 (N.D. Ill. Nov. 30, 2012), and holding that a spoliation instruction instead of an adverse inference instruction may permitted and does not require proof of bad faith).

**6.** **General Instruction:  Multiple Claims; Multiple**
**Plaintiffs/Defendants**

You must give separate consideration to each claim and each party in this case. Although there are four defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

**Authority:** *Federal Civil Jury Instructions of the Seventh Circuit* § 1.25 (2009 rev.)
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

**7.** **General Instruction:  No Need To Consider Damages Instruction**

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

**Authority:** *Federal Civil Jury Instructions of the Seventh Circuit* § 1.31 (2009 rev.)
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

As written, the instruction is ambiguous as to when to consider damages. It should be modified to make clear a jury will consider damages unless it finds for *all* defendants, as follows:

If you decide for all of the defendants on the question of liability, then you should not consider the question of damages.

Plaintiff's Proposed (Alternate) Instruction No. 45
**Authority:**              7th Cir. PI 1.31
**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**      _____

**Defendants' Reasons Supporting Proposed Instruction**

**8.**      **General Instruction:  Disagreement Among Jurors**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Authority:**        *Federal Civil Jury Instructions of the Seventh Circuit* § 1.34 (2009 rev.)
**Offered:**             _____
**Denied:**              _____
**Reserved:**          _____
**Withdrawn:**       _____
**Agreed/Disputed:**    _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

**9. <u>General Instruction: Use Of Interrogatories (To Be Used Only When Interrogatories Are Read Without Admission Into Evidence)</u>**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

**Authority:** *Federal Civil Jury Instructions of the Seventh Circuit* § 2.09 (2009 rev.)
**Offered:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed/Disputed:** _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

### C.     Defendants Crane Co., Mobil, and Weil-McLain's Proposed Jury Instructions Consolidated for Illinois Law

#### 1.     Illinois Instruction: Evidence Admitted For a Limited Purpose

The following evidence concerning (describe evidence) is to be considered by you solely as it relates to (limited subject matter) only as to Plaintiff. It should not be considered for any other purpose as to any other party.

**Authority:**     IPI 2.02
**Proponent:**     Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**     _____
**Withdrawn:**     _____
**Granted:**     _____
**Reserved:**     _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects to the instruction as modified. As it is uncertain what evidence will be introduced for a limited purpose, it is unknown whether any evidence will be considered only as it relates to the plaintiff. The instruction should read:

The following evidence concerning (describe evidence) is to be considered by you solely as it relates to (limited subject matter) only as to (name the party or parties).  It should not be considered for any other purpose as to any other party.

Plaintiff has no further general objection, but reserves the right to object to the instruction for specific pieces of evidence during proceedings.

Plaintiff's Proposed (Alternate) Instruction No. 46
**Authority:**           I.P.I 2.02
**Offered:**          _____
**Denied:**           _____
**Reserved:**         _____
**Withdrawn:**       _____
**Agreed/Disputed:**   _____

**Defendants' Reasons Supporting Proposed Instruction**

2.      **Illinois Instruction:  Witness Who Has Been Interviewed By Attorney**

An attorney is allowed, if the witness agrees, to talk to a witness to learn what testimony will be given. Such an interview, by itself, does not affect the credibility of the witness.

**Authority:**         IPI 3.02
**Proponent:**         Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**   _____
**Withdrawn:**         _____
**Granted:**           _____
**Reserved:**          _____

**Plaintiff's Grounds for Objections and**
**Proposed Modification/Alternate Instruction**

This instruction and Plaintiff's Proposed Instruction No. 13 are redundant. Plaintiff has no preference as to which instruction should be used, but objects to the use of both.

**Defendants' Reasons Supporting Proposed Instruction**

### 3. Illinois Instruction: Insurance/Benefits

Whether a party is insured has no bearing whatever on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

| | |
|---|---|
| **Authority:** | IPI 3.03 |
| **Proponent:** | Crane Co., Mobil, Weil-McLain |
| **Agreed/Disputed:** | _____ |
| **Withdrawn:** | _____ |
| **Granted:** | _____ |
| **Reserved:** | _____ |

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects, this is an incomplete version of IPI 3.03. The notes on use for this instruction point out that omission of the second paragraph of the instruction has been held to be reversible error. *See* IPI 3.03. *See also Baraniak v. Kurby*, 371 Ill.App.3d 310 (1st Dist. 2007). Since Mobil has failed to state any grounds to reject the form instruction it should be given as properly submitted as Plaintiff's Proposed Instruction No. 22.

**Defendants' Reasons Supporting Proposed Instruction**

### 4.      Illinois Instruction:  Negligence--Adult--Definition

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

**Authority:**          IPI 10.01
**Proponent:**          Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**    _____
**Withdrawn:**          _____
**Granted:**            _____
**Reserved:**           _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

This instruction is identical to Plaintiff's Proposed Instruction No. 23. As such, Plaintiff has no objection to this instruction.

**Defendants' Reasons Supporting Proposed Instruction**

### 5. Illinois Instruction:  Negligence--Adult--Definition

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence.  The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.

**Authority:**           IPI 10.04
**Proponent:**         Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**   _____
**Withdrawn:**         _____
**Granted:**           _____
**Reserved:**          _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

  This instruction is identical to Plaintiff's Proposed Instruction No. 24. As such, Plaintiff has no objection to this instruction. However, the Title and I.P.I. designation for Defendant's proposed instruction is incorrect. It should be "Ordinary Care – Adult – Definition I.P.I. 10.02.

**Defendants' Reasons Supporting Proposed Instruction**

### 6.    Illinois Instruction:  Contributory Negligence--Adult--Definition

When I use the expression "contributory negligence," I mean negligence on the part of the plaintiff that proximately contributed to cause the alleged injury.

| | |
|---|---|
| **Authority:** | IPI 11.01 |
| **Proponent:** | Crane Co., Mobil, Weil-McLain |
| **Agreed/Disputed:** | _____ |
| **Withdrawn:** | _____ |
| **Granted:** | _____ |
| **Reserved:** | _____ |

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

### 7.     <u>Illinois Instruction: Concurrent Negligence Other Than Defendant's</u>

More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant.

**Authority:**     IPI 12.04
**Proponent:**     Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**     _____
**Withdrawn:**     _____
**Granted:**     _____
**Reserved:**     _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

## 8. **Illinois Instruction:  Negligence--Intervention of Outside Agency**

If you decide that a defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

However, if you decide that the sole proximate cause of injury to the plaintiff was something other than the conduct of the defendant, then your verdict should be for the defendant.

**Authority:**          IPI 12.05
**Proponent:**          Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**    _____
**Withdrawn:**          _____
**Granted:**            _____
**Reserved:**           _____

**Plaintiff's Grounds for Objections and**
**Proposed Modification/Alternate Instruction**

  Plaintiff objects to the long form of this instruction. According to the notes on use for this instruction the second paragraph should only be used where there is evidence tending to show that *the sole proximate cause* of the occurrence was the conduct of something other than the defendant. *See* I.P.I. 12.05 *Notes on Use.* Although evidence tends to show that something other than the defendants may have been a concurrent cause, there is no evidence suggesting it is the sole proximate cause. Plaintiff tenders the Following as Plaintiff's Proposed Instruction No. 47 as an alternate instruction:

  If you decide that a defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

**Plaintiff's Proposed (Alternate) Instruction No. 47**
**Authority:**     IPI 12.05
**Agreed/Disputed:**  _____
**Withdrawn:**    _____
**Granted:**     _____
**Reserved:**     _____

**Defendants' Reasons Supporting Proposed Instruction**

**9.**     **Illinois Instruction:  Proximate Cause–Definition**

When I use the expression "proximate cause," I mean that cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

| | |
|---|---|
| **Authority:** | IPI 15.01 |
| **Proponent:** | Crane Co., Mobil, Weil-McLain |
| **Agreed/Disputed:** | _____ |
| **Withdrawn:** | _____ |
| **Granted:** | _____ |
| **Reserved:** | _____ |

**Plaintiff's Grounds for Objections and**
**Proposed Modification/Alternate Instruction**

Plaintiff objects to the short form of this instruction and has tendered Plaintiff's Proposed Instruction No. 27 as an alternate instruction. According to the notes on use for this instruction the entire instruction should only be used when "there is evidence of a concurring or contributing cause to the injury or death." I.P.I. 15.01 *Notes on Use.* The defendants have suggested and intend to present evidence at trial that Krik and other non-parties were a contributing cause of his injuries. They have further requested jury instructions stating the same. As such, the long form instruction is appropriate and Plaintiff's Proposed Instruction No. 27 should be used instead.

