IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, | |
| Plaintiff, | |
| v. | |
| BP AMOCO CHEMICAL CO., et. al., | Case No. 10-CV-7435 |
| Defendants. | District Judge John Z. Lee |

**Plaintiff's Motions in Limine 2-21-2014**

Plaintiff moves this Court to enter an Order barring the parties, their counsel, and witnesses from introducing evidence as to, or referencing in any way, during the trial of this matter the following[1]:

---

[1] Plaintiff's counsel met and conferred with counsel for Defendants regarding Plaintiff's proposed motions *in limine* as required by this court's order. In individual discussions with defendants' counsel, agreement was reached that defendants do not intend to present the evidence or oppose the statements made as to the matters in several of plaintiff's proposed motions *in limine*. Accordingly, only those motions *in limine* which were disputed by one or more defendants are presented here. The agreed motions *in limine* are: (1) that plaintiff has received, has been entitled to receive or will in the future receive, monies in settlement of claims against other parties or non-parties. This motion *in limine* is directed at the fact and amount of settlement and does not exclude the names of the parties from the verdict form if the evidence justifies their inclusion; (2) that plaintiff has or has not attempted to settle his claims. This motion *in limine* does not exclude the names of the parties from the verdict forms if the evidence justifies their inclusion; (3) the effect or result of a claim, suit or judgment upon the insurance rates, premiums or charges either in general or with respect to a particular plaintiff or defendant in question as a result of this or any other matter; (4) any suggestion or indication that any defendant personally will have to pay any judgment entered in these cases; and (5) how plaintiff's lawyers are paid for their services.

1

1.       Asbestos exposures at locations or from products which were not disclosed during the discovery process as alleged causes of plaintiff's injuries.

*Authority:*

Plaintiffs expect defendants to argue Mr. Krik had asbestos exposures at many locations and to many products. Defendants will contend other locations and products were the cause of Mr. Krik's condition rather than the exposures to defendants' products or premises if asbestos played a role in causation. The Court should exclude such argument and evidence about other job locations or products unless the job sites or products were identified during discovery as a source of Mr. Krik's asbestos exposure. Plaintiff stated in interrogatory responses and through Mr. Krik's testimony locations and products which were sources of asbestos exposure. See, e.g. Ex 1 (plaintiff's work history of claimed asbestos exposure sites attached to interrogatory answers). Defendants Owens-Illinois and Crane Co. failed to identify any other responsible entity for causing Mr. Krik's injury when asked in Plaintiff's interrogatory #7 and Mobil failed to do so in response to Interrogatory #11. (Exs. 2, 3, and 4.) Although Weil-McLain counsel was served the same discovery questions, plaintiff did not receive a response from Weil McLain.[2] Because the Defendants did not identify other responsible entities, Plaintiff had no notice to investigate, pursue discovery, or develop evidence as to causation, or lack of causation, with respect to other undisclosed locations or products.

Mention or reference to undisclosed job sites and products is prejudicial pursuant to

---

[2] Weil-McLain is represented in this action by the law firm of Segal McCambridge Singer & Mahoney, Ltd. ("SMSM") On July 1, 2011, counsel for plaintiff served all defendants in the "first 10" cases of MDL 875, including numerous attorneys at SMSM, with interrogatories and requests for production of documents. (Ex 5) The instant case was one of the "first 10" cases in MDL 875. (Ex 6)

Rules 403 of the Federal Rules of Evidence.

2.  That Plaintiff has submitted claims in bankruptcy unless Defendant lays the foundation to prove the bankruptcy claim submissions contain evidence of exposure which is otherwise admissible to support a claim against another entity.

*Authority:*

Plaintiff has submitted claims to several bankruptcy trust funds which consist of various documents to support the claim. The claim submission documents were produced to Defendants. The claim submission documents consist of forms completed by counsel, written evidence of exposures, and, if approved for payment and paid, the releases.[3] Defendants usually seek to introduce as evidence or argument the fact that Plaintiff submitted claims to bankruptcy trust funds as well as the related claim submission documents. These are two separate issues, which are discussed below.

First, evidence that only proves plaintiff submitted claims to a bankruptcy trust is not admissible at trial. The mere fact a claim is submitted to a trust is not probative of any fact in controversy in this action, and it is therefore irrelevant and inadmissible pursuant to Fed. R. Evid. 402. The mere filing of a claim does not constitute evidence of exposure. Furthermore, evidence that establishes only that a claim to a bankruptcy trust was submitted is properly excluded under

---

[3] Some bankruptcy trusts do not require proof of exposure to asbestos containing products for recovery. Each trust fund has its own criteria for compensation of claimants. The trust may compensate all persons who have an asbestos disease or who worked at certain job sites. Bankruptcy trust fund claims are paid based upon evidence which is sufficient to satisfy the standards of the trust funds. The trust funds do not follow the standards for admission of evidence in civil trials.

Fed. R. Evid. 403 since its introduction will waste time, confuse the jury by distracting it from the proper issues, and mislead the jury and prejudice the Plaintiff in the sense that it could induce the jury to decide the case on an improper basis.

