**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 10-CV-7435 |
| | ) | |
| BP AMOCO CHEMICAL COMPANY, | ) | District Judge John Z. Lee |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WEIL-MCLAIN'S MOTION FOR LEAVE TO FILE EXPERT REPORT

NOW COMES Defendant, WEIL-MCLAIN, by and through its attorneys, SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., and requests leave to file an additional expert report from an expert previously disclosed. In support thereof, Weil-McLain states as follows:

On November 2, 2011 Weil-McLain filed its Supplemental Witness Disclosure in this case. Included as an expert was Dr. Robert Sawyer, a board certified physician in occupational medicine. Dr. Sawyer issued a written report in this case, which was filed and disclosed to all counsel on November 9, 2011. At trial, Dr. Sawyer was to have provided material evidence regarding the topics discussed in his report, the areas addressed in Weil-McLain's expert witness disclosure, and to rebut opinions of plaintiff's experts that may be set forth at trial. We regret to inform the Court that Dr. Sawyer passed away on February 11, 2014.

In the same Supplemental Witness Disclosure in this case, Weil-McLain included as an expert Dr. David Weill, a board certified physician in pulmonary and critical care medicine. Dr. Weill is a pulmonologist and a Professor in the Division of Pulmonary and Critical Care Medicine at Stanford University. He is also the Medical Director of the Lung and Heart

Transplant Program, the Director of that Adult Cystic Fibrosis Program and the Director of the Advanced Lung Disease Program at the Stanford University Hospital and Clinics.

As a result of Dr. Sawyer's passing, Weil-McLain requests leave for Dr. Weill to file a case specific report. Weil-McLain intends to use Dr. Weill at trial in this case in the same manner it had intended for Dr. Sawyer. To deny Weil-McLain the opportunity to submit a case specific report from Dr. Weill would bring irreparable harm to its case, as Weil-McLain will depend on Dr. Weill to offer opinions regarding the cause of Plaintiff's lung cancer, an issue central to its defense in this case.

The Federal Rules of Civil Procedure provide judges with broad discretion to resolve discovery disputes. *Bobkoski v. Bd. of Ed. of Cary Consol. Sch. Dist. 26,* 141 F.R.D. 88, 90 (N.D.Ill.1992); *Spearman Industries, Inc. v. St. Paul Fire and Marine Ins. Co.,* 138 F.Supp.2d 1088, 1094 (N.D.Ill.2001). When a party requests disclosure of an expert or expert report after the deadline for discovery, district courts in the 7th Circuit have provided guidance through a four factor test. *Bronk v. Ineichen,* 54 F.3d 425, 432 (7th Cir.1995) (affirming use of the four factors in excluding rebuttal witness who was not properly disclosed) (citing *Spray–Rite Services Corp. v. Monsanto Co.,* 684 F.2d 1226, 1245 (7th Cir.1982) (applying the factors where a party moved to call a witness not included on the Rule 16 pretrial witness list), *aff'd* 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775); *Spearman Industries,* 138 F.Supp.2d at 1094 (applying the *four Spray–Rite* factors). This very Court applied these factors in its 2012 decision to permit the disclosure of an expert after the close of discovery in *Assaf v. Cottrell, Inc.*, 2012 WL 245196 (N.D.Ill. 2012). The factors to consider include: (1) the surprise or prejudice to the blameless party; (2) any bad faith involved in not producing the evidence earlier; (3) the ability of the offending party to cure resulting prejudice; and (4) the amount of disruption to the trial that

would result from permitting use of the evidence. *Id.*; *Spearman Industries,* 138 F.Supp.2d at 1094.

In addition to these four factors, to assure full and fair consideration of this motion, the Court also takes into account the effect that denial of the motion would have on the disposition of the case. *Spearman Industries,* 138 F.Supp.2d at 1095. Specifically, dismissal of a case for late disclosure of an expert report is improper where the late disclosure of an expert report was harmless and it contained a party's "primary—if not sole—evidence" on a dispositive issue. *Id.* (permitting late disclosure of an expert report because the sanction of dismissal was disproportionate to the violation).

Permitting Dr. Weill to draft and disclose a case specific report in substitution of Dr. Sawyer is proper because Weil-McLain is attempting to cure the problem of Dr. Sawyer's unavailability caused by unfortunate circumstances beyond anyone's control. Though both parties were surprised by Dr. Sawyer's passing, Weil-McLain's actions prior and subsequent to his death have been in good faith. Prior to Dr. Sawyer's death, Weil-McLain had acted timely in the disclosure of his report and topic areas addressed. Weil-McLain did not attempt to delay discovery or the scheduled trial date in its initial use of Dr. Sawyer. As to the second factor to permit a new report after the close of discovery, Weil-McClain has not acted in bad faith to warrant this request.

As to the third factor, Plaintiff will not suffer any prejudice from the submission of a new case specific report drafted by Dr. Weill because it will evaluate the same materials and areas of Dr. Sawyer's report. Furthermore, Weil-McLain has been in contact with Plaintiff's counsel regarding this request and has been informed that Plaintiff has no objection.

Fourth, Weil-McLain expects to obtain a case specific report from Dr. Weill by March 24, 2014. This will provide Plaintiff with ample time to review his report in preparation for the April 28, 2014 trial date.

Most importantly, the harm Weil-McLain will face if Dr. Weill is not permitted to submit a case specific report is irreparable in this case, as his opinions are central to Weil-McLain's defense. Denying Weil-McLain the ability to submit a case specific report from Dr. Weill would be improper because this report would contain Weil-McClain's primary, if not sole, evidence on a dispositive issue in the case.

WHEREFORE, Defendant Weil-McLain respectfully requests that this Honorable Court enter an Order granting Weil-McLain leave for Dr. David Weill to file a case specific report.

**Dated this 3rd Day of March, 2014**

    Respectfully submitted,

    SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

    */s/ Shawn P. Babiuch*
    Shawn P. Babiuch, Esq.
    Edward J. McCambridge, Esq
    Emily C. Zapotocny, Esq
    233 S. Wacker Drive - Suite 5500
    Chicago, Illinois 60606
    (312) 645-7800
    ***Attorneys for Defendant WEIL-MCLAIN***