**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARLES KRIK,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Court No. 1:10-cv-07435 |
| v. ) | |
| ) | District Judge John Z. Lee |
| **BP AMERICA, INC., et al.,** ) | |
| ) | |
| *Defendants.* ) | |

### WEIL-MCLAIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* #1 TO PREVENT THE INTRODUCTION OF EVIDENCE NOT DISCLOSED DURING DISCOVERY

Plaintiff's Motion *in Limine* seeks to preclude defendants from introducing evidence of Plaintiff's potential exposures to asbestos at locations or from products which were not disclosed during the discovery process. For the reasons stated below, Plaintiff's motion should be denied.

First, Plaintiff's motion is premature as to Weil-McLain. Defendants rely upon causation experts to review the evidence of the case and formulate opinions regarding the potential causes of the alleged harm. In this case, Plaintiff was timely served with the causation opinions of Weil-McLain's expert Dr. Robert Sawyer. Due to unforeseen circumstances regarding Dr. Sawyer's unavailability for trial, this court granted Weil-McLain's motion to provide the expert report of Dr. David Weill. At trial, Weil-McLain will rely on the opinions of Dr. Weill in addressing the potential causes of Plaintiff's lung cancer. The deadline for the disclosure of Dr. Weill's report is March 24, 2014.

Further, Plaintiff's motion seeks to preclude evidence on the basis that Plaintiff allegedly did not have "notice to investigate, pursue discovery, or develop evidence as to causation, or lack of causation, with respect to other undisclosed locations or products." Plaintiff has, through its own pleadings and written discovery, identified various products and materials through which

Plaintiff was allegedly exposed to asbestos, as well as various locations where this exposure took place. In addition, Plaintiff's deposition took place over two days on July 11 and August 4, 2011, at which representatives for both Plaintiff and Defendants were present. Plaintiff is the sole fact witness relied upon by Plaintiff's in this case.

In *Nolan v. Weil-McLain*, the Court affirmed its previous holding that "it is significant that the jury had a complete picture of all the evidence to support the jury's verdict … at the time it rendered its verdict." *Nolan v. Weil-McLain*, 233 Ill.2d, 416, 435 (Ill. 2009), *citing Thacker v. UNR Industries, Inc.*, 151 Ill.2D 343, 360 (1992). The Court in *Nolan* further held that "the exclusion of decedent's other exposures to asbestos eliminated evidence of alternative causes for decedent's injuries, improperly preventing defendant from supporting its sole proximate cause defense." *Nolan v. Weil-McLain,* at 449. Thus, to the extent that a proper foundation may be established regarding Plaintiff's potential exposures to asbestos-containing products or materials, including by circumstantial evidence, Plaintiff's motion should be denied.

Finally, any argument that Plaintiff has not been provided notice or been given the opportunity to develop causation evidence regarding such evidence is baseless and unwarranted, as Plaintiff has had equal access to all information throughout the entire case.

For the reasons set forth above, this Court should enter an order denying Plaintiff's motion to preclude defendants from introducing evidence of Plaintiff's exposures to asbestos at locations or from products not disclosed during the discovery process.

        Respectfully submitted,

        SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

        By: /s/ Shawn P. Babiuch
        One of the Attorneys for Defendant
        WEIL-MCLAIN

Edward J. McCambridge, Esq. - ARDC#1812343
Shawn P. Babiuch, Esq. – ARDC #6302328
SEGAL McCAMBRIDGE SINGER & MAHONEY
233 South Wacker Drive, Suite 5500
Chicago, Illinois  60606
(312) 645-7800

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 7, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

                                                _/s/ Shawn P. Babiuch_____
                                                Shawn P. Babiuch