**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES KRIK,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Court No.  1:10-cv-07435 |
| **v.** | ) | |
| | ) | District Judge John Z. Lee |
| **BP AMERICA, INC., et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**WEIL-MCLAIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* #2 TO EXCLUDE BANKRUPTCY TRUST DOCUMENTS**

Plaintiff's Motion *in Limine* seeks to preclude, or otherwise limit, the introduction as evidence in this case bankruptcy claims previously submitted by Plaintiff relating to his alleged asbestos-related disease.  For the reasons stated herein, Plaintiff's motion should be denied.

Plaintiff has submitted numerous claims to bankruptcy trusts based on allegations related to his development of asbestos-related disease.  These claims, totaling hundreds of pages, include information related to Plaintiff's alleged exposures to asbestos-containing products, materials, the locations at which these exposures took place, Plaintiff's medical history, as well as additional information. Plaintiff's motion seeks the exclusion of this evidence despite the fact that it directly relates to the very allegations that form the basis of Plaintiff's claims in this case, as well as the fact that the information is verified by Plaintiff's attorneys and/or Plaintiff himself.

Plaintiff's motion argues that claims submitted to bankruptcy trusts related to his asbestos-related disease are irrelevant and therefore should be excluded.  This argument is flawed for several reasons.  Under Fed. R. Evid. 401, evidence is relevant when it "has any tendency" to make a material fact "more or less probable than it would be without the evidence." Plaintiff's case is based on allegations that exposure to asbestos in relation to products

manufactured, sold, or distributed by Defendants, including Weil-McLain, contributed to his development of lung cancer. At trial, Weil-McLain expects to introduce evidence through its experts that it was Plaintiff's history of cigarette smoking and other, more frequent and severe, exposures to asbestos that were the cause of his asbestos-related disease. Thus, information regarding Plaintiff's exposures to asbestos from any and all materials, as well as his medical history, is germane to Weil-McLain's defense in this case and therefore relevant and admissible under Fed. R. Evid. 401.

Further, such evidence is relevant to proving Weil-McLain's sole proximate cause defense. In *Nolan v. Weil-McLain*, the Court affirmed its previous holding that "it is significant that the jury had a complete picture of all the evidence to support the jury's verdict … at the time it rendered its verdict." *Nolan v. Weil-McLain*, 233 Ill.2d, 416, 435 (Ill. 2009), *citing Thacker v. UNR Industries, Inc.*, 151 Ill.2D 343, 360 (1992).

Plaintiff's motion also argues that such evidence should be excluded under Fed. R. Evid. 403, as its introduction will waste time, confuse the jury, and result in prejudice to Plaintiff. Even if taken as true, which Weil-McLain does not concede, this argument fails to address the probative value of the information at issue. As stated above, evidence of Plaintiff's medical history and other exposures to asbestos is central to Weil-McLain's defense in this case. Further, the bankruptcy claims in question provide context to this trial by offering information on Plaintiff's work history, medical history, and exposures to asbestos, much of which has been verified by Plaintiff himself. Thus, any argument by Plaintiff under Rule 403 is overcome by the probative value offered by the information in question, and Plaintiff's motion should be denied.

Plaintiff's motion also addresses affidavits that may be included with submissions made to bankruptcy trusts, arguing that they should be excluded as hearsay. As acknowledged in

Plaintiff's motion, any such documents qualifying under Fed. R. Evid. 801 as admissions of a party opponent shall be admissible.

Further, the information included in Plaintiff's bankruptcy trust claims is admissible regarding Plaintiff's credibility, especially where found to be contradictory to information supplied in this case.

For the reasons set forth above, this Court should enter an order denying Plaintiff's motion to preclude the introduction of bankruptcy claims submitted by Plaintiff relating to his alleged asbestos-related disease

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: /s/ Shawn P. Babiuch
One of the Attorneys for Defendant
WEIL-MCLAIN

Edward J. McCambridge, Esq. - ARDC#1812343
Shawn P. Babiuch, Esq. – ARDC #6302328
SEGAL McCAMBRIDGE SINGER & MAHONEY
233 South Wacker Drive, Suite 5500
Chicago, Illinois  60606
(312) 645-7800

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 7, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

 /s/ Shawn P. Babiuch
Shawn P. Babiuch