**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-07435 |
| v. | ) | |
| | ) | |
| BP AMOCO CHEMICAL CO., et al. | ) | District Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CRANE CO.'S MOTION IN LIMINE**
**NO. 1 REGARDING POST-SALE DUTY TO WARN AND KNOWLEDGE**

Plaintiff Charles Krik hereby responds to Crane Co.'s ("Crane") Motion in Limine No. 1 regarding Defendant's post-sale duty to warn and post-sale knowledge (Doc. #182), and states as follows:

**Introduction**

This motion should be denied because (1) it is an impermissible "boilerplate" motion that is not directed to specific items of evidence to be introduced at trial; (2) it is an improper motion in limine that seeks broad evidentiary exclusions before issues of foundation, relevancy, and prejudice can be intelligently assessed in the context of the trial; (3) it is devoid of merit since evidence of a manufacturer's post-sale omission to warn and knowledge of the dangers of its products is not clearly inadmissible; and (4) it is an untimely dispositive motion.

**Argument**

**I.     "Boilerplate" Motion Not Directed To Specific Items Of Evidence.**

Crane fails to explain in its motion what specific evidence it is attempting to exclude. The motion consists of nothing more than an inaccurate description of some case law.  The

1

evidence shall show that Plaintiff on hundreds of occasions during his 44 year career as a

boilermaker ordered directly *from Crane* its "Cranite" sheet gasket and packing material, which

contained 75% chrysotile asbestos, and that Plaintiff on hundreds of occasions worked with this

asbestos-containing material *supplied by Crane* by hammering, cutting, scraping, and wire-

brushing it as he applied or removed said material. The case to be presented to the jury will

show Crane knew of the dangers of asbestos but failed to warn of or investigate those dangers,

advise of necessary precautions, or substitute materials for asbestos *while it was selling* "Cranite"

for decades.

Crane's motion is nothing more than a "boilerplate" motion, one routinely filed by

asbestos manufacturers, but one that is not tethered to the specific facts of the instant suit. As

such, it is appropriately denied as violative of this Court's order prohibiting "boilerplate"

motions.[1]

## II.     Improper Motion In Limine Raising Issues Appropriately Decided In The Trial Context.

"Motions in limine are disfavored, as courts prefer to resolve questions of admissibility as

they arise." *Tallman v. Freedman Anselmo Lindberg, L.L.C.*, No. 11-3201, 2013 U.S. Dist.

LEXIS 82768, at *2 (C.D. Ill. June 12, 2013); *and see Brom v. Bozell, Jacobs, Kenyon &*

*Eckhardt, Inc.*, 867 F. Supp. 686, 690-691 (N.D. Ill. 1994) ("This court has the power to exclude

evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. Unless

evidence meets this high standard, evidentiary rulings should be deferred until trial so that

questions of foundation, relevancy and potential prejudice may be resolved in proper context.")

(citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400-1401 (N.D.

Ill. 1993)). The holding in *Tallman* and *Brom* is particularly applicable where, as here, the

---

[1] The Court's standing order states: "Judge Lee discourages the filing of 'boilerplate' motions in limine."

Defendant moving in limine neglects to explain to the Court exactly what evidence regarding the conduct of Defendant is at issue. This Court should defer ruling on this motion until trial so as to evaluate in a proper context the foundation, relevancy and potential prejudice of any evidence that is being challenged by this motion.[2]  As the court stated in *Mi-Jack Prods. v. Int'l Union of Operating Engineers, Loc. 150*, No. 94 C 6676, 1995 U.S. Dist. LEXIS 16930, at *3-4 (N.D. Ill. Nov. 14, 1995): "Denial of a motion *in limine* does not mean that all evidence contemplated by the motion will be admissible at trial.  Rather, denial means that the court cannot determine whether the evidence should be excluded outside the trial context." *See also U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## III.    Evidence Of "Post-Sale" Conduct And Knowledge Is Not Clearly Inadmissible.

Crane was selling its asbestos-containing "Cranite" brand sheet gasket and packing material for decades, without any warnings and with knowledge of the dangers of asbestos to the workers who applied and removed this asbestos insulating material.  It is unclear what "sale" Crane is talking about as the cut-off point where it allegedly had no duty to warn and where its knowledge of asbestos hazards became irrelevant.  This is especially true since the Plaintiff will testify that he ordered "Cranite" on hundreds of occasions over the years and that Crane responded to these orders by selling the material hundreds of times for his use as a boilermaker or pipefitter.  In any event, to the extent that any of the evidence to be introduced by Plaintiff can be said to post-date some specific "sale" of the "Cranite" asbestos material, such evidence would

---

[2] *See Rosenberg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 U.S. Dist. LEXIS 50383, at *2-3 (S.D. Ill. July 12, 2007) (repeatedly denying motions in limine because "the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (where motions in limine cannot be sufficiently evaluated prior to trial "the interest of both parties would be better served by deferring the ruling until the issue could be determined in a more concrete setting"); *U.S. v. Brown*, No. 08-cv-1009, 2011 U.S. Dist. LEXIS 1275, at *6 (N.D. Ill. Jan. 6, 2011) (citing *Jonasson* ).

not be "clearly inadmissible on all potential grounds" which is the very high standard Defendant must meet in order to exclude a broad (and amorphous) category of evidence. *See Brom*, 867 F. Supp. at 690-691; *Hawthorne Partners*, 831 F. Supp. at 1400-1401.

