**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-07435 |
| v. ) | |
| ) | |
| BP AMOCO CHEMICAL CO., et al. ) | District Judge John Z. Lee |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CRANE CO.'S MOTION IN LIMINE
NO. 2 REGARDING TRADE ASSOCIATIONS**

Plaintiff Charles Krik hereby responds to and opposes Crane Co.'s ("Crane") Motion in Limine No. 2 regarding trade associations (Doc. #183), and states as follows:

**Introduction**

The evidence at trial will show that Crane and certain Crane employees were members of trade organizations such as the National Safety Council. Through trade organizations Crane received or had access to publications or minutes of meetings about the health hazards of asbestos. Crane makes no reference to any specific testimony to be stricken. This motion should be denied because (1) it lacks the necessary specificity with respect to the evidence to be excluded; (2) it is an improper motion in limine that seeks premature evidentiary exclusions before issues of foundation, relevancy, and prejudice can be intelligently assessed in the context of the trial; and (3) the knowledge and actions of trade associations, as numerous courts have recognized, is relevant to what a manufacturer knew or could have discovered.

**Argument**

**I.       The Motion's Failure To Specify Evidence.**

Crane fails to explain in its motion what specific evidence regarding trade associations it is attempting to exclude. "The court may deny a motion in limine when it '… lacks the necessary specificity with respect to the evidence to be excluded.'" *Rosenberg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 U.S. Dist. LEXIS 50383, at *3 (S.D. Ill. July 12, 2007) (quoting *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). The Court should deny the instant motion for its failure to provide the specificity needed for a proper adjudication of admissibility.

## II. Improper Motion In Limine Raising Issues Appropriately Decided In The Trial Context.

A motion in limine seeking to exclude evidence should be granted "only when evidence is clearly inadmissible on all potential grounds." *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686, 690-691 (N.D. Ill. 1994) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400-1401 (N.D. Ill. 1993)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Brom*, 867 F. Supp. at 691. This Court should defer ruling on this motion until trial so as to evaluate in a proper context the foundation, relevancy and potential prejudice of any evidence that is being challenged by this motion.[1] A proper context does not exist before trial to conclude that evidence of the knowledge or actions of trade associations is inadmissible for all purposes.

---

[1] *See also Rosenberg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 U.S. Dist. LEXIS 50383, at *2-3 (S.D. Ill. July 12, 2007) (repeatedly denying motions in limine because "the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (where motions in limine cannot be sufficiently evaluated prior to trial "the interest of both parties would be better served by deferring the ruling until the issue could be determined in a more concrete setting"); *U.S. v. Brown*, No. 08-cv-1009, 2011 U.S. Dist. LEXIS 1275, at *6 (N.D. Ill. Jan. 6, 2011) (citing *Jonasson* ).

**III.     Evidence As To The Knowledge And Actions Of Trade Associations Is Admissible.**

One of the critical issues in a products liability case is the actual or constructive knowledge of the manufacturer.  If a manufacturer knows of a dangerous property in its product, it has a duty to warn users of the product of that danger.  A manufacturer is charged with the knowledge it could have acquired, as well as the knowledge that it actually possessed.  *See generally Modelski v. Navistar Int'l Transp. Co.*, 302 Ill.App.3d 879, 887-888 (1st Dist. 1999) ("Manufacturers are charged with the knowledge of experts. Given that presumed degree of knowledge, a manufacturer's subjective understanding of the dangers associated with the use of its products, while relevant, is not determinative of its obligation to warn.").  One of the ways to prove actual or constructive knowledge is by showing what information was available to manufacturers from various sources.  The knowledge and actions of trade associations in the manufacturer's field of business, as numerous courts have recognized, is relevant to what a manufacturer knew or could have discovered, and this is true regardless of whether the defendant manufacturer was a member of the trade association. *See*, *e.g.*, *George v. Celotex*, 914 F.2d 26, 29 (2d Cir. 1990) (rejecting a defendant's claim that it could not be presumed to know the contents of an unpublished report of a trade group it was not a part of, and finding that "[t]he document was relevant in plaintiff's direct case not to show what Celotex knew, or even what manufacturers knew generally, but what if the jury so determined, Celotex reasonably should have known had it either conducted its own tests or been in contact with others in the industry, such as IHF or ATI, that were testing"); *Frias v. Atlantic Richfield, Co.*, 999 S.W.2d 97, 105 (Tex. App. 1999) (observing that "it is clear that the Defendants, through their participation in groups such as API and other industry organizations, had knowledge of the life-threatening dangers of benzene").  Plaintiff should be allowed to demonstrate industry and trade association

knowledge as a part of his state of the art evidence through his experts. *See Kinser v. Gehl Co.*, 184 F.3d 1259, 1274-75 (10th Cir. 1999) (affirming the trial court's allowing plaintiff's expert to refer to the minutes of a trade organization meeting where its members discussed the hazards of a piece of farming equipment and stating, "[t]he minutes of these meetings and correspondence between committee members are easily characterized as proper bases upon which an expert witness may rely for opinions regarding a manufacturer's knowledge of possible hazards and/or design defects").

## Conclusion

There is no basis to exclude all evidence of what trade associations knew or did with respect to the hazards of asbestos. Such evidence is admissible to show Crane's actual or constructive knowledge. The Defendant's motion is properly denied.

Dated: March 7, 2014

/S/   Robert  G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com