# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-7435 |
| v. ) | |
| ) | Judge John Z. Lee |
| BP AMOCO CHEMICAL COMPANY *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OWENS-ILLINOIS, INC.'S
## RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 12

Owens-Illinois, Inc. ("Owens-Illinois") submits this Response to Plaintiff's Motion *in Limine* No. 12 (ECF No. 211). Each of Plaintiff's thirteen motions *in limine* should be stricken and denied because they are "boilerplate" motions combined in a single filing and therefore violate the Standing Order Governing Proposed Pretrial Orders. Indeed, this Court previously struck Plaintiff's motions *in limine* for these reasons. Order (ECF No. 148) at 1, Oct. 31, 2013; *see also* Hr'g Tr. (ECF No. 166) at 33:25-34:22, Oct. 31, 2013 (admonishing Plaintiff for filing "omnibus" motions *in limine* and ordering him to "think long and hard about whether or not you really need rulings on those").

Additionally, Plaintiff's motion should be denied as vague because it is not clear what evidence Plaintiff intends to preclude from trial proceedings. Motions *in limine* should sharpen the focus of trial proceedings by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see also United States v. Messino*, 873 F. Supp. 1177, 1188 (N.D. Ill. 1995) (finding "motion is too vague to warrant a ruling that all incidents fitting into defendant's description should be excluded"). Moreover, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984); *accord Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Plaintiff

should identify the names of these missing persons or reserve the issue for the jury instruction conference or closing arguments. Pl.'s Mot. 9.

Third and finally, Plaintiff's motion reads *Oxman v. WLS-TV*, 12 F.3d 652 (7th Cir. 1993), far too broadly to prevent any reference to potential witnesses. Pl.'s Mot. 9-10. Without any adverse inference instruction, "counsel in a civil trial may comment on the failure of a party to call an available witness whose testimony the party would naturally be expected to produce if favorable to him." *Downriver Internists v. Harris Corp.*, 929 F.2d 1147, 1151 (6th Cir. 1991) (quoting *Auto Owners Ins. Co. v. Bass*, 684 F.2d 764, 769 (11th Cir. 1982)); *see also* Seventh Circuit Pattern Civil Jury Instructions 1.18 (2009).

For these reasons, and those submitted by any co-defendants, Owens-Illinois respectfully requests that Plaintiff's Motion in Limine No. 12 (ECF No. 211) be denied.

Dated: March 7, 2014                                     Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 7, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\14344042.1