**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-07435 |
| v. | ) | |
| | ) | |
| BP AMOCO CHEMICAL CO., et al. | ) | District Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff's Response to Owens-Illinois Motion in Limine
Regarding Kaylo Non-Toxic Advertising

Plaintiff opposes Owens-Illinois' ("O-I") motion in limine regarding exclusion of

promotional literature and advertising stating Kaylo is "non-toxic."  (Doc # 195.)

Evidence of toxicity

O-I first argues the evidence shows asbestos was considered non-toxic before O-I ceased

selling Kaylo in 1958.  This argument in a motion in limine is not proper.  The evidence must be

fully presented at trial before a determination can be made.[1]  Second, the argument is also an

_____

[1]"Motions in limine are disfavored, as courts prefer to resolve questions of admissibility
as they arise."  *Tallman v. Freedman Anselmo Lindberg, L.L.C.,* No. 11-3201, 2013 U.S. Dist.
LEXIS 82768, at *2 (C.D. Ill. June 12, 2013); and see *Brom v. Bozell, Jacobs, Kenyon &
Eckhardt, Inc.*, 867 F. Supp. 686, 690-691 (N.D. Ill. 1994) ("This court has the power to exclude
evidence in limine only when evidence is clearly inadmissible on all potential grounds.  Unless
evidence meets this high standard, evidentiary rulings should be deferred until trial so that
questions of foundation, relevancy and potential prejudice may be resolved in proper context.")
(citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400-1401 (N.D. Ill.
1993)).  Especially in a case such as this – where the Defendant moving in limine neglects to
explain to the Court exactly what evidence regarding the conduct of Defendant is at issue – this
Court should defer ruling on the motion and await trial so as to evaluate in a proper context the

untimely dispositive motion, i.e. the position that O-I had no duty because the product was not

known to be dangerous - which is barred by past scheduling orders in MDL-875.[2]

The evidence will show asbestos was recognized in literature as a substance that could

cause disease in the 1920s or earlier.  (Ex 1 at 2; Ex 2 at 2-3.)  O-I received communications

from the Saranac laboratory, which had been retained to study the hazards of Kaylo, that the

product presented a "first class hazard" as early as 1943.  (Ex 3.)  Later reports in 1948 and 1952

sent to O-I from the Saranac Laboratory confirmed Kaylo could produce the fatal disease

"asbestosis."  (Ex 4 at 2 - Kaylo "should be handled industrially as a hazardous dust;" Ex 5 at 15-

16.)  The evidence will show Kaylo was classified as requiring exposure limits due to toxic

characteristics by the American Conference of Governmental Industrial Hygienists in 1947 and in

regulations for "toxic dusts" adopted by the state of Ohio (where O-I was incorporated) in 1946.

(Ex 6 at 6, Ex 7 at 3.)  Asbestosis was recognized by the state of Illinois as a compensable

---

foundation, relevancy and potential prejudice of any evidence that is being challenged by this motion.  See *Rosenberg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 U.S. Dist. LEXIS 50383, at *2-3 (S.D. Ill. July 12, 2007) (repeatedly denying motions in limine because "the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation, and so a ruling at this juncture would be premature"); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (where motions in limine cannot be sufficiently evaluated prior to trial "the interest of both parties would be better served by deferring the ruling until the issue could be determined in a more concrete setting"); *U.S. v. Brown*, No. 08-cv-1009, 2011 U.S. Dist. LEXIS 1275, at *6 (N.D. Ill. Jan. 6, 2011) (citing *Jonasson ).  As* the court stated in *Mi-Jack Prods. v. Int'l Union of Operating Engineers, Loc. 150*, No. 94 C 6676, 1995 U.S. Dist. LEXIS 16930, at *3-4 (N.D. Ill. Nov. 14, 1995): "Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admissible at trial.  Rather, denial means that the court cannot determine whether the evidence should be excluded outside the trial context." See also *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

[2]The bar against new dispositive motions in this remand court has already been briefed by plaintiff in earlier filed "Plaintiff's response to Defendants' Motion for Leave to File *Daubert* Motions."  (Doc. # 59.)  Plaintiff adopts and incorporates those arguments.

occupational disease for worker compensation as early as 1949 and an autopsy could be required

where asbestos was suspected as a cause of death.  (Ex 8 at p1835, §172.8(a); p1840 at §172.11.)

Many other pieces of evidence about toxicity are not discussed in this response.

Despite this evidence, O-I issued and approved promotional literature stating Kaylo was

non-toxic.  (Ex 9.)  Whether O-I properly promoted Kaylo as non-toxic is a question for the jury

to answer.


Reliance

O-I next argues that plaintiff must prove reliance by Mr. Krik or the Navy on its

promotional literature.  The non-toxic promotional literature or advertising here is not offered to

prove reliance.  Rather the evidence is offered to show the negligent conduct of O-I in holding

out Kaylo as non-toxic.  A jury can infer from O-I's conduct–in contravention of the scientific

literature, studies paid for by O-I, and government or industry regulations–that O-I was negligent

in holding out Kaylo as non-toxic to all users including Mr. Krik.  The evidence of O-I's active

promotion of Kaylo as non-toxic helps to establish O-I's negligence in failing to protect Kaylo

users.  Additionally, O-I's active promotion of Kaylo as non-toxic is relevant to show the

percentage of negligence attributable to O-I.

Further, a jury can reasonably infer that a major purchaser like the Navy was affected by

O-I's advertisements. The entire market was presumably affected by O-I's advertisement

decisions.  O-I presumed as much in paying to produce and market their advertisements.[3]

_____

[3]Similarly, when the FTC brings an action against a corporation for false advertising
under 15 U.S.C. §§ 45(a), 52, there is no need to separately prove that false advertising was
relied on. Rather, the law presumes that false advertisements affects commerce.  "Section 5(a)

In addition, a manufacturer's advertising and promotion of its product is relevant to its knowledge of how its product was being used. *See*, e.g., *Derienzo v. Trek Bicycle Corp.*, 376 F. Supp. 2d 537, 567 (S.D. N.Y. 2005) ("An expert opinion accompanied by submissions showing industry-wide advertisements encouraging a particular use of a product is probative on the issue of whether defendant knew its product was being used in a certain manner."). In one promotion, O-I advertises that one of the benefits of Kaylo is the "ease of cutting and fitting," claiming in this context that Kaylo is "nontoxic" and "non-irritating to the skin." (Ex 9 at 3.) The evidence would help a jury to understand how O-I expected and encouraged Kaylo to be used.


Jury Prejudice

O-I's argument of jury prejudice based on common dictionary definitions of "toxic" is addressed by the evidence above that O-I's Kaylo was a "toxic" substance. A lay jury is capable of understanding the significance of marketing a product as "non-toxic."


Conclusion

O-I's motion in limine should be denied or deferred for ruling until the evidence is presented at trial.

_____

makes unlawful "unfair or deceptive acts or practices in or affecting commerce." ... Section 12(b) also declares that "[t]he dissemination or the causing to be disseminated of any false advertisement within the provisions of subsection (a) of this section shall be an unfair or deceptive act or practice in or affecting commerce within the meaning of [Section 5]." Thus, a violation of Section 12, dissemination of a false advertisement, constitutes a violation of Section 5(a). *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 957 (N.D. Ill., 2006).

Dated: March 7, 2014


/S/ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Jin-Ho Chung
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600