UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-7435 |
| v. ) | |
| ) | Judge John Z. Lee |
| BP AMOCO CHEMICAL COMPANY *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OWENS-ILLINOIS, INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 13**

Owens-Illinois, Inc. ("Owens-Illinois") submits this Response to Plaintiff's Motion *in Limine* No. 13 (ECF No. 211). Each of Plaintiff's thirteen motions *in limine* should be stricken and denied because they are "boilerplate" motions combined in a single filing and therefore violate the Standing Order Governing Proposed Pretrial Orders. Indeed, this Court previously struck Plaintiff's motions *in limine* for these reasons. Order (ECF No. 148) at 1, Oct. 31, 2013; *see also* Hr'g Tr. (ECF No. 166) at 33:25-34:22, Oct. 31, 2013 (admonishing Plaintiff for filing "omnibus" motions *in limine* and ordering him to "think long and hard about whether or not you really need rulings on those").

Additionally, Plaintiff's motion *in limine* misstates the proposed jury instructions. No party has tendered a jury instruction that "plaintiff was required to present documentary evidence from defendant to prove the presence of its asbestos in proximity to plaintiff." Pl.'s Mot. 10-11. Under maritime law, Plaintiff must prove by a preponderance of the evidence that he had a substantial exposure for a substantial period of time to Owens-Illinois's product, and that these exposures were a substantial contributing factor. *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603, 610-12 (N.D. Ohio 2004), *aff'd sub nom. Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 488 (6th Cir. 2005). Whether Plaintiff has legally sufficient circumstantial evidence (because there is no "direct" evidence of any microscopic asbestos fibers

that were inhaled into his lung and caused the specific genetic mutation to develop a lung cancer) is a matter of law for the Court. For the members of the jury, however, the parties may comment on the absence of evidence, including the failure of Plaintiff to produce documentary or any other type of "circumstantial" evidence to satisfy his burden. *See* Seventh Circuit Pattern Civil Jury Instructions 1.12, 1.18 (2009).

For these reasons, and those submitted by any co-defendants, Owens-Illinois respectfully requests that Plaintiff's Motion in Limine No. 13 (ECF No. 211) be denied.

Dated: March 7, 2014                                Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 7, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392

CH2\14344044.1