**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-7435 |
| | ) | |
| CRANE CO. *et al.*, | ) | Judge Manish S. Shah |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the order of August 26, 2014 (ECF No. 296), the parties jointly submit this status report, narrowing down what issues are fully briefed before this Court and can be resolved independent of the *Daubert* motions.

**Plaintiff's position on status**

This Court should set a trial date to replace the date of December 2, 2013, which was removed by Judge John Z. Lee to allow additional time to resolve motions (ECF No. 148). Mr. Krik desires and is entitled to resolution of his case while he is alive.

The motions pending for decision by Judge Lee are independent of those that remain before Judge Shah. Under the MDL-875 scheduling order, dispositive motions were to be filed by January 6, 2012. Amended Case Management and Scheduling Order for the "Top Ten" Cases, *In re: Asbestos Products Liability Litigation (No. VI)*, No. MDL-875 (E.D. Pa. October 13, 2011). Thus, expert *Daubert* motions filed after remand are not dispositive and the case will continue after those rulings. The remaining non-*Daubert* motions *in limine* can be resolved by Judge Shah pending the rulings by Judge Lee. The non-*Daubert* motions *in limine* should be set for hearing before Judge Shah as soon as the Court's schedule permits.

- 1 -

Plaintiff disputes the "sound bite" characterization of MDL-875 proceedings made by defendants and will respond to any specific motions. Plaintiff counsel comments the MDL-875 supervising judge did not exclude or strike a single witnesses as improperly disclosed despite hundreds of such objections or motions to strike during the summary judgment proceedings in the cases of Cascino Vaughan Law Offices.

## **Defendants' Status Report**

Defendants respond to Plaintiff's *ex parte* letter (ECF No. 297) to correct the record. Five years ago there were more than 5,000 asbestos personal injury cases filed by Plaintiff's counsel in MDL 875.[1] These cases sat dormant, and unprosecuted for years by CVLO, until the MDL 875 court entered show cause orders. Currently, the Eastern District of Pennsylvania shows less than 50 cases are still open, and the vast majority of these cases were dismissed — mostly by voluntary dismissals — after consolidated pretrial proceedings and hundreds of discovery and dispositive orders. The MDL 875 court explained the history of these cases in a published order and found that "[w]hile we hesitate to assign willfulness to any counsel who appears before us representing truly injured parties, we have no difficulty making such a conclusion here where CVLO, throughout the litigation of these cases, has been repeatedly reminded of its obligations to follow the scheduling orders and to provide complete and timely discovery." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 289 F.R.D. 424, 427 (E.D. Pa. 2013).

This case was remanded on May 14, 2013. At the first status hearing, however, Plaintiff misstated the record asserting that Defendants could not file *Daubert* motions. (ECF No. 55.) After the interruption in setting a briefing schedule and ruling contrary to Plaintiff, the Court set

---

[1] *See generally* Hon. Eduardo C. Robreno, *The Federal Asbestos Product Liability Multidistrict Litigation (MDL-875): Black Hole or New Paradigm?*, 23 Widener L. J. 97, 169 (2013); MDL 875, Information for Cases Represented by Cascino Vaughan Law Offices, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 22, 2014).

a trial date and deadlines for pretrial and *Daubert* motions. (ECF No. 60.) Because Plaintiff failed ***twice*** to file a proper final pretrial order, the Court vacated ***two trial dates*** of December 2, 2013 and April 28, 2014. (ECF Nos. 148, 162, 278.) Additionally, as the Court has explained, the final pretrial order may require revisions based on the *Daubert* rulings and the pending Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (ECF No. 151).

Besides the Motion to Bar Undisclosed and Improperly Disclosed Witnesses (which this Court is familiar with), several other issues are fully briefed and can be resolved independent of the *Daubert* motions. Plaintiff has filed thirteen omnibus motions *in limine*. (ECF No. 211.) These motions are fully briefed and should be stricken because they are improper "boilerplate" motions and violated the Court's Standing Order Governing Proposed Pretrial Orders. Indeed, the Court previously struck Plaintiff's motions *in limine* for the same reason. Order (ECF No. 148) at 1, Oct. 31, 2013; *see also* Hr'g Tr. (ECF No. 166) at 33:25-34:22, Oct. 31, 2013 (admonishing Plaintiff for filing "omnibus" motions *in limine* and ordering his counsel to "think long and hard about whether or not you really need rulings on those").

