UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-7435 |
| | ) | |
| CRANE CO. *et al.,* | ) | Judge Manish S. Shah |
| | ) | |
| Defendants. | ) | |

Plaintiff's motion to Supplement and Supplemental Response as to John Templin to Defendants'
<u>Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses</u>

Plaintiff moves this Court to allow supplementation of plaintiff's response as to John Templin to Defendants' Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses (Doc. # 151) for the reasons below.

1. At the October 28, 2014 hearing on defendants' motion to bar undisclosed witnesses (Doc. #151), this Court raised the question of the impact on plaintiff expert John Templin of Judge John Z. Lee's recent ruling on Owens-Illinois, Inc.'s Motion to Bar the Longo/MAS Videotaped Experiments and Related Testimony (Doc. #65 [Motion], Doc. #299 [Order]).

2. Plaintiff counsel Robert McCoy stated Owens-Illinois' motion to bar the Longo/MAS videos was only directed at the Materials Analytical Services ("MAS") Kaylo videos, which are only demonstrative evidence, and testimony about the videos. Besides recording the videos, MAS issued hundreds of pages of reports about asbestos fiber release from pipe covering, gaskets, and other relevant materials. Plaintiff counsel

1

mentioned the data in these studies was not a subject of the Owens-Illinois motion decided by Judge Lee.

3. Since the question of the impact of Judge Lee's ruling had not been raised before the hearing, plaintiff counsel had not studied and did not have the materials in court to provide the basis for the statements.

4. Plaintiff counsel has now reviewed all the filings associated with Owens-Illinois' motion to bar the Longo/MAS videos and makes this Supplemental Response to the Court's concerns about the impact of Judge Lee's ruling.

Supplemental Response

Plaintiff submits this Supplemental Response following the discussion regarding plaintiff's expert witness John Templin at the hearing held on October 28, 2014, concerning the motion to bar undisclosed witnesses. As the minute order entered after the October 28 hearing reflects, the motion was not resolved due to the Court's concerns about the impact of Judge Lee's order granting Owens-Illinois' motion to bar the Longo/MAS videos (Doc. # 303). Dr. William Longo is the president of MAS, but the Rule 26(a)(2) witness from MAS originally identified in this case was Richard Hatfield. Plaintiff gave defendants notice over a year ago that Mr. Templin was being substituted as the witness for MAS due to Mr. Hatfield's illness. (*See* Ex. 1, email sent by plaintiff's law firm to Owens-Illinois counsel Edward Casmere on July 26, 2013.)

Owens-Illinois' motion to bar the Longo/MAS videos was only directed at the Kaylo videos done by MAS, which are only demonstrative evidence, and testimony about the videos. Besides recording the videos, MAS also issued hundreds of pages of reports about asbestos fiber

2

release from pipe covering, gaskets, and other relevant materials. The data in these studies was not a subject of the Owens-Illinois motion decided by Judge Lee.

      Owens-Illinois stated the following in its motion to bar the Longo/MAS videos:

> "Owens-Illinois is not seeking to exclude the results of any quantitative air sampling results that were obtained using proper air sampling and NIOSH/OSHA-approved analysis for determining human workplace exposure to asbestos (i.e., Phase Contract Microscopy (PCM) results)."

(Doc # 65 , Owens-Illinois Longo/MAS motion at 6, n. 3.) Attorney Brian Watson signed the motion for Owens-Illinois.

      The deposition of Mr. Templin was taken by agreement on November 1, 2013, pursuant to the notice of deposition issued by Owens-Illinois. (Ex 2.) The deposition covered, as the notice requested, the "bases, facts, data" for the testimony of Mr. Templin, including selected MAS studies in which Dr. Longo had performed quantifying fiber release.

      In assessing the impact of Judge Lee's order, the limited purpose of the motion to bar is also reflected in the title and text which refers to "Longo/MAS Videotaped Experiments and Related Testimony." The motion is directed at Dr. Longo's/MAS's methodology in making Kaylo videos. Dr. Longo himself was not plaintiff's identified witness from MAS. The motion to bar the Longo/MAS videos does not seek to bar as witnesses either Mr. Hatfield, the original MAS witness, or Mr. Templin, who had been disclosed as the substitute before the motion was filed. The response of plaintiff (Doc. # 82) and reply of Owens-Illinois (Doc. # 90) are also limited in scope to the video portion of the MAS work.[1]

---

[1]Plaintiff confirmed in his response, "Dr. Longo separately took quantitative measurements as part of his Kaylo studies. O-I is not challenging the admission of those

3

The first and only motion to exclude Mr. Templin as a witness was the joint motion to bar undisclosed witnesses. Based on the written submissions, the motion to bar the Longo/MAS videos is limited only to showing the Kaylo videos and testimony about the videos.

Conclusion

The Court should allow filing of this supplemental response to Defendants' Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses. For the reasons in this supplemental response and in plaintiff's first response, the Court should find Mr. Templin is properly disclosed, subject to his testimony about the Kaylo videos being precluded by the ruling of Judge Lee.

Dated: October 30, 2014

s/ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
bmccoy@cvlo.com

---

quantitative results." (Doc. # 82, p. 2, note 3.) Owens-Illinois did not dispute this statement in its reply.