IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-7435 |
| | ) | |
| BP AMOCO CHEMICAL COMPANY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION

**TO:** John Templin  
c/o Cascino Vaughn Law Offices  
220 S. Ashland Ave.  
Chicago, IL 60607

All Counsel of Record  
E-Mail Addresses on Attached Service List

**CC:** PohlmanUSA  
scheduling@pohlmanusa.com

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 30, Owens-Illinois, Inc. will take the deposition upon oral examination of John Templin on November 1, 2013, at 9:00 a.m. (MST) recorded by any means that the Federal Rules of Civil Procedure permit, including, without limitation, by videotape, audiotape, and/or stenographic means, before an officer qualified to give an oath at the Courtyard Boise Downtown, 222 South Broadway Avenue, Boise, Idaho 83702.

**PLEASE TAKE FURTHER NOTICE** that Owens-Illinois, Inc. requests that Plaintiff and John Templin produce, before or at the deposition, the records identified in the attached deposition rider.

EXHIBIT 2

Dated: October 3, 2013

Respectfully submitted,

OWENS-ILLINOIS, INC.

By: /s/
Matthew J. Fischer
Edward Casmere
Brian O. Watson
SCHIFF HARDIN LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that before 5:00 p.m. on October 3, 2013, this notice was served by electronic mail upon the following counsel of record:

Jin-Ho Chung
<jchung@cvlo.com>

Michael Cascino
<mcascino@cvlo.com>

CVLO Litigation Staff
<lstaff@cvlo.com>

Cathie Carlson
<ccarlson@guntymccarthy.com>

Jamie Kasper
<JKasper@guntymccarthy.com>

H. Patrick Morris
<morrisp@jbltd.com>

David F. Fanning
<fanningd@jbltd.com>

Mark C. Sampson
<msampson@SMSM.com>

Shawn P. Babiuch
<sbabiuch@SMSM.com>

Howard Pikel
<hpikel@pretzel-stouffer.com>

Brian O. Watson

## **DEPOSITION RIDER**

1. All written reports prepared and signed by the witness in this case

2. All *curriculum vitae*, current and any previous versions, of the witness

3. All publications authored by the witness in the previous 10 years

4. All transcripts where the witness testified at trial or by deposition

5. All studies by Materials Analytical Services, LLC related to the products to which Mr. Krik claims he was exposed, including products made or sold by:

    1. ABB Lummus
    2. A-Best Products Company
    3. AC&S Incorporated
    4. AP Green
    5. Armstrong World Industries
    6. Babcock & Wilcox
    7. Celotex Corporation
    8. Combustion Engineering
    9. DII Industries, LLC
    10. Dresser Industries
    11. Eagle Picher Industries
    12. Fibreboard Corporation
    13. Forty-Eight Insulations Incorporated
    14. Garlock
    15. GAF Corporation
    16. H.K. Porter
    17. Halliburton
    18. Harbison Walker

    19. Johns Manville

    20. Kaiser Aluminum & Chemical Corporation

    21. Kellogg, Brown & Root

    22. National Gypsum Company

    23. Owens Corning Fiberglas Corporation

    24. Philip Carey Manufacturing

    25. Plibrico Company

    26. Rapid American

    27. Raytech Industries

    28. Rockwool Manufacturing

    29. Ruberoid

    30. Synkoloid Company

    31. U.S. Mineral Products

    32. UNARCO

    33. United States Gypsum Company

    34. Worthington Turbines

    35. WR Grace & Company

6. All the bases, facts, and data, in whatever form maintained under Rule 26(a)(2)(B), that the witness has considered in forming an opinion that respirable asbestos fibers are visible on the videotapes of the MAS studies

7. All the bases, facts, and data, in whatever form maintained under Rule 26(a)(2)(B), that the witness has considered in forming any opinion about Owens-Illinois

8. All the bases, facts, and data, in whatever form maintained under Rule 26(a)(2)(B), that the witness has considered in forming any opinion about Owens-Illinois Kaylo

9. All the bases, facts, and data, in whatever form maintained under Rule 26(a)(2)(B), that the witness has considered in forming any opinion about the Tyndall effect

10. All the bases, facts, and data, in whatever form maintained under Rule 26(a)(2)(B), that the witness has considered in forming any opinion about the handling, manipulation, sawing, cutting, breaking, unpackaging, and removal of pipe and block insulation

11. All the exhibits that the witness intends to present to the jury

12. All the records that the witness has personally prepared in forming any opinion about Owens-Illinois

13. All the records that the witness has personally prepared in forming any opinion about Owens-Illinois Kaylo

14. All the records that the witness has personally prepared in testing any products about which he will testify

15. All the case names wherein the witness was held inadequate, barred, or otherwise held inadmissible

16. All the case names wherein any witness of Materials Analytical Services, LLC was held inadequate, excluded, or otherwise held inadmissible

17. All the documents evidencing the amount of money, or other compensation that the witness has made in the last 10 years from testifying

18. All the documents evidencing the amount of money or other compensation that the witness has made in the last 10 years from testifying in asbestos personal injury actions

19. All the documents evidencing the amount of money or other compensation that Materials Analytical Services, LLC has made in the last 10 years from testifying

20. All the documents evidencing the amount of money, or other compensation that Materials Analytical Services, LLC has made in the last 10 years from testifying in asbestos personal injury actions

21. The witness's entire file regarding this matter, including all correspondence from Materials Analytical Services, LLC to plaintiff's counsel, all correspondence from plaintiff's counsel to Materials Analytical Services, LLC, and all material supplied to Materials Analytical Services, LLC regarding this case