UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
Eastern Division

Charles Krik
                Plaintiff,
v.                                     Case No.: 1:10−cv−07435
                                                         Honorable Manish S. Shah
Crane Co., et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 17, 2014:

      MINUTE entry before the Honorable Manish S. Shah: Pretrial conference held. Motion for Leave to Appear Pro Hac Vice [311] is granted. For the reasons stated in open court the following motions were ruled upon as follows: Plaintiff's motion [310] to limit consideration of defendants' joint reply is granted in part, denied in part. Witness Templin and the studies offered in support of his testimony are excluded pursuant to Rules 702 and 403, and Judge Lee's prior ruling concerning the Longo/MAS videos. Plaintiff's Motion in Limine [211] is granted in part, denied in part. Crane's Motion in Limine [182] is denied in part, granted in part. [183] is denied. [185] is denied. [187] is granted. [188] is denied. [189] is denied. Owens−Illinois's motion [193] is denied, subject to admissible evidence being offered by plaintiff concerning pre−1958 knowledge by defendant. [194] is granted. [195] is denied, although the court may revisit this ruling if the plaintiff uses "non−toxic" evidence in a manner contrary to its limited relevance. Exxon's motion [197] is granted in part, denied in part. Witness Ferriter may not offer any testimony concerning the presence of asbestos in Mobil's refinery during the time period at issue in this case. [198] is granted. [199] is granted. [200] is granted in part, denied in part. Plaintiff Krik may testify about work he performed at Mobil subject to a limiting instruction to preclude the jury from inferring negligence from subsequent remedial measures. [201] is denied, subject to being revisited upon a ruling in the related Daubert motion concerning Frank Parker. [202] is denied, subject to a business record foundation being laid by Plaintiff. [203] and [208] are denied, subject to being revisited upon a ruling in the related Daubert motion concerning Arthur Frank. [204] is denied, subject to Plaintiff Krik having an adequate foundation to provide testimony about asbestos content not based on speculation or hearsay. [205] is granted. [206] is granted in part, denied in part. The "Bonsib" report is not admissible but may be referenced if part of the basis for an expert's conclusions. Any new evidence, obtained since the close of discovery, that a party intends to offer at trial must be disclosed to all parties by 01/16. This does not include expert demonstrative exhibits. Deposition designations, highlighting the objections that require ruling, shall be submitted to chambers along with the proposed pretrial order on 2/9/15. Final pretrial conference remains set for 3/9/15 at 2:00 p.m. Notices mailed by Judicial Staff.(psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.