UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES KRIK,

        Plaintiff,
    v.

CRANE CO. et al.,

        Defendants.

Case No. 10-cv-07435

Judge Manish S. Shah

ORDER

By 3/20/15, each party may file a brief, up to 5 pages long, supporting its proposed approach on the application of *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994) to this trial. The brief may (but is not required to) address the following issues:

- Whether the jury should assign a percentage of fault to bankrupt entities where plaintiff submitted a claim in bankruptcy. *See Lundquist v. United States*, 116 F.3d 1486, 1997 WL 355933, at *6 (9th Cir. June 27, 1997); *In re WorldCom Inc., ERISA Litig.*, 339 F.Supp.2d 561, 570 (S.D.N.Y. 2004).

- Whether and how to account for joint and several liability among remaining defendants. *See McDermott*, 511 U.S. at 210 n.10.

- Whether application of *McDermott* is feasible in this case. *See Lewin v. Am. Exp. Lines, Inc.*, 224 F.R.D. 389, 394–95 (N.D. Ohio 2004).

- Whether Illinois law requires that settling defendants be excluded from the verdict form. *See Ramirez v. FCL Builders, Inc.*, 2014 IL App (1st) 123663, ¶187 (1st Dist. 2014) ("[A]ppellate courts and parties have uniformly interpreted *Ready* as preventing settling defendants from appearing on a verdict form."); *Ready v. United/Goedecke Servs.*, 232 Ill.2d 369 (2008) (settling defendants must be excluded from the analysis under 735 ILL. COMP. STAT. § 5/2-1117).

- How to apply the Illinois Joint Tortfeasor Contribution Act (740 ILL. COMP. STAT. § 100/0.01 *et seq*.) to this case.

- Whether a percentage should be assigned on the verdict form to each non-defendant for which evidence of fault exists, or whether a single percentage should be assigned to the non-defendants collectively.

ENTER:

Date: 3/12/15

Manish S. Shah
U.S. District Judge