**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10-cv-7435 |
| | ) | |
| CRANE CO. *et al.*, | ) | Judge Manish S. Shah |
| | ) | |
| Defendants. | ) | |

**OWENS-ILLINOIS, INC.'S**
**BRIEF IN RESPONSE TO MARCH 12, 2015 ORDER**

Owens-Illinois, Inc. submits this brief in response to the Court's Order of March 12, 2015 (ECF No. 322), and also refers to its response to Plaintiff's Motion *in Limine* No. 2 (ECF No. 246).

**I.    Whether the jury should assign a percentage of fault to bankrupt entities where plaintiff submitted a claim in bankruptcy.**

The jury should assign a percentage of fault—if there is sufficient evidence offered at trial—to each bankrupt entity where plaintiff has submitted a personal injury trust claim. If the jury does not assign a percentage at trial, Owens-Illinois could be held liable for significantly more than its proportionate share. That failure cannot be reconciled with *McDermott, Inc. v. AmClyde*, requiring a nonsettling defendant pay "only its proportionate share of the judgment" and the jury's "allocation will take place at trial." 511 U.S. 202, 204, 210, 212 (1994); *see also Boca Grande Club, Inc. v. Fla. Power & Light Co.*, 511 U.S. 222 (1994); *Midwest Marine Contractor, Inc. v. Rufolo*, 511 U.S. 1050 (1994).

**A.    *McDermott* addressed settling tortfeasors that are insolvent.**

In *McDermott*, the Supreme Court explained that the proportionate share approach applies when settling tortfeasors are insolvent or immune. 511 U.S. at 210, 210-21. Under *McDermott*, a plaintiff who receives even a partial settlement—an act wholly within the control of plaintiff—bears the entire risk that the settlement will leave him undercompensated. *Id.* Nothing in *McDermott* suggests a nonsettling defendant—who is not a party to the settlement—should assume that risk.

Indeed, the Supreme Court made clear that where a plaintiff receives a partial settlement, as here, plaintiff's recovery "has been limited not by outside forces, but by *its own agreement to settle.*" *Id.* (emphasis added). Here, for example, plaintiff received at least $132,737.31 in settlements from bankrupt entities by choosing "expedited reviews" of his claims and not choosing "individualized reviews," which would garner higher settlement values.[1] As the Supreme Court ruled, "[t]here is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement." *Id.*

**B.    Courts apply *McDermott* when settling tortfeasors are insolvent.**

Federal courts have repeatedly applied *McDermott*'s proportionate share approach when settling tortfeasors are insolvent. *Lundquist v. United States*, 116 F.3d 1486, 1997 WL 355933, at *6 (9th Cir. June 27, 1997); *White v. Sabatino*, No. CIV.04-00500, 2007 WL 2874854, at *5 (D. Haw. Sept. 26, 2007); *Rieckborn v. Velti PLC*, No. 13-cv-03889, 2015 WL 468329, at *19 (N.D. Cal. Feb. 3, 2015).

In *Lundquist,* the Ninth Circuit was explicit that "*McDermott* did not create an exception for a plaintiff who settles with an insolvent joint tortfeasor. Quite to the contrary, the Court clarified that, when a plaintiff chooses to settle with one joint tortfeasor, the plaintiff's recovery is limited only by the plaintiff's own choice to settle." 1997 WL 355933, at *6.[2] Likewise, in *White*, the court applied *McDermott*'s proportionate share rule when the settling tortfeasor was bankrupt and limited plaintiff's recovery against the nonsettling defendant to its own proportionate share.  2007 WL 2874854, at *5.

**C.    *In re WorldCom* is inapplicable.**

Moreover, *McDermott* considered and rejected the "perverse consequences" expressed in *In re WorldCom Inc., ERISA Litig.*, 339 F. Supp. 2d 561, 570 (S.D.N.Y. 2004), an ERISA class action

---

[1] *See* RAND, *Asbestos Bankruptcy Trusts* at 15 (2010), *available at* http://goo.gl/jyDXgH; Pl.'s Charles Krik's Resp. Bankr. Trust Interrog. No. 3 & Ex. A, attached as Ex. A (pages omitted); *e.g.*, OC Claim Form at 1, attached as Ex. B (example among others); AWI Claim Form at 1, attached as Ex. C.

[2] *In re WorldCom Inc., ERISA Litig.*, 339 F. Supp. 2d 561, 570 (S.D.N.Y. 2004), dismissed *Lundquist* as an unpublished decision, but nothing in the applicable rules preclude this Court from considering the Ninth Circuit's analysis that persuasively analyzes controlling Supreme Court authority—which it does.  *In re WorldCom* also failed to cite to any precedent to support its unique view of *McDermott*.

involving a judgment reduction and bar order. *McDermott*, 511 U.S. at 216-17. In fact, a district court rejected *In re WorldCom* earlier this year and explained that the Supreme Court itself considered and rejected the reasoning from *In re WorldCom*. *Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2015 WL 468329, at *19 (N.D. Cal. Feb. 3, 2015).

Contrary to *In re WorldCom*, the problem with the *pro tanto* approach—which was specifically rejected in *McDermott*—is allowing a plaintiff to obtain a "low settlement with a less solvent tortfeasor, who might even be largely responsible for the harm, in exchange for that tortfeasor's assistance in prosecuting a claim against the less responsible, more solvent joint tortfeasors." *Dobson v. Camden*, 705 F.2d 759, 768 (5th Cir. 1983); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1230 (9th Cir. 1989) (under a *pro tanto* rule, plaintiffs can "effect low settlements with defendants who had limited resources, and thereby *force* wealthier defendants to pay more than if all parties proceeded to trial").

The risk that a nonsettling defendant could be liable for more than its share under the *pro tanto* rule was a key factor in *McDermott*—which led the Court to select the proportionate share approach. As *McDermott* explained, good faith hearings and similar procedures cannot bring the risk of partial settlements within tolerable limits. 511 U.S. at 217. Though the *pro tanto* rule encourages settlements, *McDermott* held that this benefit comes "at too high a price in unfairness" by promoting settlements that did not equitably apportion fault. *Id.* at 218. So, unlike *In re WorldCom*'s unique view, in the Supreme Court's judgment, the policy favoring settlements "cannot justify a legal rule that produces unjust results in litigation simply to encourage speedy out-of-court determinations." *Id.* at 216 n.28.

## II. Whether and how to account for joint and several liability among remaining defendants.

The Court should account for any joint and several liability among remaining defendants after the jury assigns a percentage of fault—if there is sufficient evidence offered at trial—to each remaining defendant, as well as plaintiff, each settled entity, and each entity that plaintiff voluntarily

dismissed.[3] As discussed above, *McDermott* requires that each nonsettling defendant pay "only" and "precisely" its proportionate share of the judgment. *McDermott*, 511 U.S. at 210-11; *see also Schadel v. Iowa Interstate R.R.*, 381 F.3d 671, 678 (7th Cir. 2004) ("Under the admiralty rule adopted by the Court in *McDermott*, each defendant is responsible for only its proportionate share of the liability (when such an allocation can reasonably be made)."); *In re RQM, LLC*, No. 10 CV 5520, 2011 WL 3159150, at *5 (N.D. Ill. July 26, 2011) (Maritime law "has evolved to employ a comparative fault regime, allocating damages that are proportionate to each tortfeasor's determined liability.").

Additionally, the Court may account for any contribution rights based on the jury's allocation of fault. *Id.* at *5; *In re ALEX C Corp.*, No. 00-12500, 2010 WL 4292328, at *15 (D. Mass. Nov. 1, 2010); *Geyer v. USX Corp.*, 896 F. Supp. 1440, 1444 (E.D. Mich. 1994). Crossclaims for contribution were deemed to be asserted and denied by defendants. Order for Pleadings in Cases Which Contain Asbestos-Related Personal Injury Claims in the Federal District Court for the Eastern District of Pennsylvania, *In Re: Asbestos Litigation*, Misc. Docket No. 86-0457 (E.D. Pa. Aug. 20, 1986), and Pretrial Order No. 1, *In Re: Asbestos Prods. Liab. Litig.*, No. MDL 857 (E.D. Pa. Sept. 18, 1991).

### III.  Whether application of *McDermott* is feasible in this case.

*McDermott*'s proportional fault approach is feasible in this case. Plaintiff has settled and dismissed the potentially responsible entities after substantial deposition testimony, discovery responses, and many other party-admissions. In his personal injury trust claims, for example, plaintiff specifically admits that he "handled raw asbestos fibers on a regular basis" and "altered, repaired or otherwise worked with an asbestos-containing product such that [he] was exposed on a

---

[3] Contrary to plaintiff's representation at the pretrial conference, plaintiff has neither disclosed every settlement nor answered discovery on "receiv[ing] any payments and/or other consideration from any source." Pl.'s Resp. Interrog. No. 15, attached as Ex. D. Therefore, Owens-Illinois cannot identify each settled entity and what other consideration plaintiff may have received from any voluntarily dismissed defendant. Before the conference on April 9, 2015, plaintiff should provide a full response and supplement the bankruptcy trust discovery. *Id.*; Pl.'s Resp. Bankr. Trust Disc. 1-4, attached as Ex. A.

regular basis to asbestos fibers."[4]  The jury can allocate fault against non-defendants on the same, or a similar, basis as the remaining defendants. Indeed, many juries have allocated fault under similar approaches in asbestos cases.[5]

*Lewin v. Am. Exp. Lines, Inc.*, 224 F.R.D. 389 (N.D. Ohio 2004), is not persuasive here. *Lewin* decided a motion to compel discovery and did not review a full trial record. Here, at the close of evidence, this Court will decide whether a reasonable jury would have a legally sufficient evidentiary basis to find against the remaining defendants. Fed. R. Civ. P. 50(a). If there is sufficient evidence, the Court may also decide whether a reasonable jury would have a legally sufficient evidentiary basis to allocate fault under *McDermott*. *Id.*  The jury can then allocate fault against whom the Court has found a sufficient basis. If the Court finds an insufficient basis, however, the Court can omit any entity from the verdict form and still prevent double-recoveries with a *pro tanto* approach.

**IV.    Whether Illinois law requires that settling defendants be excluded from the verdict form.**

Under reverse-*Erie* principles, the verdict form cannot exclude settling defendants and discard the proportionate share approach of federal maritime law under *McDermott*. *Slaven v. BP Am., Inc.*, 958 F. Supp. 1472, 1483-84 (C.D. Cal. 1997); *White v. Sabatino*, 526 F. Supp. 2d 1135, 1141-42 (D. Haw. 2007); *see also In re RQM, LLC*, 2011 WL 3159150, at *5.

**V.    Whether a percentage should be assigned on the verdict form to each non-defendant for which evidence of fault exists, or whether a single percentage should be assigned to the non-defendants collectively.**

As discussed above, the jury should assign a percentage to each non-defendant for which evidence of fault exists. *McDermott*, 511 U.S. at 210 ("The proportionate share approach would make River Don responsible for *precisely* its share of the damages. . . ." (emphasis added)).

---

[4] *E.g.*, OC Claim Form, attached as Ex. C (example among others); AWI Claim Form, attached as Ex. D (same); Charles Krik Aff., May 28, 2009, attached as Ex. E (same).

[5] *E.g.*, Verdict, *Winnemueller v. Bldg. Servs. Indus. Sales Co.*, attached as Ex. F; Verdict, *Eske v. Fleming Mats. Co.*, attached as Ex. G; Special Verdict, *Beauchamp v. Owens-Illinois, Inc.*, attached as Ex. H.

- 6 -

Dated: March 20, 2015      Respectfully submitted,

           By: /s/ Brian O. Watson
             Edward Casmere
             Brian O. Watson
             Schiff Hardin LLP
             233 S. Wacker Dr. Suite 6600
             Chicago, Illinois  60606
             (312) 258-5500
             (312) 258-5600 (facsimile)
             *Attorneys for Defendant*
             *Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 20, 2015, these papers were filed with the

Clerk of the Court for the United States District Court for the Northern District of Illinois using the

CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

12997-8392
CH2\16300893.3