**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHARLES KRIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-7435 |
| ) | |
| BP AMOCO CHEMICAL COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT EXXONMOBIL OIL CORPORATION'S BRIEF REGARDING PROPOSED APPROACH ON THE APPLICATION OF *MCDERMOTT***

Defendant ExxonMobil Oil Corporation (hereinafter, "Mobil") hereby submits the following as its Brief Regarding Proposed Approach on the Application of *McDermott*:

With respect to the focus of the issues set forth in this Court's Order of March 12, 2015, Mobil states that the submission of Owens Illinois ("OI") with respect to the most suitable format of an expedient and workable jury verdict form is a straight-forward and efficient method of incorporating the various characteristics of OI's proposed maritime allocation method with the general negligence principles involving contribution and contributory negligence claims applicable to Mobil.

The joint verdict form proposed by OI and Mobil is in stark contrast to Plaintiff's proposed verdict form, which is set forth as follows:

Plaintiff's Proposed Instruction Number 36:

\*\*\*\*

Second: Assuming that 100% represents the total combined legal responsibility of all persons or entities which proximately caused Charles Krik's injury, we find the percentage of legal responsibility attributable to each as follows:

    a)    Charles Krik     _____%
    b)    Owens-Illinois     _____%
    c)    Crane Co.     _____%

| | | |
|---|---|---|
| d) | Mobil | _____% |
| e) | Other | _____% |

TOTAL                                                                                           100%

Plaintiff's proposed instruction 36 ignores Mobil's entitlement to pursue contribution claims against other Defendants, including those who have not obtained a good-faith finding of settlement. In this respect, the holding of *Ready v. United/Goedecke Servs.*, 232 Ill.2d 369 (2008) does not operate to restrict the format of the proposed verdict form in this case. In *Ready*, the trial court explicitly found that the settlements at issue there were in good faith. *See Ready*, 232 Ill.2d at 372. The dissenting opinion clarified that the majority's holding was limited "to only those defendants who were sued by the plaintiff but did not enter into a good-faith settlement agreement prior to the entry of judgment," *Ready*, 232 Ill.2d at 390 (J. Garman, dissenting), and that "a defendant's share of liability will be determined only if that defendant has not reached a good-faith settlement with the plaintiff at the time judgment is entered." *See id.*, at 407.

The basis for the limitation of *Ready* is evident from the plain language of the Illinois Joint Tortfeasor Contribution Act (Act), 740 ILCS 100/1 et seq. The Act provides for a right of contribution in favor of a tortfeasor who has paid more than his *pro rata* share of a common liability. *See* § 740 ILCS 100/2(b). A tortfeasor who settles with a claimant can be discharged from all liability for any contribution to any other tortfeasor. *See* § 740 ILCS 100/2(e). The Act explicitly requires that in order to discharge contribution liability, the settling parties must establish that a settlement was in "good faith." *See Johnson v. United Airlines,* 203 Ill. 2d 121, 128, 784 N.E.2d 812, 271 Ill. Dec. 258 (2003). The settling parties carry the burden of making a preliminary showing of good faith. *See id.*, at 132. A court may thereafter need to consider other factual evidence before making a determination as to whether the settlement was in good

faith. *Id.* A court making this determination "must strike a balance between the two important public policies underlying the Act—the encouragement of settlements and the equitable apportionment of damages among tortfeasors." *Id*. at 133. The amount of a settlement must be viewed in relation to the probability of recovery, the defenses raised, and the settling party's potential legal liability. *See id*. at 136-37.

To date, no Party has presented a motion for the finding of a good faith settlement, and accordingly, the Court has had no opportunity to engage in the analysis that the Act requires. Since "it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor" pursuant to the Act, *Johnson*, 203 Ill. 2d at 128, all contribution claims are preserved, and Mobil is entitled to present evidentiary support for its contribution claims. Under the Act, "The pro rata share of each tortfeasor shall be determined in accordance with his relative culpability." § 740 ILCS 100/3. Identifying these Defendants in the verdict form where supported by the evidence is an essential element in proving up the contribution claims. Illinois law requires that contribution claims be brought within the underlying tort action. *See Laue v. Leifheit*, 105 Ill. 2d 191 (Ill. 1984).

Moreover, since Defendants are asserting contributory negligence claims, to the extent the evidence at trial supports claims against nonparties, those nonparties (including bankrupt parties) should be listed on the jury verdict form. *See Smith v. Central Ill. Pub. Serv. Co*., 176 Ill.App.3d 482, 496 (4th Dist. 1988); *Bofman v. Material Service Corp*., 125 Ill. App. 3d 1053, 1061 (Ill. App. Ct. 1st Dist. 1984). Comments to IPI 600.14 confirm the point that even despite the holding in *Ready*, 232 Ill.2d 369, 385 (2008), "if the issue of plaintiff's contributory fault will be decided by the jury, parties who settled before trial should be listed on the verdict form because the settlors' percentage of fault must be considered to determine the extent of plaintiff's

responsibility for his injuries," *citing Smith v. Central Ill. Pub. Serv. Co.,* 176 Ill.App.3d 482, 496 (4th Dist. 1988).

In the event of a verdict in favor of the Plaintiff, no specific recovery formulation need be determined at this point in the litigation, and can be further evaluated once all evidence has been presented. Moreover, although issues of appropriate allocation may emerge in the event of an attempt to recover a disproportionate share from any Defendant held liable, this determination is not required now. The issues of any applicable setoffs and allocation with respect to the two pending lawsuits, (i.e., the first suit filed in Indiana claiming pleural-related lung disease, to which Mobil is not a party and in which Mobil cannot be subject to any liability or damages, and the second suit field in Illinois, to which Mobil is a party) likewise can be determined after the verdict.

The Court has asked the parties to evaluate a method by which to conform the analysis pursuant to applicable maritime law in accord with *McDermott*, with a way to resolve contribution and contributory negligence issues in accord with the available evidence. The Mobil and OI proposed "verdict form E" does this. In the interests of judicial economy, and given the expected evidence in support of contribution and contributory negligence claims, it includes reference to specific Parties and nonparties and serves the dual purpose of reconciling these interests. Although Plaintiff's proposed verdict form does include a line for each Defendant and for "others," this generic classification "others" fails to adequately address the dual concerns represented above. Defendants instead specifically refer to entities that fall into the "others" category and against whom evidence will be presented. This allows for a more accurate depiction and definition of "others" in the mind of the jurors and discourages confusion.

4

Respectfully submitted,

/s/ H. Patrick Morris
H. Patrick Morris – IL Bar #6187083
David F. Fanning – IL Bar #6274895
Attorneys for ExxonMobil Oil Corporation
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
Telephone:  312/372-0770
Fax:  312/372-9818
morrisp@jbltd.com
fanningd@jbltd.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20, 2015, the foregoing was filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

By /s/ H. Patrick Morris
H. Patrick Morris – IL Bar #6187083
David F. Fanning – IL Bar #6274895
Attorneys for ExxonMobil Oil Corporation
Johnson & Bell, Ltd
33 West Monroe St., Suite 2700
Chicago IL   60603
morrisp@jbltd.com