IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, | |
| Plaintiff, | |
| v. | |
| BP AMOCO CHEMICAL CO., et. al., | Case No. 10-CV-7435 |
| Defendants. | District Judge Shah |

**Plaintiff's McDermott Brief**

Plaintiff addresses the *McDermott v. AmClyde*, 511 U.S. 1050 (1994), decision as ordered by the court.

1. The *McDermott* decision is not definitive legal precedent for *Krik* and many other cases. Plaintiff counsel believes the gist of the case is to limit "double recovery" by a plaintiff for the same injury in the context of joint and several liability under maritime law. Illinois law of environmental (including specifically asbestos) exposures also provides joint and several liability for damages. See 735 ILCS 5/2-1118.

2. Plaintiff is not seeking double recovery and other methods applicable to any award in *Krik* overlap and are superior in the prevention of double recovery. Plaintiff does not oppose a set off based on the dollar amounts recovered from other sources which is the traditional method of preventing double recovery in joint and several liability cases. The set off can be determined by the court after the jury verdict. *McDermott* should not be used as a sword against a plaintiff to limit the recovery to less than the full amount of

1

damages.

3. The verdict forms in IPI B45.03 apply to this case and should not be altered. The forms were carefully crafted and revised to take into account Illinois law of joint and several liability, apportionment of fault, and contributory negligence. The IPI comments set forth the important history and precedent of why the forms must be specifically followed. Plaintiff agrees with the discussion of the legal issues in the comments.

4. The IPI verdict forms and comments cover the questions of the court about inclusion of "settling defendants." Specifically, liability of all "non-party tortfeasors" must be included in the calculation of contributory fault. The inclusion of nonparty tortfeasors is usually not important to plaintiff in asbestos cases which are governed by 735 ILCS 5/2-1118 (joint and several liability) since their fault does not affect the total recovery. If the case is governed by 735 ILCS 5/2-1117, then the *Ready* decision requires exclusion of the non-settling defendant from the fault calculation.

5. Medical evidence will show the injury from asbestos – if any – is caused by the "cumulative" exposure and is not divisible. Likewise, smoking related injury is cumulative and indivisible. The consequence of the indivisible nature of the injury and the joint and several liability under Illinois law for the civilian exposures, means plaintiff can pursue full recovery against any defendant based on any finding of liability for the civilian exposures. Plaintiff's concern with the McDermott credit effectively ends with a finding of liability for civilian exposure.

6. Assuming the only liability found by the jury is for the maritime exposures, plaintiff believes the *McDermott* decision did not arise in the context of an indivisible injury case

and is not applicable. *McDermott* also does fit the mold of asbestos cases where many of the settlements are not based on strategic "arms-length" negotiations of counsel such as in *McDermott*. The trust fund settlements do not fit such pattern in that the amounts Krik received were non-negotiable "standard" values assigned by the trust funds which lack funds to pay the full value the claims have in the tort system. Further the system of settlement based on affidavits, which are usually not admissible in court, means the evidence may not be sufficient to create liability if decided by a civil jury. The traditional dollar for dollar offset from other recoveries should be applied rather than a convoluted allocation of fault as between maritime and other potentially responsible entities.

7. To the extent the court agrees it is appropriate as defendants request to apportion fault by percentage among themselves or any other entity, plaintiff believes that bifurcation – as suggested by the court – using the same jury is the only feasible alternative for taking into account the *McDermott* case as a matter of maritime law. Bifurcation will allow initial submission of the specific IPI verdict forms in accordance with the IPI comments. The *McDermott* verdict form can then be submitted to determine percentage of fault. The bifurcated procedure also protects the parties in the event of an appeal as the different outcomes will be determined subject only to which must be followed.

Conclusion

The Court should hear the evidence in the case in full before making any decision about *McDermott*. The Court should first submit IPI Verdict Forms B45.03 and follow the comments to those forms. The method for preventing double recovery in joint and several liability cases by

using dollar for dollar offsets should be applied rather than apportioning fault. If the Court determines to submit a fault based apportionment instruction and/or form, that should be done in a bifurcated procedure using the same jury after the decision on the IPI form.

Dated: March 20, 2015

/S/    Robert   G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com