UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 0 1 2015

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

CHARLES KRIK,

       Plaintiff,

    v.

OWENS-ILLINOIS and
EXXONMOBIL,

       Defendants.

Case No. 10-cv-07435

Judge Manish S. Shah

**JURY INSTRUCTIONS**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case the defendants are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Each party is entitled to have the case decided solely on the evidence that applies to that party.

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

> the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

> the witness's memory;

> any interest, bias, or prejudice the witness may have;

> the witness's intelligence;

> the manner of the witness while testifying;

> the witness's age;

> and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by any party to the case or witness under oath before trial as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with the witness's testimony here in court, you may consider the earlier statement or conduct only in deciding whether the testimony here in court was true and what weight to give to the testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits, such as diagrams and illustrations, have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for Plaintiff, you shall not speculate about or consider any possible sources of benefits Plaintiff may have received or might receive.

Plaintiff claims that the defendants were negligent. To succeed on his claims, plaintiff must prove each of the following propositions as to each defendant:

1.      The defendant was negligent;

2.      Plaintiff was injured; and

3.      The defendant's negligence was a proximate cause of Plaintiff's injuries.

Consider these propositions as to each defendant separately. If you find that plaintiff has not proven each of these things by a preponderance of the evidence as to a particular defendant, then your verdict shall be for that defendant.

If you find that Plaintiff has proved all of these things by a preponderance of the evidence as to a particular defendant, then you must decide whether Plaintiff was also negligent. To show Plaintiff's negligence, the defendants must prove each of the following propositions:

1.      Plaintiff was negligent; and

2.      Plaintiff's negligence was a proximate cause of his injury.

If you find that defendants have proved both of these things by a preponderance of the evidence then, assuming that 100% represents the total combined negligence of all persons whose negligence proximately caused Plaintiff's injury, you must decide the percentage attributable to Plaintiff's negligence.

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. It was the duty of the defendants to be free from negligence.

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence.

The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

In deciding how a reasonably careful person would act under the circumstances, you may consider the customs, practices, standards, and state of knowledge within the relevant industry and the relevant time.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

To be a proximate cause, the cause must be a substantial factor in bringing about Plaintiff's injury.

When I use the term "injury" in these instructions, I mean Plaintiff's lung cancer (adenocarcinoma).

If you decide that a defendant was negligent and that its negligence was a proximate cause of injury to Plaintiff, it is not a defense that something else or some third person who is not a party to the suit may also have been a cause of the injury.

However, if you decide that the sole proximate cause of injury to Plaintiff was something other than the conduct of a defendant, then your verdict should be for that defendant.

For Plaintiff's claims against Owens-Illinois, Plaintiff must prove by a preponderance of the evidence:

1.    Owens-Illinois was negligent as defined in the instructions on pages 23 through 26; and

2.    Asbestos from an asbestos-containing material that was manufactured, supplied, or sold by Owens-Illinois proximately caused Plaintiff's injury.

For Plaintiff's claim against Owens-Illinois, there is an additional consideration. If, given the instructions so far, your verdict on this claim would be for Plaintiff, you must consider Owens-Illinois's "government contractor" defense.

Under the "government contractor" defense, your verdict must be for Owens-Illinois if it proves each of the following things by a preponderance of the evidence:

1.    The United States, exercising its discretion, approved reasonably precise specifications for the product, and warnings required by the specifications, if any;

2.    The product conformed to those specifications; and

3.    Owens-Illinois warned the United States about any dangers in the use of the product that were not known to the United States but were known to Owens-Illinois.

If Owens-Illinois has proved each of these three things by a preponderance of the evidence then your verdict should be for Owens-Illinois.

For Plaintiff's claim against Mobil, Plaintiff must prove by a preponderance of the evidence:

1.    Mobil was negligent as defined in the instructions on pages 23 through 26;

2.    There was a condition on the Mobil refinery which presented an unreasonable risk of harm to people on the property;

3.    Mobil knew or in the exercise of ordinary care should have known of both the condition and the risk; and

4.    Mobil could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger.

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.