IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES KRIK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-7435 |
| v. | ) | |
| | ) | Judge Manish Shah |
| **Exxon Mobil., ET AL.**, | ) | |
| Defendants. | ) | |

<u>Plaintiff's Objections To Bills of Costs Submitted By Owens-Illinois and ExxonMobil</u>

Plaintiff objects as stated below to defendants' bills of costs.

<u>28 U.S.C. §1920 Objections</u>

Case law from this district places a burden of proof on a prevailing party to show reasonableness and necessity of costs requested under Section 1920[1]. In *Trading Techs. Int'l Inc. v. eSpeed Inc.*, 750 F. Supp. 2d 962,969 (N.D. Il 2010), the court summarized the law:

> The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." *McCabe v. City of Chicago*, 593 F. Supp. 665, 669 (N.D. Ill. 1984). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber*, 7 F.3d at 645. The prevailing party has the "burden of demonstrating the amount of its recoverable costs." *Telular Corp. v. Mentor Graphics Corp.*, 2006 U.S. Dist. LEXIS 44848, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006).
>
> We emphasize that the burden of proof is not a mere formality. Rather, the burden of proof gives teeth to the requirement that before a prevailing party may require its

---

[1] "Section 1920" refers to 28 U.S.C. §1920.

1

adversary to pay costs, the prevailing party must prove — with evidence and not merely with *ipse dixit* statements — that the costs were actually incurred, were reasonable in amount, and were necessary. Where there is a failure of proof, the party who has failed to carry its burden bears the consequences. Thus, where TT has failed to substantiate that all of the costs it claims within a certain category were necessary and reasonable, we reduce the costs to the level supported by TT's proof — even if that is zero. We see no reason that TT should potentially receive an award of costs greater than is warranted because of its failure to discharge its burden of proof. We take the burden of proof seriously; TT should do so as well.

I.  OI Bill of Costs

*Fees of Clerk*

Ex 3:  The item should be denied.  General admission fees for an attorney to a U.S. district court in which the trial did not occur are not authorized under Section 1920.  The fees are not specific to the *Krik* case, but relate to all cases in the court in which the attorney has or may appear.  No showing is made as to what work attorney Moir did in the *Krik* case that required an admission fee be paid to the Northern District of Illinois or that admission fees can be recovered.

*Fees for service of summons*

Ex 4:  The subpoena is for a discovery deposition in 2013 which was not used at trial.  Dr. Burhani appeared at trial pursuant to arrangements made by her counsel with plaintiff counsel.

*Fees for Transcripts*:

Depositions before trial:

Ex[2] 37, 7, 8 (Ferriter): This item should be denied. Ferriter did not appear as a trial witness and no showing is made of the necessity of his transcript for trial.

Ex 10, 11 (Norberg): This item should be denied. Mr. Norberg was not any witness list for trial in the *Krik* case. No showing is made of the necessity of his transcript for trial.

Ex 15 (Templin): This item should be denied. Templin was barred as a witness and his testimony was not relevant to trial.

Ex 14 (Dr. Burhani video): This item should be denied. The video of the "discovery" deposition was not necessary in that Dr. Burhani appeared at trial and was also within subpoena range for trial. See *Trading Techs. Int'l*, 750 F. Supp. 2d at 976 ("A prevailing party can recover costs for both a video-recording and a transcript of the same deposition, provided that the party can show both are necessary and reasonable in the context of the case.")

Trial transcripts (ex 28): The requested amount of $7,286.25 should be denied in entirety or reduced by 80% for several reasons. First, the bill submitted does not comply with LR54.1 of this Court which limits the allowable cost to the "regular copy rate" published by the Judicial Conference of the United States. Local Rule 54 of this Court which provides in part:

> Subject to the provisions of Fed.R.Civ.P. 54(d), the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case, for purposes of a new trial, or amended findings, or for appeal shall be taxable as costs against the adverse party. If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court.

---

[2] Exhibit (Ex) references are to the exhibits attached to the bills of costs filed by OI and Mobil.

Defendants, based on their bills of costs, apparently entered into a trial transcript cost sharing to be divided equally between OI and Mobil. Each defendant submits an invoice in the bill of costs for reimbursement of trial transcripts totaling 2011pages at the rate of $7.25 per page. Defendants did not obtain a prior order of this Court for costs to be imposed based on the higher "daily" copy rate of $7.25 per defendant listed on the attached invoices. Absent such court order, the amount of allowable must be reduced to ½ of the Judicial Conference Rate for normal delivery to each defendant or $ 3.60 per page for the original.

Second, defendants have not met the burden of proof about necessity for transcripts on a daily basis. Trial transcripts were seldom used at trial by defendants and essentially were for the convenience of counsel. Absent a showing of the need for daily copy, the entire request should be denied.

Third, defendants make no attempt to breakout the limited portions trial transcripts which were used at trial. Absent such showing of which transcripts were necessary for use of transcripts for trial or post-verdict proceedings, the court should deny the request for trial transcripts in the entirety. Alternatively, if the Court finds any transcript costs to be allowable, the Court should limit the award of costs for transcripts to 10% of the requested 2011 pages at the normal rate of $3.60 per page.

*Fees for Witnesses*

Ex 33 Dr. Wick: The charges include first class airfare on the flight from Chicago to Washington Dulles in the amount of $425.12 plus taxes of about $50. The amount should be denied as not involving the most economical means of travel.

4

*Fees for exemplification*

Ex 36 (copies): OI claims $ 7,385.75 supported only by a summary internal printout apparently form the records of OI's law firm and several outside vendor invoices. The amount should be denied or reduced at least 80%. The documentation submitted contains almost no descriptions of what was copied and makes assessment of the reasonableness and necessity impossible.[3] The outside vendor invoices mention "Crane Co. Electronic Copies of Exhibits and Exhibit Database" which was not necessary in that Crane Co was dismissed as a defendant before trial. Another vendor invoice references "copy & scan . . . boiler steam drum plan . . . for use as a trial exhibit" which was not necessary as the document was never used at trial. The total amount of exhibits submitted to the jury was about ½ box and only a few additional printed copies were used at trial. OI does not make the minimal showing of a description of what is copied and how it was used to assess reasonableness and necessity. See *Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, 2014 U.S. Dist. LEXIS 4701; 2014 WL 125937 at Section IV(B) (N.D. Il 2014) and cases cited in footnote 2. Whether the copy charges are only for the "convenience of counsel" or

---

[3] Copies made merely for counsel's convenience are not allowed. See *Se-Kure Controls Inc. v. Vanguard Prods. Group*, 873 F. Supp. 2d 939, 947-49 (N.D. IL 2012) (reducing copy costs 60% because insufficient detail was provided); *Telular Corp. v. Mentor Graphics Corp., No. 01 C 431,* 2006 U.S. Dist. LEXIS 44848, 2006 WL 1722375, at *5 (N.D. Ill. June 16, 2006) (denying photocopying *costs* because the party did not bother to calculate copies related to court filings from copies for the convenience of the attorneys so as to permit the court to determine recoverable from unrecoverable copying *costs*); *First City Secs., Inc. v. Shaltiel,* No. 92 C 2620, 1993 U.S. Dist. LEXIS 14312, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8, 1993) (denying recovery of in-house copying *costs* where prevailing party did not provide breakdown of copying *costs*, leaving the court "[w]ithout any reasonable means of ascertaining what in-house copying was necessary to the litigation and what was for the convenience of the attorneys"). Copies "are necessary to the extent they 'were used as court exhibits or were furnished to the Court or the opposing counsel.'" *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 576 (N.D. Ohio. 2011); *Hyland*, 2013 U.S. Dist. LEXIS 64722, 2013 WL 1904513, *2.

were reasonable and necessary for the case cannot be ascertained from the documentation submitted by OI. Absent such showing, costs must be denied for unspecified copying other than the ½ box that went to the jury and the other small quantity used at trial. Additionally the rate of .15 per page on the OI counsel in house printout is excessive compared to market prices. *Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, 2014 U.S. Dist. LEXIS 4701; 2014 WL 125937 at Section IV(B) (N.D. Il 2014) (recognizing the market rate for outside vendors does not exceed $.10 per page.)

*Other Costs*

Records collection Ex 35: The exhibit appears to be charges for time spent for attorneys or staff to collect and analyze medical or other records pursuant to the records collection protocol adopted in MDL-875. The protocol does not authorize reimbursement or award of costs and costs for attorney and staff time are not authorized under Section 1920. Additionally no detail is provided to show the purposes or necessity relating to trial of the case. This item should be denied.

Expert discovery Ex 29, 30, 16: This item should be denied. Rule 26((b)(4)(E) which OI cites as authority provides a party seeking discovery of an expert must pay certain costs during discovery. Section 1920 only allows for statutory witness fees and disbursements for trial attendance. Section 1920 does not authorize award of expert discovery costs. Also, under Rule 26(b)(4)(E) the request for costs is improper. Rule 26(b)(4)(E) requires the party "seeking

6

discovery" to pay the costs. As to the listed items, OI was the party seeking discovery and should pay the costs.

II. Mobil Costs

*Fees for transcripts*: As to both the depositions before trial (Exs. 2, 3, 4, 7 and 8) and trial transcripts (Ex 15), plaintiff adopts the statement above as to OI at pages 2-4 about items which must be denied or in the alternative limited.

*Fees for witnesses*:

Ex 17 LeRoy Balzer: The flight ticket for $1,454.20 for Dr. Balzer in the amount of states "Seat 5A" and "Window First" which reflects a first class ticket and not an economy fair. The amount should be denied as not the most economical means.

*Other costs:* As to ex 20 for "Records collection", the cost should be denied for the reasons stated above at top of page 6 as to the same cost item requested by OI.

Exemplification:

Ex 21 copies: These costs should be denied to Mobil, or in the alternative reduced at least 80% due to the failure to provide descriptions of what was copied and justify the necessity for trial. Plaintiff adopts the discussion above at page 4-5 as to OI's bill of costs for printed copies.

Ex 22 trial graphics: This cost for $7,968.76 should be denied. Mobil offers no justification other than the description of "trial graphics" in the affidavit of attorney Fanning. The invoices describe the services as "professional labor" for 31.25 hours billed at rates of $350 per hour for most of the time. Mobil fails to meet the burden of proof to award the cost by providing no basis on which the reasonableness or necessity of charges for unspecified "trial graphics" can be ascertained. Further, the case law does not support awards for such hourly rates or the services of graphic designers are reasonable and necessary absent a finding the work product provided a demonstrative aide which was "an essential aide to an understanding of an issue in the case." *Se-Kure Controls,* 873 F. Supp. 2d 939, 949-50 (N.D. IL 2012); *Trading Techs. Int'l*, 750 F. Supp. 2d at 980-81. The court in *Trading Tech., Int'l* denied entirely a request for over $1,000,000 in costs for graphic design under similar circumstances where the prevailing party failed to provide a description to assess if the cost for the work and exhibits was reasonable and necessary. 750 F. Supp. 2d at 980-82. The *Trading Tech., Int'l* court also recognized the distinction " 'between the __*cost*__ of conducting the research and analysis eventually reflected in the exhibit, and the __*cost*__ of actually preparing the exhibit itself.' The latter expense is compensable under Section 1920(4), while the former is not." 750 F. Supp. 2d at 981 (citations omitted.) Mobil's submission does not allow the Court to assess which, if any, of the charges fall into allowable cost categories and must be denied.

Additional Non-Statutory Grounds for Denial of Costs

Plaintiff moved for a new trial in document # 399 filed in this Court. If this Court grants a new trial, defendants' cost should be denied. The facts and arguments in the new trial motion are incorporated and adopted in full as part of the objection to costs sought by OI and Mobil.

This Court also has discretion under Rule 54(d)(1) of the FRCP to deny costs. The circumstances here warrant denial of costs even if a new trial is not warranted. The presumption favoring the granting of costs may be overcome when there has been some "fault, misconduct, default or action worthy of penalty" by the prevailing party. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1985) (quoting *Delta Air Lines v. Cobert*, 692 F.2d 489, 490 (7th Cir. 1982)); *and see Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996) ("Rule 54(d)(1) gives a district court discretion to deny costs when exceptional circumstances are present"; holding that district court did not abuse its discretion in denying costs); *Coyne-Delany Co. v. Capital Dev. Bd.*, 717 F.2d 385, 390 (7th Cir. 1983) ("the district court has unquestioned power in an appropriate case not to award costs to the prevailing party").[4]

As explained in plaintiff's motion for new trial, defendant hired a private investigator to investigate a juror during the trial and directed that investigator to contact a person the juror called her "good friend" during voir dire. As was to be expected, the juror learned from her close friend during trial that the defendant had set a private investigator upon her.[5] Defendant's

---

[4] In *Popeil Brothers v. Schick Electric, Inc.*, 516 F.2d 772, 774-777 (7th Cir. 1975), the Seventh Circuit explained that the language "unless the court directs otherwise" in Fed. R. Civ. P. 54(d) carries on the life of the long-standing rule formerly applied in equity courts that the allowance or imposition of costs is a matter for the trial judge's discretion.

[5] Joshua Okun, *Investigation of Jurors By Counsel: Its Impact on the Decisional Process*, 56 Geo. L.J. 839, 856, 865 (1968) at 857 (One may "properly assume that in a great many instances interviewees will feel inclined, if not obligated, to inform the prospective juror" of the investigation.); Note & Comment, *Researching Jurors on the Internet: TheIlls of Putting Jurors on Trial and the Need to Shift the Focus Back to the Defendant*, 34 U. La Verne L. Rev. 251, 262 (2013) ("Questioning a neighbor is highly

9

counsel knew this would directly impact the juror whom Mobil and OI's counsel were looking in the eye throughout the trial. Extreme misconduct of this nature, which is virtually unheard of in this era, represents a "deliberate interference" with the jury function and "disturb[s] the full and untrammeled exercise of deliberate and unbiased judgment" that every litigant has a right to expect when his case is tried.[6] The Supreme Court called conduct like this "odious" in *Sinclair v. United States*, 279 U.S. 749, 765 (1929). Even more reprehensible was the fact that Mobil and OI's counsel appeared in court each day at trial and refrained from telling the trial judge about this unauthorized contact with a juror.[7] Serious misconduct by a litigant has been held to be a justification for denial of costs. *See Jones v. Schellenberger*, 225 F.2d 784, 794 (7th Cir. 1955) ("reprehensible" conduct by the prevailing party, including the effort to orchestrate the substitution of the opposing party with a substitute party "under his control," triggered the "fullest extent" of discretion against him and justified the denial of costs).

Every aspect of a litigation aims toward one end – a fair trial before an impartial jury unaffected by outside influences. Mobil and OI's conduct foiled that objective. It is the most serious form of misconduct, and it is justification for a denial of costs.

---

intrusive, and the neighbor can potentially alert the juror to the questioning. A situation like this could leave a juror feeling intimidated or resentful.") (footnotes omitted).

[6] *See Rubenstein v. U. S.*, 227 F.2d 638, 642 (10th Cir. 1955) ("It is an axiomatic principle firmly imbedded in the field of fundamental law that it is vital to the judicial system that a jury shall determine the case free from external causes which tend to disturb the full and untrammeled exercise of deliberate and unbiased judgment, and that no ground of suspicion that the administration of justice has been thwarted by deliberate interference with that function of the jury can be tolerated. Within the range of that general rule lies the interdiction upon a party litigant subjecting members of the jury to critical surveillance for the purpose of ascertaining their acts and conduct while serving on the jury.").

[7] As the court stated in *Rakes v. United States*, 169 F.2d 739, 745 (4th Cir. 1948): "The inviolability of the jury room from outside influence of any sort, actual or potential, is a prime necessity in the administration of justice. That unqualified rule requires that *if a person, whether on the jury or not, knows of such outside influence, or an attempt at it, he must at once report this information to the court*. [emphasis added]").

## Conclusion

This Court should exercise discretion to deny all costs under Rule 54(d)(1) or by granting a new trial based on the unauthorized and undisclosed juror investigation. Alternatively, certain requested items costs are not allowable or should be greatly reduced under 28 U.S.C. §1920.


Dated: June 12, 2015

/S/   Robert  G. McCoy
Attorney for Plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
bmccoy@cvlo.com