UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KRIK, <br><br> Plaintiff, <br><br> v. <br><br> OWENS-ILLINOIS, INC., and EXXONMOBIL OIL CORP., <br><br> Defendants. | No. 10 CV 7435 <br><br> Judge Manish S. Shah |

## ORDER

Plaintiff's objections to defendants' bills of costs are sustained in part, overruled in part. Plaintiff is taxed $23,191.38 in costs to Owens-Illinois, Inc., and $16,303.08 in costs to ExxonMobil Oil Corp.

## STATEMENT

A jury found in favor of Defendants Owens-Illinois and ExxonMobil, and the court entered judgment on the verdict. As the prevailing parties, defendants are presumptively entitled to recover their costs, defined by 28 U.S.C. § 1920, from the plaintiff. Fed. R. Civ. P. 54(d)(1).

Rule 54(d) creates a strong presumption in favor of awarding costs, and generally, the Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). Plaintiff argues that costs should be refused because during the trial, ExxonMobil interviewed a friend of one of the jurors to determine if the juror previously met the plaintiff. This defense investigation was not misconduct warranting the denial of costs. The investigation did not have any effect on the taxable costs, s*ee Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (misconduct worthy of a penalty generally involves unnecessarily prolonging the proceedings), and as described in the ruling denying Krik's motion for a new trial, the investigation did not prejudice Krik. Plaintiff's objection to any costs being awarded is overruled.

The objection to the taxation of Owens-Illinois's pro hac vice admission fees is sustained. While it's true that the Seventh Circuit did not overturn an award of such costs in *United States v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006), the court did not hold that such costs must be taxed. More recently, the Ninth Circuit addressed the issue and determined that § 1920 does not encompass pro hac vice costs. *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, — U.S. —, 132 S.Ct. 1997, 2006 (2012), and construing § 1920 narrowly). Other district courts in this district have also declined to award pro hac vice fees as taxable costs. *See SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *1 (N.D. Ill. Jan. 10, 2014). The fees for attorneys Casmere and Watson were attributable to the entire MDL, and not limited to this case only. The cost should not be shifted entirely onto plaintiff here. The fee for attorney Moir was based on Owens-Illinois's decision to staff its case with an additional attorney, and not a cost that necessarily followed as a result of plaintiff's suit. For these reasons, I decline to tax the pro hac vice fees.

The objections to the costs of the Burhani, Ferriter, Norberg, and Templin depositions are overruled. The depositions, the costs associated with obtaining the transcripts, and the subpoena to Dr. Burhani were reasonably necessary for use in the case at the time the depositions were taken, even though the depositions were not used at trial. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). I decline to tax the costs of the Burhani videotape ($448.00) because the video was not reasonably necessary in this case. A video provides a superior method of publishing a deposition to a jury and its production can be a recoverable cost, but here, there was no doubt that at least some depositions would be presented by reading them to the jury. It was therefore not necessary to video record Dr. Burhani's deposition.

The objection to the taxation of the trial transcript costs at the daily rate is overruled in part. Daily trial transcripts can be a taxable cost when such transcription is reasonable and necessary under the circumstances. In this case, the sufficiency of plaintiff's case turned on plaintiff's ability to comply with the pretrial rulings, and defendant needed near-immediate transcripts to assess (1) plaintiff's compliance with the pretrial rulings and (2) the viability of defendants' motions for directed verdict at the close of plaintiff's case. I conclude that daily transcripts were necessary from the opening of the trial through plaintiff's case-in-chief. After plaintiff rested, the trial became an ordinary one. Daily transcription at that point was for the convenience of counsel and I decline to award costs at that rate. The entire trial transcript was a necessary expense for the preparation of post-trial motions and potential appeals.

The defendants shared the costs of the transcripts by ordering one original and one copy, and then splitting that total cost between the two parties. The cost of the daily rate and one copy was $7.25 ($6.05 + $1.20) per page. The ordinary rate would be $4.55 ($3.65 + $0.90) per page. The total trial transcript was 2010 pages, with the defense case beginning on page 1299. I tax costs for the trial transcript in the amount of $6325.05 per defendant (((1298 x $7.25) + (712 x $4.55)) ÷ 2).

The objections to the airfare charges for Drs. Wick and Balzer are overruled. Actual witness travel expenses may be taxed as long as they are reasonable, and here, the travel for these particular witnesses could not be scheduled at a time when a more economical fare would have been available. The timing associated with and total cost of these items is reasonable.

Plaintiff's objections to the exemplification costs are sustained in part. Defendants need not submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991). Here, counsel for Owens-Illinois attests that the breakdown provided is the best available, and counsel also swears that the charges were not for copies made solely for attorney convenience. [372] ¶ 38. Nevertheless, as in *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at *11 (N.D. Ill. May 27, 2015), the general descriptions provided by Owens-Illinois are not sufficient to give me the assurance that the copies are properly taxed. Many thousands of pages were reasonably and necessarily copied for use in the case, and I conclude that 50% of Owens-Illinois's requested $7,385.75 would be a reasonable measure of recoverable costs. *See id.* (taxing one-third of requested exemplification costs as estimate for complex case). Plaintiff is taxed $3,692.88 for Owens-Illinois's exemplification costs. Mobil's exemplification bills in the amount of $2,232.05 are associated with trial costs and reasonable in light of the volume of records that needed to be copied. Those costs are taxed to plaintiff.

I decline to tax the costs of Mobil's trial graphics ($7,968.75). Trial graphics can be taxable, if reasonable and necessary. But here, the demonstrative exhibits were not essential to the trial, and the costs associated with the exhibits are not reasonable. Plaintiff's work history was not so complicated to require extensive graphic design consultation and multiple telephone conferences to generate a simple timeline. Mobil argues that an on-site inspection of the Mobil facility was the only alternative to the exhibits. I disagree. Basic photographs would have conveyed the necessary information and the charges for trial graphics are not reasonable in light of the simplicity of the essential facts.

The objections to defendants' costs incurred as a result of the medical records protocol established by the MDL court are sustained in part. These records were necessary for this case, as plaintiff's health and the cause of his lung cancer were central issues at trial. Some costs are properly taxed as fees for exemplification and costs of making copies. But the charges include entries that go well beyond mere record collection and exemplification. Many of the entries describe time spent reviewing and analyzing the records; there are also charges for drafting correspondence. The MDL court ordered the defense to pay these costs, but many of the charges are not taxable under § 1920. Based on the descriptions in the exhibits submitted by defendants, I tax only the costs of uploading the records and processing them onto CDs as necessary exemplification and copying costs. The costs of obtaining records from the providers are also taxed (where those charges are set forth in readily identifiable and separate line items). For Owens-Illinois, those costs are $432.87, and for Mobil, those costs are $1102.16.

Finally, plaintiff objects to the costs associated with Owens-Illinois's depositions of plaintiff's experts, incurred pursuant to Fed. R. Civ. P. 26(b)(4)(E). The Seventh Circuit allowed reasonable expert fees, in excess of the ceiling set by 28 U.S.C. § 1821, to be charged in *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012). Rule 26(b)(4)(E) shifts the costs of expert fees onto the party seeking the discovery. In *Halasa*, the court did not address whether those costs shift back to the losing party at the end of the litigation under Rule 54(d) and § 1920(3). The expert at issue in *Halasa* was defendant's expert who was deposed by plaintiff, so Rule 26(b)(4)(E) was the sole authority that shifted those fees onto plaintiff. *See Halasa v. ITT Educ. Servs., Inc.*, Case No. 10-cv-00437, Docket Entry 107 at 9 (S.D. Ind.). The Seventh Circuit noted a distinction between cost-shifting under Rule 54 and cost-shifting under Rule 26. *Halasa*, 690 F.3d at 851–852. The costs defendant seeks to recover under Rule 54 should be capped by § 1821, *see id.*, and therefore, I decline to shift the costs recovered under Rule 26 back onto plaintiff under Rule 54.[*] Owens-Illinois's request for $1,619.41 in expert fees is denied.

---

[*] The expert at issue in *Stanley v. Cottrell*, 784 F.3d 454, 464 (8th Cir. 2015), Dr. Micklow, was plaintiff's expert. *See Stanley v. Cottrell*, No. 4:10-cv-1505, Docket Entry 222 at 5 (E.D. Mo.). The Eighth Circuit allowed the fees to be shifted back onto the plaintiff after defendant prevailed. *Stanley*, 784 F.3d at 464. But because *Stanley* did not discuss the distinction between cost-shifting under Rule 54 and Rule 26, and the Seventh Circuit in *Halas* directed courts to "pay heed to the differences between Rule 54 and Rule 26," I decline to follow *Stanley*. *See also Taniguchi*, 132 S.Ct. at 2006 (describing Rule 54(d) taxable costs as "limited").

For these reasons, plaintiff is taxed costs in the amount of $23,191.38 to Owens-Illinois and $16,303.08 to ExxonMobil.

ENTER:

Date: 8/25/15

Manish S. Shah
U.S. District Judge