**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

| | | |
|---|---|---|
| CHARLES KRIK, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-7435 |
| v. | ) | Judge Manish S. Shah |
| OWENS-ILLINOIS, INC. *et al*., | ) | |
| Defendants. | ) | |

_____

## NOTICE OF APPEAL
_____

Plaintiff gives notice of appeal to the United States Court of Appeals for the Seventh

Circuit from the following rulings:

- The rulings of U.S. District Judge Shah made during pretrial conferences on

  March 9, 2015 and April 9, 2015 about medical evidence including without

  limitation, those relating to admission of testimony of Dr. Frank and Dr. Brody.

- The rulings of U.S. District Judge Shah made during trial from April 20, 2015

  through May 1, 2015 about medical evidence including without limitation, those

  relating to admission of testimony of Dr. Frank and Dr. Brody.

- The jury finding and verdict entered in favor of Defendants Owens-Illinois and

  ExxonMobil and against Plaintiff.

- The entry of final judgment against Plaintiff Charles Krik.  (ECF Doc. 366.)

- The written order denying Plaintiff's motion for a new trial.  (ECF Doc. 410.)

- The written order taxing Plaintiff costs to Owens-Illinois, Inc. and ExxonMobil

  Oil Corp.  (ECF Doc. 411.)

Dated: September 23, 2015

1

*/s/ Robert G. McCoy*
Attorney for plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Telephone: (312) 944-0600
E-mail: bmccoy@cvlo.com

**Certificate of Service**

I hereby certify that on September 23, 2015, I caused the forgoing to be electronically filed with the United States District Court for the Northern District of Illinois using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: September 23, 2015

 _/s/ Robert G. McCoy_____
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Charles Krik

                    Plaintiff,

v.                                                          Case No.: 1:10–cv–07435
                                           Honorable Manish S. Shah

Crane Co., et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, March 9, 2015:

      MINUTE entry before the Honorable Manish S. Shah: Pretrial conference held and continued to April 9, 2015 at 1:30 p.m. Plaintiff shall file an additional brief concerning the testimony of Dr. Frank by March 23, 2015; defendants' response is due by March 30, 2015. Notices mailed by Judicial Staff. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Charles Krik

                Plaintiff,

v.                                      Case No.: 1:10–cv–07435

                                      Honorable Manish S. Shah

Crane Co., et al.

                Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 9, 2015:

      MINUTE entry before the Honorable Manish S. Shah: Final pretrial conference held. Plaintiff is ordered to disclose to defendants a list of entities or individuals against whom plaintiff released claims in exchange for some good–faith consideration, and shall list the consideration for each entity or individual. Plaintiff's disclosure is due to defendants by 5 pm on 04/10/15. Defendant Owens–Illinois has leave to file a motion concerning the video deposition of Dr. Burhani, and need not notice the motion for presentment. Any response from Plaintiff to Defendant Owens–Illinois's motion concerning the video deposition shall be filed by 04/17/15, and the court will rule on the admissibility of the video deposition if necessary during trial. Plaintiff shall re–send updated medical records to Defendants by 04/10/15, and Defendants shall respond to Plaintiff by 04/17/15. Jury trial remains set for 04/20/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Charles Krik

                                    Plaintiff,

v.                                                      Case No.: 1:10–cv–07435
                                                        Honorable Manish S. Shah

ExxonMobil Oil Corporation, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 1, 2015:

      MINUTE entry before the Honorable Manish S. Shah: Jury deliberates. Jury returns verdict in favor of defendants. Enter jury instructions. Enter verdict. Enter jury note. Enter judgment in favor of defendants. Mailed notice. (mgh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Charles Krik,

Plaintiff(s),

v.

ExxonMobil Oil Corporation and Owens-Illinois Inc. ,

Defendant(s).

Case No.  1:10-cv-07435
Judge Manish Shah

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $            ,

which ☐ includes            pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒ in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☐ other:

---

This action was *(check one)*:

☒ tried by a jury with Judge Manish Shah presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☐ decided by Judge      on a motion

Date:  5/1/2015

Thomas G. Bruton, Clerk of Court

Maria G. Hernandez, Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES KRIK,

        Plaintiff,

    v.

OWENS-ILLINOIS, INC., and
EXXONMOBIL OIL CORP.,

        Defendants.

Case No. 10-cv-07435

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Charles Krik sued Owens-Illinois and ExxonMobil, claiming that they negligently exposed him to asbestos, which (at least in part) caused his lung cancer. The jury returned a verdict for the defendants, finding that Krik's tobacco smoking was the sole proximate cause of his lung cancer. Krik moves for a new trial on two grounds. He argues that the court's exclusion of his proffered expert testimony was erroneous and prejudicial. He also argues that Mobil's investigation of a potential pretrial contact between Krik and a sitting juror warrants a new trial.

## I.    Legal Standards

"A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014) (citing *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012)). To show unfairness—whether due to improper jury contact or erroneous exclusion of evidence—Krik must show that he was prejudiced. *United States v. Olano*, 507 U.S. 725, 739 (1993) (jury contact); *Florek v. Vill. of*

*Mundelein*, 649 F.3d 594, 602 (7th Cir. 2011) (exclusion of evidence); Fed. R. Civ. P. 61.

## II.    Analysis

### A.        Exclusion of Krik's Proffered Expert Testimony

Krik offered Dr. Arthur Frank to provide expert testimony that Krik's lung cancer was caused by his exposure to asbestos attributable to defendants. In response to a *Daubert* challenge by the defense, Judge Lee barred opinion testimony that each and every exposure to asbestos caused plaintiff's cancer. *Krik v. Crane Co.*, 76 F.Supp.3d 747, 752–55 (N.D. Ill. 2014). At trial, Krik called Frank in an attempt to elicit causation testimony that did not run afoul of the ruling on the motion in limine. But, as became clear during a voir dire of the witness, his causation testimony was not tied to the specific quantum of exposure attributable to the defendants, but was instead based on his medical and scientific opinion that every exposure is a substantial contributing factor to the cumulative exposure that causes cancer. *See* [376], Trial Tr. at 262:13–16 (". . . if there is exposure to a cancer-causing agent, that becomes part of the totality of the exposure. Some may contribute more, some may contribute less, but they are all part of the exposure."); *id.* at 262:8–9 ("If the exposure took place, it was part of the cumulative exposure that someone had.").[1] This "cumulative exposure" testimony was no different than the testimony proffered at the *Daubert* stage. *See Krik*, 76 F.Supp.3d at 752–53

---

[1] Citations to the record are designated by the document number on the district court docket, placed in brackets.

(quoting plaintiff's counsel as describing the testimony as one based on cumulative exposure).

Plaintiff's motion for a new trial reiterates and preserves the arguments he previously advanced for admission of Frank's causation testimony, but provides no basis to revisit the rulings. At trial, I concluded that both Federal Rules of Evidence 702 and 403 rendered Frank's causation testimony inadmissible. To find a defendant liable, plaintiff must prove causation attributable to that defendant. It would be misleading and confusing for an expert to opine—particularly using the legal terminology of "substantial contributing factor"—that Krik's cancer was caused by defendants when the foundation for the opinion was that every exposure (without regard to dosage) contributes to cause cancer.[2] For the reasons described in Judge Lee's opinion and on the record during the trial, the limits on Frank's testimony were not erroneous and do not warrant a new trial.[3]

---

[2] *See* [376], Trial Tr. at 274:8–13 (Frank states that one minute of asbestos exposure would be a substantial contributing factor to disease). Contrary to plaintiff's argument, the limits on Frank's testimony did not unfairly undermine his authority as an expert. The witness was allowed to testify that Krik had a type of cancer that is caused by cigarette smoking and asbestos, *id.*, Trial Tr. at 229:24–25, and that certain studies attributed lung cancer to asbestos exposure. *Id.*, Trial Tr. at 248–50.

[3] Plaintiff also mentions the exclusion of the "Helsinki Criteria" as a basis for a new trial. As a set of consensus principles announced by an international public policy conference, these criteria were not substantive evidence of causation; rather, they were materials that could be relied upon by an expert. In this case, the Helsinki Criteria provided a backdrop to the history of the study of asbestos and disease, and fodder for cross-examination of defendants' experts. But they were not admissible as independent exhibits of substantive evidence or as a foundation for inadmissible causation testimony. Moreover, based on the ruling excluding unreliable and non-case-specific causation testimony, *Krik*, 76 F.Supp.3d at 753–54, it would have been confusing and unfairly prejudicial to allow the Helsinki Criteria to stand as evidence from which a jury could infer defendants' liability as to causation. Finally, because the criteria were discussed during testimony several times

3

### B.    Mobil's Investigation of Juror McGregor

Jury selection began on April 20, 2015. The prospective jurors were introduced to plaintiff Charles Krik and to counsel for all parties, and were asked whether they recognized anyone involved in the case. [398] at 11:3–12:3. Juror McGregor did not indicate that she knew Krik or anyone else involved. *See id*. at 12:2–15. Additionally, each prospective juror was given a list of names of people involved in the trial, including parties and potential witnesses. *Id*. at 12:16–20. Krik's name was on the list. The prospective jurors were asked, collectively, whether they recognized any name on the list; no one answered yes. *Id*. at 12:21–25. Finally, McGregor individually reported that she did not know anyone on the list. *Id*. at 24:24–25.

But, the next day, McGregor delivered a note to the court, stating: "While I do not know Mr. Krik personally we might have been at a birthday party for a former pipefitter and a good friend of mine last year. His name is Bob Scamen. I just wanted you to be aware of this. I did not think about this until the ride home last night." [349] at 3. The note was read to counsel for all parties. [375] at 108:17–23. Plaintiff's counsel responded, "From plaintiff's end, I don't see that poses any problem." *Id*. at 24–25. Outside the presence of the jury, the court asked Krik whether he knew Bob Scamen; Krik said that he did not, and that "[i]f [Scamen] had a birthday party, I don't think I was at it." *Id*. at 109:21–110:2. McGregor was brought into the courtroom, without the other jurors. She explained that she wasn't

during the trial, the limitation on the use of one article during the direct examination of Frank did not render the entire trial unfair to the plaintiff.

4

sure whether she encountered Krik at Scamen's birthday party. *Id*. at 114:14–17. She said that Scamen was her only pipefitter friend and that her association with him would not improperly influence her. *Id*. at 114:18–115:4. Defendants moved to remove McGregor from the jury, but their motion was denied. *Id*. at 115:13–116:23. Defendants then moved for a mistrial, and that motion was also denied. *Id*. at 116:24–117:8.

After the jury returned a verdict and was excused, I met with the jurors to thank them for their service. *See* [392], Trial Tr. at 2009. During that conversation, McGregor mentioned that she had learned that an investigator—who she believed acted on behalf of the defendants—had contacted Scamen to ask about his birthday party. [393] at 2:18–24. At a subsequent status hearing, counsel for Mobil confirmed that the investigation was done at Mobil's direction, and that the investigator spoke with Scamen, who said that McGregor had attended his birthday party. *Id*. at 3:15–24. Scamen could not say whether Krik was at the party, but did say that the name "Krik" sounded familiar. *Id*. at 3:22–4:1. Owens-Illinois had known about the investigation. *Id*. at 6:1–10. Plaintiff's counsel was not aware of the Scamen contact and interview. *Id*. at 2:14–17; 2:25–3:3; 6:12–13.

Plaintiff now argues that the investigation of the birthday party was prejudicial and requires a new trial. To obtain a new trial based on improper contact with the jury, the complaining party must show that it was prejudiced. *See Olano*, 507 U.S. at 739 (The "ultimate inquiry" is "Did the intrusion affect the jury's deliberations and thereby its verdict?"). Accordingly, the Supreme Court "has long

5

held that the remedy for allegations of juror partiality is a hearing in which the [complainant] has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982).

Because Federal Rule of Evidence 606(b) prohibits most potential testimony about what influenced a juror, the "hearing" to determine prejudice is limited. A court can ask jurors whether the alleged communication was made and what it contained—and nothing more. *Hall v. Zenk*, 692 F.3d 793, 806 (7th Cir. 2012) (quoting *Haugh v. Jones & Laughlin Steel Corp.*, 949 F.2d 914, 917 (7th Cir. 1991)). Then, "without asking [the jurors] what role the communication played in their thoughts or discussion," the court should determine "whether there is a reasonable possibility that the communication altered their verdict." *Id.* A "presumption" of prejudice may or may not apply, depending on whether the circumstances appear inherently likely to improperly influence a jury. *Hall*, 692 F.3d at 800–01.

No hearing is required here because there is no dispute as to the existence or content of the communication—and because Krik has not asked for one.[4] *See United States v. Sanders*, 962 F.2d 660, 672–73 (7th Cir. 1992) (no hearing required where questioning jurors would not have revealed additional information); *United States v.*

---

[4] Krik noted that the court has discretion to order a hearing ([409] at 14 n.28), but affirmatively argued that no hearing is required ([399] at 5). Krik thus knowingly waived any right he had to a hearing. To the extent Krik's waiver of a hearing is a request for an irrebuttable presumption of prejudice, the request is denied as contrary to law. *See Phillips*, 455 U.S. at 217 ("[D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation."); *Remmer v. United States*, 350 U.S. 377, 378 (1956) (noting that the Court originally sent the case back to the district court to develop a factual record concerning prejudice). Krik has argued for a finding of prejudice on the existing record, without a hearing.

*Gilsenan*, 949 F.2d 90, 97 (3d Cir. 1991) (no hearing required where the movant's version of the facts does not warrant a new trial). The question is whether there is a "reasonable possibility" that the jury's verdict was altered by the investigation, McGregor's knowledge of it, her perception that it was done by the defendants, and the possibility that she told other jurors about it. *See Hall*, 692 F.3d at 806; *Sanders*, 962 F.2d at 673. This question can be answered without a hearing.

There was no prejudice to Krik in Mobil's interview of Scamen. In this context, prejudice is demonstrated through conduct that leads to a compelling inference of external pressure to return a verdict unfavorable to the movant. No such inference is reasonable here because defendants did not directly contact the juror and the subject of their interview with Scamen was entirely independent of the merits of the case. Attempted or perceived bribes, or exposure to extraneous information directly concerning a party's liability would be prejudicial. *Remmer v. United States*, 350 U.S. 377, 380–82 (1956); *Parker v. Gladden*, 385 U.S. 363, 365–66 (1966). Threats and other indirect communications suggesting a party's guilt also prejudice the jury against that party. *Owen v. Duckworth*, 727 F.2d 643, 637–48 (7th Cir. 1984); *Hall*, 692 F.3d at 807. External contact that forces a verdict is also prejudicial. *Haugh*, 949 F.2d at 916–19. Contact that has no obvious implication on the outcome of the trial is not prejudicial. *E.g., Olano*, 507 U.S. at 737–741; *Phillips*, 455 U.S. at 220; *Whitehead v. Cowan*, 263 F.3d 708, 723 (7th Cir. 2001). For example, there was no prejudice in *United States v. Warner*, 498 F.3d 666, 681 (7th

Cir. 2007), where the extraneous information was "unrelated to the facts of the case or the defendants' guilt."[5]

In this case, an investigator questioned a juror's friend to determine whether the juror and the plaintiff attended the same birthday party. The juror did learn about the interview, but nothing about it had any bearing on the ultimate issues at trial. There was no intimidation of (or direct contact with) McGregor in the interview of Scamen. The juror previously brought the birthday party to the court's attention herself, and she was questioned about it in open court, so she understood it was noteworthy; the fact that there was some follow up conducted by the defendants was not likely to influence her view of either party on the merits of the case.[6] In sum, the nature of this investigation was relatively benign, and there is no

---

[5] *Middleby Corp. v. Hussman Corp.*, No. 90 C 2744, 1992 WL 398442 (N.D. Ill. Dec. 23, 1992), cited by Krik, involved a communication directly with the jury about a pivotal piece of evidence. That is quite unlike this case, where the contact was not with the juror and had no connection to the merits of plaintiff's case. *United States v. White*, 78 F.Supp.2d 1025, 1027–1028 (D.S.D. 1999), also cited by Krik, involved a criminal defendant's investigator contacting jurors' neighbors and, in one instance, a prospective juror. Although it was not shown that any particular juror had been intimidated, the court remained concerned, because: "it is not farfetched to expect jurors to feel intimidated by or prejudiced toward a defendant [in a criminal drug case] who, they learn, has conducted an investigation of their personal lives. . . ." *Id.* at 1028. Krik's asbestos suit does not have the same inherent capacity to intimidate (and the concern in *White* was that the jury would be prejudiced against the party doing the investigation, which in this case would be the defendants, not Krik). Moreover, in *White*, the investigation came to light before trial and the court's remedy was to impanel a new jury—a remedy consented to by the defendant and imposed under the court's authority to manage the voir dire process. *Id.* at 1028. Accordingly, the *White* court did not have to find prejudice, the standard here.

[6] *Sinclair v. United States*, 279 U.S. 749 (1929), addressed the subject of jury surveillance in the context of a contempt finding, a different situation than the present case. In *Sinclair*, the question was whether the surveillance was done with the intent to impede the due administration of justice. Whether the verdict was actually compromised was not a necessary element of contempt. In *Dow v. Carnegie-Illinois Steel Corp.*, 224 F.2d 414, 430–31 (3d Cir. 1955), a then-widely used tactic of investigating jury pools by interviewing neighbors and friends and gathering intel about potential jurors' political views (a service

proof that prejudice was reasonably likely. *See Whitehead*, 263 F.3d at 726; *Delvaux v. Ford Motor Co.*, 764 F.2d 469, 471–74 (7th Cir. 1985).

Finally, in determining whether a party was prejudiced, a court can consider the strength of the party's case. *Hall*, 692 F.3d at 807; *Sanders*, 962 F.2d at 673–74; *United States v. Paneras*, 222 F.3d 406, 411–12 (7th Cir. 2000). Krik provided little to no evidence to show that his lung cancer was caused by exposure to Owens-Illinois's product or at Mobil's premises (as opposed to other potential causes, most notably his substantial tobacco smoking). As discussed above, Krik's proffered expert testimony on causation did not meet the standards of Federal Rule of Evidence 702 and *Daubert*, so excluding it was proper. Without expert testimony on causation, Krik's case was weak—perhaps fatally so. *See Higgins v. Koch Dev. Corp.*, — F.3d —, No. 14–2207, 2015 WL 4394895, at *2–4 (7th Cir. July 20, 2015); *Myers v. Ill. Cent. R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010); *Korte v. ExxonMobil Coal USA, Inc.*, 164 Fed. App'x 553, 557–58 (7th Cir. 2006). Krik was not prejudiced by Mobil's investigation because judgment in favor of the defendants was inevitable once it became clear that Krik could not prove causation. Accordingly, that investigation does not require a new trial.[7]

---

sold to lawyers) was not prejudicial where it was done to inform the lawyers, rather than to pressure the jurors. These historical examples are a useful reminder of the lengths some will go to pry into the lives of jurors. But the question of whether Krik is entitled to a new trial is about the integrity of the verdict in this particular case. Here, plaintiff's suggested inferences of prejudice ([399] at 8–9, [409] at 11–12) are not persuasive, and it is not reasonably likely that the interview of a friend about a birthday party had any effect on the verdict.

[7] Whether it was a good idea for the defendants to conduct an investigation (without court permission) that was likely to lead to an out-of-court communication with the juror about

9

### III.   Conclusion

Krik's motion for a new trial [399] is denied.

ENTER:

_mah S Shah_
Manish S. Shah
United States District Judge

Date:  8/25/15

---

the trial is another matter—one that is outside the question presented by the motion for a new trial. The denial of Krik's motion should not be read as an endorsement of defendants' choices.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHARLES KRIK,

       Plaintiff,

   v.

OWENS-ILLINOIS, INC., and
EXXONMOBIL OIL CORP.,

       Defendants.

No. 10 CV 7435

Judge Manish S. Shah

**ORDER**

Plaintiff's objections to defendants' bills of costs are sustained in part, overruled in part. Plaintiff is taxed $23,191.38 in costs to Owens-Illinois, Inc., and $16,303.08 in costs to ExxonMobil Oil Corp.

**STATEMENT**

A jury found in favor of Defendants Owens-Illinois and ExxonMobil, and the court entered judgment on the verdict. As the prevailing parties, defendants are presumptively entitled to recover their costs, defined by 28 U.S.C. § 1920, from the plaintiff. Fed. R. Civ. P. 54(d)(1).

Rule 54(d) creates a strong presumption in favor of awarding costs, and generally, the Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). Plaintiff argues that costs should be refused because during the trial, ExxonMobil interviewed a friend of one of the jurors to determine if the juror previously met the plaintiff. This defense investigation was not misconduct warranting the denial of costs. The investigation did not have any effect on the taxable costs, s*ee Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (misconduct worthy of a penalty generally involves unnecessarily prolonging the proceedings), and as described in the ruling denying Krik's motion for a new trial, the investigation did not prejudice Krik. Plaintiff's objection to any costs being awarded is overruled.

The objection to the taxation of Owens-Illinois's pro hac vice admission fees is sustained. While it's true that the Seventh Circuit did not overturn an award of such costs in *United States v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006), the court did not hold that such costs must be taxed. More recently, the Ninth Circuit addressed the issue and determined that § 1920 does not encompass pro hac vice costs. *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, — U.S. —, 132 S.Ct. 1997, 2006 (2012), and construing § 1920 narrowly). Other district courts in this district have also declined to award pro hac vice fees as taxable costs. *See SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *1 (N.D. Ill. Jan. 10, 2014). The fees for attorneys Casmere and Watson were attributable to the entire MDL, and not limited to this case only. The cost should not be shifted entirely onto plaintiff here. The fee for attorney Moir was based on Owens-Illinois's decision to staff its case with an additional attorney, and not a cost that necessarily followed as a result of plaintiff's suit. For these reasons, I decline to tax the pro hac vice fees.

The objections to the costs of the Burhani, Ferriter, Norberg, and Templin depositions are overruled. The depositions, the costs associated with obtaining the transcripts, and the subpoena to Dr. Burhani were reasonably necessary for use in the case at the time the depositions were taken, even though the depositions were not used at trial. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). I decline to tax the costs of the Burhani videotape ($448.00) because the video was not reasonably necessary in this case. A video provides a superior method of publishing a deposition to a jury and its production can be a recoverable cost, but here, there was no doubt that at least some depositions would be presented by reading them to the jury. It was therefore not necessary to video record Dr. Burhani's deposition.

The objection to the taxation of the trial transcript costs at the daily rate is overruled in part. Daily trial transcripts can be a taxable cost when such transcription is reasonable and necessary under the circumstances. In this case, the sufficiency of plaintiff's case turned on plaintiff's ability to comply with the pretrial rulings, and defendant needed near-immediate transcripts to assess (1) plaintiff's compliance with the pretrial rulings and (2) the viability of defendants' motions for directed verdict at the close of plaintiff's case. I conclude that daily transcripts were necessary from the opening of the trial through plaintiff's case-in-chief. After plaintiff rested, the trial became an ordinary one. Daily transcription at that point was for the convenience of counsel and I decline to award costs at that rate. The entire trial transcript was a necessary expense for the preparation of post-trial motions and potential appeals.

2

The defendants shared the costs of the transcripts by ordering one original and one copy, and then splitting that total cost between the two parties. The cost of the daily rate and one copy was $7.25 ($6.05 + $1.20) per page. The ordinary rate would be $4.55 ($3.65 + $0.90) per page. The total trial transcript was 2010 pages, with the defense case beginning on page 1299. I tax costs for the trial transcript in the amount of $6325.05 per defendant (((1298 x $7.25) + (712 x $4.55)) ÷ 2).

The objections to the airfare charges for Drs. Wick and Balzer are overruled. Actual witness travel expenses may be taxed as long as they are reasonable, and here, the travel for these particular witnesses could not be scheduled at a time when a more economical fare would have been available. The timing associated with and total cost of these items is reasonable.

Plaintiff's objections to the exemplification costs are sustained in part. Defendants need not submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991). Here, counsel for Owens-Illinois attests that the breakdown provided is the best available, and counsel also swears that the charges were not for copies made solely for attorney convenience. [372] ¶ 38. Nevertheless, as in *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at *11 (N.D. Ill. May 27, 2015), the general descriptions provided by Owens-Illinois are not sufficient to give me the assurance that the copies are properly taxed. Many thousands of pages were reasonably and necessarily copied for use in the case, and I conclude that 50% of Owens-Illinois's requested $7,385.75 would be a reasonable measure of recoverable costs. *See id.* (taxing one-third of requested exemplification costs as estimate for complex case). Plaintiff is taxed $3,692.88 for Owens-Illinois's exemplification costs. Mobil's exemplification bills in the amount of $2,232.05 are associated with trial costs and reasonable in light of the volume of records that needed to be copied. Those costs are taxed to plaintiff.

I decline to tax the costs of Mobil's trial graphics ($7,968.75). Trial graphics can be taxable, if reasonable and necessary. But here, the demonstrative exhibits were not essential to the trial, and the costs associated with the exhibits are not reasonable. Plaintiff's work history was not so complicated to require extensive graphic design consultation and multiple telephone conferences to generate a simple timeline. Mobil argues that an on-site inspection of the Mobil facility was the only alternative to the exhibits. I disagree. Basic photographs would have conveyed the necessary information and the charges for trial graphics are not reasonable in light of the simplicity of the essential facts.

The objections to defendants' costs incurred as a result of the medical records protocol established by the MDL court are sustained in part. These records were necessary for this case, as plaintiff's health and the cause of his lung cancer were central issues at trial. Some costs are properly taxed as fees for exemplification and costs of making copies. But the charges include entries that go well beyond mere record collection and exemplification. Many of the entries describe time spent reviewing and analyzing the records; there are also charges for drafting correspondence. The MDL court ordered the defense to pay these costs, but many of the charges are not taxable under § 1920. Based on the descriptions in the exhibits submitted by defendants, I tax only the costs of uploading the records and processing them onto CDs as necessary exemplification and copying costs. The costs of obtaining records from the providers are also taxed (where those charges are set forth in readily identifiable and separate line items). For Owens-Illinois, those costs are $432.87, and for Mobil, those costs are $1102.16.

Finally, plaintiff objects to the costs associated with Owens-Illinois's depositions of plaintiff's experts, incurred pursuant to Fed. R. Civ. P. 26(b)(4)(E). The Seventh Circuit allowed reasonable expert fees, in excess of the ceiling set by 28 U.S.C. § 1821, to be charged in *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012). Rule 26(b)(4)(E) shifts the costs of expert fees onto the party seeking the discovery. In *Halasa*, the court did not address whether those costs shift back to the losing party at the end of the litigation under Rule 54(d) and § 1920(3). The expert at issue in *Halasa* was defendant's expert who was deposed by plaintiff, so Rule 26(b)(4)(E) was the sole authority that shifted those fees onto plaintiff. *See Halasa v. ITT Educ. Servs., Inc.*, Case No. 10-cv-00437, Docket Entry 107 at 9 (S.D. Ind.). The Seventh Circuit noted a distinction between cost-shifting under Rule 54 and cost-shifting under Rule 26. *Halasa*, 690 F.3d at 851–852. The costs defendant seeks to recover under Rule 54 should be capped by § 1821, *see id.*, and therefore, I decline to shift the costs recovered under Rule 26 back onto plaintiff under Rule 54.\*
Owens-Illinois's request for $1,619.41 in expert fees is denied.

---

\* The expert at issue in *Stanley v. Cottrell*, 784 F.3d 454, 464 (8th Cir. 2015), Dr. Micklow, was plaintiff's expert. *See Stanley v. Cottrell*, No. 4:10-cv-1505, Docket Entry 222 at 5 (E.D. Mo.). The Eighth Circuit allowed the fees to be shifted back onto the plaintiff after defendant prevailed. *Stanley*, 784 F.3d at 464. But because *Stanley* did not discuss the distinction between cost-shifting under Rule 54 and Rule 26, and the Seventh Circuit in *Halas* directed courts to "pay heed to the differences between Rule 54 and Rule 26," I decline to follow *Stanley*. *See also Taniguchi*, 132 S.Ct. at 2006 (describing Rule 54(d) taxable costs as "limited").

For these reasons, plaintiff is taxed costs in the amount of $23,191.38 to Owens-Illinois and $16,303.08 to ExxonMobil.

ENTER:

Date:   8/25/15

_____
Manish S. Shah
U.S. District Judge

APPEAL,KEYS,REOPEN,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:10-cv-07435
## Internal Use Only

Krik v. Crane Co., et al

Assigned to: Honorable Manish S. Shah

Demand: $75,000

Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 11/18/2010

Date Terminated: 08/25/2015

Jury Demand: Both

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2010 | 1 | COMPLAINT filed by Charles Krik; Jury Demand. Filing fee $ 350, receipt number 0752-5435292. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cascino, Michael) (Entered: 11/18/2010) |
| 11/18/2010 | 2 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 11/18/2010) |
| 11/18/2010 | 3 | ATTORNEY Appearance for Plaintiff Charles Krik by Michael Peter Cascino (Cascino, Michael) (Entered: 11/18/2010) |
| 11/18/2010 | 4 | CERTIFICATE of Interest (Cascino, Michael) (Entered: 11/18/2010) |
| 11/18/2010 | 5 | Notice of Tag-Along Action by Charles Krik (Cascino, Michael) (Entered: 11/18/2010) |
| 11/18/2010 | | CASE ASSIGNED to the Honorable William J. Hibbler. Designated as Magistrate Judge the Honorable Arlander Keys. (lcw, ) (Entered: 11/18/2010) |
| 12/20/2010 | 6 | ATTORNEY Appearance for Defendant Ingersoll Rand Company by Daniel J. Cheely (Cheely, Daniel) (Entered: 12/20/2010) |
| 12/20/2010 | 7 | ATTORNEY Appearance for Defendant Ingersoll Rand Company by Paul B. O'Flaherty, Jr (O'Flaherty, Paul) (Entered: 12/20/2010) |
| 12/20/2010 | 8 | ATTORNEY Appearance for Defendant Ingersoll Rand Company by Stephen Richard Ayres (Ayres, Stephen) (Entered: 12/20/2010) |
| 12/20/2010 | 9 | ATTORNEY Appearance for Defendant Ingersoll Rand Company by Michael J. Lotus (Lotus, Michael) (Entered: 12/20/2010) |
| 12/20/2010 | 10 | ATTORNEY Appearance for Defendant Ingersoll Rand Company by Sean Mark Conaghan (Conaghan, Sean) (Entered: 12/20/2010) |
| 12/22/2010 | 11 | ANSWER to Complaint with Jury Demand *And Notice of Tag Along Action* by CBS Corporation (Attachments: # 1 Tag-along & Jury Demand)(Christos, Demetra) (Entered: 12/22/2010) |

| 12/22/2010 | 12 | MOTION by Defendant CBS Corporation for disclosure *Statement Pursuant to F.R.C.P. 7.1* (Attachments: # 1 Attachment)(Christos, Demetra) (Entered: 12/22/2010) |
| 12/23/2010 | 13 | ANSWER to Complaint by Owens-Illinois Inc.(Fischer, Matthew) (Entered: 12/23/2010) |
| 12/27/2010 | 14 | MOTION by Defendant Union Carbide Corporation to amend/correct *Notice of Tag Along and Motion to Stay Proceedings* (Taylor, Tobin) (Entered: 12/27/2010) |
| 12/27/2010 | 15 | Summary Answer, Affirmative Defenses and Jury Demand by Union Carbide Corporation (Taylor, Tobin) (Entered: 12/27/2010) |
| 12/27/2010 | 16 | ATTORNEY Appearance for Defendant The Marley-Wylain Company by Edward J. McCambridge (McCambridge, Edward) (Entered: 12/27/2010) |
| 12/27/2010 | 17 | ANSWER to Complaint *and Affirmative Defenses* by The Marley-Wylain Company(McCambridge, Edward) (Entered: 12/27/2010) |
| 12/29/2010 | 18 | ATTORNEY Appearance for Defendant BP America, Inc. by Alan Stuart Zelkowitz (Zelkowitz, Alan) (Entered: 12/29/2010) |
| 01/11/2011 | 19 | *Summary* ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Bechtel Construction Company(Denning, Michael) (Entered: 01/11/2011) |
| 01/12/2011 | 20 | ANSWER to Complaint *and Affirmative Defenses* by Ingersoll Rand Company (Attachments: # 1 Notice of Filing, # 2 Certificate of Service)(O'Flaherty, Paul) (Entered: 01/12/2011) |
| 01/12/2011 | 21 | Notice as to Affiliates by Ingersoll Rand Company (O'Flaherty, Paul) (Entered: 01/12/2011) |
| 01/14/2011 | 22 | Summary Answer by Certainteed Corporation (Taylor, Tobin) (Entered: 01/14/2011) |
| 01/14/2011 | 23 | MOTION by Defendant Certainteed Corporation to stay *Proceedings* (Taylor, Tobin) (Entered: 01/14/2011) |
| 01/14/2011 | 24 | ATTORNEY Appearance for Defendant Cleaver Brooks Inc. by Daniel R. Griffin (Griffin, Daniel) (Entered: 01/14/2011) |
| 01/14/2011 | 25 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Cleaver Brooks Inc. (Attachments: # 1 Notice of Filing, # 2 Certificate of Service)(Griffin, Daniel) (Entered: 01/14/2011) |
| 01/14/2011 | 26 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by ExxonMobil Oil Corporation(Sarff, Kimberly) (Entered: 01/14/2011) |
| 01/14/2011 | 27 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation by Kimberly A. Sarff (Sarff, Kimberly) (Entered: 01/14/2011) |
| 01/14/2011 | 28 | CERTIFICATE of Interest *of Exxon Mobil Oil Corporation* (Sarff, Kimberly) (Entered: 01/14/2011) |

| 01/14/2011 | 29 | NOTICE of Tag-Along Action (Sarff, Kimberly) Modified on 1/18/2011 (smm). (Entered: 01/14/2011) |
|---|---|---|
| 01/14/2011 | 30 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation by Paul H Burmeister (Burmeister, Paul) (Entered: 01/14/2011) |
| 01/18/2011 | 31 | *Defendant Crane Co.* ANSWER to Complaint by Crane Co.(Kasper, James) (Entered: 01/18/2011) |
| 01/18/2011 | 32 | NOTICE of Correction regarding MOTION by Defendant ExxonMobil Oil Corporation to amend/correct *Notice of Tag-Along Action* 29 . The incorrect type of event was used to describe the document. The text of the entry has been edited. (smm) (Entered: 01/18/2011) |
| 01/21/2011 | 33 | NOTICE by Crane Co. (Kasper, James) (Entered: 01/21/2011) |
| 01/21/2011 | 34 | DOCUMENT Entered in error. (Kasper, James) Modified on 1/24/2011 (smm). (Entered: 01/21/2011) |
| 01/21/2011 | 35 | ATTORNEY Appearance for Defendant Crane Co. by James Paul Kasper (Kasper, James) Modified on 1/24/2011 (smm). (Entered: 01/21/2011) |
| 01/21/2011 | 36 | ANSWER to Complaint by Crane Co.(Kasper, James) (Entered: 01/21/2011) |
| 01/21/2011 | 37 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Crane Co. re answer to complaint 36 (Kasper, James) (Entered: 01/21/2011) |
| 01/24/2011 | 38 | NOTICE of Correction regarding attorney appearance 35 , attorney appearance 34 . The document is filed in the correct case, but the case number and case title do not match. The text of the entry has been edited and the PDF file has been replaced. The document must be refiled. (smm) (Entered: 01/24/2011) |
| 01/25/2011 | 39 | ATTORNEY Appearance for Defendant Crane Co. by Stephen K. Milott (Milott, Stephen) (Entered: 01/25/2011) |
| 02/04/2011 | 40 | MOTION by counsel for Defendant ExxonMobil Oil Corporation to withdraw as attorney *and Substitute Trial Bar Attorney (Within Same Firm)* (Burmeister, Paul) (Entered: 02/04/2011) |
| 02/04/2011 | 41 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation by Jeffrey Alan Ryva (Ryva, Jeffrey) (Entered: 02/04/2011) |
| 02/04/2011 | 42 | WITHDRAWING *Paul Burmeister* as counsel for Defendant ExxonMobil Oil Corporation and substituting Jeffrey Alan Ryva as counsel of record (Ryva, Jeffrey) (Entered: 02/04/2011) |
| 02/23/2011 | 44 | CONDITIONAL TRANSFER ORDER from MDL Panel transferring case to the Eastern District of Pennsylvania. Mailed notice(smm) (Entered: 02/28/2011) |
| 02/28/2011 | 43 | MINUTE entry before Honorable William J. Hibbler: Motion to withdraw as attorney 40 is granted. Paul Burmeister of Husch Blackwell LLP is given leave to substitute for Jeffrey Alan Ryva as counsel for defendant Exxon Mobil Oil Corporation. Mailed notice (jdh) (Entered: 02/28/2011) |

| | | |
|---|---|---|
| 02/28/2011 | 45 | TRANSFERRED to the Eastern District of Pennsylvania the electronic record. Mailed letter to all counsel of record. (smm) (Entered: 02/28/2011) |
| 03/01/2011 | 46 | MINUTE entry before Honorable William J. Hibbler: The minute entry of 2/28/2011 is amended as follows: Jeffrey Alan Ryva of Husch Blackwell LLP is given leave to substitute for Paul Burmeister as counsel for defendant Exxon Mobil Oil Corporation. Mailed notice (jdh) (Entered: 03/01/2011) |
| 02/08/2013 | 47 | ATTORNEY Appearance for Defendant Owens-Illinois Inc. by Edward M Casmere (Casmere, Edward) (Entered: 02/08/2013) |
| 02/08/2013 | 48 | ATTORNEY Appearance for Defendant Owens-Illinois Inc. by Brian O'Connor Watson (Watson, Brian) (Entered: 02/08/2013) |
| 05/03/2013 | 49 | ATTORNEY Appearance for Defendant Crane Co. by Catherine Lynn Carlson (Carlson, Catherine) (Entered: 05/03/2013) |
| 05/14/2013 | 50 | CONDITIONAL REMAND ORDER dated 5/14/2013 from the United States Judicial Panel on Multidistrict Litigation; IT IS THEREFORE ORDERED that all claims in the action(s) on this conditional remand order except the severed damages claims be remanded to its/their respective transferor court(s). (mgh, ). (Entered: 05/15/2013) |
| 05/15/2013 | 51 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable John Z. Lee for all further proceedings. Signed by Executive Committee on 05/15/2013.(jp, ) (Entered: 05/16/2013) |
| 05/16/2013 | 52 | MINUTE entry before Honorable John Z. Lee: Status hearing set for 5/30/13 at 9:00 a.m. Mailed notice (ca, ) (Entered: 05/16/2013) |
| 05/20/2013 | 53 | ATTORNEY Appearance for Defendant The Marley-Wylain Company by Mark Coad Sampson, Jr (Attachments: # 1 Certificate of Service)(Sampson, Mark) (Entered: 05/20/2013) |
| 05/29/2013 | 54 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by The Marley-Wylain Company (Attachments: # 1 Certificate of Service)(Sampson, Mark) (Entered: 05/29/2013) |
| 05/30/2013 | 55 | MINUTE entry before Honorable John Z. Lee:Status hearing held on 5/30/13. Defendants should file a motion for leave to file Daubert motions by 6/14/13; response due on 6/28/13; no reply is necessary at this time. Status hearing set for 7/24/13 at 9:00 a.m. Mailed notice (ca, ) (Entered: 05/30/2013) |
| 06/10/2013 | 56 | TRANSCRIPT OF PROCEEDINGS held on 5/30/2013 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy |

| | | Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 7/1/2013. Redacted Transcript Deadline set for 7/11/2013. Release of Transcript Restriction set for 9/9/2013. (Roth, Alexandra) (Entered: 06/10/2013) |
|---|---|---|
| 06/14/2013 | 57 | MOTION by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company for leave to file *Daubert Motions* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Watson, Brian) (Entered: 06/14/2013) |
| 06/14/2013 | 58 | MOTION by Defendant BP America, Inc. for joinder *in Co-defendants' Joint Motion for Leave to File Daubert Motions* (Pikel, Howard) (Entered: 06/14/2013) |
| 06/27/2013 | 59 | RESPONSE by Charles Krik to MOTION by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company for leave to file *Daubert Motions* 57 , MOTION by Defendant BP America, Inc. for joinder *in Co-defendants' Joint Motion for Leave to File Daubert Motions* 58 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Cascino, Michael) (Entered: 06/27/2013) |
| 07/24/2013 | 60 | MINUTE entry before Honorable John Z. Lee: Status hearing held on 7/24/13. For the reasons stated on the record, defendants' joint motion for leave to file Daubert motions 57 is granted. Joinder of BP Amoco Chemical Company in defendants' joint motion for leave to file daubert motions 58 is also granted. Daubert motions are due by 8/23/13; responses due 9/20/13; reply due 10/4/13. Jury trial is set for 12/2/13 at 9:00 am. Pretrial order is due by 10/25/13; final pretrial conference is set for 11/22/13 at 1:30 p.m. The parties should refer to the Court's standing order regarding pretrial orders. Mailed notice (ca, ) (Entered: 07/24/2013) |
| 08/23/2013 | 61 | ATTORNEY Appearance for Defendant BP America, Inc. by Howard John Pikel (Pikel, Howard) (Entered: 08/23/2013) |
| 08/23/2013 | 62 | MOTION by Defendant Crane Co.in limine *to Exclude the "Each and Every Exposure" Opinion* (Attachments: # 1 Exhibit A - Dr. Frank Report, # 2 Exhibit B - Dr. Frank MD Trial in Thompson R. 3-10-06 am, # 3 Exhibit C - Dr. Brody Report, # 4 Exhibit D - Brody in O'Neil 12.14.07, # 5 Exhibit E - MIL NO. 1 in Scalfani v. Wilson 05.09.13, # 6 Exhibit F - Ruling on MIL under Frye in Free v. Ametek, et al. 02.29.08)(Kasper, James) (Entered: 08/23/2013) |
| 08/23/2013 | 63 | MOTION by Defendant Crane Co.in limine *to Preclude the Testimony of Dr. Barry Castleman* (Kasper, James) (Entered: 08/23/2013) |
| 08/23/2013 | 64 | MOTION by Defendant Owens-Illinois Inc. to bar MOTION AND BRIEF TO EXCLUDE BARRY CASTLEMAN, SC.D. (Attachments: # 1 Exhibit Index, # 2 Exhibit A - Barry Castleman Rep., Oct. 19, 2011, # 3 Exhibit B - Rutkowski v. Occidental Chem. Corp., No. 83 C 2339, 1989 WL 32030 (N.D. Ill. Feb. 16, 1989), # 4 Exhibit C - Flood v. Owens-Illinois, Inc., No. 86 C 8947, Hrg Tr. (N.D. Ill. Mar. 15, 2004), # 5 Exhibit D - ler v. Georgia-Pacific, LLC, No. 08 C 5362, Trial Tr. (N.D. Ill. Sept. 30, 2008), # 6 Exhibit E - In re Guam Asbestos Litig., 61 F.3d 910, 1995 WL 411876 (9th Cir. 1995), # 7 Exhibit F - Barry Castleman |

| | | |
|---|---|---|
| | | Cong. Test., July 31, 2001, # 8 Exhibit G - Barry Castleman Cong. Test., Mar. 1, 2007, # 9 Exhibit H - Barry Castleman Dep., Sept. 28, 2010, # 10 Exhibit I - Barry Castleman Dep., Jan. 3, 2002, # 11 Exhibit J - Barry Castleman Dep., Jan. 5, 2011)(Watson, Brian) (Entered: 08/23/2013) |
| 08/23/2013 | 65 | MOTION by Defendant Owens-Illinois Inc. to bar THE LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY (Attachments: # 1 Exhibit Index, # 2 Exhibit A - E-Mail from Tucker Eads, July 26, 2013, # 3 Exhibit B - In re Lamar County Asbestos Litig., No. 2000-3559, slip op. at 1-12, 2001 WL 35918974 (Tex. Dist. Ct. July 5, 2011), # 4 Exhibit C - Sclafani v. Air & Liquid Sys. Corp., No. 12-cv-3013, 2013 WL 2477077 (C.D. Cal. May 9, 2013), # 5 Exhibit D - Lambertus Hesselink Aff., March 7, 2012, # 6 Exhibit E - Tyre v. CSX Transp., Inc., No. 16-2002-CA-4837, slip op. at 1-10, 2003 WL 26474173 (Fla. Cir. Ct. Sept. 24, 2003), # 7 Exhibit F - William Longo Dep., Feb. 12, 2007, # 8 Exhibit G - DVD Filed under General Order 2011-24, # 9 Exhibit H - William Longo Test., Sept. 16, 2003, # 10 Exhibit I - Dale Keyes et al., Baseline Studies of Asbestos Exposure During Operation and Maintenance Activities, 9 Appl. Occup. Envtl. Hyg. 853 (Nov. 1994), # 11 Exhibit J - William Longo Dep., Apr. 30, 2007, # 12 Exhibit K - William Longo Dep., Feb. 23, 2013, # 13 Exhibit L - Grigg v. Allied Packing Supply Inc., No. RG12 629580, slip op. at 1-3 (Cal. Super. Ct. March 22, 2013); Tr. at 582-84, Streng v. Bldg. Serv. Indus. Sales Co., No. 06-CV-5841 (Wis. Cir. Ct. Jan. 12, 2012); Tr. at 352, Breske v. Georgia Pacific Corp., No. 05-L-3923, slip op. at 1 (Ill. Cir. Ct. Jan. 26, 2007); Miller v. Georgia-Pacific LLC, No. 2317, slip op. at 1 (Pa. C.P. Dec. 5, 2011), # 14 Exhibit M - William Longo Dep., Sept. 19, 1997, # 15 Exhibit N - William Longo Dep., May 1, 2006)(Watson, Brian) (Entered: 08/23/2013) |
| 08/23/2013 | 66 | MOTION by Defendant Owens-Illinois Inc. to bar THE "ANY EXPOSURE" OPINION (Attachments: # 1 Exhibit Index, # 2 A - Arthur Frank Rep., Oct. 19, 2011, # 3 B - Arthur Frank Dep., Jan. 3, 2006, # 4 C - Arthur Frank Dep., Jan. 25, 2012)(Watson, Brian) (Entered: 08/23/2013) |
| 08/23/2013 | 67 | MOTION by Defendant BP America, Inc. to bar Expert Opinions of Dr. Arthur Frank and Frank Parker pursuant to Daubert (Attachments: # 1 Exhibit Report of Dr. Arthur Frank, # 2 Exhibit Deposition Excerpt: 1/25/12 Dr. Arthur Frank, # 3 Exhibit Deposition Excerpt: 1/4/12 Frank Parker, # 4 Exhibit Deposition Excerpt: 4/4/11 Charles Krik, # 5 Exhibit Deposition Excerpt: 6/29/09 Dr. Arnold Broady, # 6 Declaration Declaration of Frank Parker, # 7 Exhibit Deposition Excerpt: 4/1/04 Dr. Arthur Frank, # 8 Exhibit Deposition Excerpt: 5/30/08 Dr. Arnold Broady)(Pikel, Howard) (Entered: 08/23/2013) |
| 08/23/2013 | 68 | MOTION by Defendant BP America, Inc. to join *DEFENDANT CRANE CO. MOTION IN LIMINE TO EXCLUDE THE EACH AND EVERY EXPOSURE OPINION* (Pikel, Howard) (Entered: 08/23/2013) |
| 08/23/2013 | 69 | MOTION by Defendant BP America, Inc. to join *DEFENDANT CRANE CO. MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF DR. BARRY CASTLEMAN* (Pikel, Howard) (Entered: 08/23/2013) |

| 08/23/2013 | 70 | MOTION by Defendant BP America, Inc. to join *DEFENDANTS DAUBERT MOTIONS* (Pikel, Howard) (Entered: 08/23/2013) |
|---|---|---|
| 08/23/2013 | 71 | MOTION by Defendant The Marley-Wylain Company to bar Defendant Weil-McLain's Motion to Exclude Plaintiff's Experts from Testifying Regarding The "Single Fiber" Theory (Attachments: # 1 Exhibit A - Report of Dr. Arthur Frank, # 2 Exhibit B - Transcript of Dr. Arthur Frank's Deposition, # 3 Certificate of Service)(Sampson, Mark) (Entered: 08/23/2013) |
| 08/23/2013 | 72 | MOTION by Defendant The Marley-Wylain Company for joinder *in Defendant Owens-Illinois, Inc.s Motion and Brief to Exclude Barry Castleman, Sc.D.* (Attachments: # 1 Certificate of Service)(Sampson, Mark) (Entered: 08/23/2013) |
| 08/23/2013 | 73 | MOTION by Defendant The Marley-Wylain Company for joinder *in Defendant Crane Co.s Motion In Limine to Exclude the Each and Every Exposure Opinion.* (Attachments: # 1 Certificate of Service)(Sampson, Mark) (Entered: 08/23/2013) |
| 08/23/2013 | 74 | MOTION by Defendant BP America, Inc. to join *DEFENDANT OWENS-ILLINOIS, INC.S MOTION AND BRIEF TO BAR THE LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY* (Pikel, Howard) (Entered: 08/23/2013) |
| 08/23/2013 | 75 | MOTION by Defendant BP America, Inc. to join *DEFENDANT OWENS-ILLINOIS, INC.S MOTION AND BRIEF TO BAR THE ANY EXPOSURE OPINION* (Pikel, Howard) (Entered: 08/23/2013) |
| 08/23/2013 | 76 | MOTION by Defendant ExxonMobil Oil Corporation to bar Testimony of Arthur Frank and Frank Parker (Attachments: # 1 Exhibit Exhibits)(Morris, Howard) (Entered: 08/23/2013) |
| 08/23/2013 | 77 | Motion to Adopt All Co-Defendants' Daubert Motions by ExxonMobil Oil Corporation (Morris, Howard) (Entered: 08/23/2013) |
| 08/26/2013 | 78 | MINUTE entry before Honorable John Z. Lee: Defendants BP America, Inc.'s joinder motions [68, 69, 70, 74, 75], Weil-McLain's joinder motions [72, 73], and ExxonMobil Oil Corporation's motion to adopt 77 are granted. The briefing schedule on the Daubert motions set on 7/24/13 remains in place. Mailed notice (ca, ) (Entered: 08/26/2013) |
| 09/20/2013 | 79 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant The Marley-Wylain Company to bar Defendant Weil-McLain's Motion to Exclude Plaintiff's Experts from Testifying Regarding The "Single Fiber" Theory 71 , MOTION by Defendant Crane Co.in limine *to Exclude the "Each and Every Exposure" Opinion* 62 , MOTION by Defendant Owens-Illinois Inc. to bar THE "ANY EXPOSURE" OPINION 66 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Certificate of Service)(Cascino, Michael) (Entered: 09/20/2013) |
| 09/20/2013 | 80 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Owens-Illinois Inc. to bar MOTION AND BRIEF TO EXCLUDE BARRY |

| | | |
|---|---|---|
| | | CASTLEMAN, SC.D. <u>64</u> , MOTION by Defendant Crane Co.in limine *to Preclude the Testimony of Dr. Barry Castleman* <u>63</u> (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Certificate of Service) (Cascino, Michael) (Entered: 09/20/2013) |
| 09/20/2013 | <u>81</u> | RESPONSE by Charles Krikin Opposition to MOTION by Defendant BP America, Inc. to bar Expert Opinions of Dr. Arthur Frank and Frank Parker pursuant to Daubert <u>67</u> , MOTION by Defendant ExxonMobil Oil Corporation to bar Testimony of Arthur Frank and Frank Parker <u>76</u> (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Certificate of Service)(Cascino, Michael) (Entered: 09/20/2013) |
| 09/20/2013 | <u>82</u> | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Owens-Illinois Inc. to bar THE LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY <u>65</u> (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Certificate of Service)(Cascino, Michael) (Entered: 09/20/2013) |
| 09/20/2013 | <u>83</u> | RESPONSE by Charles Krikin Opposition to MOTION by Defendant The Marley-Wylain Company to bar Defendant Weil-McLain's Motion to Exclude Plaintiff's Experts from Testifying Regarding The "Single Fiber" Theory <u>71</u> (Attachments: # <u>1</u> Certificate of Service)(Cascino, Michael) (Entered: 09/20/2013) |
| 10/02/2013 | <u>84</u> | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation by Howard Patrick Morris (Morris, Howard) (Entered: 10/02/2013) |
| 10/02/2013 | <u>85</u> | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation by David Francis Fanning (Fanning, David) (Entered: 10/02/2013) |
| 10/04/2013 | <u>86</u> | REPLY by BP America, Inc. to response in opposition to motion,, <u>81</u> (Pikel, Howard) (Entered: 10/04/2013) |
| 10/04/2013 | <u>87</u> | REPLY by Defendant Crane Co. *to Plaintiff's Response to Crane Co.'s Motion to Preclude the Testimony of Dr. Barry Castleman* (Kasper, James) (Entered: 10/04/2013) |
| 10/04/2013 | <u>88</u> | REPLY by Defendant Crane Co. *to Plaintiff's Response to Crane Co.'s Motion to Exclude "Each & Every Exposure Opinion"* (Kasper, James) (Entered: 10/04/2013) |
| 10/04/2013 | <u>89</u> | REPLY by Defendant ExxonMobil Oil Corporation to response in opposition to motion,, <u>81</u> (Attachments: # <u>1</u> Exhibit)(Morris, Howard) (Entered: 10/04/2013) |
| 10/04/2013 | <u>90</u> | REPLY by Owens-Illinois Inc. to response in opposition to motion, <u>82</u> , MOTION by Defendant Owens-Illinois Inc. to bar THE LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY <u>65</u> (Attachments: # <u>1</u> Exhibit A - Charles Krik Dep., July 18, 2011)(Watson, Brian) (Entered: 10/04/2013) |
| 10/04/2013 | <u>91</u> | REPLY by Owens-Illinois Inc. to MOTION by Defendant Owens-Illinois Inc. to bar MOTION AND BRIEF TO EXCLUDE BARRY CASTLEMAN, SC.D. <u>64</u> , response in opposition to motion, <u>80</u> (Watson, Brian) (Entered: 10/04/2013) |

| 10/04/2013 | 92 | REPLY by BP America, Inc. to reply 87 (Pikel, Howard) (Entered: 10/04/2013) |
| 10/04/2013 | 93 | REPLY by BP America, Inc. to reply 88 *BP's Joinder to Crane Reply Doc 88* (Pikel, Howard) (Entered: 10/04/2013) |
| 10/04/2013 | 94 | REPLY by BP America, Inc. to reply 89 *BP's Joinder to Exxon's Reply Doc 89* (Pikel, Howard) (Entered: 10/04/2013) |
| 10/04/2013 | 95 | REPLY by BP America, Inc. to reply to response to motion, 90 *BP's Joinder to Owens' Reply Doc 90* (Pikel, Howard) (Entered: 10/04/2013) |
| 10/04/2013 | 96 | REPLY by BP America, Inc. to reply to response to motion 91 *BP's Joinder to Owens' Reply Doc 91* (Pikel, Howard) (Entered: 10/04/2013) |
| 10/05/2013 | 97 | REPLY by Owens-Illinois Inc. to response in opposition to motion,, 79 , MOTION by Defendant Owens-Illinois Inc. to bar THE "ANY EXPOSURE" OPINION 66 (Watson, Brian) (Entered: 10/05/2013) |
| 10/09/2013 | 98 | MINUTE entry before Honorable John Z. Lee: Judge Lee's standing order requires parties to submit to the Courtroom Deputy courtesy copies of all motions, responses and replies with exhibits attached. All parties who have not yet provided courtesy copies of their Daubert briefs to Judge Lee are directed to do so by close of business on 10/11/13. Mailed notice (ca, ) (Entered: 10/09/2013) |
| 10/11/2013 | 99 | MOTION by Defendant ExxonMobil Oil Corporation for leave to file *Motion and Brief in Excess of Fifteen Pages Pursuant to Local Rule 7.1 Nunc Pro Tunc* (Fanning, David) (Entered: 10/11/2013) |
| 10/11/2013 | 100 | MINUTE entry before Honorable John Z. Lee:Exxonmobil Oil Corporation's motion for leave to file motion and brief in excess of fifteen pages pursuant to Local Rule 7.1 nunc pro tunc 99 is granted.Mailed notice (ca, ) (Entered: 10/11/2013) |
| 10/15/2013 | 101 | ATTORNEY Appearance for Defendant The Marley-Wylain Company by Shawn Patrick Babiuch (Attachments: # 1 Certificate of Service)(Babiuch, Shawn) (Entered: 10/15/2013) |
| 10/25/2013 | 102 | PROPOSED Jury Instructions by ExxonMobil Oil Corporation (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 103 | Letter to Judge Lee by ExxonMobil Oil Corporation, Owens-Illinois Inc. (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 104 | MOTION by Defendant Crane Co.in limine *OMNIBUS MOTION IN LIMINE No. 01* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 105 | MOTION by Defendant Crane Co.in limine *No. 2 CRANE CO.S MOTION TO PRECLUDE USE OF THE TERMS ASBESTOS INDUSTRY, ASBESTOS COMPANY, OR MEMBER OF THE ASBESTOS INDUSTRY BEFORE THE JURY* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 106 | MOTION by Defendant Crane Co.in limine *No. 03 CRANE CO.S MOTION TO PRECLUDE EVIDENCE OF OR ARGUMENT FOR A POST-SALE DUTY TO* |

| | | |
|---|---|---|
| | | *WARN OR POST-SALE KNOWLEDGE* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 107 | MOTION by Defendant Crane Co.in limine *No. 04 CRANE CO.S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF CRANE CO. CATALOGS, PRODUCTS, ADVERTISEMENTS, PHOTOGRAPHS, AND ENTITIES THAT ARE NOT AT ISSUE IN THIS CASE* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 108 | MEMORANDUM by Crane Co. in support of motion in limine 107 (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 109 | MOTION by Defendant Crane Co.in limine *No. 05 CRANE CO.S MOTION IN LIMINE TO EXCLUDE LAY WITNESS TESTIMONY THAT INDIVIDUAL PRODUCTS CONTAINED ASBESTOS OR THAT PLAINTIFF WORKED WITH OR AROUND A PARTICULAR PRODUCT UNLESS THE WITNESS HAS PERSONAL KNOWLEDGE* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 110 | MOTION by Defendants ExxonMobil Oil Corporation, Owens-Illinois Inc.in limine (Attachments: # 1 Exhibit A)(Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 111 | MEMORANDUM by Crane Co. in support of motion in limine, 109 (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 112 | MOTION by Defendant Crane Co.in limine *No. 06 TAKE JUDICIAL NOTICE OF THE FEDERAL REGISTER* (Attachments: # 1 Exhibit Federal Register) (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 113 | MEMORANDUM by Crane Co. in support of motion in limine 112 (Attachments: # 1 Exhibit Federal Register)(Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 114 | MOTION by Defendant Crane Co.in limine *CRANE CO.S MOTION IN LIMINE TO EXCLUDE ANY ARGUMENT OR SUGGESTION THAT IT IS LIABLE FOR PRODUCTS AFFIXED TO ITS PRODUCTS POST-SALE* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 115 | MEMORANDUM by Crane Co. in support of motion in limine 114 (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 116 | MOTION by Defendant Crane Co.in limine *No. 08 CRANE CO.S MOTION TO EXCLUDE INDUSTRIAL HYGIENE TESTIMONY FROM PLAINTIFFS MEDICAL WITNESSES* (Attachments: # 1 Exhibit)(Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 117 | MOTION by Defendant Crane Co.in limine *No. 09 DEFENDANT CRANE CO.S MOTION FOR SET-OFF* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 118 | MOTION by Defendant Crane Co.in limine *No. 10 CRANE CO.S MOTION TO TAKE JUDICIAL NOTICE OF THE FERES DOCTRINE* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 119 | MOTION by Defendant Crane Co.in limine *No. 11 CRANE CO.S MOTION TO EXCLUDE REFERENCE TO OTHER DISEASES* (Kasper, James) (Entered: 10/25/2013) |

| | | |
|---|---|---|
| 10/25/2013 | 120 | MOTION by Defendants ExxonMobil Oil Corporation, Owens-Illinois Inc.in limine (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 121 | MOTION by Defendant Crane Co.in limine *No. 12 CRANE CO.S MOTION TO BAR ANY TESTIMONY REGARDING CRANITE* (Attachments: # 1 Exhibit A-Plaintiff's July 18, 2012 Deposition, # 2 Exhibit B-Plaintiff's August 4, 2011 Deposition, # 3 Exhibit C-Charles Krik Declaration)(Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 122 | MOTION by Defendant Crane Co.in limine *No 13 CRANE CO.S MOTION IN LIMINE TO PRECLUDE THE ACTIONS OR KNOWLEDGE OF A TRADE ASSOCIATION FROM BEING IMPUTED TO MEMBERS UNLESS PLAINTIFF PROVIDES THAT A MEMBER HAD ACTUAL KNOWLEDGE OF, AND APPROVED, THE ACTIONS OF THE TRADE ASSOCIATION* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 123 | MOTION by Defendants ExxonMobil Oil Corporation, Owens-Illinois Inc.in limine (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 124 | MEMORANDUM by Crane Co. in support of motion in limine, 122 (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 125 | MOTION by Defendant Crane Co.in limine *CRANE CO.S AGREED MOTIONS IN LIMINE* (Kasper, James) (Entered: 10/25/2013) |
| 10/25/2013 | 126 | MOTION by Defendant The Marley-Wylain Companyin limine *with Index* (Attachments: # 1 Motion in Limine #1, # 2 Motion in Limine #2, # 3 Motion in Limine #3, # 4 Motion in Limine #4)(Babiuch, Shawn) (Entered: 10/25/2013) |
| 10/25/2013 | 127 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Invoices* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 128 | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Exclude Plaintiff's Deposition Designations* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 129 | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Limit Testimony of Arthur Frank - Asbestos Content and Airborne Concentrations* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 130 | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Limit Frank Parker - Causation* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 131 | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Limit Charles Kirk - Asbestos Content* (Attachments: # 1 Exhibit A)(Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | 132 | PROPOSED Jury Instructions by Charles Krik (Attachments: # 1 Certificate of Service)(Cascino, Michael) (Entered: 10/25/2013) |
| 10/25/2013 | 133 | MOTION by Defendant Owens-Illinois Inc.in limine *TO PRECLUDE PLAINTIFF'S "SUBSTITUTION" EVIDENCE AND ARGUMENTS* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 |

| | | |
|---|---|---|
| | | Exhibit F, # <u>7</u> Exhibit G)(Watson, Brian) (Entered: 10/25/2013) |
| 10/25/2013 | <u>134</u> | MOTION by Defendant Owens-Illinois Inc.in limine *TO PRECLUDE PLAINTIFF'S "SYNERGISTIC" EVIDENCE AND ARGUMENTS* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Watson, Brian) (Entered: 10/25/2013) |
| 10/25/2013 | <u>135</u> | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Exclude All Undisclosed Opinions* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | <u>136</u> | MOTION by Defendants ExxonMobil Oil Corporation, Owens-Illinois Inc.TO EXCLUDE ANY EXHIBIT FROM THE PLAINTIFFS NONCONFORMING EXHIBIT LISTS (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J)(Watson, Brian) (Entered: 10/25/2013) |
| 10/25/2013 | <u>137</u> | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Exclude Reference to Employee Injuries or Death* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | <u>138</u> | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Exclude "Bonsib" Report* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | <u>139</u> | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Exclude Barry Castleman* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | <u>140</u> | MOTION by Defendant ExxonMobil Oil Corporationin limine *To Exclude Arthur Frank - Causation* (Morris, Howard) (Entered: 10/25/2013) |
| 10/25/2013 | <u>141</u> | MOTION by Defendants BP America, Inc., Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain CompanyTO BAR UNDISCLOSED AND IMPROPERLY DISCLOSED WITNESSES (Attachments: # <u>1</u> Exhibit A - H)(Watson, Brian) (Entered: 10/25/2013) |
| 10/25/2013 | <u>142</u> | MOTION by Plaintiff Charles Krikin limine (Attachments: # <u>1</u> Certificate of Service)(Cascino, Michael) (Entered: 10/25/2013) |
| 10/25/2013 | <u>143</u> | PROPOSED Pretrial Order *, Notice of Filing of Draft* (Attachments: # <u>1</u> Draft Proposed Pretrial Order (Pt. 1 of 2), # <u>2</u> Draft Proposed Pretrial Order (Pt. 2 of 2), # <u>3</u> Certificate of Service)(Cascino, Michael) (Entered: 10/25/2013) |
| 10/28/2013 | <u>144</u> | NOTICE of Motion by Brian O'Connor Watson for presentment of motion for miscellaneous relief, <u>136</u> , motion for miscellaneous relief <u>141</u> before Honorable John Z. Lee on 10/31/2013 at 09:00 AM. (Watson, Brian) (Entered: 10/28/2013) |
| 10/29/2013 | <u>145</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8875134. (Moir, Peter) (Entered: 10/29/2013) |
| 10/29/2013 | <u>146</u> | PROPOSED Pretrial Order *, Notice of Filing Second Draft* (Attachments: # <u>1</u> Second Draft Final Pretrial Order, # <u>2</u> Certificate of Service)(Cascino, Michael) (Entered: 10/29/2013) |
| 10/30/2013 | <u>147</u> | RESPONSE by Charles Krik to MOTION by Defendants ExxonMobil Oil Corporation, Owens-Illinois Inc.TO EXCLUDE ANY EXHIBIT FROM THE |

| | | |
|---|---|---|
| | | PLAINTIFFS NONCONFORMING EXHIBIT LISTS 136 (Attachments: # 1 Certificate of Service)(Cascino, Michael) (Entered: 10/30/2013) |
| 10/31/2013 | 148 | ORDER: Motion hearing and status hearing held on 10/31/13. For the reasons stated on the record, the parties are directed to file a revised pretrial order by 12/20/13. The jury trial scheduled for 12/2/13 is reset to 4/28/14 at 9:00 a.m. The Court will set aside three weeks for the trial. The pretrial conference is set for 4/11/14, 4/17/14, and 4/18/14, starting at 11:00 a.m. The parties should meet and confer pursuant to the Court's standing order regarding the preparation of final pretrial orders. Furthermore, Plaintiff should review his list of potential trial exhibits to substantially narrow the number of exhibits on the list from the over 2,000 documents that are currently listed to a more reasonable and realistic number. Defendants are directed to prepare, to the extent possible, consolidated voir dire questions, exhibit lists, jury instructions, deposition designations, and verdict forms. They should also prepare consolidated objections to Plaintiff's submissions, to the extent possible. Plaintiff should file a status report by 11/14/13 as to the status of the remaining defendants. In the draft pretrial order that was filed with the Court, Defendant BP Amoco has objected to the existence of subject matter jurisdiction. BP Amoco is directed to file a motion to dismiss as to this issue by 11/7/14; Plaintiff's response is due by 11/14/13; BP Amoco's reply is due on 11/21/13. Peter A. Moir's motion for leave to appear pro hac vice 145 is granted. The motions in limine, other than the pending Daubert motions, are stricken [104, 105, 106, 107, 109, 110, 112, 114, 116, 117, 118, 119, 120, 121, 122, 123, 125, 126, 127, 128, 129, 130, 131, 133, 134, 135, 137, 138, 139, 140, and 142]. The parties are to consider whether the issues set forth in the motions in limine are appropriate for ruling prior to trial and are directed to meet and confer to further narrow the issues in dispute. Owens-Illinois and Exxon Mobile's joint motion to exclude any exhibit from the plaintiffs nonforming exhibit list 136 is denied as moot. Defendant's joint motion to bar undisclosed and improperly disclosed witnesses 141 is denied. Defendants should file a revised joint motion by 11/8/13 that includes a discussion of the issues discussed on the record; Plaintiff's response is due by 11/22/13; reply due by 11/29/13. Status hearing set for 12/4/13 at 10:00 a.m. The parties should keep the date of 11/22/13 available for potential hearings on the Daubert motions. The Court will inform the parties shortly as to whether such hearings will be necessary. Signed by the Honorable John Z. Lee on 10/31/13Mailed notice(ca, ). (Entered: 11/01/2013) |
| 11/07/2013 | 149 | STIPULATION of Dismissal *of Defendant BP Amoco Chemical Company* (Attachments: # 1 Text of Proposed Order)(Cascino, Michael) (Entered: 11/07/2013) |
| 11/07/2013 | 150 | ORDER: Pursuant to the stipulation to dismiss filed on 11/7/13 149 , defendant BP Amoco Chemical Company is hereby dismissed with prejudice. Signed by the Honorable John Z. Lee on 11/7/13. Mailed notice(mr, ) (Entered: 11/07/2013) |
| 11/08/2013 | 151 | MOTION by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company to bar UNDISCLOSED AND IMPROPERLY DISCLOSED WITNESSES (Attachments: # 1 Exhibit A - P)(Watson, Brian) (Entered: 11/08/2013) |

| | | |
|---|---:|---|
| 11/14/2013 | 152 | STATUS Report *re: defendants* by Charles Krik (Cascino, Michael) (Entered: 11/14/2013) |
| 11/15/2013 | 153 | MOTION by Defendant The Marley-Wylain Company for leave to file *DAUBERT MOTION* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Babiuch, Shawn) (Entered: 11/15/2013) |
| 11/15/2013 | 154 | NOTICE of Motion by Shawn Patrick Babiuch for presentment of motion for leave to file 153 before Honorable John Z. Lee on 11/20/2013 at 09:00 AM. (Babiuch, Shawn) (Entered: 11/15/2013) |
| 11/18/2013 | 155 | TRANSCRIPT OF PROCEEDINGS held on 7/24/2013 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, 312-408-5038, alexandra_roth@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Roth, Alexandra) (Entered: 11/18/2013) |
| 11/20/2013 | 156 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 11/20/13. Defendant Weil-McClains motion for leave to file Daubert motion 153 is denied for the reasons stated on the record. The hearing date of 11/22/13 is stricken. The status hearing set for 12/4/13 will stand, at which time the parties are to report on the status of the preparation of the pretrial order. Mailed notice (ca, ) (Entered: 11/20/2013) |
| 11/22/2013 | 157 | RESPONSE by Charles Krikin Opposition to MOTION by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company to bar UNDISCLOSED AND IMPROPERLY DISCLOSED WITNESSES 151 (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Index, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24 (Pt. 1 of 2), # 27 Exhibit 24 (Pt. 2 of 2), # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33)(Cascino, Michael) (Entered: 11/23/2013) |
| 11/27/2013 | 158 | MOTION by Defendant Crane Co. to join *OWENS-ILLINOIS, INC.S MOTION AND BRIEF TO BAR THE LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY* (Kasper, James) (Entered: 11/27/2013) |

| | | |
|---|---|---|
| 11/27/2013 | 159 | CERTIFICATE of Service by Shawn Patrick Babiuch on behalf of The Marley-Wylain Company (Babiuch, Shawn) (Entered: 11/27/2013) |
| 11/29/2013 | 160 | REPLY by Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company to MOTION by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company to bar UNDISCLOSED AND IMPROPERLY DISCLOSED WITNESSES 151 (Attachments: # 1 Exhibit Exhibits A-H)(Watson, Brian) (Entered: 11/29/2013) |
| 12/02/2013 | 161 | MOTION by Defendant The Marley-Wylain Company for joinder *in OWENS-ILLINOIS, INC.'s Motion and Brief to Bar the Longo/Mas Videotaped Experiments and Related Testimony* (Attachments: # 1 Certificate of Service) (Babiuch, Shawn) (Entered: 12/02/2013) |
| 12/04/2013 | 162 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 12/4/13. In light of the issues discussed at the hearing, the 12/20/13 deadline for the filing of a revised pretrial order is reset to 2/7/14. As noted on the record, plaintiff should send proposed stipulations to defendants in an effort to narrow the issues for trial. The proposed stipulations should be provided to defendants no later than 12/13/13. Defendants should respond to the proposed stipulations no later than 12/20/13. Plaintiff is directed to provide a complete draft of its proposed revised pretrial order as described in the court's standing order to defendants by 1/17/13. This draft must include a complete list of plaintiff's trial exhibits. Motions in limine are due on 2/7/14 in accordance with the court's standing order; responses are due on 2/21/14. Motions in limine that do not comport with the court's standing order will be summarily stricken. Defendants should meet and confer in an effort to file consolidated motions in limine and responses. A status hearing is set for 1/28/14 at 10:00 a.m. If further disputes arise between the parties with respect to the preparation of the pretrial order, the parties are encouraged to meet and confer and, if they are unable to resolve the disputes, to bring them to the court's attention via motion. Mailed notice (ca, ) (Entered: 12/04/2013) |
| 12/04/2013 | 163 | MINUTE entry before the Honorable John Z. Lee: Defendant Crane Co.'s motion [dkt. 158] and Defendant Marley-Wylain Company's motion [dkt. 161] to join Owens-Illinois, Inc.'s Motion to Bar the Longo/Mas Videotaped Experiments and Related Testimony are granted. Mailed notice (ca, ) (Entered: 12/04/2013) |
| 12/04/2013 | 164 | Letter from Mr. McCoy by Charles Krik *re: Status Hearing 12-4-2013* (Cascino, Michael) (Entered: 12/04/2013) |
| 12/05/2013 | 165 | MINUTE entry before the Honorable John Z. Lee: Pursuant to the Plaintiff's Status Report Re: Defendants [dkt. 152], the following defendants were dismissed from this action during proceedings in MDL-875 before remand and are no longer defendants in this case: Bechtel Construction Company; CBS Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Ingersoll Rand Company; Rapid American Corporation; Trane U.S., Inc.; and Union Carbide Corporation. Mailed notice (ca, ) (Entered: 12/05/2013) |
| 12/12/2013 | 166 | TRANSCRIPT OF PROCEEDINGS held on 10/31/2013 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, (312) |

| | | |
|---|---|---|
| | | 408-5038 alexandra_roth@ilnd.uscourts.gov. |
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |
| | | Redaction Request due 1/2/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/12/2014. (Roth, Alexandra) (Entered: 12/12/2013) |
| 12/18/2013 | 167 | NOTICE OF SUPPLEMENTAL AUTHORITY by Owens-Illinois Inc. (Attachments: # 1 Exhibit A - B)(Watson, Brian) (Entered: 12/18/2013) |
| 01/09/2014 | 168 | TRANSCRIPT OF PROCEEDINGS held on 12/4/2013 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 1/30/2014. Redacted Transcript Deadline set for 2/10/2014. Release of Transcript Restriction set for 4/9/2014. (Roth, Alexandra) (Entered: 01/09/2014) |
| 01/09/2014 | 169 | MOTION by Plaintiff Charles Krik for extension of time to file *Pretrial Report* (Cascino, Michael) (Entered: 01/09/2014) |
| 01/10/2014 | 170 | NOTICE of Motion by Michael Peter Cascino for presentment of motion for extension of time to file 169 before Honorable John Z. Lee on 1/15/2014 at 09:00 AM. (Cascino, Michael) (Entered: 01/10/2014) |
| 01/13/2014 | 171 | NOTICE by Owens-Illinois Inc. re MOTION by Defendant Owens-Illinois Inc. to bar THE LONGO/MAS VIDEOTAPED EXPERIMENTS AND RELATED TESTIMONY 65 *of Supplemental Authority* (Watson, Brian) (Entered: 01/13/2014) |
| 01/15/2014 | 172 | MINUTE entry before the Honorable John Z. Lee: The motion hearing set for 1/15/14 is reset to 1/17/14 at 9:00 a.m.Mailed notice (ca, ) (Entered: 01/15/2014) |
| 01/17/2014 | 173 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 1/17/14. Plaintiff's motion for extension of time to file pretrial report 169 is granted; Plaintiff must provide Defendants with the proposed pretrial report by 1/31/14. The parties pretrial report is to be filed by 2/21/14. Motions in limine are due by 2/21/14; responses are due by 3/7/14. The pretrial conference set for |

| | | |
|---|---|---|
| | | 4/11/14 is reset for 4/10/14 at 10:30 a.m. The status hearing previously set for 1/28/14 is reset to 2/5/14 at 9:00 a.m.Mailed notice (ca, ) (Entered: 01/17/2014) |
| 01/27/2014 | 174 | RESPONSE by Plaintiff Charles Krik to notice of filing 171 , motion to bar,,,,,, 65 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Cascino, Michael) (Entered: 01/27/2014) |
| 02/05/2014 | 175 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 2/5/14. Plaintiff should provide the defendant with the final exhibit list by 5:00 p.m. on 2/6/14. Defendant's response to the exhibit list is due by 2/14/14. All other deadlines will stand. Mailed notice (ca, ) (Entered: 02/05/2014) |
| 02/19/2014 | 176 | ATTORNEY Appearance for Defendant The Marley-Wylain Company by Emily C Zapotocny (Zapotocny, Emily) (Entered: 02/19/2014) |
| 02/19/2014 | 177 | MOTION by Defendant The Marley-Wylain Company to amend/correct *Expert Witness Disclosure and to file Expert Report* (Zapotocny, Emily) (Entered: 02/19/2014) |
| 02/19/2014 | 178 | NOTICE of Motion by Emily C Zapotocny for presentment of motion to amend/correct 177 before Honorable John Z. Lee on 2/25/2014 at 09:00 AM. (Zapotocny, Emily) (Entered: 02/19/2014) |
| 02/21/2014 | 179 | TRANSCRIPT OF PROCEEDINGS held on 1/17/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 3/14/2014. Redacted Transcript Deadline set for 3/24/2014. Release of Transcript Restriction set for 5/22/2014. (Roth, Alexandra) (Entered: 02/21/2014) |
| 02/21/2014 | 180 | TRANSCRIPT OF PROCEEDINGS held on 2/5/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 3/14/2014. Redacted Transcript Deadline set for 3/24/2014. Release of Transcript Restriction set for 5/22/2014. (Roth, Alexandra) |

| | | |
|---|---|---|
| | | (Entered: 02/21/2014) |
| 02/21/2014 | 181 | ATTORNEY Appearance for Marley-Wylain by Jason Patrick Eckerly by The Marley-Wylain Company (Eckerly, Jason) (Entered: 02/21/2014) |
| 02/21/2014 | 182 | MOTION by Defendant Crane Co.in limine *No. 01 to Preclude Evidence of or Argument for a Post-Sale Duty to Warn or Post-Sale Knowledge* (Carlson, Catherine) (Entered: 02/21/2014) |
| 02/21/2014 | 183 | MOTION by Defendant Crane Co.in limine *No. 2 to Preclude the Actions or Knowledge of a Trade Association From Being Imputed to Members Unless Plaintiff Provides That a Member had Actual Knowledge of, and Approved, the Actions of the Trade Association and Memorandum in Support* (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 184 | MEMORANDUM by Crane Co. in support of motion in limine, 183 (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 185 | MOTION by Defendant Crane Co.in limine *No. 3 to Exclude Argument Crane Co. Liable for Products Affixed Post-Sale* (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 186 | MEMORANDUM by Crane Co. in support of motion in limine 185 (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 187 | MOTION by Defendant Crane Co.in limine *No. 4 to Preclude Use o the Terms Asbestos Industry, Asbestos Company, or Member of the Asbestos Industry Before the Jury* (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 188 | MOTION by Defendant Crane Co.in limine *No. 5 to Preclude Introduction of Crane Co. Catalogs, Products, Advertisements, Photographs and Entities that are Not at Issue In This Case* (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 189 | MOTION by Defendant Crane Co.in limine *No. 6 to Bar Testimony Regarding "Cranite"* (Attachments: # 1 Exhibit A-Plaintiff's July 18, 2012 Deposition, # 2 Exhibit B-Plaitniff's August 4, 2011 Deposition, # 3 Exhibit C-Charles Krik Declaration)(Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 190 | MEMORANDUM by Crane Co. in support of motion in limine 188 (Kasper, James) (Entered: 02/21/2014) |
| 02/21/2014 | 191 | MOTION by Defendant The Marley-Wylain Companyin limine *Motion for Set-Off* (Babiuch, Shawn) (Entered: 02/21/2014) |
| 02/21/2014 | 192 | MOTION by Defendant The Marley-Wylain Companyin limine *to Exclude Evidence of its Brochures, Catalogues, Erecting Instructions, and Other Similar Documents* (Attachments: # 1 Exhibit Videotaped Evidence Deposition of Charles Krik - July 18, 2011)(Babiuch, Shawn) (Entered: 02/21/2014) |
| 02/21/2014 | 193 | MOTION by Defendant Owens-Illinois Inc.in limine *NO. 1 TO PRECLUDE PLAINTIFF'S "SYNERGISTIC" EVIDENCE AND ARGUMENTS* (Attachments: # 1 Exhibit A - C)(Watson, Brian) (Entered: 02/21/2014) |

| | | |
|---|---|---|
| 02/21/2014 | 194 | MOTION by Defendant Owens-Illinois Inc.in limine *NO. 2 TO PRECLUDE "SUBSTITUTION" EVIDENCE AND ARGUMENTS* (Attachments: # 1 Exhibit A - G)(Watson, Brian) (Entered: 02/21/2014) |
| 02/21/2014 | 195 | MOTION by Defendant Owens-Illinois Inc.in limine *NO. 3 TO PRECLUDE "NON-TOXIC" EVIDENCE AND ARGUMENTS* (Attachments: # 1 Exhibit A - I)(Watson, Brian) (Entered: 02/21/2014) |
| 02/21/2014 | 196 | MOTION by Defendant ExxonMobil Oil Corporationin limine *Motion to Adopt All Co-Defendants' Motions in Limine* (Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 197 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Bar Joseph Ferriter* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 198 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude All Undisclosed Opinions* (Attachments: # 1 Exhibit A, # 2 Errata B)(Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 199 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Limit Frank Parker - Causation* (Attachments: # 1 Exhibit A)(Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 200 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Testimony of Charles Krik Regarding Later Work at Mobil* (Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 201 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Testimony of Frank Parker Regarding Asbestos Content and Concentrations* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 202 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Invoices* (Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 203 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Limit Testimony of Arthur Frank - Asbestos Content and Airborne Concentrations* (Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 204 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Limit Charles Krik - Asbestos Content* (Attachments: # 1 Exhibit A)(Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 205 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Reference to Employee Injuries or Death* (Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 206 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude "Bonsib" Report* (Fanning, David) (Entered: 02/21/2014) |
| 02/21/2014 | 207 | MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Barry Castleman* (Fanning, David) (Entered: 02/21/2014) |

| 02/21/2014 | 208 | MOTION by Defendant ExxonMobil Oil Corporation in limine *to Exclude and Limit Testimony of Arthur Frank - Causation* (Fanning, David) (Entered: 02/21/2014) |
|---|---|---|
| 02/21/2014 | 209 | PROPOSED Pretrial Order (Attachments: # 1 1 - Statement regarding jurisdiction, # 2 2 - Statement of claims, # 3 3 - Itemization of damages and other relief sought, # 4 4 - List of witnesses, # 5 5 - Prior testimony designations, # 6 6 - Stipulations and uncontested facts, # 7 7a - Exhibit list (plaintiff), # 8 7b - Exhibit list (defendants'), # 9 8 - Statement regarding the type and length of trial, # 10 9 - Proposed voir dire questions, # 11 10 - Proposed jury instructions and verdict forms, # 12 Certificate of Service)(Cascino, Michael) (Entered: 02/21/2014) |
| 02/21/2014 | 210 | PROPOSED Jury Instructions by Charles Krik (Attachments: # 1 Certificate of Service)(Cascino, Michael) (Entered: 02/21/2014) |
| 02/21/2014 | 211 | MOTION by Plaintiff Charles Krik in limine (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Certificate of Service)(Cascino, Michael) (Entered: 02/21/2014) |
| 02/25/2014 | 212 | ATTORNEY Appearance for Defendant The Marley-Wylain Company by Cameron David Turner (Turner, Cameron) (Entered: 02/25/2014) |
| 02/25/2014 | 213 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 2/25/14. Plaintiff is not present. For the reasons stated on the record, Defendant Weil-McClains motion for leave to amend expert witness disclosure and to file expert report 177 is denied without prejudice. Defendant should meet and confer with Plaintiff and submit a renewed motion. Mailed notice (ca, ) (Entered: 02/25/2014) |
| 03/03/2014 | 214 | MOTION by Defendant The Marley-Wylain Company for leave to file *Expert Report* (Babiuch, Shawn) (Entered: 03/03/2014) |
| 03/03/2014 | 215 | NOTICE of Motion by Shawn Patrick Babiuch for presentment of motion for leave to file 214 before Honorable John Z. Lee on 3/6/2014 at 09:00 AM. (Babiuch, Shawn) (Entered: 03/03/2014) |
| 03/05/2014 | 216 | MINUTE entry before the Honorable John Z. Lee: Defendant Weil-McLain's motion to leave to file expert report 214 is granted. David Weill's report report is due on March 24, 2014. Upon Plaintiff's request, Weil-McLain should make Weill available for a deposition prior to 4/10/14. No appearance is necessary on the motion. Mailed notice (ca, ) (Entered: 03/05/2014) |
| 03/07/2014 | 217 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #1 - Evidence of "Exposure"* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 218 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #2 - Bankruptcy Claims* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 219 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #3 - Summary Judgment Motions* (Morris, |

| | | |
|---|---|---|
| | | Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 220 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #4 - Circumstances of Hiring* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 221 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #5 - Other CVLO Matters* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 222 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #6 - Lawyer-Made Claims* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 223 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #7 - Navy State of Art* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 224 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #8 - U.S. Asbestos Stockpile* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 225 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #9 - Asbestos Won the War* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 226 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #10 - Medical Conditions* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 227 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine - Evidence of Exposures* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 228 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #12 - Missing Witness* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 229 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion in limine 211 *to Plaintiff's Omnibus Motion in Limine #13 - Documentary Evidence* (Morris, Howard) (Entered: 03/07/2014) |
| 03/07/2014 | 230 | RESPONSE by Defendant Crane Co. *Response and Objections to Plaintiff's Motion in Limine No. 1* (Kasper, James) (Entered: 03/07/2014) |
| 03/07/2014 | 231 | RESPONSE by Defendant Crane Co. *Response and Objections to Plaintiff's Motion in Limine No. 2* (Attachments: # 1 Exhibit A)(Kasper, James) (Entered: 03/07/2014) |
| 03/07/2014 | 232 | RESPONSE by Defendant Crane Co. *Response and Ojbections to Plaintiff's Motion in Limine No. 3* (Kasper, James) (Entered: 03/07/2014) |

| 03/07/2014 | 233 | RESPONSE by Defendant Crane Co. *Response and Objections to Plaintiff's Motion in Limine No. 7* (Kasper, James) (Entered: 03/07/2014) |
| 03/07/2014 | 234 | RESPONSE by Defendant Crane Co. *Response and Objections to Plaintiff's Motion in Limine No. 10* (Kasper, James) (Entered: 03/07/2014) |
| 03/07/2014 | 235 | RESPONSE by Defendant Crane Co. *Responses and Objections to Plaintiff's Motions in Limine No. 4, No. 5, No. 6, No. 8, No. 9, No. 11, No. 12 and No. 13* (Kasper, James) (Entered: 03/07/2014) |
| 03/07/2014 | 236 | RESPONSE by Defendant The Marley-Wylain Company for joinder *in EXXONMOBIL OIL CORPORATION's Response to Plaintiff's Omnibus Motion in Limine #10: Medical Conditions* (Babiuch, Shawn) Modified on 3/12/2014 (mjc, ). (Entered: 03/07/2014) |
| 03/07/2014 | 237 | RESPONSE by The Marley-Wylain Companyin Opposition to MOTION by Plaintiff Charles Krikin limine 211 *#1 to Prevent the Introduction of Evidence Not Disclosed During Discovery* (Babiuch, Shawn) (Entered: 03/07/2014) |
| 03/07/2014 | 238 | RESPONSE by The Marley-Wylain Companyin Opposition to MOTION by Plaintiff Charles Krikin limine 211 *#2 to Exclude Bankruptcy Trust Documents* (Babiuch, Shawn) (Entered: 03/07/2014) |
| 03/07/2014 | 239 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 1* (Attachments: # 1 Exhibit A)(Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 240 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Crane Co.in limine *No. 01 to Preclude Evidence of or Argument for a Post-Sale Duty to Warn or Post-Sale Knowledge* 182 (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 241 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Crane Co.in limine *No. 2 to Preclude the Actions or Knowledge of a Trade Association From Being Imputed to Members Unless Plaintiff Provides That a Member had Actual Knowledge of, and Approved, the Actions of the Trade Associatio 183* (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 242 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Crane Co.in limine *No. 3 to Exclude Argument Crane Co. Liable for Products Affixed Post-Sale* 185 (Attachments: # 1 Exhibit 1)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 243 | RESPONSE by Charles Krik to MOTION by Defendant Crane Co.in limine *No. 4 to Preclude Use o the Terms Asbestos Industry, Asbestos Company, or Member of the Asbestos Industry Before the Jury* 187 (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 244 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Crane Co.in limine *No. 5 to Preclude Introduction of Crane Co. Catalogs, Products, Advertisements, Photographs and Entities that are Not at Issue In This Case* 188 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Cascino, Michael) (Entered: 03/07/2014) |

**Case: 1:10-cv-07435 Document #: 415 Filed: 09/24/15 Page 45 of 68 PageID #:14135**

| | | |
|---|---|---|
| 03/07/2014 | 245 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Crane Co.in limine *No. 6 to Bar Testimony Regarding "Cranite"* 189 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 246 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 2* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 247 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 3* (Attachments: # 1 Exhibit A - B)(Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 248 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 4* (Attachments: # 1 Exhibit A - C)(Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 249 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 5* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 250 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 6* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 251 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 7* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 252 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 9* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 253 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude "Bonsib" Report* 206 (Attachments: # 1 Exhibit 1 (part 1 of 2), # 2 Exhibit 1 (part 2 of 2), # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 254 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Barry Castleman* 207 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 255 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude and Limit Testimony of Arthur Frank - Causation* 208 (Attachments: # 1 Exhibit 1)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 256 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Limit Testimony of Arthur Frank - Asbestos Content and Airborne Concentrations* 203 (Attachments: # 1 Exhibit 1)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 257 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Reference to Employee Injuries or Death* 205 (Cascino, Michael) (Entered: 03/07/2014) |

| 03/07/2014 | 258 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 10* (Attachments: # 1 Exhibit A)(Watson, Brian) (Entered: 03/07/2014) |
|---|---|---|
| 03/07/2014 | 259 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Bar Joseph Ferrier* 197 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 260 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Limit Frank Parker - Causation* 199 (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 261 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Testimony of Frank Parker Regarding Asbestos Content and Concentrations* 201 (Attachments: # 1 Exhibit 1)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 262 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Invoices* 202 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 263 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 11* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 264 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Limit Charles Krik - Asbestos Content* 204 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 265 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude Testimony of Charles Krik Regarding Later Work at Mobil* 200 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 266 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *Motion to Adopt All Co-Defendants' Motions in Limine* 196 (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 267 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant ExxonMobil Oil Corporationin limine *to Exclude All Undisclosed Opinions* 198 (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 268 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Owens-Illinois Inc.in limine *NO. 1 TO PRECLUDE PLAINTIFF'S "SYNERGISTIC" EVIDENCE AND ARGUMENTS* 193 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 269 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Owens-Illinois Inc.in limine *NO. 2 TO PRECLUDE "SUBSTITUTION" EVIDENCE AND ARGUMENTS* 194 (Cascino, Michael) (Entered: 03/07/2014) |

| 03/07/2014 | 270 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant The Marley-Wylain Companyin limine *to Exclude Evidence of its Brochures, Catalogues, Erecting Instructions, and Other Similar Documents* 192 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Cascino, Michael) (Entered: 03/07/2014) |
|---|---|---|
| 03/07/2014 | 271 | RESPONSE by Charles Krik to MOTION by Defendant The Marley-Wylain Companyin limine *Motion for Set-Off* 191 (Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 272 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 12* (Watson, Brian) (Entered: 03/07/2014) |
| 03/07/2014 | 273 | RESPONSE by Charles Krikin Opposition to MOTION by Defendant Owens-Illinois Inc.in limine *NO. 3 TO PRECLUDE "NON-TOXIC" EVIDENCE AND ARGUMENTS* 195 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8 (Part 1 of 6), # 9 Exhibit 8 (Part 2 of 6), # 10 Exhibit 8 (Part 3 of 6), # 11 Exhibit 8 (Part 4 of 6), # 12 Exhibit 8 (Part 5 of 6), # 13 Exhibit 8 (Part 6 of 6), # 14 Exhibit 9)(Cascino, Michael) (Entered: 03/07/2014) |
| 03/07/2014 | 274 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krikin limine 211 *No. 13* (Watson, Brian) (Entered: 03/07/2014) |
| 03/14/2014 | 275 | NOTICE by Charles Krik re response in opposition to motion, 253 , *Notice of Corrected Filing* (Attachments: # 1 Corrected response)(Cascino, Michael) (Entered: 03/14/2014) |
| 03/19/2014 | 276 | MOTION by Plaintiff Charles Krik to take deposition of industrial hygiene expert Frank Parker (Cascino, Michael) (Entered: 03/19/2014) |
| 03/19/2014 | 277 | NOTICE of Motion by Michael Peter Cascino for presentment of motion to take deposition 276 before Honorable John Z. Lee on 4/1/2014 at 09:00 AM. (Cascino, Michael) (Entered: 03/19/2014) |
| 03/21/2014 | 278 | MINUTE entry before the Honorable John Z. Lee: After further consideration of the numerous Daubert motions (dkt. 62, 63, 64, 65, 66, 67, 71, 76) filed by the defendants, the Court concludes that oral argument with respect to these motions would aid the Court in resolving these multiple motions. Accordingly, the Court schedules oral argument on 4/8/14 commencing at 2:00 p.m. The pre-trial conference dates of 4/10/14, 4/17/14, and 4/18/14, and the trial date of 4/28/14, are hereby stricken. Given that the trial date is stricken, Plaintiff's motion to take deposition of industrial hygiene expert Frank Parker (dkt. 276) is denied without prejudice at this time. The Daubert motions (dkt. 62, 63, 64, 65, 66, 67, 71, 76) are hereby taken under advisement pending oral argument. [For further details see separate order.]Mailed notice (ca, ) (Entered: 03/21/2014) |
| 03/21/2014 | 279 | ORDER Signed by the Honorable John Z. Lee on 3/21/14Mailed notice(ca, ). (Entered: 03/21/2014) |

| 04/07/2014 | 280 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9363359. (Fusco, David) (Entered: 04/07/2014) |
|---|---|---|
| 04/07/2014 | 281 | MINUTE entry before the Honorable John Z. Lee: Motion for leave to appear pro hac vice by David Fusco 280 is granted. Mailed notice (ca, ) (Entered: 04/07/2014) |
| 04/08/2014 | 282 | MINUTE entry before the Honorable John Z. Lee:Oral argument held on 4/8/14. Mailed notice (ca, ) (Entered: 04/09/2014) |
| 06/26/2014 | 283 | EXECUTIVE COMMITTEE ORDER: It appearing that, pursuant to the Executive Committee Order entered on June 26, 2014, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Manish S. Shah, therefore IT IS HEREBY ORDERED That the attached list of 283 cases be reassigned to the Honorable Manish S. Shah. IT IS FURTHER ORDERED that this order shall become effective on June 27, 2014. Signed by Executive Committee on June 26, 2014. Mailed notices.(rp, ) (Entered: 06/27/2014) |
| 06/30/2014 | 284 | ORDER: This case has been reassigned to form the initial calendar of the Honorable Manish S. Shah. All previously set status dates and motion hearing dates are hereby stricken. The Court will set a date for a reassignment status conference by separate order. The parties are directed not to notice any motions for presentment prior to the reassignment status conference without first contacting the courtroom deputy. All other hearing dates, deadlines and schedules in place as of the date of this Order remain in effect. All existing referrals to the assigned magistrate judge remain in place. Counsel for the parties shall confer and then prepare and file a joint Reassignment Status Report, not to exceed five pages, within 14 days of the entry of this Order. If defendants counsel has not yet filed an appearance, the Reassignment Status Report should be prepared by plaintiff's counsel. A template for the Reassignment Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov /home/JudgeInfo.aspx by clicking on Judge Shah's name and then again on the link entitled 'Cases Reassigned to Judge Shah.' Signed by the Honorable Manish S. Shah on 6/30/2014. Mailed notice (td, ) (Entered: 06/30/2014) |
| 07/09/2014 | 285 | ATTORNEY Appearance for Plaintiff Charles Krik by Robert George McCoy (McCoy, Robert) (Entered: 07/09/2014) |
| 07/11/2014 | 286 | STIPULATION of Dismissal *JOINT* (Babiuch, Shawn) (Entered: 07/11/2014) |
| 07/14/2014 | 287 | STATUS Report *JOINT REASSIGNMENT STATUS REPORT re 284 by Plaintiff and* by Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc., The Marley-Wylain Company (Watson, Brian) (Entered: 07/14/2014) |
| 07/22/2014 | 288 | MINUTE entry before the Honorable Manish S. Shah: Per the parties' Joint Stipulation of Dismissal 286 Defendant Weil-McLain is dismissed without prejudice with each party to bear its own costs. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/22/2014) |

| 07/28/2014 | 289 | SUPPLEMENT to reply to response to motion 97 *and Motion 66 to Bar the "Any Exposure" Opinion by Owens-Illinois, Inc.* (Attachments: # 1 Supplement Davidson v. Georgia Pacific LLC, No. 12-cv-1463, 2014 WL 3510268, at *3-6 (W.D. La. July 14, 2014))(Watson, Brian) (Entered: 07/28/2014) |
| --- | --- | --- |
| 07/28/2014 | 290 | DOCUMENT ENTERED IN ERROR (Modified by Clerk's Office on 7/29/2014) (td, ). (Entered: 07/29/2014) |
| 07/29/2014 | 291 | NOTICE of Correction regarding 290 . (td, ) (Entered: 07/29/2014) |
| 08/01/2014 | 292 | EXECUTIVE COMMITTEE ORDER: It appearing that 10 CV 7435, Krik v. BP America, Inc., et al., is pending before the Hon. Manish S. Shah, and It further appearing that Judge Shah and the Hon. John Z. Lee have agreed, pursuant to Internal Operating Procedure 13(h) of this Court, that Judge Lee preside over certain Daubert motions in 10 CV 7435; therefore It is hereby ordered that Daubert motions recorded on the docket of 10 CV 7435 as documents number 62, 63, 64, 65, 66, 67, 71 and 76 are transferred to the Hon John Z. Lee for disposition. Case 10 CV 7435 shall remain pending before Judge Shah. Signed by the Executive Committee on 8/1/2014. (td, ) (Entered: 08/01/2014) |
| 08/11/2014 | 293 | MINUTE entry before the Honorable Manish S. Shah: A status hearing is hereby set before Judge Shah on 8/20/14 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/11/2014) |
| 08/18/2014 | 294 | MINUTE entry before the Honorable Manish S. Shah: At the parties' request, the status hearing previously set for 8/20/14 at 9:30 a.m. is hereby stricken and reset to 8/26/14 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/18/2014) |
| 08/19/2014 | 295 | TRANSCRIPT OF PROCEEDINGS held on 4/8/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 9/9/2014. Redacted Transcript Deadline set for 9/19/2014. Release of Transcript Restriction set for 11/17/2014. (Roth, Alexandra) (Entered: 08/19/2014) |
| 08/26/2014 | 296 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held and continued to 10/28/14 at 9:30 a.m. The court notes that certain Daubert motions, docket numbers 62, 63, 64, 65, 66, 67, 71 and 76 have been transferred to the Judge John Z. Lee for disposition. When counsel believes they are prepared to do so, the court requires the submission of a further status report, narrowing down what issues before this court are fully briefed and can be resolved independent of |

| | | |
|---|---|---|
| | | the Daubert motions. The court notes for counsel that after a ruling on the Daubert motions is received, it may require a further submission outlining the remaining issues in this case. A trial date will not be set at this time. Notices mailed by Judicial Staff. (psm, ) (Entered: 08/26/2014) |
| 10/20/2014 | 297 | LETTER from Plaintiff dated 10/14/14. (Poor Quality Original - Paper Document on File.) (psm, ) (Entered: 10/21/2014) |
| 10/21/2014 | 298 | MINUTE entry before the Honorable John Z. Lee: For the reasons set forth in the attached Memorandum Opinion and Order, Defendants' motions to preclude the testimony of Dr. Barry Castleman (dkt. 63, 64, 77); are granted in part and denied in part. Defendants motions to bar the Longo/MAS Videotaped Experiments and Related Testimony (dkt. 65, 77, 158) are granted. [For further details see memorandum opinion and order.] Mailed notice (ca, ) (Entered: 10/21/2014) |
| 10/21/2014 | 299 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 10/21/14Mailed notice(ca, ). (Entered: 10/21/2014) |
| 10/27/2014 | 300 | MINUTE entry before the Honorable Manish S. Shah: At the status hearing on 10/28/14, counsel should be prepared to discuss defendants' motion to bar certain witnesses 151 , and the court may rule on that motion orally. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/27/2014) |
| 10/27/2014 | 301 | MINUTE entry before the Honorable Manish S. Shah: Status hearing previously set for 10/28/14 at 9:30 a.m. is hereby reset to 9:45 a.m. Please note, this is only a time change. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/27/2014) |
| 10/27/2014 | 302 | STATUS Report *re 296 by Plaintiff and* by Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc. (Watson, Brian) (Entered: 10/27/2014) |
| 10/28/2014 | 303 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. Weil-McLain's Motions in Limine 191 and 192 are denied as moot. ExxonMobil Oil Corporation's Motion to Adopt All Co-Defendants' Motions in Limine 196 is granted. ExxonMobil Oil Corporation's Motion in Limine to Exclude Barry Castleman 207 is denied as moot, and Mr. Castleman may testify as described by Judge Lee's ruling [298, 299]. For the reasons stated in open court, Defendants' Second Joint Motion to Bar Undisclosed and Improperly Disclosed Witnesses 151 is granted in part, denied in part. In summary: Plaintiff withdraws Paul Schuelke as a witness and accordingly, the motion is moot as to Paul Schuelke. There is a dispute over whether Judge Lee's ruling bars John Templin's testimony. The motion is entered and continued as to John Templin, and the court will issue a further order as to that witness. The motion is denied as to Anthony Pantaleoni, William McLean, and Bruce Larson. The motion is denied as to Arthur Pabst, subject to Mr. Pabst's deposition being turned over to Defendants' counsel today. The motion is denied as to Willis Hazard, limited to Mr. Hazard's deposition testimony on 2/11/1981 as agreed by counsel in open court. The motion is denied as to Richard Grimmie, limited to Mr. Grimmie's trial testimony as disclosed by Defendants. The motion is granted in part as to Joseph Ferriter. Mr. Ferriter is barred from testifying as a fact witness. The issue of whether Mr. Ferriter may testify as an expert witness will be resolved when the court rules on |

| | | |
|---|---|---|
| | | the pending Motion in Limine to Bar Joseph Ferriter 197 . Pretrial conference is set for 12/17/14 at 2:00 p.m. The court expects to issue oral rulings on the remaining motions in limine at the pretrial conference on 12/17/14. Counsel for the parties advise the court that a trial in this matter will take two weeks. Jury trial is set for 4/20/15 at 9:30 a.m. through 5/1/15. A revised proposed pretrial order shall be submitted to this court's proposed order email inbox at proposed_order_shah@ilnd.uscourts.gov and filed on the court's docket by 2/9/15. Final pretrial conference is set for 3/9/15 at 2:00 p.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/28/2014) |
| 10/30/2014 | 304 | MOTION by Plaintiff Charles Krik for leave to file *Supplemental Response to Defendants' Second Joint Motion to Bar Undisclosed Witnesses* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(McCoy, Robert) (Entered: 10/30/2014) |
| 10/31/2014 | 305 | NOTICE of Motion by Robert George McCoy for presentment of motion for leave to file 304 before Honorable Manish S. Shah on 11/5/2014 at 09:45 AM. (McCoy, Robert) (Entered: 10/31/2014) |
| 10/31/2014 | 306 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's Motion to Supplement 304 is granted. Plaintiff may file his supplemental response on the court's docket as a separate entry. Defendants may file a supplemental reply by 11/13/14. Motion hearing previously set for 11/5/14 at 9:45 a.m. is hereby stricken and no appearance is necessary. Notices mailed by Judicial Staff. (psm, ) (Entered: 10/31/2014) |
| 10/31/2014 | 307 | RESPONSE by Plaintiff Charles Krik *as to John Templin to Defendants' Second Motion to Bar Undisclosed and Improperly Disclosed Witnesses (D.E. 151)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(McCoy, Robert) (Entered: 10/31/2014) |
| 11/05/2014 | 308 | TRANSCRIPT OF PROCEEDINGS held on 10/28/14, Preliminary Pretrial Conference, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/26/2014. Redacted Transcript Deadline set for 12/8/2014. Release of Transcript Restriction set for 2/3/2015. (Conway, Colleen) (Entered: 11/05/2014) |
| 11/13/2014 | 309 | REPLY by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc. to Response 307 (Attachments: # 1 Exhibit A - John Templin Dep., Nov. 1, 2013, # 2 Exhibit B - William Longo Tr. Test., In re Garlock Sealing Techns., LLC, No. 10-31607, July 29, 2013)(Watson, Brian) (Entered: 11/13/2014) |

| | | |
|---|---|---|
| 11/23/2014 | 310 | MOTION by Plaintiff Charles Krik to Limit Consideration of Defendants' Joint reply to Plaintiff's Supplemental Response as to John Templin (McCoy, Robert) (Entered: 11/23/2014) |
| 12/11/2014 | 311 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10143485. (Budd, Terry) (Entered: 12/11/2014) |
| 12/17/2014 | 312 | MINUTE entry before the Honorable Manish S. Shah: Pretrial conference held. Motion for Leave to Appear Pro Hac Vice 311 is granted. For the reasons stated in open court the following motions were ruled upon as follows: Plaintiff's motion 310 to limit consideration of defendants' joint reply is granted in part, denied in part. Witness Templin and the studies offered in support of his testimony are excluded pursuant to Rules 702 and 403, and Judge Lee's prior ruling concerning the Longo/MAS videos. Plaintiff's Motion in Limine 211 is granted in part, denied in part. Crane's Motion in Limine 182 is denied in part, granted in part. 183 is denied. 185 is denied. 187 is granted. 188 is denied. 189 is denied. Owens-Illinois's motion 193 is denied, subject to admissible evidence being offered by plaintiff concerning pre-1958 knowledge by defendant. 194 is granted. 195 is denied, although the court may revisit this ruling if the plaintiff uses "non-toxic" evidence in a manner contrary to its limited relevance. Exxon's motion 197 is granted in part, denied in part. Witness Ferriter may not offer any testimony concerning the presence of asbestos in Mobil's refinery during the time period at issue in this case. 198 is granted. 199 is granted. 200 is granted in part, denied in part. Plaintiff Krik may testify about work he performed at Mobil subject to a limiting instruction to preclude the jury from inferring negligence from subsequent remedial measures. 201 is denied, subject to being revisited upon a ruling in the related Daubert motion concerning Frank Parker. 202 is denied, subject to a business record foundation being laid by Plaintiff. 203 and 208 are denied, subject to being revisited upon a ruling in the related Daubert motion concerning Arthur Frank. 204 is denied, subject to Plaintiff Krik having an adequate foundation to provide testimony about asbestos content not based on speculation or hearsay. 205 is granted. 206 is granted in part, denied in part. The "Bonsib" report is not admissible but may be referenced if part of the basis for an expert's conclusions. Any new evidence, obtained since the close of discovery, that a party intends to offer at trial must be disclosed to all parties by 01/16. This does not include expert demonstrative exhibits. Deposition designations, highlighting the objections that require ruling, shall be submitted to chambers along with the proposed pretrial order on 2/9/15. Final pretrial conference remains set for 3/9/15 at 2:00 p.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 12/17/2014) |
| 12/22/2014 | 313 | MINUTE entry before the Honorable John Z. Lee: For the reasons stated in the memorandum opinion and order. Defendants Crane Co.'s, Marley-Wylain's, and Exxon/Mobil's Motions to Exclude the "Each and Every Exposure" Opinion offered by Dr's. Frank and Brody (dkt. 62, 73, 77) are granted. Defendants Owens-Illinois' and Exxon/Mobils Motions to Exclude the Any Exposure Opinion offered by Dr. Frank (dkt. 66, 77) are granted. Defendants Marley-Wylain's and Exxon/Mobils Motions to Exclude the "Single Fiber Theory" of Dr. Frank and any |

| | | |
|---|---|---|
| | | others (Weil, Mobil) (dkt. 71, 77) are granted. Defendant Exxon/Mobil's Motion to Bar the Expert Opinions of Frank and Parker (dkt. 67, 76, 77) is granted in part and denied in part. [For further details see memorandum opinion and order.] Mailed notice (ca, ) (Entered: 12/22/2014) |
| 12/22/2014 | 314 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 12/22/14Mailed notice(ca, ). (Entered: 12/22/2014) |
| 01/20/2015 | 315 | TRANSCRIPT OF PROCEEDINGS held on 12/17/14, Interim Pretrial Conference, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 2/10/2015. Redacted Transcript Deadline set for 2/20/2015. Release of Transcript Restriction set for 4/20/2015. (Conway, Colleen) (Entered: 01/20/2015) |
| 02/05/2015 | 316 | MINUTE entry before the Honorable Manish S. Shah: By agreement of the parties, the revised proposed pretrial order shall be submitted to this court's proposed order email inbox at proposed_order_shah@ilnd.uscourts.gov and filed on the court's docket by 2/19/15. Notices mailed by Judicial Staff. (psm, ) (Entered: 02/05/2015) |
| 02/19/2015 | 317 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's ex parte request for an extension of time to submit the proposed pretrial order is granted. The revised proposed pretrial order shall be submitted to this court's proposed order email inbox at proposed_order_shah@ilnd.uscourts.gov and filed on the court's docket by 2/26/15. Notices mailed by Judicial Staff. (psm, ) (Entered: 02/19/2015) |
| 02/26/2015 | 318 | PROPOSED Pretrial Order (Attachments: # 1 Section 1 - Jurisdiction, # 2 Section 2 - Trial Attorneys, # 3 Section 3 - Statement of Case, # 4 Section 4 - Length of Trial, # 5 Section 5 - Stipulations and Uncontested Facts, # 6 Section 6 - Witness Lists, # 7 Section 7a - Plaintiff's Exhibit List, # 8 Section 7b - Plaintiff's 803(18) Exhibit List, # 9 Section 7c - Crane Co.'s Exhibit List, # 10 Section 7d - OI & Mobil's Exhibit List, # 11 Section 8 - Relief Sought, # 12 Section 9 - Motions in Limine, # 13 Section 10 - Proposed Voir Dire, # 14 Section 11a - Crane Co's Proposed Jury Instructions and Verdict Form, # 15 OI & Mobil's Proposed Jury Instructions and Verdict Form, # 16 Section 12 - Prior Testimony Designations) (McCoy, Robert) (Entered: 02/26/2015) |
| 03/05/2015 | 319 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff's proposed jury instructions numbers 44 through 53 are not contained in the filing on the docket, see [318-15] at 117-118, or in the materials submitted to the court's proposed order |

| | | |
|---|---:|---|
| | | email address. Unless plaintiff no longer wishes to propose those instructions, plaintiff shall file his instructions 44 through 53 as a separate docket entry by close of business on 03/05/2015. Notices mailed by Judicial Staff. (psm, ) (Entered: 03/05/2015) |
| 03/05/2015 | 320 | PROPOSED Jury Instructions by Charles Krik (McCoy, Robert) (Entered: 03/05/2015) |
| 03/09/2015 | 321 | MINUTE entry before the Honorable Manish S. Shah: Pretrial conference held and continued to April 9, 2015 at 1:30 p.m. Plaintiff shall file an additional brief concerning the testimony of Dr. Frank by March 23, 2015; defendants' response is due by March 30, 2015. Notices mailed by Judicial Staff. (psm, ) (Entered: 03/09/2015) |
| 03/12/2015 | 322 | ORDER. Signed by the Honorable Manish S. Shah on 3/12/2015. Notices mailed by Judicial Staff. (psm, ) (Entered: 03/12/2015) |
| 03/20/2015 | 323 | Brief by Crane Co. *In Support of Proposed Application of McDermott, Inc. v. AmClyde* (Attachments: # 1 Exhibit 1, # 2 Notice of Filing)(Kasper, James) (Entered: 03/20/2015) |
| 03/20/2015 | 324 | TRIAL Brief *response to the Court's Order of March 12, 2015 322* by Owens-Illinois Inc. (Attachments: # 1 Exhibit A - Plaintiff Charles Krik's Response to Bankruptcy Trust Discovery Served by Georgia Pacific - 9/30/11, # 2 Exhibit B - Plaintiff Charles Krik's Owens Corning/Fibreboard Asbestos Personal Injury Trust Proof of Claim Form, # 3 Exhibit C - Plaintiff Charles Krik's Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust Proof of Claim Form, # 4 Exhibit D - Plaintiff's Response to Defendant Owens-Illinois, Inc.'s Product Specific Interrogatories and Request for Production of Documents - 7/27/2011, # 5 Exhibit E - Plaintiff Charles Krik's Affidavit in Support of Claim of Exposure to Halliburton/Worthington Asbestos Related Products, # 6 Exhibit F - Verdict, Winnemueller v. Bldg. Servs. Indus. Sales Co., # 7 Exhibit G - Verdict, Eske v. Fleming Materials Co., # 8 Exhibit H - Judgment on Special Verdict in Jury Trial, Beauchamp v. Owens-Illinois, Inc.)(Watson, Brian) (Entered: 03/20/2015) |
| 03/20/2015 | 325 | TRIAL Brief *Regarding Proposed Approach on Application of McDermott* by ExxonMobil Oil Corporation (Fanning, David) (Entered: 03/20/2015) |
| 03/20/2015 | 326 | RESPONSE by Plaintiff Charles Krik *re McDermott* (Cascino, Michael) (Entered: 03/20/2015) |

| 03/23/2015 | 327 | TRANSCRIPT OF PROCEEDINGS held on March 9, 2015, before the Honorable Manish S. Shah. Court Reporter Contact Information: Nancy L. Bistany, CSR, RPR, FCRR / 312.435.7626 / nancy_bistany@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/13/2015. Redacted Transcript Deadline set for 4/23/2015. Release of Transcript Restriction set for 6/22/2015. (Bistany, Nancy) (Entered: 03/23/2015) |
| --- | --- | --- |
| 03/23/2015 | 328 | MEMORANDUM order 322 by Charles Krik *re Dr. Arthur Frank* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Certificate of Service)(Cascino, Michael) (Entered: 03/23/2015) |
| 03/30/2015 | 329 | RESPONSE by Defendants Crane Co., ExxonMobil Oil Corporation, Owens-Illinois Inc. to memorandum, 328 *concerning the testimony of Dr. Arthur Frank* (Watson, Brian) (Entered: 03/30/2015) |
| 04/02/2015 | 330 | REPLY by Plaintiff Charles Krik to Response 329 (Attachments: # 1 Exhibit 18, # 2 Exhibit 19)(McCoy, Robert) (Entered: 04/02/2015) |
| 04/08/2015 | 331 | NOTICE by ExxonMobil Oil Corporation *filing of its Proposed Jury Instructions Regarding Contribution* (Attachments: # 1 Exhibit A - Proposed Jury Instructions Regarding Contribution)(Fanning, David) (Entered: 04/08/2015) |
| 04/08/2015 | 332 | MEMORANDUM by ExxonMobil Oil Corporation *in Response to Proposed Verdict Form on Issues of Contribution* (Attachments: # 1 Exhibit A - Proposed Contribution Instructions)(Fanning, David) (Entered: 04/08/2015) |
| 04/09/2015 | 333 | MINUTE entry before the Honorable Manish S. Shah: Final pretrial conference held. Plaintiff is ordered to disclose to defendants a list of entities or individuals against whom plaintiff released claims in exchange for some good-faith consideration, and shall list the consideration for each entity or individual. Plaintiff's disclosure is due to defendants by 5 pm on 04/10/15. Defendant Owens-Illinois has leave to file a motion concerning the video deposition of Dr. Burhani, and need not notice the motion for presentment. Any response from Plaintiff to Defendant Owens-Illinois's motion concerning the video deposition shall be filed by 04/17/15, and the court will rule on the admissibility of the video deposition if necessary during trial. Plaintiff shall re-send updated medical records to Defendants by 04/10/15, and Defendants shall respond to Plaintiff by 04/17/15. Jury trial remains set for 04/20/15 at 9:30 a.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 04/09/2015) |

| 04/10/2015 | 334 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10529182. (Farrier, Richard) (Entered: 04/10/2015) |
|---|---|---|
| 04/10/2015 | 335 | MOTION by Defendant Owens-Illinois Inc. to Permit the Videotaped Evidence Deposition of Nafisa D. Burhani, M.D. re: 333 (Attachments: # 1 Exhibit A - Nafisa Burhani Video. Evid. Dep., Aug. 29, 2013, # 2 Exhibit B - Rule 26 Report prepared by counsel for Dr. Nafisa D. Burhani, # 3 Exhibit C - Email from Tucker Eads, Apr. 10, 2015, # 4 Exhibit D - Email from Edward Casmere, Mar. 31, 2015, # 5 Exhibit E - Nafisa Burhani Aff., Apr. 8, 2015)(Watson, Brian) (Entered: 04/10/2015) |
| 04/13/2015 | 📎 336 | TRANSCRIPT OF PROCEEDINGS held on 04/09/15, Continued Final Pretrial Conference, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 5/4/2015. Redacted Transcript Deadline set for 5/14/2015. Release of Transcript Restriction set for 7/13/2015. (Conway, Colleen) (Entered: 04/13/2015) |
| 04/13/2015 | 337 | MOTION by Defendant Crane Co. to amend/correct MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10529182. 334 (Attachments: # 1 Exhibit A)(Hutchison, Clifton) (Entered: 04/13/2015) |
| 04/13/2015 | 338 | MINUTE entry before the Honorable Manish S. Shah: The Motion for Leave to Appear Pro Hac Vice 334 is granted. Richard A. Farrier may file his appearance on behalf of Crane Co. and is added as counsel of record. Notices mailed by Judicial Staff. (psm, ) (Entered: 04/13/2015) |
| 04/15/2015 | 339 | MOTION by Defendant Crane Co. for joinder *In Defendant, OWENS-ILLINOIS, INC.S Motion to Permit the Videotaped Deposition of NAFISA D. BURHANI, M.D'* (Carlson, Catherine) (Entered: 04/15/2015) |
| 04/15/2015 | 340 | MOTION by Defendant ExxonMobil Oil Corporation for joinder *in Defendant Owens-Illinois, Inc.'s Motion to Permit the Videotaped Deposition of Nafisa D. Burhani, M.D.* (Fanning, David) (Entered: 04/15/2015) |
| 04/16/2015 | 341 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation by Jerry W. Blackwell (Blackwell, Jerry) (Entered: 04/16/2015) |
| 04/17/2015 | 342 | RESPONSE by Charles Krik to MOTION by Defendant Owens-Illinois Inc. to Permit the Videotaped Evidence Deposition of Nafisa D. Burhani, M.D. re: 333 335 (Attachments: # 1 Exhibit 1)(McCoy, Robert) (Entered: 04/17/2015) |

| 04/20/2015 | 343 | ORDER before the Honorable Manish S. Shah: Voir dire held. Jury selected. Opening statements presented. Jury trial held and continued to 4/21/15 at 10:00 a.m. Mailed notice (gcy, ) (Entered: 04/21/2015) |
| 04/20/2015 | 344 | ORDER before the Honorable Manish S. Shah: Pursuant to the parties' stipulation reported in open court, defendant Crane Co. is dismissed with prejudice from the instant cause of action, each party to bear its own costs. Mailed notice (gcy, ) (Entered: 04/21/2015) |
| 04/21/2015 | 345 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/22/15 at 10:45 a.m. Mailed notice. (jj, ) (Entered: 04/21/2015) |
| 04/21/2015 | 349 | JURY Notes.(gcy, ) (Entered: 04/24/2015) |
| 04/22/2015 | 346 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/23/15 at 10:00 a.m. Mailed notice. (jj, ) (Entered: 04/23/2015) |
| 04/23/2015 | 347 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/24/15 at 10:00 a.m. Mailed notice. (jj, ) (Entered: 04/23/2015) |
| 04/24/2015 | 348 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/27/15 at 10:00 a.m. Mailed notice. (mgh, ) (Entered: 04/24/2015) |
| 04/27/2015 | 350 | RESPONSE by Defendant Owens-Illinois Inc. *to Plaintiff's citation to In re Hawaii Federal Asbestos Cases, 960 F.2d 806 (9th Cir. 1992)* (Watson, Brian) (Entered: 04/27/2015) |
| 04/27/2015 | 351 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/28/2015 at 10:00 a.m. (mgh, ). (Entered: 04/27/2015) |
| 04/28/2015 | 352 | RESPONSE by Plaintiff Charles Krik *TO JUDGE SHAHS APRIL 27, 2015 PROPOSED JURY INSTURCTION REGARDING THE GOVERNMENT CONTRACTOR DEFENSE* (McCoy, Robert) (Entered: 04/28/2015) |
| 04/28/2015 | 353 | MOTION by Defendant Owens-Illinois Inc. for directed verdict (Watson, Brian) (Entered: 04/28/2015) |
| 04/28/2015 | 354 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/29/2015 at 10:00 a.m. Mailed notice. (mgh, ) (Entered: 04/28/2015) |
| 04/28/2015 | 355 | MOTION by Defendant ExxonMobil Oil Corporation for directed verdict (Fanning, David) (Entered: 04/28/2015) |
| 04/29/2015 | 356 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 4/30/2015 at 10:00 a.m. Mailed notice. (mgh, ) (Entered: 04/29/2015) |
| 04/29/2015 | 357 | MINUTE entry before the Honorable Manish S. Shah: As discussed in open court on 4/29/15, Motion 335 is denied as moot; Motion for joinder 339 is denied as moot; Motion for joinder 340 is denied as moot; Motions terminated: Mailed notice (MSS) (Entered: 04/29/2015) |
| 04/29/2015 | 358 | MOTION by Defendant ExxonMobil Oil Corporation for directed verdict *regarding Premises Liability Claims* (Fanning, David) (Entered: 04/29/2015) |

**Case: 1:10-cv-07435 Document #: 415 Filed: 09/24/15 Page 58 of 68 PageID #:14148**

| | | |
|---|---|---|
| 04/30/2015 | 359 | MINUTE entry before the Honorable Manish S. Shah: Attached are the court's revised proposed jury instructions and verdict form discussed in open court on 4/29/2015 in a final jury instruction conference with respect to the first stage of jury deliberations. Revisions to the attached instructions were discussed with the parties and will be reflected in the final instructions given to the jury. Mailed notice. (Attachments: # 1 1st Stage Jury Instructions, # 2 1st Stage Verdict Form) (mgh, ) (Entered: 04/30/2015) |
| 04/30/2015 | 360 | MOTION by Defendant ExxonMobil Oil Corporation to strike *Portions of Plaintiff's Closing Argument* (Stalker, Samuel) (Entered: 04/30/2015) |
| 04/30/2015 | 361 | PROPOSED Jury Instructions by ExxonMobil Oil Corporation (Stalker, Samuel) (Entered: 04/30/2015) |
| 04/30/2015 | 362 | MINUTE entry before the Honorable Manish S. Shah: Jury trial held and continued to 5/1/2015 at 10:00 a.m. Mailed notice. (mgh, ) (Entered: 04/30/2015) |
| 04/30/2015 | 363 | MINUTE entry before the Honorable Manish S. Shah: Defendant ExxonMobil Oil Corporation's motion to strike *Portions of Plaintiff's Closing Argument* 360 is denied. Plaintiff's closing argument, while perhaps improperly suggesting liability solely based on Mobil's decisions during refinery construction, could also be reasonably interpreted as commenting on Mobil's conduct at the time of Plaintiff's alleged work at the refinery. The court has taken Mobil's motion for a directed verdict under advisement and will address the issues raised in that motion if necessary. (MSS) (tmh, ). (Entered: 04/30/2015) |
| 05/01/2015 | 364 | NOTICE of Correction regarding document number 363 (tmh, ) (Entered: 05/01/2015) |
| 05/01/2015 | 365 | MINUTE entry before the Honorable Manish S. Shah: Jury deliberates. Jury returns verdict in favor of defendants. Enter jury instructions. Enter verdict. Enter jury note. Enter judgment in favor of defendants. Mailed notice. (mgh, ) (Entered: 05/01/2015) |
| 05/01/2015 | 366 | ENTERED JUDGMENT. (mgh, ) (Entered: 05/01/2015) |
| 05/01/2015 | 367 | JURY Instructions. (tlm) (Entered: 05/05/2015) |
| 05/01/2015 | 368 | JURY Verdict entered in favor of Defendants Owens-Illinois and ExxonMobil and against Plaintiff Charles Krik. (Mailed Notice) (RESTRICTED) (tlm) (Entered: 05/05/2015) |
| 05/01/2015 | 369 | JURY Notes. (tlm) (RESTRICTED) (Entered: 05/05/2015) |
| 05/08/2015 | 370 | MINUTE entry before the Honorable Manish S. Shah: Status hearing set for 5/14/2015 at 9:30 a.m. At the status hearing, the court will discuss a comment from one of the jurors. Mailed notice. (mgh, ) (Entered: 05/08/2015) |
| 05/12/2015 | 371 | BILL of Costs *by Defendant Owens-Illinois, Inc.* (Watson, Brian) (Entered: 05/12/2015) |
| 05/12/2015 | 372 | DECLARATION of Brian O'Connor Watson regarding bill of costs 371 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 |

| | | |
|---|---|---|
| | | Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)(Watson, Brian) (Entered: 05/12/2015) |
| 05/14/2015 | 373 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. The Court discussed with counsel the juror's comment regarding the investigation that occurred during the course of the trial. Post-trial motions shall be filed on or before 5/29/15. The court will set a briefing schedule on any post-trial motions after they are filed. Any post-trial motions need not be noticed for presentment and hearing. Defendant ExxonMobil Oil Corporation shall submit its Bill of Costs on or before 5/22/15. Plaintiff shall respond to Defendants' Bills of Costs on or before 6/12/15. Defendants shall respond to any objections raised by Plaintiff on or before 6/19/15. The Court will take all briefing under advisement. Mailed notice (ep, ) (Entered: 05/14/2015) |
| 05/14/2015 | 374 | TRANSCRIPT OF PROCEEDINGS held on 04/20/15, Vol. 1-B, Pages 1-102, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 375 | TRANSCRIPT OF PROCEEDINGS held on 04/21/15, Vol. 2, AM, Pages 103-211, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: |

| | | |
|---|---|---|
| | | 05/14/2015) |
| 05/14/2015 | 376 | TRANSCRIPT OF PROCEEDINGS held on 04/21/15, Vol. 2, PM, Pages 212-365, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 377 | TRANSCRIPT OF PROCEEDINGS held on 04/22/15, Vol. 3, AM, Pages 366-439, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 378 | TRANSCRIPT OF PROCEEDINGS held on 04/22/15, Vol. 3, PM, Pages 440-588, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |

| 05/14/2015 | 379 | TRANSCRIPT OF PROCEEDINGS held on 04/23/15, Vol. 4, AM, Pages 589-701, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 380 | TRANSCRIPT OF PROCEEDINGS held on 04/23/15, Vol. 4, PM, Pages 702-842, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 381 | TRANSCRIPT OF PROCEEDINGS held on 04/24/15, Vol. 5, AM, Pages 843-949, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |

| 05/14/2015 | 🔓382 | TRANSCRIPT OF PROCEEDINGS held on 04/24/15, Vol. 5, PM, Pages 950-1025, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| --- | --- | --- |
| 05/14/2015 | 🔓383 | TRANSCRIPT OF PROCEEDINGS held on 04/27/15, Vol. 6, AM, Pages 1026-1124, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 🔓384 | TRANSCRIPT OF PROCEEDINGS held on 04/27/15, Vol. 6, PM, Pages 1125-1280, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |

| 05/14/2015 | 385 | TRANSCRIPT OF PROCEEDINGS held on 04/28/15, Vol. 7, AM, Pages 1281-1364, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 386 | TRANSCRIPT OF PROCEEDINGS held on 04/28/15, Vol. 7, PM, Pages 1365-1503, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 387 | TRANSCRIPT OF PROCEEDINGS held on 04/29/15, Vol. 8, AM, Pages 1504-1612, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |

| 05/14/2015 | 388 | TRANSCRIPT OF PROCEEDINGS held on 04/29/15, Vol. 8, PM, Pages 1613-1753, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 389 | TRANSCRIPT OF PROCEEDINGS held on 04/30/15, Vol. 9, AM, Pages 1754-1844, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 390 | TRANSCRIPT OF PROCEEDINGS held on 04/30/15, Vol. 9, PM, Pages 1845-1951, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |

| 05/14/2015 | 391 | TRANSCRIPT OF PROCEEDINGS held on 05/01/15, Vol. 10, AM, Pages 1952-2004, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/14/2015 | 392 | TRANSCRIPT OF PROCEEDINGS held on 05/01/15, Vol. 10, PM, Pages 2005-2011, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/4/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/12/2015. (Conway, Colleen) (Entered: 05/14/2015) |
| 05/18/2015 | 393 | TRANSCRIPT OF PROCEEDINGS held on 05/14/15 before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/8/2015. Redacted Transcript Deadline set for 6/18/2015. Release of Transcript Restriction set for 8/17/2015. (Conway, Colleen) (Entered: 05/18/2015) |
| 05/22/2015 | 394 | BILL of Costs *Declaration of David Fanning In Support of ExxonMobil Corporation Part 1* (Fanning, David) (Entered: 05/22/2015) |

| 05/22/2015 | 395 | BILL of Costs *Declaration of David Fanning In Support of ExxonMobil Corporation Part 2* (Fanning, David) (Entered: 05/22/2015) |
| 05/22/2015 | 396 | BILL of Costs *Declaration of David Fanning In Support of ExxonMobil Corporation Part 3* (Fanning, David) (Entered: 05/22/2015) |
| 05/22/2015 | 397 | BILL of Costs *for ExxonMobil Corporation by David Fanning* (Fanning, David) (Entered: 05/22/2015) |
| 05/27/2015 | 398 | TRANSCRIPT OF PROCEEDINGS held on 04/20/15, Trial Excerpt, Vol. 1-A, Pretrial Discussion and Partial Jury Selection, before the Honorable Manish S. Shah. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/17/2015. Redacted Transcript Deadline set for 6/29/2015. Release of Transcript Restriction set for 8/25/2015. (Conway, Colleen) (Entered: 05/27/2015) |
| 05/29/2015 | 399 | MOTION by Plaintiff Charles Krik for new trial (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21)(McCoy, Robert) (Entered: 05/29/2015) |
| 06/01/2015 | 400 | MINUTE entry before the Honorable Manish S. Shah: The briefing schedule on Plaintiff's Motion for New Trial 399 is as follows: Defendants' responses shall be filed by 6/19/15. Plaintiff's reply shall be filed by 7/6/15. The court will issue a ruling via CM/ECF. Notices mailed by Judicial Staff. (psm, ) (Entered: 06/01/2015) |
| 06/03/2015 | 401 | MOTION by Defendants ExxonMobil Oil Corporation, Owens-Illinois Inc. for extension of time *to Respond to Plaintiff's Motion for a New Trial (Joint Unopposed Motion)* (Fanning, David) (Entered: 06/03/2015) |
| 06/03/2015 | 402 | MINUTE entry before the Honorable Manish S. Shah: Defendants' Joint Unopposed Motion for an Extension of Time 401 is granted. Defendants shall respond to Plaintiff's Motion for New Trial 399 by 6/24/15. Plaintiff's reply shall be filed by 7/9/15. The court will issue a ruling via CM/ECF. Notices mailed by Judicial Staff. (psm, ) (Entered: 06/03/2015) |
| 06/12/2015 | 403 | RESPONSE by Plaintiff Charles Krik to bill of costs 396 , declaration,,, 372 , bill of costs 394 , bill of costs 395 , bill of costs 371 , bill of costs 397 (McCoy, Robert) (Entered: 06/12/2015) |

| | | |
|---|---|---|
| 06/19/2015 | 404 | RESPONSE by Defendant Owens-Illinois Inc. to Response 403 *to Plaintiff's Objections to Bill of Costs* (Attachments: # 1 Exhibit 1 - highlighted itemization for the requested costs)(Watson, Brian) (Entered: 06/19/2015) |
| 06/19/2015 | 405 | RESPONSE by Defendant ExxonMobil Oil Corporation to Response 403 *to Plaintiff's Objections To Its Bill of Costs* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Errata Exhibit C)(Fanning, David) (Entered: 06/19/2015) |
| 06/19/2015 | 406 | NOTICE by ExxonMobil Oil Corporation re Response 405 *to Plaintiff's Objections To Its Bill of Costs* (Fanning, David) (Entered: 06/19/2015) |
| 06/24/2015 | 407 | RESPONSE by Defendant ExxonMobil Oil Corporation to motion for new trial, 399 *to Plaintiff's Motion for a New Trial* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Morris, Howard) (Entered: 06/24/2015) |
| 06/24/2015 | 408 | RESPONSE by Owens-Illinois Inc.in Opposition to MOTION by Plaintiff Charles Krik for new trial 399 (Watson, Brian) (Entered: 06/24/2015) |
| 07/09/2015 | 409 | REPLY by Plaintiff Charles Krik to motion for new trial, 399 (McCoy, Robert) (Entered: 07/09/2015) |
| 08/25/2015 | 410 | MEMORANDUM Opinion and Order. Signed by the Honorable Manish S. Shah on 8/25/2015: Krik's motion for a new trial 399 is denied. [For further detail see attached order.] Notices mailed by Judicial Staff. (psm, ) (Entered: 08/25/2015) |
| 08/25/2015 | 411 | ORDER. Signed by the Honorable Manish S. Shah on 8/25/2015: Plaintiff's objections to defendants' bills of costs are sustained in part,overruled in part. Plaintiff is taxed $23,191.38 in costs to Owens-Illinois, Inc., and $16,303.08 in costs to ExxonMobil Oil Corp. [For further detail see attached order.] Notices mailed by Judicial Staff. (psm, ) (Entered: 08/25/2015) |
| 08/25/2015 | | ***Civil Case Terminated. (psm, ) (Entered: 08/25/2015) |
| 09/23/2015 | 412 | MOTION by Plaintiff Charles Krik for leave to file *Materials in Record* (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Attachment 5, # 6 Attachment 6, # 7 Attachment 7, # 8 Attachment 8, # 9 Attachment 9, # 10 Attachment 10, # 11 Attachment 11, # 12 Attachment 12, # 13 Attachment 13, # 14 Attachment 14, # 15 Attachment 15, # 16 Attachment 16, # 17 Attachment 17, # 18 Attachment 18, # 19 Attachment 19, # 20 Attachment 20, # 21 Attachment 21, # 22 Attachment 22, # 23 Attachment 23, # 24 Attachment 24, # 25 Attachment 25, # 26 Attachment 26, # 27 Attachment 27, # 28 Attachment 28, # 29 Attachment 29, # 30 Attachment 30, # 31 Attachment 31, # 32 Attachment 32, # 33 Attachment 33, # 34 Attachment 34, # 35 Attachment 35, # 36 Attachment 36)(McCoy, Robert) (Entered: 09/23/2015) |
| 09/23/2015 | 413 | NOTICE of appeal by Charles Krik regarding orders 321 , 410 , 366 , 333 , 411 Filing fee $ 505, receipt number 0752-11115248. (McCoy, Robert) (Entered: 09/23/2015) |
| 09/24/2015 | 414 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 413 (ea, ) (Entered: 09/24/2015) |