IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Attachment 3

In Re: ASBESTOS PRODUCTS :
LIABILITY LITIGATION (No. VI) : Civil Action No:
: MDL 875
This Document Relates Only to the :
Cases Identified on the Attached List :

**SCHEDULING ORDER FOR CERTAIN CASCINO VAUGHAN LAW OFFICES CASES**

AND NOW, this 9th day of June, 2011, in anticipation of an expanded Order of Reference from the Presiding Judge pertaining to those cases within the MDL-875 where Cascino Vaughan Law Offices are plaintiffs' counsel, it is hereby **ORDERED** that, regarding the nine cases identified in the list attached as Exhibit A:[1]

1. All medical evidence in the possession of plaintiffs and plaintiffs' counsel**,** including X-rays, pathology, 524(g) bankruptcy trust submissions, and any medical evidence that will be presented to, or relied upon by, plaintiffs' experts shall be submitted to IKON by **June 17, 2011** and any necessary HIPPAA-compliant medical authorizations shall be submitted to the defense by **June 17, 2011.** For cases recently filed and in the process of being assigned to Judge Strawbridge, the medical records may be supplemented until **June 24, 2011.** The court will make a determination as to whether an exception is appropriate for medical pathology materials being reviewed by plaintiffs' experts on a case-by-case basis.

2. Administrative Order No. 12 submissions, interrogatory answers, and job site work histories of the plaintiffs, which are already on deposit at IKON, will be supplemented, if necessary, by **June 17, 2011.** For cases recently filed and in the process of being assigned to Judge Strawbridge, these will be deposited by **June 24, 2011.**

3. All discovery requests under Federal Rules of Civil Procedure 33, 34, and 36, as well as non-party discovery requests under Rule of Civil Procedure 45 shall be served by **June 17, 2011.**

---

[1] During the Telephone Conference on June 3, 2011, Plaintiffs' counsel was directed to identify ten cases that they believed were best suited for immediate discovery and preparation for settlement. Included within the ten cases counsel identified on June 8, 2011 was a case filed by Deon Wright (N.D.Ill. No. 11-CV-1954) which is currently subject only to a Conditional Transfer Order and has not yet been assigned an Eastern District of Pennsylvania case number. While we are presently unable to issue an Order with regard to that case, we expect that the transfer will become permanent shortly, and, at that time, a Scheduling Order with the deadlines set out herein will be issued. The parties are to proceed with that understanding, and as though the case were covered by this Order. Should any party have an objection to its transfer to the Eastern District of Pennsylvania or its inclusion within the "First Ten Cases to be Mediated," they are to notify the Court of those objections in writing immediately.

4. Responses to all current party discovery shall be submitted by **June 22, 2011.**

5. Plaintiffs' fact witness disclosure, including treating physicians, for witnesses expected to be relied upon by plaintiffs, shall be submitted by **June 22, 2011**.

6. All necessary non-expert depositions shall be completed by **September 1, 2011.**

7. Defendants' fact witness disclosure, including treating physicians, for witnesses expected to be relied upon by defendants, disclosure shall be submitted by **July 15, 2011**.

8. Plaintiffs' Rule 26 (a)(2) expert reports shall be due **September 19, 2011.**

9. Defendants' Rule 26 (a)(2) expert reports shall be due **October 14, 2011.**

10. Mediations shall commence the week of **November 1, 2011.**

11. All service should be done by email to the defense liaison committee and counsel for parties in the individual cases except for items with files sizes too large for email. Documents electronically scanned for production should be produced in OCR format in a single file containing all pages in each document.

12. Motions relating to defenses of a previous settlement or dismissal, lack of legal successorship, or having named the wrong entities shall be filed by **June 30, 2011.**

13. If exceptional circumstances arise which a party feels makes compliance with a deadline impracticable, that party should confer with opposing counsel in an effort to agree upon an extension of the deadline and submit a letter brief to the Court that sets out the circumstances necessitating the extension, proposes a new deadline for the Court's consideration and informs the court as to whether opposing counsel opposes the extension.

     /S David R. Strawbridge
David R. Strawbridge
United States Magistrate Judge

# EXHIBIT A

| Plaintiff | Civil Action No. |
|---|---|
| Anderson, Lloyd | 11-CV-63482 |
| Bushmaker, Gerald | 10-CV-61116 |
| Dillman, Cecil | 08-CV-91767 |
| Gehrt, Paul | 08-CV-92066 |
| Goeken, Marion | 10-CV-68122 |
| Kinser, Larry | 08-CV-92034 |
| Krik, Charles | 08-CV-91296 |
| Pleaugh, Joseph | 11-CV-63519 |
| Taylor, Leslie | 10-CV-61941 |