**Defendants' Reasons Supporting Proposed Instruction**

### 10.    Illinois Instruction:  Meaning Of Burden Of Proof

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

**Authority:**          IPI 21.01
**Proponent:**         Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**   _____
**Withdrawn:**         _____
**Granted:**           _____
**Reserved:**          _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects on the grounds that this is duplicative of Plaintiff's Proposed Instruction No. 42. Additionally, this instruction and Plaintiff's Proposed No. 18 are redundant. Plaintiff notes that various defendants have already objected to this instruction as offered by Plaintiff, and Plaintiff has offered to withdraw it voluntarily since Plaintiff's Proposed No. 18 is nearly identical. Plaintiff has no preference between IPI 21.01 and 7th Cir. PI 1.27; however, only one of the instructions needs to be given.

**Defendants' Reasons Supporting Proposed Instruction**

**11.     Illinois Instruction:  Burden of Proof on the Issues--Affirmative Defenses**

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that [the plaintiff was injured] [and] [the plaintiff's property was damaged];

Third, that the negligence of the defendant was a proximate cause of [the injury to the plaintiff] [and] [the damage to the plaintiff's property].

In this case defendant has asserted [the affirmative defense that] [certain affirmative defenses that]:

[Concisely state affirmative defenses.]

The defendant has the burden of proving [this] [these] affirmative defense[s].

If you find from your consideration of all the evidence, that any one of the propositions the plaintiff is required to prove has not been proved, [or that (any one of) the defendant's affirmative defense(s) has been proved,] then your verdict shall be for the defendant. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of the plaintiff has been proved and that [none of] the defendant's affirmative defense[s] has [not] been proved, then you must consider the defendant's claim that the plaintiff was contributorily negligent.

As to that claim, defendant has the burden of proving each of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of [his injury] [and] [the damage to his property].

If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of him and that the defendant has not proved both of the propositions required of him, then your verdict shall be for the plaintiff and you shall not reduce the plaintiff's damages.

If you find from your consideration of all the evidence that the plaintiff has proved all of the propositions required of him and that the defendant has proved both of the propositions required of him, and if you find that the plaintiff's contributory negligence was greater than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of him and that the defendant has proved both of the propositions required of him, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the plaintiff and you shall reduce the plaintiff's damages in the manner stated to you in these instructions.

**Authority:** IPI B21.03
**Proponent:** Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:** _____
**Withdrawn:** _____
**Granted:** _____
**Reserved:** _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff has no objection to the inclusion of the instruction assuming it is properly completed consistent with the other rulings on these instructions; however, Plaintiff reserves the right to object to any future language added in the incomplete bracketed sections of the instruction, particularly language stating specific affirmative defenses.

**Defendants' Reasons Supporting Proposed Instruction**

### 12. Illinois Instruction:  Nontaxability of Damages

In the event you make any award of damages, your award will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award.

| | |
|---|---|
| **Authority:** | *Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490 (U.S. 1980) |
| **Proponent:** | Crane Co., Mobil, Weil-McLain |
| **Agreed/Disputed:** | _____ |
| **Withdrawn:** | _____ |
| **Granted:** | _____ |
| **Reserved:** | _____ |

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

### 13. <u>Illinois Instruction: Open and Obvious</u>

A possessor of land is not liable to his invitees for physical harm caused to them by any condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

|  |  |
|---|---|
| **Authority:** | *Restatement (Second) of Torts* § 343A(1), at 218 (1965); *Deibert v. Bauer Bros. Constr. Co.*, 141 Ill. 2d 430, 435, 566 N.E.2d 239 (Ill. 1990) |
| **Proponent:** | Mobil |
| **Agreed/Disputed:** | _____ |
| **Withdrawn:** | _____ |
| **Granted:** | _____ |
| **Reserved:** | _____ |

**Plaintiff's Grounds for Objections and**
**Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The instruction is not an I.P.I. instruction. Additionally, the open and obvious defense does not apply when there is a deliberate encounter exception. Judge Robreno has found that the deliberate encounter exception applies in this case and that it supersedes the open and obvious defense. *See* Order Den. Mobil's Mot. Summ. J. in MDL-875, 11-cv-63473 at 11-12. This exception is also recognized in the Restatement (Second) of Torts §343A, cited by defense, and has been recognized by the Illinois Supreme Court. *See Lafever v. Kemlite Co.,* 185 Ill. 2d 380, 391-92; Restatement (Second) of Torts §343A cmt. f (1965).

　　　　　If the court determines that an open and obvious instruction is appropriate Plaintiff's alternate instruction (proposed below) should be used instead, to state the law on the deliberate encounter exception:

A possessor of land is not liable to his invitees for physical harm caused to them by any condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

A possessor should anticipate the harm despite knowledge or obviousness where there is reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so, such as fulfilling employment obligations, would outweigh the apparent risk.

**Plaintiff's Proposed (Alternate) Instruction No. 48**
**Authority:**　　　　*Lafever v. Kemlite Co.*, 185 Ill. 2d 380, 391-92 (1998); Restatement
　　　　　　　　　(Second) of Torts §343A

**Offered:**　　　　_____
**Denied:**　　　　_____
**Reserved:**　　　　_____
**Withdrawn:**　　　　_____
**Agreed/Disputed:**　　　_____

**Defendants' Reasons Supporting Proposed Instruction**

### 14. <u>Illinois Instruction: Duty To Persons On Premises--Scope Of Invitation--Condition Of Premises</u>

It was the duty of defendant, Mobil, as an owner of the property in question, to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property. That duty extends only to that manner of use which Mobil might reasonably expect in connection with the express or implied invitation or permission.

However, if Charles Krik was using the premises for a purpose other than that for which he was invited or permitted or for which the owner might reasonably have expected him to use the premises, then it was the duty of the defendant to refrain from willful and wanton conduct which would endanger the safety of the plaintiff.

**Authority:** IPI 120.06
**Proponent:** ., Mobil
**Agreed/Disputed:** _____
**Withdrawn:** _____
**Granted:** _____
**Reserved:** _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction because Defendants have not produced any evidence to suggest that Charles Krik exceeded the scope of his invitation. The notes on use for this instruction state that if there is no issue as to the scope of the invitation, then the instruction should not be used. *See* I.P.I. 120.06 *Notes on Use*.

**Defendants' Reasons Supporting Proposed Instruction**

### 15.  Illinois Instruction:  Willful and Wanton Conduct--Definition

When I use the expression "willful and wanton conduct" I mean a course of action which [shows actual or deliberate intention to harm] [or which, if not intentional,] [shows an utter indifference to or conscious disregard for (a person's own safety) (and) (the safety of others)].

**Authority:**          IPI 14.01
**Proponent:**          Crane Co., Mobil, Weil-McLain
**Agreed/Disputed:**    _____
**Withdrawn:**          _____
**Granted:**            _____
**Reserved:**           _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction because it defines a term used in I.P.I. 120.06, which should not be given in this case. *See* Plaintiff's Objection to Defendants Proposed Illinois Instruction No. 14. If I.P.I. 120.06 is given over objection, Plaintiff has no further additional objection to this instruction.

**Defendants' Reasons Supporting Proposed Instruction**

### 16.    Illinois Instruction:  Issue/Burden of Proof Premises/ Condition/Distraction

In Count II, Charles Krik seeks to recover damages from defendant Mobil. In order to recover damages, Mr. Krik has the burden of proving:

First, there was a condition on the Mobil refinery where Krik worked which presented an unreasonable risk of harm to people on the property including Charles Krik.

Second, Mobil knew or in the exercise of ordinary care should have known of both the condition and the risk.

Third, Mobil could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger.

Fourth, Mobil was negligent in one or more of the following ways:

a)    [issues proved by the evidence]

Fifth, Charles Krik was injured.

Sixth, Mobil's negligence was a proximate cause of Charles Krik's injury.

**Authority:**    IPI 120.08
**Proponent:**    Mobil
**Agreed/Disputed:** _____
**Withdrawn:** _____
**Granted:** _____
**Reserved:** _____

**Plaintiff's Grounds for Objections and**
**Proposed Modification/Alternate Instruction**

Plaintiff objects to the instruction as drafted because it is incomplete and does not list the alleged negligence of the defendant. As an alternative Plaintiff proposes the following completed instruction:

In Count II, Charles Krik seeks to recover damages from defendant Mobil. In order to recover damages, Mr. Krik has the burden of proving:

First, there was a condition on the Mobil refinery where Krik worked which presented an unreasonable risk of harm to people on the property including Charles Krik.

Second, Mobil knew or in the exercise of ordinary care should have known of both the condition and the risk.

Third, Mobil could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger.

Fourth, Mobil was negligent in one or more of the following ways:

    a)    [issues proved by the evidence]

Fifth, Charles Krik was injured.

Sixth, Mobil's negligence was a proximate cause of Charles Krik's injury.

**Plaintiff's Proposed (Alternate) Instruction No. 49**
**Authority:**        IPI 120.08
**Agreed/Disputed:**    _____
**Withdrawn:**      _____
**Granted:**        _____
**Reserved:**       _____

**Defendants' Reasons Supporting Proposed Instruction**

**17.     Illinois Instruction:  Concluding Paragraph – Contributory Negligence Claimed**

If you find from your consideration of all of the evidence that any of these propositions has not been proved, then your verdict shall be for the defendant, Mobil. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved as to Mobil, then you must consider the defendant's claim that the plaintiff was contributorily negligent.

In order to reduce or deny plaintiff damages, the defendant has the burden of proving each of the following:

First, that plaintiff Charles Krik failed to exercise ordinary care for his own safety in one or more of the following ways:

        a)      Smoking cigarettes, or

        b)      Disregarding the hazards of asbestos by failing to wear a dust mask or respirator, or

        c)      Failing to follow federal OSHA asbestos laws

Second, plaintiff's failure to exercise ordinary care was a proximate cause of Charles Krik's injuries

If you find that Mobil has not proved both of the propositions required of the defendant, then your verdict should be for the plaintiff and you will not reduce plaintiff's damages. You should use Verdict form A, but not reduce Plaintiff's damages.

If you find that the Mobil has proved both of the propositions required of it, and if you find that the plaintiff's contributory negligence was more than 50% of the total proximate cause of the injuries for which recovery is sought, then your verdict should be for the defendant. You should use Verdict form B.

If you find that the plaintiff has proved all the propositions required of the plaintiff and that Mobil has proved both of the propositions required of the defendant, and if you find that plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury for which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages in the manner stated to you in these instructions. You should use Verdict form A.

**Authority:**        IPI 128.02
**Proponent:**      Mobil
**Agreed/Disputed:**   _____
**Withdrawn:**      _____
**Granted:**         _____
**Reserved:**       _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects to this instruction as written. Specifically, Plaintiff does not believe that items "b)" and "c)" fairly depict Plaintiff's responsibility, as they make it sound like it was Krik's responsibility to bring his own mask or respirator to the work site, and to ensure that the work site is in compliance with OSHA. These were the responsibility of his employer. Plaintiff has tendered Plaintiff's Proposed Instruction No. 43, which should be used instead.

**Defendants' Reasons Supporting Proposed Instruction**

### 18.     Illinois Instruction:  Duty to Employee of Independent Contractor

Mobil was not required to warn Mr. Krik of any unsafe situation of which his employer had actual or constructive notice.

**Authority:**        *Cockrell v. Koppers Indus.*, 281 Ill. App. 3d 1099, 1103, 1107 (1st Dist. 1996); *Briones v. Mobil Oil Corp.*, 150 Ill.App.3d 41 (3d Dist. Nov 25, 1986).

**Proponent:**        Mobil

**Agreed/Disputed:**  _____

**Withdrawn:**        _____

**Granted:**          _____

**Reserved:**         _____

**Plaintiff's Grounds for Objections and
Proposed Modification/Alternate Instruction**

Plaintiff objects to the instruction. In both cases cited by Mobil the defendant discharged their duty to the plaintiff by personally communicating the danger to the independent contractor. Additionally, in *Briones*, the condition was found to be open and obvious. In *Cockrell*, the premise owner was relieved of liability because the scope of the invitation of the employer was exceeded. The duty of the premise owner is set forth fully in the IPI instructions tendered by Plaintiff, and no alternative instruction is required. Further, an employer's actual or constructive knowledge is insufficient in and of itself to create a bar to the liability of an Illinois premise owner. For instance, a premise owner observing a deliberate encounter can still be liable. Another example is a premise owner who hires an unqualified or ignorant contractor who is unable to comprehend or implement protective measures based on the information conveyed by the premise owner. Further, it is not a form instruction.

**Defendants' Reasons Supporting Proposed Instruction**

### 19. Illinois Law: Substantial Factor

Proximate cause may not be based on mere possibility, pure speculation, or conjecture, or when the probabilities are at best evenly balanced.

| | |
|---|---|
| **Authority:** | *Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. Apr. 16, 2009); *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 355, 603 N.E.2d 449, 177 Ill. Dec. 379 (1992) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the instruction. The definition of proximate cause and the burden of proof are set forth fully in the IPI and 7th Circuit instructions tendered by Plaintiff, and no alternative instruction is required. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). In the context of asbestos cases, Illinois Appellate Courts have repeatedly held that incorporating these complex standards in jury instructions is reversible error. *Id.* at 888-89 ("[it] may be a useful analytical tool for the courts, [but] without explanation or context, it is a likely source of confusion and misapprehension for the jury.") *See also Spain v. Owens Corning Fiberglass Corp.*, 710 N.E.2d 528, 536(Ill. App. 1999). Additional, redundant instructions are unnecessary and only serve to confuse the jurors on the issues. Further, this is not a form instruction and the recited language is actually a summary judgment standard, not the standard for trial. *See Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. 2009); *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343 (1992).

**Defendants Crane Co., Mobil, and Weil-McLain's**
**Reasons Supporting Proposed Instruction**

### 20.    Illinois Law: Substantial Factor

If you find that exposure to asbestos attributable to any individual Defendant was not a substantial factor in causing Charles Krik's injury, then you must find for each such individual Defendant.

| | |
|---|---|
| **Proponent:** | Crane Co., Mobil, Weil-McLain |
| **Authority:** | *Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. Apr. 16, 2009); *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 355, 603 N.E.2d 449, 177 Ill. Dec. 379 (1992) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the instruction. The definition of proximate cause is set forth fully in the instructions tendered by Plaintiff, and no alternative instruction is required. Additional, redundant instructions are unnecessary and only serve to confuse the jurors on the issues. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). In the context of asbestos cases, Illinois Appellate Courts have repeatedly held that incorporating these complex standards in jury instructions is reversible error. *Id.* at 888-89 ("[it] may be a useful analytical tool for the courts, [but] without explanation or context, it is a likely source of confusion and misapprehension for the jury.") *See also Spain v. Owens Corning Fiberglass Corp.*, 710 N.E.2d 528, 536(Ill. App. 1999). Further, this is not a form instruction and the recited language is actually a summary judgment standard, not the standard for trial. *See Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. 2009); *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343 (1992).

**Defendants Crane Co., Mobil, and Weil-McLain's
Reasons Supporting Proposed Instruction**

### 21.    Illinois Law: Substantial Factor

Charles Krik must prove by a preponderance of the evidence that he ingested asbestos from a specific product attributable to the specific Defendant that actually contained asbestos on a regular basis over some extended period of time in proximity to where Mr. Krik actually worked, and that and that such ingestion episodes were a substantial contributing factor. Evidence that Charles Krik had minimal asbestos ingestion attributable to any specific Defendant is insufficient to prove that the product was a substantial factor in causing his injury. Likewise, evidence that that there is no safe level of asbestos ingestion, and that "every exposure" to asbestos, however slight, is insufficient to prove that a defendant was a substantial factor in causing his injury.

**Proponent:**      Crane Co., Mobil, Weil-McLain
**Authority:**      *Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. Apr. 16, 2009); *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 355, 603 N.E.2d 449, 177 Ill. Dec. 379 (1992)
**Offered:**      _____
**Denied:**      _____
**Reserved:**      _____
**Withdrawn:**      _____
**Agreed/Disputed:**      _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the instruction. The definition of proximate cause is set forth fully in the instructions tendered by Plaintiff, and no alternative instruction is required. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). In the context of asbestos cases, Illinois Appellate Courts have repeatedly held that incorporating these complex standards in jury instructions is reversible error. *Id.*at 888-89 ("[it] may be a useful analytical tool for the courts, [but] without explanation or context, it is a likely source of confusion and misapprehension for the jury.") *See also Spain v. Owens Corning Fiberglass Corp.*, 710 N.E.2d 528, 536(Ill. App. 1999). Additional, redundant instructions are unnecessary and only serve to confuse the jurors on the issues. Further, this is not a form instruction and the recited language is actually a summary judgment standard, not the standard for trial. *See Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. 2009); *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343 (1992). In addition, the final lines of the instruction misrepresent the expert testimony of Plaintiff's experts on causation.

If the instruction is given over objection all references to "ingestion/ingested" should be changed to "inhalation/inhaled," as ingestion is commonly understood to mean digested or consumed as opposed to inhaled, and may confuse jurors.

**Defendants Crane Co., Mobil, and Weil-McLain's
Reasons Supporting Proposed Instruction**

## 22.    Illinois Law: Two or More Defendants

The rights of the defendants [_____(defendants' names) ] are separate and distinct. Each is entitled to a fair consideration of his own defense and you will decide each defendant's case separately as if it were a separate lawsuit. Each defendant's case must be governed by the instructions applicable to that case.

**Proponent:**            Crane Co., Mobil, Weil-McLain
**Authority:**            IPI 41.03
**Offered:**            _____
**Denied:**            _____
**Reserved:**            _____
**Withdrawn:**            _____
**Agreed/Disputed:**            _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff has no objection to this instruction.

**D.**     **Defendants Crane Co. and Owens-Illinois's Proposed Jury Instructions Consolidated for Maritime Law**

**1.**     **Maritime Instruction:  Negligence**

Charles Krik claims that Crane Co. and Owens-Illinois were negligent under maritime law.  To establish his negligence claim, Mr. Krik has the burden of proving the following propositions by a preponderance of evidence against each defendant:

1)     Crane Co. and Owens-Illinois owed a duty to Mr. Krik;

2)     Crane Co. and Owens-Illinois breached that duty;

3)     the breach actually and proximately caused Mr. Krik's lung cancer; and

4)     Mr. Krik suffered actual harm.

**Proponent:**     Crane Co., Owens-Illinois
**Authority:**     *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)
**Offered:**     _____
**Denied:**     _____
**Reserved:**     _____
**Withdrawn:**     _____
**Agreed/Disputed:**     _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 20.01and B21.02.01 which are tendered as Plaintiff's proposed instructions 28 and 29. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff further objects to the use of the conjunctive in 1) and 2) in the instruction, as it implies that both parties must be found to have breached their duty for either to be found liable.

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding the negligence claim under maritime law.

Second, instructing the jury would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 2. <u>Maritime Instruction:  Burden of Proof</u>

Under maritime law, when I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Proponent:**        Crane Co., Owens-Illinois
**Authority:**        *Federal Civil Jury Instructions of the Seventh Circuit* § 1.27 (2009 rev.);
        *Fournier v. Petroleum Helicopters, Inc.*, 665 F. Supp. 483, 486 (E.D. La.
        1987), *aff'd*, 845 F.2d 1020 (5th Cir.), *cert. denied*, 488 U.S. 909 (1988)
**Offered:**        _____
**Denied:**        _____
**Reserved:**        _____
**Withdrawn:**        _____
**Agreed/Disputed:**        _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. Plaintiff's Proposed No. 18 is nearly identical to this instruction. Defendants apparently think a separate instruction is needed to include "Under Maritime Law."

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by 7th Cir. PI 1.27, which is tendered as Plaintiff's proposed instruction 18. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." Johnson v. Owens-Corning Fiberglas Corp., 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law of the federal common law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding burden under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 3. <u>Maritime Instruction: Duty</u>

Under maritime law, any duty owed to Charles Krik was reasonable care under the circumstances.

**Proponent:**     Crane Co., Owens-Illinois
**Authority:**     *Merline v. Avondale Shipyards*, 659 F.2d 706, 707 (5th Cir. 1981);
               *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

**Offered:**     _____
**Denied:**     _____
**Reserved:**     _____
**Withdrawn:**     _____
**Agreed/Disputed:**     _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 10.1, 10.2, and 10.4, which are tendered as Plaintiff's proposed instructions 23-25. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding duty of care under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

**4.** **Maritime Instruction:  Foreseeability**

Under maritime law, any duty owed by Crane Co. and Owens-Illinois was owed only to those who were foreseeably at risk of being injury by their product, and only regarding those risks that were known or reasonably should have been known based on the medical and scientific knowledge at the time that they made and sold their product.

**Proponent:**     Crane Co., Owens-Illinois
**Authority:**     *In re Signal Int'l, LLC*, 579 F.3d 478, 491 (5th Cir. 2009) (citation
             omitted); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 611-12 (N.D.
             Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d
             488, 488 (6th Cir. 2005).
**Offered:**      _____
**Denied:**       _____
**Reserved:**      _____
**Withdrawn:**     _____
**Agreed/Disputed:**  _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 10.1, 10.2, 10.4 and 20.1, which are tendered as Plaintiff's proposed instructions 23-25 and 28. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding foreseeability under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

**5.** **Maritime Instruction:  Customary Practice**

Under maritime law, conduct consistent with customary practice does not necessarily preclude negligence, but it is relevant to negligence and the standard of reasonable care under the circumstances.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Butler v. O/Y Finnlines, Ltd.*, 537 F.2d 1205, 1207-08 (4th Cir. 1976). |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by Plaintiff's tendered instructions. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff further objects that The instruction introduces an undefined term "customary practice" which can have different meanings to different jurors. Additionally, the instruction improperly directs the jury to find certain evidence is relevant. The instruction also suggests that customary practice is only relevant to the limited issue of the standard of care. Customary practice may be relevant to many matters which the jury must determine.

The proposed instruction should not be given. If the Court finds an instruction on customary practice is appropriate, the following alternate instruction should be given:

Evidence concerning customary practice may be relevant to several issues including: the occurrence or non-occurrence of a particular matter or course of conduct, or the standard of reasonable care under the circumstances.

**Plaintiff's Proposed (Alternate) Instruction No. 50**
**Authority:**          *Butler v. O/Y Finnlines, Ltd.*, 537 F.2d 1205, 1207-08 (4th Cir. 1976).
**Agreed/Disputed:**      _____
**Withdrawn:**          _____
**Granted:**            _____
**Reserved:**           _____

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding customary practice under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 6. <u>Maritime Instruction:  No Inference from Injury Alone</u>

Under maritime law, the mere fact that an injury was sustained, standing alone, does not permit you to draw the inference that the injury was caused by anyone's negligence under maritime law.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | 3 *Federal Jury Practice and Instructions* § 120:20 (6th ed.) (modified); *Minneapolis & S. L. R. Co. v. Gotschall*, 244 U.S. 66, 67 (1917); *Meyers v. Union P. R. Co.*, 738 F.2d 328, 332 (8th Cir. 1984) ("we find no fault with an instruction which says that the mere happening of an accident causing injury does not necessarily make a defendant liable for negligence. An expression of common sense is not per se reversible error or defense oriented"). |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 20.1, which is tendered as Plaintiff's proposed instructions 28. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Additionally, this is not a "maritime" instruction. The authority cited by Defendants states that this instruction is "an expression of common sense," not maritime law. Meyers v. Union P.R.Co., 738 F.2d 328, 332 (8th Cir. 1984). Further, the *Meyers* court merely stated that giving this instruction does not constitute per se reversible error—it did not advocate the instruction.

The proposed instruction should not be given.

- 218 -

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law of the federal common law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding causation under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 7.    Maritime Instruction:  Substantial Factor

Under maritime law, you are not to award damages for any injury that Charles Krik may have suffered, or may now be suffering, unless he has proved by a preponderance of the evidence that the injury was proximately caused by the conduct in question.  An injury is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury.

**Proponent:**         Crane Co., Owens-Illinois
**Authority:**          *Fournier v. Petroleum Helicopters, Inc.*, 665 F. Supp. 483, 486 (E.D. La. 1987), *aff'd*, 845 F.2d 1020 (5th Cir.), *cert. denied*, 488 U.S. 909 (1988)
**Offered:**           _____
**Denied:**            _____
**Reserved:**          _____
**Withdrawn:**         _____
**Agreed/Disputed:**   _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 15.01, 20.1, and B21.02.01, which are tendered as Plaintiff's proposed instructions 27-29. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Further, Defendants also omit the final line of the jury instruction it cites in the case. The final sentence of the original instruction reads:

An injury or damage is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage; and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*Fournier v. Petroleum Helicopters, Inc.,* 665 F. Supp. 483, 486 (E.D. La. 1987).

The proposed instruction should not be given. If Defendants' instruction is allowed over objection it should at least be modified to include the complete original instruction

- 221 -

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding substantial factor under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 8.    Maritime Instruction:  Substantial Factor

Under maritime law, a proximate cause may not be based on mere possibility, pure speculation, or conjecture, or when the probabilities are at best evenly balanced.

**Proponent:**          Crane Co., Owens-Illinois
**Authority:**          *Fournier v. Petroleum Helicopters, Inc.*, 665 F. Supp. 483, 486 (E.D. La. 1987), *aff'd*, 845 F.2d 1020 (5th Cir.), *cert. denied*, 488 U.S. 909 (1988)

**Offered:**            _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed/Disputed:**    _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. This instruction is an internal quotation from *Prosser and Keeton on Torts*; it was neither drafted as, nor adopted in this case as, a legal standard in maritime law. *Fournier* 665 F. Supp. at 486. Further, the language is cherry-picked from a block paragraph quote, the full substance of which "mirrors the typical jury charge" in a negligence action. *Id.*

The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by 7th Cir. PI 1.11, 1.12, 1.13, 1.14, and 1.27, which are tendered as Plaintiff's proposed instructions 9-12, and 18. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's
Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding substantial factor under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 9.     Maritime Law: Substantial Factor

Under maritime law, Charles Krik must prove by a preponderance of the evidence that he had a substantial exposure for a substantial period of time to Crane Co. and Owens-Illinois's product, and that these exposures were a substantial contributing factor.

Evidence that Charles Krik had minimal exposure to Crane Co. and Owens-Illinois's product is insufficient to prove that the product was a substantial factor in causing his injury.

Likewise, evidence that that there is no safe level of asbestos exposure, and that every exposure to asbestos, however slight, is insufficient to prove that Crane Co. and Owens-Illinois's product was a substantial factor in causing his injury.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 610-12 (N.D. Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 488 (6th Cir. 2005) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 15.01, 20.01 and B21.02.01, which are tendered as Plaintiff's proposed instructions 27-29. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Further, the OI proposed instruction misstates the law. The test outlined in *Lindstrom v. A-C Prod. Liab, Trust* only requires a plaintiff to show "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." 424 F.3d 488, 492 (6th Cir. 2005). The additional factors cited by Defendants (that he had a substantial exposure for a substantial period of time to an Owens-Illinois product), are types of evidence the court allows plaintiffs to present to create an inference for requirement (2); they are not distinct elements to be proven.

The additional language in the instruction, "evidence that that there is no safe level of asbestos exposure, and that every exposure to asbestos, however slight, is insufficient to prove that an Owens-Illinois product was a substantial factor in causing his injury," is largely taken from testimony given by a defense expert in the other case cited by OI. *See Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 610-12 (N.D. Ohio 2004). The language in the case was not adopted by the court, but was part of a review of the evidence conducted in a bench trial. *See id.* The court's determinations about the sufficiency of the evidence were made by a judge acting as the fact-finder, and were not legal conclusions as to the sufficiency of the evidence. The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding substantial factor under maritime law. Plaintiff's objections also are inconsistent with *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492-93 (6th Cir. 2005), which affirmed judgment as a matter of law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 10.    Maritime Instruction:  Substantial Factor

Under maritime law, if you find that exposure to asbestos was not a substantial factor in causing Charles Krik's injury, then you must find for Crane Co. and Owens-Illinois.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 610-12 (N.D. Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 488 (6th Cir. 2005) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 20.01 and B21.02.01, which are tendered as Plaintiff's proposed instructions 28 and 29. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding substantial factor under maritime law.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 11.    Maritime Instruction:  State of the Art Defense

Under maritime law, Owens-Illinois and Crane Co. each assert that the "state of the art" defense independently provides a complete and affirmative defense to Charles Krik's negligence claim.

In determining whether a defendant breached a duty of reasonable care under the circumstances, you must decide what a reasonable manufacturer knew or should have known about the risk of contracting lung cancer from exposure to asbestos based on the medical and scientific knowledge at the time that the defendant manufactured and sold its product.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Kropp v. Douglas Aircraft*, 329 F. Supp. 447, 457, 461 (E.D.N.Y. 1971); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 611-12 (N.D. Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 488 (6th Cir. 2005) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 20.01 and B21.02.01, which are tendered as Plaintiff's proposed instructions 28 and 29. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Further, this instruction misstates the law. The case cited by OI states that there is "no duty to warn of unknown and unknowable hazards." *John Crane, Inc.*, 316 F. Supp. 2d 603, 612. This is different than the proposed instruction since "unknowable" is what a manufacture could have known, not "should have known" as suggested by Defendants. *See id.* ("there was no information available suggesting there was any condition requiring a warning").

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's
Reasons Supporting Their Proposed Instruction**


First, the instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding the maritime defense of state of the art.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 12.    Maritime Instruction:  Sophisticated User Defense

Under maritime law, Owens-Illinois and Crane Co. each assert that the "sophisticated user" defense independently provides a complete and affirmative defense to Charles Krik's negligence claim under maritime law.

You must decide whether the user of the product was "sophisticated" regarding the hazards of the product.

A "sophisticated" user either knew or belonged to a class of users who—by virtue of training, education, or employment—could reasonably be expected to know of the hazards of the product at issue.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 335, 343 (E.D. Pa. 2012); *Dehring v. Keystone Shipping Co.*, No. 10-cv-13959, 2013 WL 3879619, at *12-14 (E.D. Mich. July 26, 2013) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

In the case cited by Defendants in support of this instruction, the MDL-875 asbestos litigation supervising judge held that the sophisticated user defense applied only to "the ultimate end-user (i.e., the plaintiff or person injured by the product - as opposed to the person or entity to whom the product was sold or supplied." Mack v. Gen. Elec. Co., 896 F. Supp. 2d 333, 341(E.D. Pa. 2012).

Defendants did not allege in their pleadings that Mr. Krik was a sophisticated user of asbestos. *See* OI Ans. – Affirmative Defenses at ¶13 and Crane Co. Ans. – Affirmative Defenses at ¶ 9 (which only plead Mr. Krik's employers were sophisticated). As such, Defendants waived this affirmative defense under Federal Rule of Civil Procedure 8(c)(1) as to Mr. Krik's sophistication. Even if the defense had been properly pled it would be inapplicable because no evidence suggests that Mr. Krik was knowledgeable about the dangers of asbestos and how to protect himself before leaving the Navy in 1970.

The MDL court noted the "sophisticated purchaser" defense protects "a manufacturer or supplier of a product." 896 F. Supp. at 341. The MDL court stated the "purchaser" "could include an intermediary such as the Navy or an employer…." 896 F. Supp. at 341. Based on *Mack*, the "sophistication" defense does not apply to product suppliers or manufacturers in the context of Mr. Krik's Naval employment. Although OI and Crane Co. both pled Mr. Krik's employers as "sophisticated users," the defense is not available to them because both OI and Crane Co. are product manufacturers and suppliers. The MDL-875 court also rejected the "sophisticated purchaser" defense under maritime law. *Id.* at 342-43.

Further, the instruction otherwise misstates the law. Defendants' cited case law states that the "sophisticated user" defense only applies to negligent failure to warn claims and not claims alleging other acts of negligence. *Mack*, F. Supp. 2d at 343-44 (E.D. Pa. 2012). The proposed instruction should not be given.

In the event that an instruction on sophisticated user is given, the instruction is only applicable to the failure to warn component of the negligence.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law, and the evidence will support the proposed instruction.

Second, the affirmative defense was pled in the master affirmative defenses in MDL 875.

### 13.     Maritime Instruction:  Government Contractor Defense

Under maritime law, Crane Co. and Owens-Illinois each assert that the "government contractor" defense independently provides a complete and affirmative defense to Charles Krik's negligence claim under maritime law.

The government contractor defense prohibits a negligence claim if:

1)     a manufacturer contracted with the United States government to provide a product for military use;

2)     the United States approved reasonably precise specifications for the product;

3)     the product conformed to those specifications; and

4)     the manufacturer warned the United States about the dangers in the use of the product that were not known to the United States but were known to the manufacturer.

**Proponent:**     Crane Co., Owens-Illinois
**Authority:**     *Boyle v. United Techs. Corp.*, 487 U.S. 500, 508-09 (1988); *Tozer v. LTV Corp.*, 792 F.2d 403, 405-09 (4th Cir. 1986) (applying government contractor defense under general maritime law); *see also Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019, 1028 (S.D. Ill. 1989); *Sundstrom v. McDonnell Douglas Corp.*, 816 F. Supp. 587, 595-96 (N.D. Cal. 1993); *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346 (5th Cir. 2010)
**Offered:**     _____
**Denied:**     _____
**Reserved:**     _____
**Withdrawn:**     _____
**Agreed/Disputed:**     _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

This instruction is inappropriate where no evidence shows that the government had any discretion concerning design decisions of the product. *Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1480 (5th Cir. 1989). OI has no evidence that the government had any control or input in the design of OI's asbestos-containing products causing Plaintiff's injury.

If the instruction is allowed, it should be supplemented to include an explanation of what constitutes government approval, since the term "approved" is imprecise under the *Boyle* test and OI's proposed instruction. Plaintiff proposes the following alternate instruction if the Government Contractor Defense Instruction is given over objection:


Owens-Illinois asserts that the "government contractor" defense independently provides a complete and affirmative defense to Charles Krik's negligence claim under maritime law.

The government contractor defense prohibits a negligence claim if:

      1)     a manufacturer contracted with the United States government to provide a product for military use;

      2)     the United States approved reasonably precise specifications for the product;

      3)     the product conformed to those specifications; and

      4)     the manufacturer warned the United States about the dangers in the use of the product that were not known to the United States but were known to the manufacturer.

The government contractor defense does not apply if the evidence shows that the government merely accepted the design decisions of the defendant without any substantive review or evaluation.


**Plaintiff's Proposed (Alternate) Instruction No. 51**

**Authority:**    *Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1480 (5th Cir. 1989).

**Agreed/Disputed:**     _____

**Withdrawn:**     _____

**Granted:**     _____

**Reserved:**     _____

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

The instruction is a complete and correct statement of general maritime law, and the evidence will support the proposed instruction.

### 14. Maritime Instruction: Sole Proximate Cause Defense

Under maritime law, Crane Co. and Owens-Illinois each assert that the defense of "sole proximate cause" independently provides a complete and affirmative defense to Charles Krik's negligence claim.

If you decide that the sole proximate cause of Charles Krik's injury something other than the conduct of a defendant, then you must find for the defendant.

**Proponent:**     Crane Co., Owens-Illinois
**Authority:**     *United States v. Republic Marine, Inc.*, 829 F.2d 1399, 1406 (7th Cir. 1987); *Wilson v. Maritime Overseas Corp.*, 150 F.3d 1, 11 (1st Cir. 1998)
**Offered:**     _____
**Denied:**     _____
**Reserved:**     _____
**Withdrawn:**     _____
**Agreed/Disputed:**     _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 12.04, which is tendered as Plaintiff's proposed instruction 26, which has optional language on the sole proximate cause defense. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993). The proposed instruction should not be given.

Plaintiff has already agreed above to tender Plaintiff's Proposed Instruction No. 26 with the optional language in 12.04 which has the sole proximate cause paragraph.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding the maritime defense of sole proximate cause.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 15. <u>Maritime Instruction: Superseding Cause Defense</u>

Under maritime law, Crane Co. and Owens-Illinois each assert that the defense of "superseding cause" independently provides a complete and affirmative defense to Charles Krik's negligence claim.

The defense of superseding cause relieves a defendant of liability, even though its actions substantially contributed to the plaintiff's injury, where the injury was actually brought about by a later cause of independent origin that was not foreseeable, including the plaintiff's own behavior.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Warford v. Indus. Power Sys., Inc.*, No. 06-cv-463-JL, 2008 WL 4642638, at *11 (D.N.H. Oct. 20, 2008) (quoting *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837 (1996)). |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to an instruction on superseding cause because the evidence shows multiple exposures to multiple products at multiple sites. There is no single product or site which is the cause of Mr. Krik's lung cancer.

Further, The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by Plaintiff's proposed instructions. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given. Assuming an instruction is to be given, Plaintiff proposes the giving the following long-form of I.P.I. 12.05 as an alternate instruction:

If you decide that Owens-Illinois or Crane Co. was negligent and that their negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

However, if you decide that the sole proximate cause of injury to the plaintiff was something other than the conduct of Owens-Illinois and Crane Co., then your verdict should be for the defendants.

**Plaintiff's Proposed (Alternate) Instruction No. 52**
**Authority:**    I.P.I. 12.05
**Agreed/Disputed:**    _____
**Withdrawn:**    _____
**Granted:**    _____
**Reserved:**    _____

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding the maritime defense of superseding cause.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

**16.**     **Maritime Instruction: Contributory Negligence Defense**

    Under maritime law, if you find that Charles Krik has proved his negligence claim under maritime law, Crane Co. and Owens-Illinois each assert that Charles Krik also was contributorily negligent.

    A plaintiff is contributorily negligent when his conduct falls below the standard to which he is required to conform for his own protection. The standard is a reasonable person under like circumstances. A plaintiff's contributory negligence is disregard for his own safety and a failure reasonably to safeguard one's own person. Failure to act as one should also constitute contributory negligence.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *S.C. Loveland, Inc. v. East West Towing, Inc.*, 608 F.2d 160, 165 (5th Cir. 1979); *United States vs. Reliable Transfer Co.*, 421 U.S. 397 (1975) |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 11.01, which is tendered as Defendants' proposed Illinois instruction 6. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding the maritime defense of contributory negligence.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 17.　Maritime Instruction: *McDermott* Credit

If you find that Charles Krik has proved his negligence claim under maritime law, then you must allocate fault to any other entity that you find proximately caused Mr. Krik's lung cancer:

ABB Lummus
A-Best Products Company
AC&S Incorporated
AP Green
Armstrong World Industries
Bechtel Construction Company
Babcock & Wilcox
BP Amoco Chemical Company
Celotex Corporation
Certainteed Corporation
Cleaver Brooks, Inc.
Combustion Engineering
DII Industries, LLC
Dresser Industries
Eagle Picher Industries
Fibreboard Corporation
Forty-Eight Insulations Incorporated
Garlock
GAF Corporation
H.K. Porter
Halliburton
Harbison Walker
Ingersoll Rand Company
Johns Manville
Kaiser Aluminum & Chemical Corporation
Kellogg, Brown & Root
National Gypsum Company
Owens Corning Fiberglas Corporation
Philip Carey Manufacturing
Plibrico Company
Rapid American Corporation
Raytech Industries
Rockwool Manufacturing
Ruberoid
Synkoloid Company
Trane U.S. Inc.
Union Carbide Corporation.
U.S. Mineral Products
UNARCO
United States Gypsum Company
Westinghouse

Worthington Turbines
WR Grace & Company
[Any other voluntarily settled entities, including asbestos personal injury trusts]
[Any other voluntarily dismissed entities or not sued entities]

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994); *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 325 n.11 (3rd Cir. 2003) (fault allocated to a voluntarily dismissed, non-settling defendant for *McDermott* credit); *Lundquist v. United States*, 116 F.3d 1486, 1997 WL 355933, at *6 (9th Cir. June 27, 1997); *Evans v. BV Shipping Co. Lombok Strait*, No. 07-3139, 2009 WL 3233524, at *5-6 (D.N.J. 2009); *Sigler v. Grace Offshore Co.*, 663 So.2d 212 (La. App. 1995) (plaintiffs voluntary dismissal with prejudice of a joint tortfeasor defendant is the equivalent of a settlement for purposes of *McDermott* credit); *see also Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (6th Cir. 2000) (in two consolidated asbestos personal injury trials, fault allocated to 13 and 15 "others" that settled or were voluntarily dismissed); |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction as written, but does not oppose the giving of an instruction based on the McDermott decision. First, there is a potential for inconsistent allocations of fault under I.P.I. instructions and an instruction which arises only out of the maritime law claims. Second, plaintiff objects to allocating fault under the McDermott decision to entities which are not the subject of maritime claims. Third, Plaintiff objects to the inclusion of entities which have not settled claims with the plaintiff. Finally, Plaintiff objects to the inclusion of entities, such as bankruptcy trusts for which there is insufficient evidence of exposure to prove causation in a maritime setting. As to the bankruptcy trusts in particular the rationale of McDermott to bankruptcy trusts in particular is not applicable because any settlements with these trusts do not reflect counsels' evaluation as to allocation of fault in the circumstances of Charles Krik's tort case. Bankruptcy trust settlements are based on the procedures in the trust documents and range of claim values approved by the bankruptcy board. Plaintiff has filed motions *in limine* concerning the exclusion of certain entities from any verdict forms and the McDermott credit should also be governed by those rulings.

Plaintiff tenders the following alternate instruction based on these objections as Plaintiff's proposed instruction No. 53:

Plaintiff's Alternate Instruction to Owens-Illinois Proposed Instruction Maritime Law *McDermott* Credit. If you find that Charles Krik has proved his negligence claim against Owens-Illinois or Crane Co. based on Mr. Krik's naval work, you are required to allocate the percentage of fault for exposures to asbestos during the naval work among the following entities:

> Crane Co.
> Owens-Illinois
> [Any other former defendants which have settled maritime law claims]

Your allocation must total 100%, and you may allocate between 0 and 100% to any of the entities.

**Plaintiff's Proposed (Alternate) Instruction No. 53**
**Authority:** *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994)
**Agreed/Disputed:** _____
**Withdrawn:** _____
**Granted:** _____
**Reserved:** _____

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, the instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding maritime allocation.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

Owens-Illinois and Crane Co. refer to their arguments in response to the Plaintiff's motion *in limine*.

### 18.    Maritime Instruction:  Damages

Under maritime law, if you find that Charles Krik has proved his negligence claim against Crane Co. or Owens-Illinois, then you must decide damages that will reasonably compensate Charles Krik for his lung cancer.  Charles Krik claims that he is entitled to:

1)    medical expenses incurred and to be incurred;

2)    redress for his physical injury, including the effects, such as pain, suffering, mental anguish, discomfort, and inconvenience; and

3)    compensation, based on life expectancy at the time of the injury, for the physical and mental effects of the injury on his ability to engage in those activities which normally contribute to the enjoyment of life.

The damages must be reduced to their present value.

| | |
|---|---|
| **Proponent:** | Crane Co., Owens-Illinois |
| **Authority:** | *Pfeifer v. Jones & Laughlin Steel Corp.*, 678 F.2d 453 (3d Cir.1982), *vacated on other grounds*, 462 U.S. 523 (1983), *on remand* 711 F.2d 570 (3d Cir. 1983). |
| **Offered:** | _____ |
| **Denied:** | _____ |
| **Reserved:** | _____ |
| **Withdrawn:** | _____ |
| **Agreed/Disputed:** | _____ |

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**

Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by I.P.I. 30.01, 30.04.01, 30.04.03, 30.04.05, 30.05, 30.06, 30.04.02, 34.01, 34.02, and 34.04, which are tendered as Plaintiff's proposed instructions 30-34. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's**
**Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding maritime damages.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### 19.    <u>Maritime Instruction:  Corporate Separateness</u>

Under maritime law, each company's knowledge, conduct, and liability are to be considered separately.  Each company is not responsible for the conduct of another company, nor for its acts or failure to act.

**Proponent:**        Crane Co., Owens-Illinois
**Authority:**        *Chan v. Society Expeditions, Inc.*, 123 F.3d 1287, 1294 (9th Cir. 1997).
**Offered:**          _____
**Denied:**           _____
**Reserved:**         _____
**Withdrawn:**        _____
**Agreed/Disputed:**  _____

**Plaintiff's Objections and Proposed Modification/Alternate Instruction**


Plaintiff objects to the giving of this instruction. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by 7th Cir. PI 1.03, and 1.25, which are tendered as Defendants' proposed general instructions 4 and 6. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

The proposed instruction should not be given.

**Defendants Crane Co. and Owens-Illinois's
Reasons Supporting Their Proposed Instruction**

First, Plaintiff does not object or respond to the legal authority supporting the proposed instruction. The instruction is a complete and correct statement of general maritime law, and the instruction will avoid prejudice to Owens-Illinois and Crane Co. where the jury is likely to be confused or misled regarding corporate separateness.

Second, instructing the jury under Illinois law, and not general maritime law, would deprive Owens-Illinois and Crane Co. of their substantial admiralty rights as defined in federal common law.

Third, instructing the jury under Illinois law, and not general maritime law, would undermine the uniformity of general maritime law of the federal common law.

### E.     Defendants Crane Co., Mobil, Owens-Illinois, and Weil-McLain's Proposed Verdict Form

| VERDICT FORM |
| --- |

We, the jury, find the following:

1)     Was smoking the sole proximate cause of Charles Krik's lung cancer?

Yes _____          No _____

*If "Yes," sign the last page and return.  If "No," answer the next question.*

2)     Did Charles Krik prove that asbestos ingestion was a substantial factor in proximately causing his lung cancer?

Yes _____          No _____

*If "Yes," sign the last page and return.  If "No," answer the next question.*

## MARITIME NEGLIGENCE CLAIM AGAINST CRANE CO.

3)      Under maritime law, did Charles Krik prove that he had substantial exposure for a substantial period of time to a Crane Co. product, and that these exposures were a substantial contributing factor in actually and proximately causing his lung cancer?

Yes _____          No _____

*If "No," proceed to question ▢ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

4)      Under maritime law, did Charles Krik prove that Crane Co. breached the duty it owed to him as defined in the instructions you have been given?

Yes _____          No _____

*If "No," proceed to question ▢ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

5)      Under maritime law, did Charles Krik prove that any breach by Crane Co. was a substantial factor in actually and proximately causing his lung cancer?

Yes _____          No _____

*If "No," proceed to question ▢ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

6)      Under maritime law, did Crane Co. prove that it acted reasonably under the circumstances given what a reasonable manufacturer knew or should have known at the time that Crane Co. manufactured and sold its product?

Yes _____          No _____

*If "Yes," proceed to question ▢ in the next section and answer no more questions in this section.  If "No," answer the next question.*

7)      Under maritime law, did Crane Co. prove that the sophisticated user defense prohibits Charles Krik's claim?

Yes _____          No _____

*If "Yes," proceed to question ▢ in the next section and answer no more questions in this section.  If "No," answer the next question.*

8)     Under maritime law, did Crane Co. prove that the government contractor defense prohibits Charles Krik's claim?

Yes _____          No _____

*If "Yes," proceed to question* ▆▆ *in the next section and answer no more questions in this section. If "No," answer the next question.*

9)     Under maritime law, did Crane Co. prove that the defense of superseding cause prohibits Charles Krik's claim?

Yes _____          No _____

*Proceed to the next section.*

**MARITIME NEGLIGENCE CLAIM AGAINST OWENS-ILLINOIS**

10) Under maritime law, did Charles Krik prove that he had substantial exposure for a substantial period of time to an Owens-Illinois product, and that these exposures were a substantial contributing factor in actually and proximately causing his lung cancer?

Yes _____ No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

11) Under maritime law, did Charles Krik prove that Owens-Illinois breached the duty it owed to him as defined in the instructions you have been given?

Yes _____ No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

12) Under maritime law, did Charles Krik prove that any breach by Owens-Illinois was a substantial factor in actually and proximately causing his lung cancer?

Yes _____ No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

13) Under maritime law, did Owens-Illinois prove that it acted reasonably under the circumstances given what a reasonable manufacturer knew or should have known at the time that Owens-Illinois manufactured and sold its product?

Yes _____ No _____

*If "Yes," proceed to question __ in the next section and answer no more questions in this section. If "No," answer the next question.*

14) Under maritime law, did Owens-Illinois prove that the sophisticated user defense prohibits Charles Krik's claim?

Yes _____ No _____

*If "Yes," proceed to question __ in the next section and answer no more questions in this section. If "No," answer the next question.*

15)     Under maritime law, did Owens-Illinois prove that the government contractor defense prohibits Charles Krik's claim?

Yes _____          No _____

*If "Yes," proceed to question ▮ in the next section and answer no more questions in this section.  If "No," answer the next question.*

16)     Under maritime law, did Owens-Illinois prove that the defense of superseding cause prohibits Charles Krik's claim?

Yes _____          No _____

*Proceed to the next section.*

## ILLINOIS NEGLIGENCE CLAIM AGAINST CRANE CO.

17)    Under Illinois law, did Charles Krik prove that Crane Co. acted or failed to act in one of the ways claimed by him as stated to you in these instructions and that in so acting, or failing to act, Crane Co. was negligent?

Yes _____          No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

18)    Under Illinois law, did Charles Krik prove that the negligence of Crane Co. was a proximate cause of his lung cancer?

Yes _____          No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

19)    Under Illinois law, did Crane Co. prove that something else was the sole proximate cause of Mr. Krik's lung cancer i.e. his cigarette smoking?

Yes _____          No _____

*Proceed to the next section.*

| ILLINOIS NEGLIGENCE CLAIM AGAINST MOBIL |
|---|

20)      Under Illinois law, did Charles Krik prove that Mobil acted or failed to act in one of the ways claimed by him as stated to you in these instructions and that in so acting, or failing to act, Mobil was negligent?

Yes _____          No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

21)      Under Illinois law, did Charles Krik prove that the negligence of Mobil was a proximate cause of his lung cancer?

Yes _____          No _____

*If "No," proceed to question __ in the next section and answer no more questions in this section. If "Yes," answer the next question.*

22)      Under Illinois law, did Mobil prove [affirmative defense 1]?

Yes _____          No _____

*If "Yes," proceed to question __ in the next section and answer no more questions in this section.  If "No," answer the next question.*

23)      Under Illinois law, did Mobil prove [affirmative defense 2]?

Yes _____          No _____

*Proceed to the next section.*

| ILLINOIS NEGLIGENCE CLAIM AGAINST WEIL-MCLAIN |
|---|

24) Under Illinois law, did Charles Krik prove that Weil-McLain acted or failed to act in one of the ways claimed by him as stated to you in these instructions and that in so acting, or failing to act, Weil-McLain was negligent?

Yes _____          No _____

*If "No," proceed to question* ▢ *in the next section and answer no more questions in this section. If "Yes," answer the next question.*

25) Under Illinois law, did Charles Krik prove that the negligence of Weil-McLain was a proximate cause of his lung cancer?

Yes _____          No _____

*If "No," proceed to question* ▢ *in the next section and answer no more questions in this section. If "Yes," answer the next question.*

26) Under Illinois law, did Weil-McLain prove [affirmative defense 1]?

Yes _____          No _____

*If "Yes," proceed to question* ▢ *in the next section and answer no more questions in this section. If "No," answer the next question.*

27) Under Illinois law, did Weil-McLain prove [affirmative defense 2]?

Yes _____          No _____

*If you answered "No" to question* ▢, *question* ▢, *question* ▢, *question* ▢, *or question* ▢, *proceed to the next section. Otherwise, sign the last page and return.*

## DAMAGES

We further find the following:

28)     Without taking into consideration the question of reduction of damages due to the negligence of Charles Krik, we find that the total amount of damages suffered by Charles Krik as a proximate result of his lung cancer is:

$$\$\underline{\hspace{5cm}}$$

29)     Assuming that 100% represents the total combined negligence of Charles Krik and of defendant's and all other persons, we find that the percentage of negligence attributable solely to Charles Krik is:

$$\underline{\hspace{5cm}}\%$$

30)     After reducing the total damages sustained by Charles Krik by the percentage of negligence attributable solely to Charles Krik, we assess Charles Krik's recoverable damages in the sum of:

The reasonable expense of necessary medical care,
treatment, and services received (and the present
cash value of the reasonable expenses of medical care,
treatment, and services reasonably certain to be received
in the future) by Charles Krik                                    $\underline{\hspace{4cm}}

The disability experienced by Charles Krik              $\underline{\hspace{4cm}}

The conscious pain and suffering experienced
(and reasonably certain to be experienced
in the future) by Charles Krik                                  $\underline{\hspace{4cm}}

**TOTAL**                                                               **$\underline{\hspace{4cm}}**

31)    Assuming that 100% represents the total combined fault of all persons other than Charles Krik who contributed to cause his lung cancer, we find the percentage of the fault attributable to each as follows:

**TOTAL**                                                    **100 %**

ABB Lummus                                    _____%

A-Best Products Company              _____%

AC&S Incorporated                         _____%

AP Green                                             _____%

Armstrong World Industries           _____%

Babcock & Wilcox                            _____%

Bechtel Construction Company       _____%

BP Amoco Chemical Company       _____%

Celotex Corporation                         _____%

Certainteed Corporation                  _____%

Cleaver Brooks, Inc.                         _____%

Combustion Engineering                 _____%

Crane Co.                                            _____%

DII Industries, LLC                          _____%

Dresser Industries                            _____%

Eagle Picher Industries                   _____%

Fibreboard Corporation                   _____%

Forty-Eight Insulations Incorporated  _____%

GAF Corporation                             _____%

Garlock                                              _____%

H.K. Porter                                        _____%

Halliburton                                        _____%

Harbison Walker                                      _____%

Ingersoll Rand Company                               _____%

Johns Manville                                       _____%

Kaiser Aluminum & Chemical Corporation _____%

Kellogg, Brown & Root                                _____%

Mobil                                                _____%

National Gypsum Company                              _____%

Owens Corning Fiberglas Corporation                  _____%

Owens-Illinois                                       _____%

Philip Carey Manufacturing                           _____%

Plibrico Company                                     _____%

Rapid American Corporation                           _____%

Raytech Industries                                   _____%

Rockwool Manufacturing                               _____%

Ruberoid                                             _____%

Synkoloid Company                                    _____%

Trane U.S. Inc.                                      _____%

U.S. Mineral Products                                _____%

UNARCO                                               _____%

Union Carbide Corporation                            _____%

United States Gypsum Company                         _____%

Weil-McLain                                          _____%

Westinghouse                                         _____%

Worthington Turbines                                 _____%

WR Grace & Company                                   _____%

[Any other voluntarily settled entities]

[Any other voluntarily dismissed entities]

***Sign the next page and return.***

| SIGNATURE LINES |
| --- |

_____

Date

_____          _____

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

### Plaintiff's Objections and Proposed Modification/Alternate Verdict Form

Plaintiff objects to the use of this verdict form. The cases cited by Defendants in support of their maritime law instructions state that "general principles of negligence law" apply to maritime cases. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). *See also Regan v. Starcraft Marine LLC*, 719 F. Supp. 2d 690, 695 (W.D. La. 2010). Illinois uses "general principles of negligence law" and the subject matter of this proposed instruction is covered by Plaintiff's proposed instructions and verdict form. Illinois Courts frown on "culling passages from opinions and incorporating them into [jury] instructions." *Johnson v. Owens-Corning Fiberglas Corp.*, 729 N.E.2d 883, 888 (Ill. App. 2000). Separate instructions on the same legal issue, when not necessary, serve no purpose other than to confuse the jury.

Defendants' reliance on *Kermarec v. Compagnie Generale Transatlantique* is also misplaced. 358 U.S. 625 (1959). In *Kermavec* the judge refused to submit a claim of unseaworthiness (recognized in maritime law) to the jury because it was "unknown to the common law of New York." *Id.* at 629. No such circumstance exists here, where both suggested jury instructions describe common law negligence. As Defendants admit, a maritime instruction must be given only if the state instruction would "deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the] Court." *Brotherhood Shipping Co. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 326 (7th Cir. 1993).

Plaintiff also objects that the verdict form offered by OI and Crane Co. does not include language required under the IPI instructions verdict form B45.03 to assess contributory negligence in multi tortfeasor cases. The comments on B45.03A state,

> This computational verdict form is to be used in cases involving a single plaintiff and more than one entity which could or might have caused the plaintiff's injury or damage, and where comparative negligence, contribution between defendants or joint and several liability is an issue. I.P.I. B45.03A *Comment*.

The proposed instruction deviates substantially from the form language; for example, the comparison used to determine contributory negligence is based on "legal responsibility," (not "negligence"), and the general format and language is incorrect throughout.

Plaintiff further objects because Defendants offer separate verdict forms for each party. The claims against all defendants are grounded in negligence, and the alleged contributory negligence of Charles Krik (smoking) is the same as to all defendants. The use of an individual verdict form for each defendant: (1) deviates from the form instructions accepted in Illinois; (2) risks confusing and misleading the jurors; and (3) is redundant and unnecessary in allocating relative legal responsibility.

Plaintiff further incorporates by reference all objections to Defendants' individual "maritime" defenses and damages instructions offered above, and oppose their inclusion in the verdict form on the same grounds.

Additionally, Plaintiff objects that the inclusion of all non-parties listed individually is improper form for allocating contribution. All parties should be listed together as "other."

The proposed verdict should not be used. Plaintiff has submitted alternate proposed verdict forms as Plaintiff's Proposed Instructions No. 36 and 37. Plaintiffs proposed 36 and 37 are in proper form with proper itemization of damages and parties and should be used.