Second, the claim submission documents may include affidavits of exposure from the Plaintiff or his co-workers. These documents are typically hearsay as they are not depositions taken in the action. Under the exceptions to the hearsay rule, only admissions by counsel or statements of the Plaintiff which relate to exposure can be allowed into evidence. Plaintiff does not oppose the admission of the claim submission documents which provide relevant evidence of exposure to asbestos and which qualify as admissions of a party opponent. Fed. R. Evid. 801(d)(2). Plaintiff does, however, oppose the admission of statements of co-workers in the form of unsigned or sworn affidavits or prior testimony based on the hearsay rule for out of court statements or testimony in other actions. Fed. R. Evid. 802. Before such evidence can be admitted, Defendant must first lay the proper foundation to show that the out of court statements or testimony from other cases satisfies an exception to the hearsay rule or can be admitted as testimony from another action.

3. That Plaintiff made claims against defendants who were granted summary judgment in this case.

*Authority*

Evidence of claims made is irrelevant unless there is proof of exposure to asbestos to support the claim. In granting summary judgment for particular defendants, the court has found as a matter of law that there is no proof of exposure to asbestos for which those defendants can

be held responsible.  The mere fact a claim is asserted is irrelevant and prejudicial and thus properly excluded under Rules 402 and 403 of the Federal Rules of Evidence.

4.  The time or circumstances under which Plaintiff employed his attorney.

*Authority:*

Such matters are irrelevant pursuant to Rule 402 of the Federal Rules of Evidence and concern information appropriately protected against disclosure by the attorney client privilege.

5.  That the law firm of Cascino Vaughan Law Offices represents, or has been referred other cases involving, other asbestos-exposed individuals and/or asbestos product liability actions, except to show bias of experts or of a witness who is represented by CVLO.

*Authority:*

Such matters are irrelevant pursuant to Fed. R. Evid. 402.

6.  Asbestos lawsuits, or Plaintiff's claims, are in any way "lawyer-made" lawsuits or claims, or in any other way infer that such cases are generated or caused by Plaintiff's counsel.

*Authority*:

Such inflammatory references are both irrelevant and highly prejudicial and properly excluded under Rules 402 and 403 of the Federal Rules of Evidence.

*Note:* Defendants Crane Co. and Weil-McLain were in agreement with the Plaintiff's proposal to exclude such references, but the motion is being brought since agreement could not be secured from the remaining Defendants.

7. Use of asbestos containing insulation on United States Navy ships in World War II or in other government defense industry work, without warnings or safety measures being required by the government, is evidence that private entities need not warn or instruct about precautionary matters.

*Authority*

Evidence that the government did not require warnings is intended to suggest to the jury the safety of asbestos products or the proper standard of conduct for private companies which sold, made, or used asbestos. The actions of the government are not evidence of what is the standard of care for private parties. The legal duty of the U.S. Government to warn of dangers or instruct about precautionary measures involves discretionary functions and is different from the legal standard that is imposed upon a private party. The duties of defendants are common law duties determined irrespective of the duties of the U.S. government. If the evidence shows knowledge of the dangers of asbestos was reasonably available to Defendants at material times, then their duties under Illinois tort law arose, regardless of what the U.S. government did. *See In re Joint S. & E. Dist. N.Y. Asbestos Lit.*, 897 F.2d 626, 630 (2d Cir. 1990) (holding government contractors responsible for providing warnings required under state law unless the federal government mandates a different kind of warning); *Sether v. AGCO Corp.*, Civil No. 07-809-GPM, 2008 U.S. Dist. LEXIS 111785, at *11 (S.D. Ill. Mar. 28, 2008) ("In the context of a claim of failure to warn, in order to satisfy the first element of the military contractor defense a defendant must show that the government itself dictated or otherwise controlled the content of the warnings meant to accompany the product.") (citing *In re Joint S. & E. Dist. N.Y. Asbestos*

*Litigation*). Pursuant to Fed. R. Evid. 402, such evidence or comments regarding the same should be barred.

Further, there is no evidence the government made any decision not to require warnings about use asbestos on naval vessels in World War II based upon a full investigation and determination about the health risks of asbestos. When Federal asbestos regulations were issued in 1971-72, based on agency analysis of asbestos health risks for certain products, the regulations required warnings.

8. The United States government stockpiled asbestos.

*Authority*:

Such inflammatory references are both irrelevant and highly prejudicial and properly excluded under Rules 402 and 403 of the Federal Rules of Evidence.

*Note:* Defendants Owens-Illinois, Mobil, and Weil-McLain were in agreement with the Plaintiff on this motion in limine. Defendant Crane Co. did not agree at this time, while stating that it will subject the issue to further review.

9. Asbestos insulation products "won the war" or any reference to such products being necessary during World War II or any other war.

*Authority*:

The role asbestos had in World War II has no bearing to any element of liability in regard to any Defendant in this case. Such matters are irrelevant and prejudicial pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

7

10. Plaintiff sustained or suffered any medical condition, accident, toxic exposure, or injury other than the those made the basis of this lawsuit, without laying proper foundation to show the relevance to causation, damages, or some other issue of consequence.

*Authority:*

Plaintiff alleges a medical condition caused by asbestos and cigarette smoking. Defendants are expected to attempt to introduce evidence about other medical conditions such as penile cancer, obesity, excessive alcohol consumption, purported exposure to benzene chemicals. No foundation exists in the medical records or expert reports showing how Mr. Krik's other medical conditions or alleged toxic exposures are related to causation, damages, or other issue.

Absent foundation, such matters are irrelevant and prejudicial pursuant to Rules 402 and 403 of the Federal Rules of Evidence. As a matter of Illinois substantive law, proper foundational expert evidence is essential before such prior injury evidence can be considered by a trier of fact. *See Voykin v. Estate of DeBoer*, 192 Ill.2d 49, 59, 733 N.E.2d 1275, 1280 (2000) ("[W]e conclude that, if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the 'same part of the body' or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence."); *Noble v. Earle M. Jorgensen Co.*, 2013 IL App (5th) 120248, at ¶ 21-31, 990 N.E.2d 377 (2013) (following *Voykin*); *and see Couch v. Village of Dixmoor*, No. 05 C 963, 2006 U.S. Dist. LEXIS 85663, at *6 & n.2 (N.D. Ill. Nov. 27, 2006) (noting that it is appropriate to apply *Voykin* in a federal case since Illinois state law as to causation/damages is the substantive law to be applied in the federal forum).

11. That the United States government's ban of asbestos was overturned on appeal in the United States Court of Appeals for the 5th Circuit.

*Authority:*

Such matters are irrelevant under Fed. R. Evid. 402. Introduction of the issue is properly barred under Fed. R. Evid. 403 since it will waste time, confuse the jury by distracting it from the proper issues, and mislead the jury and prejudice the Plaintiff in the sense that it could induce the jury to decide the case on an improper basis.

12. References, other than during jury selection, to names of persons as being potential witnesses or that they were identified in interrogatory answers or other discovery documents as potential witnesses absent a finding by the court that a missing witness instruction is proper under Federal Jury Instructions of the Seventh Circuit, 1.19

*Authority:*

The choice of which witness to call is not a relevant consideration because the jury is instructed to decide the case based on evidence presented in court. If Defendant believes Plaintiff has failed to present a material witness, the proper remedy is to seek a missing witness instruction. Such an instruction should be given only if there is evidence from which the jury could find (1) that the missing witness was physically available only to the party against whom a negative inference would be drawn, or (2) that the missing witness has a relationship with that party that practically renders the testimony unavailable to that party's adversary. *See Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993) ("Before a party can argue to the trier of fact that an

adverse inference should be drawn from another party's failure to call a witness, the complaining party must establish that the missing witness was peculiarly in the power of the other party to produce. This can be shown in two ways: (1) that the witness is physically available only to the opponent; or (2) that the witness has a relationship with the opposing party that practically renders his testimony unavailable to the moving party.") (citng *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983)); *J.C. Penney Co. v. NLRB*, 123 F.3d 988, 996 & n.2 (citing and following *Oxman*); *Advocate S. Suburban Hosp. v. NLRB*, 468 F.3d 1038, 1049 (7th Cir. 2006) (citing and following *Oxman* and *J.C. Penney*). Evidence as to the testimony of potential witnesses the parties chose not to present is irrelevant to the jury's decision. Arguments, statements, or innuendo to the jury that a party has failed to call a witness or that a witness may exist is prejudicial. Thus, reference to such matters is properly excluded under Fed. R. Evid. 402 and 403.

13. That plaintiff was required to present documentary evidence from defendant to prove the presence of its asbestos in proximity to plaintiff.

*Authority*:

Witness testimony and circumstantial evidence are competent proof. *See Tragarz v. Keene Corp.*, 980 F.2d 411, 418 (7th Cir. 1992) (explaining that a plaintiff in an asbestos case can prove his exposure case by several different means, including "put[ting] forth evidence that coworkers saw the plaintiff working with or around the defendant's asbestos products" or presenting "circumstantial evidence that the plaintiff worked in proximity to someone who remembers using the defendant's products"); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1286 (2d

Cir. 1990) (holding sufficient the testimony of plaintiff/decedent's coworkers identifying certain products on one site, the general use of certain products over one time period, and that the products present on a second site "were the same type of products that were installed [on every other site]"); *and see Hanrahan v. AC&S, Inc.*, 816 A.2d 296, (Pa. Super. 2003) (exposure deposition testimony of former coworkers sufficient to preclude summary judgment).

RELIEF REQUESTED

Plaintiff moves that the court instruct Defendants and their attorneys:

    a.    not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, the matters above, and

    b.    to inform all witnesses called by defendants, including but not limited to any experts previously designated by any settling defendants and any experts specifically designated by a particular defendant and then adopted by reference by another defendant, not to mention in the presence or hearing of the jury, any of the above matters, and for such other and further relief as the court deems just and proper.

Dated: February 21, 2014

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Jin-Ho Chung

11

Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com