The legal analysis offered by Crane is also unpersuasive. A continuing duty to warn exists when a manufacturer defendant knows of the dangers of the product at the time it leaves the control of the manufacturer,[3] and the evidence in this case will demonstrate that knowledge. The assessment of the degree to which such duty was breached appropriately takes into account the facts about the asbestos producer's *continuing* knowledge of danger during the period it allegedly breached its *continuing* duty to warn. Such evidence cannot be fairly described as inadmissible for all purposes. Furthermore, as is explained in the contemporaneously filed Plaintiff's Response to Defendant Crane Co.'s Motion In Limine No. 3 Regarding Replacement Parts, at 3-7, Crane's "post-sale" knowledge and failure to warn is admissible to show the manufacturer's liability for third-party supplied replacement gaskets and packing material that Crane knew would contain dangerous asbestos.

## IV.     Untimely Dispositive Motion.

---

[3] *See, e.g.*, *Carrizales v. Rheem*, 226 Ill.App.3d 20, 34 (1st Dist. 1991) ("Illinois law has been reluctant to impose a duty to warn beyond the time when the product leaves the manufacturer's control *unless the manufacturer knew or should have known at the time that the product was defective*.") (italics added); *Modelski v. Navistar Int'l Transp. Co.*, 302 Ill.App.3d 879, 887-888 (1st Dist. 1999) ("Manufacturers are charged with the knowledge of experts…. [I]t is sufficient to impose a duty to warn if an expert in the field would have known of the product's dangerous propensity and foreseen injury in the absence of a warning. *Under such circumstance, the duty to warn may well be continuous*.") (emphasis supplied); *Jablonski v. Ford Motor Co.*, 398 Ill.App.3d 222, 257 (5th Dist. 2010) ("We hold that a manufacturer has a continuing duty to warn of a hazard of which it had a duty to warn at the time the product was manufactured, including using reasonable care to inform foreseeable users of product developments designed to eliminate the hazard."), *reversed in part*, *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1161 (2011) ("We do not quarrel with the statement of the law recognizing a continuing duty to warn. We reiterate, as the appellate court noted in *Modelski*, a continuing duty may be imposed if at the time of manufacture of the product the manufacturer knew or should have known of the hazard."); *Underhill v. Coleman Co., Inc.*, No. 12-cv-129-JPG, 2013 U.S. Dist. LEXIS 11214, at *6 (S.D. Ill. Jan. 28, 2013) ("A continuing duty [to warn] may be imposed if at the time of manufacture of the product the manufacturer knew or should have known of the hazard.") (Citing and quoting *Jablonski*).

To the extent that the instant motion seeks to bar evidence of Crane's conduct and knowledge during the decades it was selling "Cranite," or evidence of Crane's knowledge and failure to warn of the asbestos-containing replacement parts that would be foreseeably used to insulate its valves, then the motion is an untimely dispositive motion. The deadline for filing dispositive motions was January 6, 2012.[4] Motions in limine are not proper vehicles for securing rulings on dispositive motions.[5]

## Conclusion

The instant motion is a classic example of an improper motion in limine that seeks to secure premature rulings before the foundation, relevance and potential prejudice of evidence can be evaluated in its proper context as the facts are developed at trial. The motion is also an untimely dispositive motion and should be denied.

Dated: March 7, 2014

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

---

[4] *See* Amended Case Management and Scheduling Order for the "Top Ten" Cases, entered by Magistrate Judge Strawbridge on October 13, 2011, at ¶ 5, Exhibit 1 hereto.

[5] *See*, *e.g.*, *Wells Fargo Bank, N.A. v. Siegel*, No. 05 C 5635, 2007 U.S. Dist. LEXIS 27883, at *9 (N.D. Ill. April 16, 2007); *Lafrance v. Grand River Navig. Co., Inc.*, 2010 U.S. Dist. LEXIS 98707, at *5 (E.D. Mich. Sept. 21, 2010) ("Motions in limine are inappropriate vehicles to seek a final determination with respect to a substantive cause of action, and should not be used as a substitute for a motion for summary judgment."); *Harrington v. City of Council Bluffs*, 902 F. Supp.2d 1195, 1198 (S.D. Iowa 2012).