Owens-Illinois filed three motions *in limine*, which are fully briefed and can be resolved independent of the *Daubert* motions:

- **Motion *in Limine* No. 1** (ECF Nos. 193) requests an order under Fed. R. Evid. 402 and 403 that precludes any argument that Owens-Illinois owed any duty to Plaintiff (or breached any duty that actually and proximately caused his lung cancer) with regard to a "synergistic" effect between cigarette smoking and asbestos exposure;

- **Motion *in Limine* No. 2** (ECF Nos. 194) requests an order under Fed. R. Evid. 402 and 403 that precludes any argument that Owens-Illinois was negligent in failing to substitute non-asbestos-containing thermal insulation for the U.S. Navy;

- **Motion *in Limine* No. 3** (ECF Nos. 195) requests an order under Fed. R. Evid. 402 and 403 that precludes any evidence or argument about Owens-Illinois Kaylo being advertised or referred to as non-toxic, including the Plaintiff's proposed exhibits 151, 153, 809, 821, and 824.

Crane Co. filed six motions *in limine*, which are fully briefed and can be resolved independent of the *Daubert* motions:

- **Motion *in Limine* No. 1** (ECF 182) requests an order preventing Plaintiff from arguing or presenting evidence that Crane Co. had a post-sale duty to warn or that Crane Co. had knowledge of possible health risks after Crane Co. sold the products to which Plaintiff was allegedly exposed;

- **Motion *in Limine* No. 2** (ECF 183) requests an order precluding the actions or knowledge of a trade association from being imputed to the trade association's members, unless Plaintiff proves that a member had actual knowledge of, and approved, the actions of the trade association;

- **Motion *in Limine* No. 3** (ECF 185) requests an order excluding any argument or suggestion that Crane Co. is liable for products affixed to its products post-sale;

- **Motion *in Limine* No. 4** (ECF 187) requests an order prohibiting the parties, their attorneys, and witnesses from using terms such as a "asbestos industry" or "member of the asbestos industry" and from referring to Crane Co. as the "asbestos industry," an "asbestos company," or a "member of the asbestos industry";

- **Motion *in Limine* No. 5** (ECF 188) requests an order precluding Plaintiff from introducing any evidence of products manufactured or supplied by Crane Co. through catalogs, products, advertisement, photographs, navy records and/or entities not at issue in this case;

- **Motion *in Limine* No. 6** (ECF 189) requests an order barring Plaintiff from offering any testimony or introducing any evidence regarding Cranite.

ExxonMobil Oil Corporation filed one motion to adopt and 12 motions *in limine* (ECF Nos. 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208), which Mobil presented in the format and page length required in Judge Lee's standing order, and can be resolved independent of the *Daubert* motions:

- **Motion No. 1 (196) to Adopt All Co-Defendants' Motions in Limine**
- **Motion *in Limine* No. 2 (197) to Bar Joseph Ferriter**
- **Motion *in Limine* No. 3 (198) to Exclude All Undisclosed Opinions**
- **Motion *in Limine* No. 4 (199) to Limit Frank Parker - Causation**
- **Motion *in Limine* No. 5 (200) to Exclude Testimony of Charles Krik Regarding Later Work at Mobil**
- **Motion *in Limine* No. 6 (201) to Exclude Testimony of Frank Parker Regarding Asbestos Content and Concentrations**

- **Motion *in Limine* No. 7 (202) to Exclude Invoices**
- **Motion *in Limine* No. 8 (203) to Limit Testimony of Arthur Frank - Asbestos Content and Airborne Concentrations**
- **Motion *in Limine* No. 9 (204) to Limit Charles Krik - Asbestos Content**
- **Motion *in Limine* No. 10 (205) to Exclude Reference to Employee Injuries or Death**
- **Motion *in Limine* No. 11 (206) to Exclude "Bonsib" Report**
- **Motion *in Limine* No. 12 (207) to Exclude Barry Castleman**
- **Motion *in Limine* No. 13 (208) to Exclude and Limit Testimony of Arthur Frank - Causation**

Mobil's Motions in Limine are based upon specific evidentiary issues applicable to Mobil, and are not generic in nature. The issues presented in Mobil's Motions in Limine are not covered in other Motions filed by other Defendants.

Dated: October 27, 2014      Respectfully submitted,

By: /s/ Robert G. McCoy
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (facsimile)
*Attorneys for Plaintiff*

By: /s/ Brian O. Watson
Matthew J. Fischer
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

By: /s/ James P. Kasper
James P. Kasper
Catherine L. Carlson
Gunty & McCarthy
150 S. Wacker Dr., Ste. 1025
Chicago, Illinois 60606
(312) 541-0022
(312) 541-0033 (facsimile)
*Attorneys for Defendant*
*Crane Co.*

By: /s/ David F. Fanning
H. Patrick Morris
David F. Fanning
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770
(312) 372-9818 (facsimile)
*Attorneys for Defendant*
*Exxon Mobil Oil Corporation*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies on October 27, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson